UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-FAM

KELLY PHILLIPS and EDEL LEON          )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )
                                      )
MITCHELL'S LAWN MAINTENANCE           )
CORPORATION and                       )
MITCHELL IGELKO,                      )
                                      )
        Defendants.                   )
                                      )

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO (collectively "**Defendants**"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, move this Honorable Court for entry of an order dismissing Plaintiffs Complaint [D.E.1] and state as follows:

## I.
## INTRODUCTION

1. On or about March 18, 2013, Defendants were served with a Complaint sounding in retaliation and slander (the "**Complaint**).

2. Defendants move to dismiss the Complaint for failure to state a cause of action as to all twenty three counts in the Complaint.

3. For the reasons set forth below, Defendants request that this Court dismiss the Complaint.

## II.
## ARGUMENT

### A.
### STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993)).

### B.
### PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO ALLEGE AN ADVERSE EMPLOYMENT ACTION

Plaintiffs' claims for retaliation in Counts I, II, and III must be dismissed for failure to state a cause of action because neither Plaintiff alleges that any of the Defendants took adverse employment action them. A claim for retaliation under the FLSA requires a plaintiff to show: "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (quoting *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208–09 (10th Cir. 1997)).

Plaintiffs contend that Defendants: (1) added claims against them in a state court action after they filed an FLSA complaint against Defendants; (2) stated that Plaintiffs would be arrested and may not be able to testify at trial the prior FLSA trial; and (3) slashed the tires of their vehicles. However, Plaintiffs failed to allege that any of those purported actions were "adverse employment actions." This is a fatal pleading deficiency and, therefore, the Complaint should be dismissed.

## C.
## DEFENDANTS ACTIONS ARE PROTECTED BY THE FLORIDA LITIGATION PRIVILEGE AND THUS THE COMPLAINT SHOULD BE DISMISSED

In Counts I-III, Plaintiffs allege that Defendant retaliated against Plaintiffs and in Counts IV-XXIII (by incorporating the operative facts of Counts I-III), Plaintiffs alleged that Defendants slandered Plaintiffs. Specifically, Plaintiffs claim the following:

> 8. On November 18, 2010, in the Circuit Court for the 11th judicial circuit of Florida, Case, No.: 2009-69166, Defendant Mitchells Lawn Maintenance Corp. filed a Notice of hearing, setting forth Mitchells Lawn Maintenance Corp motion for leave to file an amended complaint to add claims against Plaintiffs Kelly Phillips and her husband Edel Leon.
>
> 9. Said motion by Defendants for leave to file Plaintiff's Amended Complaint filed in Case, No.: 2009-69166, was granted on November 30, 2010.
>
> 10. Furthermore, Defendants continued to retaliate against Plaintiff Kelly Phillips prior to trial in consolidated case no.: 10-20506, 10-20698, and 10-20975 though Defendants' attorneys, who acted as an agent on behalf of Defendants, stating that Plaintiff was about to be arrested and would probably not be able to testify at trial. Said statement was made during the week of May 27, 2012 prior to the pretrial conference in the consolidated cases number 10-20506, 10-20698 and 10-2975.

[D.E. 1]

Plaintiffs have failed to state a cause of action because the actions and statements complained of were made in connection with and during the course a state court action and federal court actions and thereby protected by the Florida Litigation Privilege.

Florida's litigation privilege is found in Article 1, Section 21 of the Florida Constitution and states that Florida's "courts shall be open to every person for redress of any injury, and injustice shall be administered without sale, denial or delay." Art. I, §21, Fla. Const. Florida's litigation privilege has been interpreted by Florida courts to be more expansive than its federal counterpart, the Petition Clause of the First Amendment to the United States Constitution. Florida's litigation privilege has been expanded to cover all acts related to and occurring within judicial proceedings. *See Levin, Middlebrooks, et al v. U.S. Fire Ins. Co*., 639 So. 2d 606, 608 (Fla. 1994) ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding regardless of whether the act involves a defamatory statement or other tortious behavior . . . ."). Therefore, based on the reasoning of *Levin*, Defendants attorney's statements regarding the arrest warrant are afforded absolute protection based on the Florida Litigation Privilege. 639 So. 2d at 608.

In *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343 (M.D. Fla. 2008), the defendant in an FLSA suit filed a counterclaim for breach of contract. *Id*. at 1344. When the plaintiff sought leave to amend the complaint to allege retaliation under § 215(3)(a) of the FLSA, the court found that Florida's litigation privilege should be applied to the state court breach-of-contract action to protect the defendant from a claim of retaliation under the Act. *Id*. at 1349. The Court reasoned:

> Florida's staunch protection of this right [to petition] is evident in both its Constitution and the application of the litigation privilege by its courts. Allowing Plaintiff to maintain

> its retaliation claim would restrict Defendant's access to courts and its right to petition. Absent evidence of Congressional intent to override the litigation privilege as developed by states, the Court concludes that Florida's litigation privilege applies to Defendant's Counterclaim.

*Id.*

Similarly, Florida's litigation privilege applies to the state court action, which sought the return of personnel files improperly removed from the Appellees' premises by Phillips. Under the reasoning in *Kentish*, failure to apply Florida's litigation privilege to Phillip's retaliation claim would deny the Appellees access to Florida's courts as guaranteed by the Florida Constitution.

Lastly, it must be noted that Plaintiff failed to allege that the state court action was filed without a reasonable basis in fact or law. *Id.* at 1348-1349 (M.D. Fla. 2008) (noting that that plaintiff failed to allege the counterclaim was filed without a reasonable basis in fact or law.). This deficiency alone should be enough to dismiss the Complaint.

Based on the immunity afforded by the Florida Litigation Privilege, the Complaint should be dismissed.

### D.
### THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE IT FAILS TO IDENTIFY AGAINST WHOM THE CLAIM IS BROUGHT

Every single count alleged in the Complaint is brought against both Defendants and thus Defendants are unable to respond because the Complaint does not specify what actionable conduct relates to which defendant. *See Greif v. Jupiter Medical Center, Inc.*, 2008 WL 2705436 *4 (S.D. Fla. 2008) (dismissing the complaint for, among other things, failing to identify in each count "against whom the claim is brought with supporting facts that relate to acts by each defendant."). For example, Defendants are unable to distinguish if the counts are against

Mitchell Igelko individually, or as President of Mitchell's Lawn, or how Mitchell's Lawn, a corporation would be held liable.

Based on the foregoing, Defendants request that this Court dismiss Counts I-XXIII of the Complaint for failure to state a cause of action because the Complaint fails to identify against whom the counts are brought and fails to allege supporting facts that relate to each defendant.

### E. COUNTS XVI, XVII, XX, AND XXI SHOULD BE DISMISSED FOR FAILING TO STATE A CAUSE OF ACTION AS TO SLANDER

In Counts XVI, XVII, XX, and XXI of the Complaint, Plaintiff alleges that slanderous statements were made to "several employees." To establish a claim for defamation, a plaintiff must allege: (1) the defendant(s) published a false statement, (2) the statement was communicated to a third party, and (3) the plaintiff suffered damages as a result of this publication. *Nautica Int'l Inc. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1344 (S.D. 1998). However, Plaintiffs fails to allege the identity of the "several employees." *See Morrison v. Morgan Stanley Properties*, 2008 WL 1771871 (S.D. 2008) (claim of slander was dismissed because Plaintiff did not, among other things, allege to whom the statements were communicated). This deficiency also is fatal to the Complaint as such same must be dismissed.

WHEREFORE Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO, hereby move this Honorable Court for entry of an Order dismissing the Complaint.

**[SIGNATURE BLOCK AND CERTIFICATE OF SERVICE NEXT PAGE.]**

Respectfully submitted,

By: /s/ Daniel A. Espinosa
Daniel A. Espinosa, Esq.
Florida Bar No. 81686
**ESPINOSA | JOMARRON**
*Counsel for the Defendants*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone: (305) 717-7530
Facsimile: (305) 717-7539
E-mail: despinosa@ejtrial.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via CM/ECF this 29th day of April, 2013, upon: Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, Fax: (305) 865-7167.

By: /s/ Daniel A. Espinosa
Daniel A. Espinosa, Esq.