UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20854-Civ-SCOLA

KELLY PHILLIPS and EDEL LEON,

     Plaintiffs,

vs.

MITCHELL IGELKO and MITCHELL'S
LAW MAINTENANCE CORP.,

     Defendants.

_____/

## SCHEDULING ORDER AND
## ORDER OF REFERRAL TO MEDIATION

THIS MATTER is set for trial during the two-week trial period beginning on **January 13, 2014**. Calendar call will be held at 9:00 a.m. on **January 7, 2014** at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties shall comply with the following schedule:

| | |
|---|---|
| May 29, 2013 | Deadline to join additional parties or to amend pleadings. |
| July 1, 2013 | Deadline to file joint interim status report.<br><br>Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| August 29, 2013 | Deadline to complete all fact discovery<br><br>Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition.<br><br>Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and shall conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). |

| September 13, 2013 | Deadline for the filing of all dispositive motions. |
|---|---|
| September 18, 2013 | Deadline to complete mediation, consistent with the Order of Referral to Mediation (which immediately follows this scheduling order). |
| October 14, 2013 | Deadline to complete all expert discovery. |
| November 8, 2013 | Deadline for the filing of pretrial motions, including motions *in limine* and *Daubert* motions |
| January 3, 2014 | Deadline to file joint pretrial stipulation pursuant to Local Rule 16.1(e) and pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3).<br><br>Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) pursuant to Local Rule 16.1(k). |

2. <u>Interim Joint Status Report</u>. The parties are required to submit an interim joint status report addressing the following issues:

   a) Have all defendants been served? If not, state the reasons.

   b) Have all defendants responded to the complaint? If not, state the reasons.

   c) If this is a class action, has a motion for class certification been filed? If so, what is its status?

   d) Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?

   e) Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

   f) Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

   g) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

   h) For Fort Lauderdale/West Palm division cases, the parties shall indicate whether they prefer to try the case in Miami or Fort Lauderdale/West Palm.

3. <u>Jury Instructions</u>. The parties shall submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where the parties do agree on a proposed instruction, that instruction shall be set out in regular typeface. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be bold-faced.

Every instruction must be supported by a citation of authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties shall jointly file their proposed jury instructions via CM/ECF, and shall also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in MS Word format (.doc).

    4. <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits shall be marked numerically with the letter "P" as a prefix. Defendant's exhibits shall be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

    5. <u>Deposition Designations</u>. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing. The designations must be served on opposing counsel and filed with the Court fourteen days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any cross-designations within seven days. The initial party shall then have seven days to serve and file objections to the cross-designations.

    6. <u>Voir Dire Questions</u>. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may file no more than five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation, and shall also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in MS Word format (.doc).

    7. <u>Settlement Notification</u>. If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

**DONE and ORDERED** in chambers, at Miami, Florida, on May 2, 2013.

                                                         ROBERT N. SCOLA, JR.
                                                         UNITED STATES DISTRICT JUDGE

[*Order of Referral to Mediation on following page*]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20854-Civ-SCOLA

KELLY PHILLIPS and EDEL LEON,

    Plaintiffs,
vs.

MITCHELL IGELKO and MITCHELL'S
LAW MAINTENANCE CORP.,

    Defendants.
_____/

## ORDER OF REFERRAL TO MEDIATION

Trial having been set in this matter, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is **ORDERED AND ADJUDGED** as follows:

1. All parties are required to participate in mediation. The mediation shall be completed no later than the deadline set out in the Court's Scheduling Order.

2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference.

3. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. The parties shall agree upon a mediator within sixty days from the date of this Order. If there is no agreement, lead counsel shall promptly notify the Clerk of the Court in writing and the Clerk of the Court shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

4. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established no later than the deadline in the Scheduling Order. The lead attorney shall complete the form order attached and submit it to the Court (Attachment "A"). **The parties must agree on a place, date, and time for mediation and the lead attorney**

**shall submit the proposed order scheduling mediation, no later than the deadline set forth in the Scheduling Order.**

5. Pursuant to Local Rule 16.2(e), the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

6. All proceedings of the mediation shall be confidential and privileged.

7. At least fourteen days prior to the mediation date, each party shall present to the mediator a confidential brief written summary of the case identifying issues to be resolved. The mediator is authorized to grant extensions of time up to the mediation for the parties to file their mediation statements.

8. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements in this Order, or who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

9. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(6), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within forty-five days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least three full business days in advance. Failure to do so will result in imposition of a fee for two hours of mediation.

10. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by the filing of a notice of settlement signed by counsel of record within fourteen days of the mediation conference. Thereafter the parties shall promptly submit an appropriate pleading concluding the case.

11. Within seven days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was adjourned, or whether the mediator declared an impasse.

12. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**DONE and ORDERED** in chambers, at Miami, Florida on May 2, 2013.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

**Attachment "A" to the Order Of Referral To Mediation:**
**Form Order Scheduling Mediation**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 13-20854-Civ-SCOLA**

KELLY PHILLIPS and EDEL LEON,

    Plaintiffs,
vs.

MITCHELL IGELKO and MITCHELL'S
LAW MAINTENANCE CORP.,

    Defendants.
_____/

**ORDER SCHEDULING MEDIATION**

    The mediation conference in this matter shall be held with _____ on

_____, 20\_\_\_, at \_\_\_ (am/pm) at _____ _____, Florida.

This date has been agreed to by the mediator and the parties and shall not be rescheduled without

leave of the Court.

    **DONE and ORDERED** in chambers, at Miami, Florida, on _____.

                                   _____
                                   **ROBERT N. SCOLA, JR.**
                                   **UNITED STATES DISTRICT JUDGE**