UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV- SCOLA/OTAZO-REYES

KELLY PHILLIPS and EDEL LEON,  )
                               )
        Plaintiffs,            )
    vs.                        )
                               )
MITCHELL'S LAWN MAINTENANCE    )
CORPORATION and                )
MITCHELL IGELKO,               )
                               )
        Defendants.            )
_____)

### **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Come Now Plaintiffs, by and through undersigned counsel and hereby file Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss and in support thereof state as follows:

1. Defendants move to dismiss Plaintiffs' Complaint for the following 4 reasons:

    1) Counts one through three should be dismissed for failure to allege an "adverse employment action."

    2) All counts should be dismissed based on the Florida litigation privilege.

    3) For each slander count, Defendants do not know whether the claim is against Mitchell, Igelko, Mitchell's Lawn Maintenance Corporation or both.

    4) Counts XVI, XVII, XX and XXI do not specifically state to whom the slanderous communications were made to.

2. Plaintiffs in turn respond and state that Defendants' Motion to Dismiss should be denied as follows:

1) In order to proceed with a claim for retaliation under the Fair Labor Standards Act pursuant to 29 U.S.C. 215(a)(3) or pursuant to Florida Statute 448.110(5), the former employee must demonstrate that there was an "adverse action" taken by the former employer against the former employee. It is axiomatic that a majority of employees that sue for minimum or overtime wages are no longer employed by their former employers. Nevertheless, the statute affords the same protections to former employees as it does to current employees. Therefore, Defendants reasoning that it must be an "adverse employment action" and not just an "adverse action" is misplaced as a former employer is no longer in a position to take an adverse "employment action" against his/her former employee as said employee no longer works there. As will be demonstrated below, the law is unequivocal that the protections of the anti retaliatory provisions of the Fair Labor Standards Act extend to former employees. Therefore, Plaintiffs have pled sufficient facts that Defendants retaliated against Plaintiffs in violation of 29 U.S.C. 215(a)(3) and Florida Statute 448.110(5).

2) Florida litigation privilege does not preempt the federal statute of 29 U.S.C. 215(a)(3), nor do the underlying facts alleged within the complaint fall under the Florida litigation privilege.

3) Counts XX and XXI specifically state that these slanderous comments were made to the former employees that were involved in the overtime lawsuit. Furthermore, each count specifies the exact comments made by Mitchell Igelko in his personal and corporate capacity.

**Memorandum of Law**

A.  **Standard of Review:**

In deciding a motion to dismiss, the Court accepts the facts of the Complaint as true in a light favorable to the non-moving party.  *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief.  *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).  Rule 8(d)(1) of the Federal Rules of Civil Procedure requires that the complaint: "Each allegation must be simple, concise, and direct. No technical form is required" setting forth entitlement to relief.  Plaintiff simply must "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief".  *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

"We are cognizant of the Supreme Court's direction that the FLSA is "remedial and humanitarian in purpose," and that it "must not be interpreted ... in a narrow, grudging manner."

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944). "By giving a broad construction to the anti-retaliation provision ... its purpose will be further promoted." *EEOC v. White & Son Enterprises,* 881 F.2d 1006, 1011 (11th Cir.1989)". *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 939 (11th Cir. 2000).

B.  **Adverse Action Against Former Employee:**

The case law is clear that the protections of 29 U.S.C. 215(a)(3) extend to former employees and not just current employees working for the Defendants. "There is no ground for affording any less protection to defendant's former employees than to its present employees. *Wirtz v. B. A. C. Steel Products, Inc.*, 312 F.2d 14 (4th Cir. 1962)." *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 146 (6th Cir. 1977).

> We hold that a former employee, voluntarily separated from his employer, is protected from discrimination by his former employer under § 15(a)(3) of the Fair Labor Standards Act of 1938. To hold otherwise would do violence to the Congressional intent and purposes of the Act and would prejudice the effective enforcement of the Act. The Secretary's complaint in the present case states a cause of action under 29 U.S.C. § 215(a)(3).

*Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 147 (6th Cir. Ohio 1977).  See also *Johnston v. Davis Sec.*, 217 F. Supp. 2d 1224 (D. Utah 2002) finding that a negative employment reference by a former employer in retaliation of Plaintiff filing an FLSA claim, caused Plaintiff's new employer to view her negatively, and caused Plaintiff significant anxiety about her future employment and safety are sufficient to state a prima facie case of retaliation under the FLSA. In *Johnston*, the Plaintiff argued "that in the post-termination retaliation scenario, retaliation may be found without any adverse job action in the traditional employer-employer sense. Rather, Plaintiff argues that she need only show an adverse action taken by Defendants not an adverse

employment action taken by her new employer." *Johnston* at 1228. The Court in *Johnston* construed the issue as follows and made the following determination:

> The issue, therefore, before the court is whether this case is analogous to a tainted employment reference that affects an employees future employment. Defendants' call to Plaintiff's new employer, two weeks after Plaintiff initiated her FLSA action, was obviously made in response to Plaintiff's FLSA action and in an effort to affect her future employment with her new employer. As in *Berry,* it carried a "significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects." See *id.* Therefore, the court concludes that under the Tenth Circuit's liberal definition of adverse employment action, Plaintiffs allegations that her new employer did not believe her side of the story, that the calls caused her new employer to view her negatively, and the calls caused her significant anxiety about her future employment and safety are sufficient to state a prima facie case of retaliation under the FLSA.

*Johnston* at 1229. Court's have gone on to find that an employer's filing of a counter claim or other lawsuit against an employee that asserts his/her rights to overtime and/or minimum wage pay, constitutes retaliation under the act. "We are cognizant of the Supreme Court's direction that the FLSA is "remedial and humanitarian in purpose," and that it "must not be interpreted ... in a narrow, grudging manner." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944). "By giving a broad construction to the anti-retaliation provision ... its purpose will be further promoted." *EEOC v. White & Son Enterprises,* 881 F.2d 1006, 1011 (11th Cir.1989)". *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 939 (11th Cir. 2000).

> Our conclusion accords with that reached by our sister circuits. The Tenth Circuit has held that an employer's third-party complaint for indemnity against four former employers could, as a matter of law, qualify as unlawful retaliation under the FLSA. *Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1406-08 (10th Cir.1992). Similarly, the Sixth Circuit has concluded that the FLSA retaliation provision should extend to former employees: "There is nothing in the language or history of [the FLSA] to

> indicate that Congress intended to penalize dissatisfied employees who voluntarily leave an employer by thereafter denying them the protections of [the Act]. There is every reason to conclude precisely the contrary." *Dunlop v. Carriage Carpet Co.,* 548 F.2d 139, 147 (6th Cir.1977). The Fifth Circuit has like-wise recognized that the FLSA protects former employees from retaliation, and not merely current ones. *Hodgson v. Charles Martin Inspectors of Petroleum, Inc.,* 459 F.2d 303, 306 (5th Cir.1972). Former employees require such protection because they often need references from past employers, they may face retaliation from new employers who learn they have challenged the labor practices of previous employers, and they sometimes must return to past employers for a variety of reasons, putting them once more at risk of retaliation. *Id.*

*Darveau v. Detecon, Inc.,* 515 F.3d 334, 343 (4th Cir. 2008). Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> Bad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their "in terrorem effect." *Torres v. Gristede's Operating Corp.,* 2008 WL 4054417, *17 (S.D.N.Y.2008), citing *Bill Johnson's Restaurant v. NLRB,* 461 U.S. 731, 740, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) (acknowledging that "by suing an employee who files charges ... an employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility of a burdensome lawsuit").

*Munroe v. PartsBase, Inc.*, 08-80431-CIV, 2009 WL 413721 (S.D. Fla. Feb. 18, 2009). See *Ramos v. Hoyle*, 08-21809-CIV, 2009 WL 2849093 (S.D. Fla. May 15, 2009) ("The Court agrees with those courts which have found that the assertion of a claim in litigation can constitute an adverse action and unlawful retaliation in violation of the FLSA").

Furthermore, Defendants reliance on *Wolf v. Coca-Cola Co.,* 200 F.3d 1337, 1342-43 (11th Cir. 2000) is misplaced. The Eleventh Circuit did not limit the protections of the act to current employees, but applied it to anyone that asserts their rights under the Fair Labor Standards Act. "The FLSA protects persons against retaliation for asserting their rights under the

statute. *See* 29 U.S.C. § 215(a)(3)." *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).

> For an action of an employer to be considered adverse and retaliatory, the employee must prove that the action would "dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (decided in the Title VII context). Requesting in open court that a judge refer a plaintiff for criminal investigation and possible prosecution or deportation would dissuade a reasonable worker from making or supporting a charge of discrimination. A reasonable worker would believe that the request could result in him being referred to law enforcement.

*Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1293 (S.D. Fla. 2011) reconsideration denied, 10-21166-CIV, 2012 WL 1933344 (S.D. Fla. Mar. 23, 2012).

Wherefore, Defendants' Motion should be denied as the law is unequivocally clear that the protections of 29 U.S.C. 215(a)(3) are equally applied to current as well as former employees. Furthermore, an adverse action is an action that would dissuade someone from filing an overtime complaint. As noted above, the in terrorem effect caused by allowing an employer to file frivolous lawsuits against an employee, would deter any current or former employee from asserting their rights for fear of reprisal of being served with a lawsuit by the former employer. Therefore, Plaintiffs former employer (Defendants) need only take an adverse action against Plaintiffs in order for said action to constitute retaliation under the Fair Labor Standards Act.

C. **Florida Litigation Privilege:**

The Florida litigation privilege does not preempt the federal statute of 29 U.S.C. 215(a)(3), nor do the underlying facts alleged within the complaint fall under the Florida litigation privilege.

1) On November 18, 2010, Defendants filed their State Court Complaint against Edel Leon and his wife, Kelly Phillips, in retaliation for Plaintiff Kelly Phillips asserting her rights under the FLSA on November 17, 2010. The State Court Action was filed in retaliation with no basis in law or fact.

2) Prior to the pretrial conference Defendants asserted that Kelly Phillips would be arrested and not be able to testify at trial.

3) Immediately prior to trial and at trial, Defendants continued to state that Kelly Phillips would be arrested and that an arrest warrant had been issued for her arrest. However, a telephone call by the magistrate judge to the assistant state attorney clearly established that no arrest warrant had been issued as to Kelly Phillips.

4) Furthermore, while the jury was deliberating in the underlying Federal case, Defendants, by and through Mitchell Igelko, slashed the tires of the vehicle belonging to Edel Leon and Kelly Phillips in order to retaliate against Edel Leon and Kelly Phillips.

5) Numerous slanderous comments were made by Defendants about Kelly Phillips and Edel Leon.

Each act in it of itself is sufficient to constitute retaliation. Furthermore, each act is outside the scope of anything that would constitute litigation and therefore, even if the Florida Litigation Privilege were to apply to a Federal Act, it would not apply to the facts of this case.

The Fair Labor Standards Act permits states to adopt higher standards than those established in the Act and preempts state law only to the extent that state laws are less generous. 29 U.S.C. §218(a). As the Fair Labor Standards Act would be less generous if Florida law would apply, the Federal Act (FLSA) preempts the state statute and the Florida Litigation Privilege does not apply.

29 U.S.C. 215 (A)(3), states in part: It shall be unlawful for any person:

> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;....

29 U.S.C. 215(A)(3). "Where the immediate cause or motivating factor of retaliation is the employee's assertion of statutory rights, the discharge is discriminatory under [Federal law]." (*Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179 (8th Cir. 1975), *cited by Ray Marshall, Secretary of Labor v. Suicide Prevention Of Florida*, 1977 U.S. Dist. Lexis 14681 (S.D. Fla. 1977), *Reich v. Davis*, 50 F.3d 962 (11th Cir. 1995). The Act also applies to unofficial assertion of rights through informal complaints at work. See *E.E.O.C v. Romeo Community School*. 976 F.2d 985, 989 (6th Cir. 1992). *E.E.O.C. v. White and Son Enterprises*. 881 F.2d 1006, 1011 (11th Cir. 1989)(even though the charging parties had not yet filed formal charges with the EEOC, the discharge can still be retaliatory in nature).

The Plaintiff, to prevail, only needs to demonstrate a genuine issue of material fact regarding three elements for retaliation pursuant to 29 U.S.C. 215(a)(3) and *Wolf v. Coca-Cola Co.,* 200 F.3d 1337 (11th Cir. 2000): (1) that he engaged in activity protected under the Act; (2) that he subsequently suffered adverse action by the employer; (3) the presence of causal connection between the Plaintiff's activity and the adverse action. A causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action. *Burrus v. United Telephone Co. of Kansas, Inc.,* 683 F.2d 339, 343 (10th Cir. 1982) cited by *Strickland v. MICA Information Systems*, 800 F. Supp. 1320, 1324 (M.D.N.C. 1992). In *Embry v. Callahan Eye Found. Hosp.*,

147 Fed. Appx. 819, 830-31 (11th Cir. 2005) (concluding that two month and three day period was sufficient to show causation for purposes of *prima facie* case).

Plaintiffs allege that they were retaliated against by Defendants after Plaintiffs asserted their rights under the FLSA. Although these numerous acts of retaliation took place after Plaintiffs employment with Defendants, the mere filing of a lawsuit against Plaintiffs is sufficient to constitute retaliation as stated by the United States Supreme Court:

> A lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation. As the Board has observed, by suing an employee who files charges with the Board or engages in other protected activities, an employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility of a burdensome lawsuit. Regardless of how unmeritorious the employer's suit is, the employee will most likely have to retain counsel and incur substantial legal expenses to defend against it. *Power Systems*, supra, at 449. Furthermore, as the Court of Appeals in the present case noted, the chilling effect of a state lawsuit upon an employee's willingness to engage in protected activity is multiplied where the complaint seeks damages in addition to injunctive relief. 660 F.2d, at 1343, n. 3.

*Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 740-741 (U.S. 1983). Defendants, in reliance on *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343 (M.D. Fla. 2008), claim that they are protected and cannot be sued for retaliation pursuant to 29 U.S.C. 215(a)(3) as they are protected by the Florida litigation privilege.

However, *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343 (M.D. Fla. 2008) decided on April 4, 2008, is misplaced and every Court has refused to follow the *Kentish* decision. In *Munroe v. PartsBase, Inc.*, 2008 U.S. Dist. LEXIS 97147 (S.D. Fla. Nov. 19, 2008) the District Court questioned the blanket rule established on Kentish, and stated:

> The Court recognizes that some other district courts have held that the filing of a counterclaim alone, as a matter of law, does not constitute a materially adverse action that can support a claim of

retaliation. See, e.g., *Kentish v. Madahcom*, 566 F. Supp. 2d 1343, 1349 (M.D. Fl. 2008); *Beltran v. Brentwood North Healthcare Center*, LLC, 426 F. Supp. 2d 827, 833 (N.D. Ill. 2006). However, the determination of retaliatory intent is a question of fact. See *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (sustaining the jury's determination that certain acts of the defendants were retaliatory). Thus, the Court disagrees with the categorical approach taken by the court in Kentish and Beltran and declines to hold, as a matter of law, that a counterclaim cannot be retaliatory. See, e.g., *Kreinik v. Showbran Photo, Inc.*, 2003 U.S. Dist. LEXIS 18276, 2003 WL 22339268, *6 (S.D.N.Y. 2003) (explaining the court had "expressly refused 'to adopt a rule stating that … counterclaims, or any other legal cause of action, cannot, as a matter of law, constitute retaliation'").

*Munroe v. PartsBase, Inc.*, 2008 U.S. Dist. LEXIS 97147, 7-8 (S.D. Fla. Nov. 19, 2008). Said position was reiterated by another U.S. Court within the Southern District of Florida on July 16, 2009:

> "A state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Steffes v. Stepan Co.*, 144 F. 3d 1070, 1074 (7th Cir. 1998). See *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (finding that California's litigation privilege did not bar plaintiff's suit under 42 U.S.C. § 1983); *Rosania v. Taco Bell of America, Inc.*, 303 F. Supp. 2d 878, 888-89 (N.D. Ohio 2004) (finding that a litigation privilege did not bar plaintiff's retaliation claim under the FMLA, which was based on Defendant's filing of counterclaims); see also *Martinez v. California*, 444 U.S. 277, 284 n. 8, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980) (stating that "[a] construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced."). In such circumstances, "a state privilege much yield." *Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 662, 667 (S.D. Ohio 2004). Thus, this Court finds that the Florida litigation privilege does not bar Plaintiff's federal retaliation claim…

*Ramos v. Hoyle*, 2009 U.S. Dist. LEXIS 61062, 31-32 (S.D. Fla. July 16, 2009).

Additionally the District Court in *Sederquist v. Indus. Eng'g & Dev.*, 2011 U.S. Dist. LEXIS

85327 (M.D. Fla. Aug. 3, 2011) refused to follow the *Kentish* decision and aligned with the *Munroe v. PartsBase, Inc.* decision. Additionally,

> Defendants assert Plaintiffs are barred from prevailing on their federal retaliation claim by a state litigation privilege. However, "[a] state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Steffes v. Stepan Co.,* 144 F.3d 1070, 1074 (7th Cir.1998); *accord Kimes v. Stone,* 84 F.3d 1121, 1127 (9th Cir.1996) (finding that California's litigation privilege did not bar plaintiff's suit under 42 U.S.C. § 1983); *Rosania v. Taco Bell of America, Inc.,* 303 F.Supp.2d 878, 888–89 (N.D.Ohio 2004) (finding that a litigation privilege did not bar plaintiff's retaliation claim under the FMLA, which was based on Defendant's filing of counterclaims); *see also Martinez v. California,* 444 U.S. 277, 284 n. 8, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (stating that "[a] construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced."). In such circumstances, "a state privilege must yield." *Blevins v. Hudson & Keyse, Inc.,* 395 F.Supp.2d 662, 667 (S.D.Ohio 2004); *accord Olivas v. A Little Havana Check Cash, Inc.,* Case No. 05–22599–CIV–JORDAN.

*Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1292 (S.D. Fla. 2011) <u>reconsideration denied,</u> 10-21166-CIV, 2012 WL 1933344 (S.D. Fla. Mar. 23, 2012). Therefore, even if Defendants retaliatory conduct was limited to the filing of a baseless State Court action, the Florida Litigation privilege would not apply as the FLSA preempts the Florida Litigation Privilege. However, if the case at hand, Defendants retaliatory conduct was not limited to the filing of a lawsuit against Plaintiffs, by included Defendants baseless threats that Kelly Phillips would be arrested at trial, that an arrest warrant was issued for the arrest of Kelly Phillips and another main witness, Defendants slashing of Plaintiffs tires, and making numerous slanderous comments about Plaintiffs outside the scope of litigation. Therefore, even if the Florida Litigation Privilege were to apply, it would not apply to any of the counts in the complaint.

Wherefore, as (1) a State's absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action as a result the Florida litigation privilege cannot apply; and (2) the retaliatory actions taken by Defendants against Plaintiffs are acts and conduct that would not be protected by the Florida Litigation Privilege; Defendants' Motion to Dismiss must be denied.

D. **Slander:**

Counts XX and XXI specifically state that these slanderous comments were made to the former employees that were involved in the overtime lawsuit. Furthermore, each count specifies the exact comments made by Mitchell Igelko in his personal and corporate capacity.

> "To recover for libel or slander under Florida law, a plaintiff must demonstrate that: 1.) the defendant published a false statement; 2.) about the plaintiff; 3.) to a third party; and 4.) the [plaintiff] suffered damages as a result of the publication." *Thompson v. Orange Lake Country Club, Inc.,* 224 F.Supp.2d 1368, 1376 (M.D.Fla.2002) (citing *Valencia v. Citibank Int'l,* 728 So.2d 330, 330 (Fla. 3d DCA 1999)).

*Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006). "In a defamation case, "a plaintiff 'must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.' "*Morrison v. Morgan Stanley Props.,* No. 06–80751, 2008 WL 1771871, at *10 (S.D.Fla. Apr.15, 2008) (quoting *Fowler v. Taco Viva, Inc.,* 646 F.Supp. 152, 157–58 (S.D.Fla.1986). "*Williams v. Schrader,* 12-20632-CIV, 2012 WL 1060159 (S.D. Fla. Mar. 28, 2012). "To establish slander, a plaintiff "must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *Fowler v. Taco Viva, Inc.,* 646 F.Supp. 152, 157-58 (S.D.Fla.1986)." *Morrison v. Morgan Stanley Properties*, 06-80751-CIV, 2008 WL 1771871 (S.D. Fla. Apr. 15, 2008). In the case at hand, Plaintiffs have

identified the speaker, the description of the statement and specifically provided the time frame when said statements were made. Therefore, Plaintiffs have complied with the pleading requirements and Defendants' Motion to Dismiss should be denied.

Wherefore, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld _____
   Daniel T. Feld, Esq.
   Florida Bar No.: 0037013

### CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Response was sent via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com on this 13th day of May 2013.

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld _____
   Daniel T. Feld, Esq.
   Florida Bar No.: 0037013