UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-CV-20854-FAM

KELLY PHILLIPS and EDEL LEON     )
                                 )
    Plaintiffs,                  )
                                 )
v.                               )
                                 )
MITCHELL'S LAWN MAINTENANCE      )
CORPORATION and                  )
MITCHELL IGELKO,                 )
                                 )
    Defendants.                  )
_____)

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO (collectively, the "**Defendants**"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, reply to the Response in Opposition to Defendants' Motion to Dismiss (**"Plaintiffs' Response"**) filed by Plaintiffs KELLY PHILLIPS and EDEL LEON (collectively, the **"Plaintiffs"**) and state as follows:

**I.
INTRODUCTION**

On or about March 18, 2013, Defendants were served with a Complaint sounding in retaliation and slander (the "**Complaint**). Defendants filed a Motion to Dismiss the Complaint (**"Motion to Dismiss"**) for failure to state a cause of action as to all twenty three counts in the Complaint. Plaintiffs' Response was filed on May 13, 2013, and Defendants now file this Reply to Plaintiffs' Response (**"Reply"**).

– 1 –
ESPINOSA | JOMARRON
ATTORNEYS AT LAW

## II.
## MEMORANDUM OF LAW

### A.
### Plaintiffs' Response Misunderstands and Misapplies the Allegations in the Motion to Dismiss Concerning Plaintiffs' Failure to Allege an Adverse Employment Action

Plaintiffs' analysis concerning their failure to allege an adverse employment action is incorrect and, therefore, should not survive the Motion to Dismiss. First, Plaintiffs spend the majority of Section B correctly pointing out that the protections of 29 U.S.C. 215(a)(3) extend to former employees. The Motion to Dismiss does not suggest otherwise, and Plaintiffs' allegations to the contrary are simply a misunderstanding of the arguments presented in the Motion to Dismiss.

Second, Plaintiffs' statement that Defendants "need only take an adverse action against Plaintiffs, [rather than an adverse employment action], in order for said action to constitute retaliation under the Fair Labor Standards Act," (Response, p. 7), is a clear misstatement of Florida law. *See Vandesande v. Miami-Dade County*, 431 F. Supp. 2d 1245, 1252–53 (S.D. Fla. 2006) (citing *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) ("To make a prima facie case for retaliation under the FLSA, the plaintiff must show: 1) that he engaged in an activity protected by the FLSA that was known to his employer; 2) that he suffered an adverse employment action, and 3) that there is a causal connection between his participation in the statutorily-protected activity and the adverse employment action.")). Therefore, Plaintiffs are required to allege that they suffered an adverse employment action, which is "an ultimate employment decision, such as discharge or failure to hire, or other conduct that 'alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *McGuire v. Miami-Dade County*, 418 F. Supp. 2d 1354, 1359 (S.D. Fla. 2006) (quoting *Gupta v. Fla. Bd. of*

*Regents*, 212 F.3d 571, 587 (11th Cir.2000)).  Plaintiffs failed to make these allegations anywhere in the Complaint and, accordingly, the Motion to Dismiss must be granted.

Additionally, Plaintiffs' reliance on *Munroe v. Partsbase, Inc.*, 08-80431-CIV, 2009 WL 413721 (S.D. Fla. 2009), and *Ramos v. Hoyle*, 08-21809-CIV, 2009 WL 2849093 (S. D. Fla. 2009), for the proposition that a counterclaim may constitute retaliation is an incorrect and an incomplete account of each case's holding as both cases are distinguishable from the instant matter.  In *Ramos*, the Plaintiff alleged that "her former employers filed a four-count counterclaim against her alleging child abuse with a retaliatory motive as *the counterclaim had no basis in law or fact*." *Ramos*, 2009 WL 2849093 at *2 (emphasis added).  Additionally, the Court in *Munroe* stated that "for Plaintiff to prevail on her retaliation claim, she must demonstrate that Defendants' counterclaims (1) were filed for a retaliatory motive and (2) *lack a reasonable basis in fact or law*." *Munroe*, 2009 WL 413721 at *8 (emphasis added).  Plaintiffs failed to allege that the Defendants' counterclaim had no basis in fact or law as required by Florida law and, accordingly, the Motion to Dismiss must be granted.

B.
Florida's Litigation Privilege Bars Plaintiffs' Complaint in its Entirety

Plaintiffs' argument that the FLSA preempts Florida's litigation privilege in the present case is flawed logic, as Plaintiff and their counsel have already presented, and lost, the same argument before.  In *Phillips v. M.I. Quality Lawn Maint., Inc.*, Case No. 10-20698, this Court granted Defendants' Motion for Partial Summary Judgment, and provided as follows:

> In *Kentish v. Madahcom, Inc.,* the district court addressed the interplay between the petition clause of the First Amendment and Florida's litigation privilege and found that Florida's litigation privilege was broader than the petition clause and covers all acts related to and occurring within judicial proceedings. 566 F. Supp. 2d 1343, 1348 (M.D. Fla. 2008) (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. US. Fire Insurance Co.,*

639 So. 2d 606, 607-08 (Fla. 1994); *Fridovich v. Fridovich,* 598 So. 2d 65, 66 (Fla. 1992)). Thus, the court determined that it need not determine whether the claim at issue had a reasonable basis in fact, as would be required under the petition clause. *Id.* at 1349. The court further noted that a court's sanction authority can be used to address actions filed without a reasonable basis. *Id.* Given the broad reach of Florida's litigation privilege, the filing of Defendants' state court lawsuit against Phillips is protected action and, thus, cannot be the basis of a retaliation claim.

Plaintiffs cite to the Supreme Court decision in *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983), to support their position. *Bill Johnson's* addresses the petition clause under the First Amendment. However, because the Florida litigation privilege is broader than the petition clause, as set out above, Plaintiffs' reliance on *Bill Johnson's* is misplaced.[1] Furthermore, Plaintiffs have failed to address the effect of the broader Florida litigation privilege, which protects Defendants' filing of the state court lawsuit. As the court noted in *Kentish*, if the Florida lawsuit truly is baseless, Phillips can seek relief by asking the state court to impose sanctions on Defendants. Thus, the Defendants are entitled to summary judgment on Phillips' retaliation claim.

A true and correct copy of the Order Granting Defendants' Motion for Partial Summary Judgment is attached hereto as **Exhibit "A."** Therefore, Plaintiffs and Plaintiffs' counsel are already aware that Florida's Litigation Privilege bars their claims and cannot in good faith maintain that the FLSA preempts same. Accordingly, this Court should Grant the Motion to Dismiss because Defendants' actions are protected by Florida's litigation privilege.

WHEREFORE, Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO respectfully request that the Court dismiss the Complaint filed by Plaintiffs KELLY PHILLIPS and EDEL LEON, and for such further relief this Court deems just and proper.

---

[1] Additionally, in Bill Johnson's, the actions that formed the basis of the employer's state court lawsuit were actions that the employees believed were protected by the federal labor statutes. In this case, the actions that form the basis of Defendants' state court lawsuit—Phillips' alleged taking of company documents—are not actions that are protected by any statute.

        Respectfully submitted,

       By:  /s/ Daniel A. Espinosa
         Daniel A. Espinosa, Esq.
         Florida Bar No. 81686
         **ESPINOSA | JOMARRON**
         *Counsel for the Defendants*
         4300 Biscayne Boulevard, Suite 305
         Miami, Florida 33137
         Telephone:  (305) 717-7530
         Facsimile:  (305) 717-7539
         E-mail:  despinosa@ejtrial.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via CM/ECF this 20th day of May, 2013, upon: Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, Fax: (305) 865-7167.

       By:  /s/ Daniel A. Espinosa
         Daniel A. Espinosa, Esq.