UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20854-CIV-SIMONTON
(CONSENT CASE)

KELLY PHILLIPS and EDEL LEON,

    Plaintiffs,

vs.

MITCHELL'S LAWN MAINTENANCE
CORP. and MITCHELL IGELKO,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' Motion to Dismiss Complaint (DE # 15). The Court has considered that motion, Plaintiff's response (DE # 18) and Defendants' reply (DE # 19). For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion to dismiss. Specifically, the motion is granted and the retaliations claims are dismissed pursuant to the Florida litigation privilege to the extent the claims are based on acts and statements related to and occurring within judicial proceedings. The motion is otherwise denied.

I.    BACKGROUND

The parties to this lawsuit are no strangers to one other. Plaintiffs Kelly Phillips ("Phillips") and Edel Leon ("Leon") were previously employed by Defendant Mitchell's Lawn Maintenance Corporation ("Mitchell's Lawn"), which was owned and operated by Defendant Mitchell Igelko ("Igelko"). (DE # 1, ¶4). Their employment by Defendants

ultimately turned sour and gave rise to several federal and one state court lawsuit.[1] Though the complete litigation history is too lengthy and convoluted to recount here, two of the lawsuits must be mentioned as one gave rise to the retaliation claims here and the other weighs heavily on the resolution of a legal issue in this case.

The lawsuit that gave rise the retaliation claims here, Case No. 2009-69166, was commenced by Igelko and Mitchell's Lawn in the Circuit Court for the 11th Judicial Circuit of Florida against Phillips for the return of materials she allegedly took from Defendants when she left their employment (the "state court lawsuit"). The state court lawsuit gave rise to Phillips' FLSA retaliation claim in her prior federal lawsuit (Case No. 10-20698) and both Phillips' and Leon's FLSA retaliation claims in this case, albeit for different retaliatory conduct; the retaliation claim in Case No. 10-20698 was premised on the Defendants filing the state court lawsuit while the instant retaliation claims are premised on Defendants amending that state court lawsuit to add additional claims against Phillips and Leon. In Case No. 10-20698, Phillips claimed that Igelko and Mitchell's Lawn retaliated against her for exercising her FLSA rights when they filed that state court lawsuit. As discussed in more detail below, the district court ultimately entered summary judgment against Phillips on that retaliation claim because it was barred by the

---

[1] The lawsuits include *Melgar v. M.I. Quality Lawn Maintenance*, 09-22243-CIV, which was case from this district where Leon was a named Plaintiff before his case was severed and Phillips attempted to opt in as a Plaintiff; *Leon v. M.I. Quality Lawn Maintenance*, 10-20506-CIV, which involved an FLSA retaliation claim filed by Leon that was tried to a jury before the undersigned; *Phillips v. M.I. Quality Lawn Maintenance*, 10-20698, which involved an FLSA retaliation claim filed by Phillips; and 2009-69166 a state court lawsuit filed by Mitchell's Lawn Maintenance against Phillips, and ultimately Leon, that the parties have not provided the caption for to the Court.

Florida litigation privilege, a ruling that was affirmed on appeal by the Eleventh Circuit. (Case No. 10-20698, DE # 181, affirming the grant of summary judgment on this issue "for the reasons set forth in the well-reasoned order entered by the district court on March 30, 2011[DE # 75]). The ruling on appeal weighs heavily on the instant analysis because the district court entered summary judgment against Phillips on a legal issue that the same parties have also raised in this case - concluding that the Florida litigation privilege barred plaintiffs' FLSA retaliation claims. With this background information, the Court will now turn to the issues raised by the parties in the instant case.

On March 11, 2013, Phillips and Leon filed a twenty-three count complaint against Defendants Mitchell's Lawn and Igelko. (DE # 1). In Count One, Phillips asserts an FLSA retaliation claim against Defendants pursuant to 29 U.S.C. 215(A)(3). Phillips claims that after she amended her complaint in Case No. 10-20698-CIV, Defendants retaliated against her by: (1) adding new claims against her in the state court lawsuit; (2) stating, through counsel in open court in Case No. 10-20698-CIV, that she would not be able to testify at trial because she was about to be arrested; (3) stating, through counsel, also in open court, that warrants had been issued for her arrest; (4) frequently asking the Dade County State's Attorney's Office to issue a warrant for her arrest; and (5) slashing the tires on her vehicle. (DE # 1, ¶¶ 7-13). In Count Two, Leon asserts an FLSA retaliation claim against Defendants pursuant to 29 U.S.C. 215(A)(3). Leon claims that Defendants retaliated against him for pursuing an overtime wage claim against them in a different federal case (Case No. 10-20506-CIV) by: (1) adding claims against him in the state court lawsuit; (2) stating, through counsel, in open court, that Phillips would not be able to testify at trial because she was about to be arrested; (3) stating, through counsel,

that arrest warrants had been issued for Phillips; (4) frequently asking the Dade County State's Attorney's Office to issue an arrest warrant for Phillips; and (5) slashing the tires on his vehicle. (DE # 1, ¶¶ 17-23). Count Three is identical to Count One except that it is based on a violation of state law, specifically, Retaliation under Florida Statute § 448.110(5). (*Id.* at ¶¶27-37). The remaining claims, Counts IV-XXIII, are for slander and involve instances in the past two years where Igelko told third parties that Phillips and Leon "had stolen over 1 million dollars, a computer, the employee files, and the time cards from Mitchell's Lawn." (*See e.g.,* DE # 1, at ¶49).

On April 29, 2013, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Complaint. (DE # 15). Defendant seeks to dismiss the entire complaint because Plaintiffs failed to allege an adverse employment action. Defendants argue that Plaintiffs failed to allege that adding claims to another lawsuit, attempting to have Phillips arrested and slashing Plaintiffs' tires were "adverse employment actions," and therefore, the pleading is fatally deficient and must be dismissed. (DE # 1, p. 3). Defendants also seek to dismiss the entire complaint pursuant to the Florida Litigation Privilege. Because the actions and statements Plaintiffs rely on for their retaliation claim were "made in connection with and during the course [of] a state court and federal court action," Defendants claim they are entitled to "immunity afforded by the Florida Litigation Privilege" requiring dismissal of this lawsuit. (*Id.* at pp. 4-5). Defendants also seek to dismiss the Complaint for a failure to identify which one of the Defendants performed the acts complained of in the pleading. (*Id.* at pp 5-6). Finally, Defendants seek to dismiss Counts XVI, XVII, XX and XXI for a failure to specifically name the third parties that Defendants made slanderous

4

statements to about the Plaintiffs.  Because those counts only identify the third parties as "several employees," Defendants argue that dismissal is appropriate.  (*Id.* at p. 6).

## II.  LEGAL STANDARD

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the facial sufficiency of a complaint.  Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds for his entitlement to relief, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true."  *Twombly*, 550 U.S. at 555.  However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id*. at 556.

"A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment[.]"  *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.1999)).  This Court can take judicial notice of matters of public record.  *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1350 (S.D. Fla. 2006) (citing *Universal Express, Inc. v. SEC*, 177 Fed. Appx. 52 (11th Cir. 2006)).  In addition, this Court

5

can take judicial notice of the pleadings and documents in the parties other cases before the Courts of this District as public records. *Krauser v. Evollution IP Holdings, Inc.*, ___ F. Supp. 2d ___, 2013 WL 5313403, *2 (S.D. Fla. 2013); *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases.").

Florida's litigation privilege affords absolute immunity for all acts "related to and occurring within judicial proceedings." *Jackson v. Bellsouth Telecommn's*, 372 F.3d 1250, 1274 (11th Cir. 2004). While the Florida litigation privilege is considered an affirmative defense, *see, e.g., Am. Nat'l Title & Escrow of Florida, Inc. v. Guarantee Title & Trust Co.*, 810 So. 2d 996, 998 (Fla. 4th DCA 2002), the Eleventh Circuit has made it abundantly clear that any affirmative defense, including the Florida litigation privilege, may be considered in resolving a motion to dismiss when "the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson*, 372 F.3d at 1277 (citing cases) (affirming dismissal of claims barred by the litigation privilege).

III.  **LEGAL ANALYSIS**

   A.  **Florida Litigation Privilege**[2]

Defendants argue that Plaintiffs' claims are barred by the Florida litigation privilege, which affords absolute immunity to any act occurring during the course of a judicial proceeding. (DE # 15). Relying on *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d

---

[2]The Court will address the arguments of the parties out of the order addressed by parties because the Florida litigation privilege is dispositive as to certain of Plaintiffs' claims.

6

1343 (M.D. Fla. 2008), Defendants maintain that the actions and statements identified in the Complaint all occurred during the course of state and federal court lawsuits and are therefore protected by the Florida litigation privilege.  Plaintiffs, however, argue that the FLSA preempts the Florida litigation privilege and rely on several decisions that declined to follow *Kentish*.  (DE # 18, p. 12) (citing, *e.g.*, *Suchite v. Kleppin*, 819 F. Supp. 2d 1284 (S.D. Fla. 2011)).  Plaintiffs further argue that even if the privilege applied, the retaliatory conduct alleged in the Complaint was not limited to the filing of a lawsuit, but included threats of arrest, slashing car tires and slanderous statements.  (*Id.*).  In reply, Defendants point out that Plaintiffs have unsuccessfully advanced the same preemption argument in the prior federal lawsuit involving these parties.  Relying on *Phillips v. M.I. Quality Lawn Maintenance, Inc.*, No. 10–20698 (S.D. Fla. Mar. 30, 2011) (order granting partial summary judgment), Defendants argue that Florida Litigation privilege bars all of Plaintiffs' claims here.[3]

Florida's litigation privilege affords absolute immunity for all acts "related to and occurring within judicial proceedings." *Jackson*, 372 F.3d at 1274.  This common law privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but the Florida Supreme Court has extended the privilege to cover all acts related to and occurring within judicial proceedings.  *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 607-08 (Fla. 1994).  In *Levin*, the Florida Supreme Court explained the scope and rationale of the

---

[3]The decision affirming the district court's award of summary judgment was entered after the parties had completed briefing the motion to dismiss. *Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.*, 537 Fed. Appx. 908 (11th Cir. 2013).

privilege:

> In balancing policy considerations, we find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior ... so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding.

*Id*.; *see also Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) ("litigation privilege applies across the board to actions in Florida, both to common - law causes of action, those initiated pursuant to a statute, or of some other origin.").

The Eleventh Circuit has repeatedly found the Florida litigation privilege to bar a multitude of claims.  In *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1302-03 (11th Cir. 2003), the Eleventh Circuit applied the litigation privilege to affirm dismissal of claims of fraud, conspiracy, abuse of process, intentional infliction of emotional distress, tortious interference and deceptive and unfair trade practices based on defendant's destruction of evidence and fraudulent statements connected with previous litigation and settlements.  Likewise, in *Jackson*, the Eleventh Circuit applied the litigation privilege as defined in *Levin* to affirm dismissal of claims of tortious interference and conspiracy to defraud based on statements and comments made during the course of settlement discussions with regard to an underlying litigation matter.  372 F.3d at 1274-76.

Plaintiffs assert that the privilege cannot bar any of the claims here because the FLSA preempts the Florida litigation privilege.  (DE # 18 at 12).  As Defendants' correctly note, however, Plaintiffs have already unsuccessfully advanced that same argument in a

8

recent case involving these parties. In Case No. 10-20698-CIV, the plaintiff (Phillips) asserted an FLSA retaliation claim based on the defendants having filed a state court lawsuit against her - the same state court lawsuit at issue in this case. The defendants (Igelko and Mitchell's Lawn) moved for summary judgment and asserted that the Florida litigation privilege barred the FLSA retaliation claim. *Phillips v. M.I. Quality Lawn Maintenance, Inc.*, No. 10–20698, at 8 (S.D. Fla. Mar. 30, 2011). The district court agreed and entered summary judgment against Phillips on her FLSA retaliation claim concluding that the filing of the state court lawsuit by defendants was protected by Florida's litigation privilege. *Id.* at pp. 8-9. On appeal, Phillips argued that the district court erred in entering summary judgment because the Florida litigation privilege cannot defeat a federal cause of action. *See, e.g.,* Appellant's Reply Brief at 14-15, *Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.,* No. 12-14346-BB (11th Cir. Feb. 7, 2013). The Eleventh Circuit necessarily rejected Phillips' argument and stated that:

> we affirm the partial grant of summary judgment entered against [Phillips] for the reasons set forth in the well-reasoned order entered by the district court on March 30, 2011.

*Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.*, 537 Fed. Appx. 908 (11th Cir. 2013).

The legal issue raised by the parties in *Phillips* - whether the Florida litigation privilege conferred immunity from an FLSA retaliation claim - is identical to the legal issue raised by those same parties in this case. The only difference is the retaliation claim here is based on Defendants amending the state court lawsuit to add additional claims while the retaliation claim in *Phillips* was based on the Defendant's filing the original complaint in that same state court lawsuit. While the Eleventh Circuit's decision

9

was unpublished, the undersigned is constrained to follow that ruling given the identity of issues and near identity of parties between the suits.[4] To rule that a retaliation claim based on the filing of an amended complaint in the state court lawsuit was not barred by the Florida litigation privilege when the Eleventh Circuit has ruled that a retaliation claim based on the original complaint in the state court lawsuit was barred by the privilege would result in irreconcilably antagonistic rulings. While it is imperative that the Court strive to avoid such a conflict, the Court has an obligation to independently engage in reasoned analysis of this issue. In this regard, the Court notes that this result is supported by other cases.[5] As noted in *Kentish*:

> The right to petition has been recognized as one of "the most precious of the liberties safeguarded by the Bill of Rights," and implies "the very idea of government in a republican form." [*BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 524-25 (2002)]. Florida's staunch protection of this right is evident in both its Constitution and the application of the litigation privilege by its courts. Allowing Plaintiff to maintain its retaliation claim would restrict Defendant's access to courts and its right to petition.

566 F. Supp. 2d at 1349. Thus, to find that Plaintiffs' retaliation claims preempt this right runs counter to Florida's grant of unfettered access to courts, and the opportunity to fully litigate disputes without fear of facing subsequent derivative litigation. *Id.* Consistent with *Kentish* and *Phillips*, the Court therefore finds that the Florida litigation privilege is not preempted by an FLSA claim as Plaintiffs suggest. *Id.; Phillips*, 537 Fed. Appx. at 908.

That ruling, however, does not end the Court's inquiry. Unlike *Phillips* and

---

[4]A third Defendant, M.I. Quality Lawn Maintenance, Inc. was also a party to the federal case.

[5]The Court recognizes that other cases have reached a different result, *see e.g., Ramos v. Hoyle*, Case No. 08-21809, 2009 WL 2151305 (S.D. Fla. July 16, 2009), but notes that there is no binding precedent from the Eleventh Circuit on this issue.

*Kentish*, the retaliatory conduct here involves more than just the filing of a lawsuit. While the foregoing analysis provides a sufficient to dismiss the retaliation claims to the extent they are based on Defendants amending the state court lawsuit, the Court must evaluate the additional acts and statements alleged in support of the retaliation claims to determine whether they fall within the purview of the Florida litigation privilege.

As noted, Florida's litigation privilege affords absolute immunity for all acts "related to and occurring within judicial proceedings." *Jackson*, 372 F.3d at 1274. Although Defendants gloss over this issue, not all of the acts alleged in the retaliation claims were related to or occurred within a judicial proceeding. When the Florida litigation privilege extends to acts occurring outside of the courtroom, or, extra-judicial acts, the occurrence from which the claims arise must be integral or inextricably linked to the judicial process for the acts to be protected by the privilege. *Jackson*, 372 F.3d at 1275-76 (actions taken outside of court but during course of settlement negotiations were inextricably linked to the process of guiding ongoing litigation to a close and therefore protected by Florida litigation privilege). Here, Plaintiffs alleged that Defendants frequently asked the Dade County State's Attorney's Office to issue an arrest warrant for Phillips; and, that Defendant slashed Plaintiffs' car tires. Plaintiffs neither alleged these acts occurred during a court proceeding nor can the Court infer they occurred within a courtroom. Moreover, placing a telephone call to a prosecuting attorney and vandalizing an automobile cannot be said to be integral to any part of a judicial process in the state or federal actions. *Am. Nat'l Title & Escrow of Florida, Inc. v. Guar. Title & Trust Co.*, 810 So.2d 996 (Fla. 4th DCA 2002) (defendants' act of conspiring to maliciously give false information to law enforcement authorities about

11

plaintiff resulting in arrest involved extra-judicial tortious activity that was not protected by the Florida litigation privilege.). Accordingly, the motion to dismiss the retaliation claims as to these acts based on the Florida litigation privilege is therefore denied.

The remaining conduct alleged in support of the retaliation claims, however, is alleged to have occurred during court proceedings or was so related to the proceedings that it is protected by the litigation privilege. Specifically, Plaintiffs alleged that Defendants stated, through their attorneys, prior to and during court proceedings that Phillips was about to be arrested and that warrants had been issued for her arrest. (DE # 1, ¶¶ 10-11). Plaintiffs alleged these statements occurred during a judicial proceeding, namely the state court lawsuit and the consolidated federal action (Case Nos. 10-20506, 10-20698 and 10-20975). This is the type of conduct by attorneys that the Florida litigation privilege has always protected. *Levin*, 639 So. 2d at 607-08. Defendants are therefore afforded absolute immunity to claims based on these acts and statements pursuant to the Florida litigation privilege. *Jackson*, 372 F.3d at 1274; *Kentish,* 566 F. Supp. 2d at 1349.

It is not clear whether the Defendants seek to dismiss the remaining counts of the Complaint (IV-XXII) pursuant to the Florida litigation privilege as they only briefly mention those counts in prefatory remarks to the analysis of the privilege. (DE # 15, p. 3). Plaintiffs also failed to address the issue in their response brief. Absent briefing by the parties, and given the high standard necessary to dismiss claims based on the Florida litigation privilege, the Court finds the resolution of this issue better suited for the summary judgment stage of the proceeding. *Jackson*, 372 F.3d at 1277 (dismissal pursuant to the Florida litigation privilege only appropriate where "the complaint

affirmatively and clearly shows the conclusive applicability of the defense to bar the action."). Accordingly, the motion to dismiss is denied to the extent it seeks to dismiss the slander counts pursuant to the Florida litigation privilege.

### B. Dismissal of FLSA Retaliation Claims for Failure to State a Claim

#### 1. Plaintiffs' Failure to Allege an Adverse Employment Action

Defendants' motion to dismiss contains a two paragraph, conclusory argument that the retaliation claims must be dismissed because Plaintiffs failed to allege that the tire slashing and placing of calls to the prosecuting attorney to have Phillips arrested[6] constituted "adverse employment actions." (DE # 15, pp. 2-3). Plaintiffs viewed this argument as one suggesting dismissal was appropriate because Plaintiffs were no longer employees at the time of the alleged retaliatory acts and focused the entirety of their response on that issue. (DE # 18, pp. 4-7). In reply, Defendants maintain that they never suggested the protections of the FLSA do not extend to former employees, and clarified that an adverse employment action is part of Plaintiff's prima facie case and they failed to allege any in the Complaint. Moreover, Defendants specifically argued that:

> Plaintiffs are required to allege that they suffered an adverse employment action, which is an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee.

(DE # 19, p. 2) (citing *McGuire v. Miami-Dade County*, 418 F. Supp. 2d 1354, 1359 (S.D.

---

[6]Defendants' motion addresses all of the retaliatory acts alleged in Counts I-III, but this Order will only address the retaliatory acts that remain in the case following the application of the Florida litigation privilege.

Fla. 2006).  Defendants maintain the Plaintiffs failed to make "these" allegations, and therefore, the Court must dismiss the retaliation claims.  *Id.* at 2-3.

Defendants are correct that a prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: "(1) she engaged in activity protected under [the] act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000).  The Defendants are also correct that the *McGuire* decision identified several specific examples of adverse employment actions.  418 F. Supp. 2d at 1359.  The Defendants, however, are incorrect to the extent they argue that *McGuire* contains a finite list of "adverse employment actions" that must be pled.  That argument not only disregards subsequent developments in the case law on this issue, but somehow ignores a ruling rejecting that argument in a case involving Phillips and Igelko.

Since the *McGuire* decision, numerous courts have relied upon *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006) to expand the scope of a FLSA retaliation claim beyond that which adversely affects a plaintiff's conditions of employment or employment status.  *See, e.g., Phillips v. M.I. Quality Lawn Maintenance, Inc.*, No. 10–20698, 2010 WL 4237619 (S.D. Fla. Oct. 21, 2010).  As noted by the court in *Phillips*:

> an employer's retaliation against an employee need not be limited to conduct related to employment or occurring at the workplace to be actionable.  [ ] Instead, the Court must decide whether the conduct alleged well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

14

y

*Id.* at **4-5 (citing *Burlington*, 548 U.S. at 68).[7]  Thus, the issue for this Court is not whether Plaintiff alleged one of the "adverse employment actions" listed in *McGuire* as suggested by Defendants, but the Court must determine whether the conduct alleged in the Complaint might have dissuaded a reasonable worker from making or supporting a charge of discrimination.  *Id.* at *5.  To be actionable, the alleged conduct must be more than the petty slights, annoyances and trivial actions that all employees experience.  *Id.*

Plaintiffs' allegations that Igelko called the Dade County State Attorney's Office on a frequent basis to urge the prosecuting attorney to issue an arrest warrant for Phillips satisfies this standard by the slimmest of margins.  Had the Complaint provided details about the telephone calls or described the "matter" involving Phillips that a prosecuting attorney for Dade County was "handling," this would be an easier decision. (DE # 1, ¶12).  Despite these shortcomings, and considering the allegations of the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have alleged conduct by Defendants that rise above the level of non-actionable petty slights or minor annoyances that an employee must endure.  *Crawford v. Carroll*, 529 F.3d 961, 974, n.13 (11th Cir. 2008) ("it is for a jury to decide whether anything more than the most petty and trivial actions against an employee should be considered 'materially adverse.'").  Frequently encouraging a prosecuting attorney to arrest an employee in a criminal case that was being reviewed the Dade County State's Attorney's Office could dissuade a reasonable worker from supporting a charge of discrimination.  *Phillips,* 2010 WL 4237619 at *5.  The motion to dismiss for failure to state a claim is therefore

---

[7]The parties did not raise the Florida litigation privilege in that case until the summary judgment stage of the proceedings.

15

denied as to these acts by Defendants without prejudice, of course, to raise this issue in the context of a summary judgment motion.

Furthermore, the Court can readily conclude that the remaining conduct alleged in support of the retaliation claims, the slashing of Plaintiffs' car tires, satisfies the standard.  Intentionally damaging an employee's property exceeds the petty slights or annoyances that all employees experience.  Thus, this alleged conduct also survives Defendants' motion to dismiss.

### C.        Dismissal For Vagueness

Defendants also seeks to dismiss the entire Complaint because it fails to differentiate between the conduct of the two named Defendants.  (DE # 15 at 5-6). Relying on *Grief v. Jupiter Medical Center, Inc.,* 2008 WL 2705436, *4 (S.D. Fla. 2008), Defendants argue that the Complaint is vague because they are unable to discern whether a claim is against Igelko individually, or in his official capacity as President of Mitchell's Lawn.  (DE # 15, p. 5).  Plaintiffs did not address this argument in their response.  Defendants' reliance on *Grief* is misplaced.  In that case, the plaintiff filed an eight count discrimination and retaliation lawsuit against a corporation and two individuals.  *Id.* at *1.  Every count of the complaint was lodged against all three defendants.[8]  *Id.* at *4.  The court granted defendants' motion to dismiss pursuant to Rule 12(b)(6) finding the complaint an impermissible "shot gun pleading" that failed to differentiate between the conduct of the individual defendants.  *Id.*  Specifically, the court stated, "[g]iven the sheer number of alleged wrongs and the multitude of acts that give rise to these wrongs, it seems unlikely that both individual defendants participated

---

[8]With the exception of certain FMLA claims.

**16**

in every one of those alleged wrongs in an identical manner." *Id.* The instant Complaint does not suffer from the same problem. Here, Igelko is the only individual named in the Complaint. Although the Complaint does not differentiate between the acts he committed in his individual and official capacities, there can be no doubt that the Complaint alleged he is responsible for the commission of every act alleged in the Complaint. The Complaint appears to allege that he committed all of the acts complained of in both his individual and official capacities. Thus, *Grief* does not support dismissal here. Further, the Court does not find this Complaint to be a "shot gun pleading" nor is it so vague that Defendants are unable to file a responsive pleading. Therefore, the motion is denied as to this argument.

        D.      <u>Dismissal of Slander Counts XVI, XVII, XX and XXI for Failure to State a Claim</u>

Finally, Defendants seek to dismiss Counts XVI, XVII, XX and XXI (Slander) because Plaintiffs failed to allege the identity of the third party to whom Igelko communicated a slanderous statement. (DE # 15 at 6). Plaintiffs, however, argue that the allegations of the specific counts identified by Defendants are sufficient to state a claim for slander. (DE # 18 at 13). The Court can quickly dispose of Defendants' argument. To state a claim for slander in Florida, a plaintiff must allege: "(1) publication of a false statement; (2) about the plaintiff; (3) to a third party; and (4) damage resulting to plaintiff from the publication." *Gunder's Auto Center v. State Farm Mut. Auto. Ins. Co.*, 422 Fed. Appx. 819, 821 (11th Cir. 2011). Here, each of the relevant slander claims allege that Igelko uttered false statements about the Plaintiffs to "former employees" and the Plaintiffs have been injured as a result. (*See, e.g.*, DE # 1, ¶¶130-133). That is all that is required to state a claim for slander under Florida law. *Gunder's Auto Center*, 422

Fed. Appx. at 821. Defendants have not cited any authority that a Plaintiff must specifically identify the third parties by name to survive a motion to dismiss. Accordingly, the Court will deny the motion to dismiss as to this argument.

### IV.    CONCLUSION

For the reasons stated above, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint [DE # 15] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** and Counts I-III are **DISMISSED WITH PREJUDICE** to the extent they are based on Defendants' amending the state court lawsuit to add new claims against Leon and Phillips, and Defendants stating, through their attorneys, prior to and during court proceedings that Phillips was about to be arrested and that warrants had been issued for her arrest. The motion is **DENIED** as to the remaining aspects of those retaliation claims and all of the slander Counts.

**DONE AND ORDERED** at Miami, Florida, on March 17, 2014.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record