UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20854-CIV-SIMONTON
(CONSENT CASE)

KELLY PHILLIPS and EDEL LEON,

    Plaintiffs,

vs.

MITCHELL'S LAWN MAINTENANCE
CORP. and MITCHELL IGELKO,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR AN ORDER COMPELLING SUPPLEMENTAL DISCLOSURES AND FOR SANCTIONS

    This matter comes before the Court on Defendants' Motion for an Order Compelling Supplemental Disclosures and For Sanctions (DE # 51). By this motion, Defendants seek to compel the disclosure of the telephone numbers and addresses for all witnesses identified in Plaintiffs' Rule 26 disclosures and impose sanctions for Plaintiffs' conduct. Having reviewed the motion and Plaintiffs' response (DE # 57), the Court must deny Defendants' motion.

    On September 9, 2013, Plaintiffs served their Rule 26 disclosures on Defendants. (DE # 51, ¶5). Defendants contend that Plaintiffs failed to provide the contact information for a number of the witnesses listed in the disclosures. (*Id*. at ¶6). Defense counsel sent two emails and placed one telephone call to Plaintiffs' counsel over the span of eight days in an effort to have Plaintiffs' counsel supplement the responses. (*Id*. at ¶¶7-9). Plaintiffs' counsel failed to respond to the emails and was unavailable at the time defense counsel attempted to contact counsel for Plaintiffs. (*Id*.). The day after the failed attempt to contact opposing counsel by telephone, defense counsel filed the

instant motion insisting they "will be extremely prejudiced" if Plaintiffs do not supplement the disclosures. Defendants also seek attorneys fees pursuant to Rule 37 in the amount of $1,860 for "all of the time spent to secure complete disclosures." (*Id*. at ¶13).

In response, counsel for Plaintiffs noted that the Rule 26 disclosures contained all of the contact information that Plaintiffs possessed. (DE # 57, ¶1). When defense counsel contacted Plaintiffs about supplementing the disclosures, Plaintiffs' counsel was working limited hours following the birth of his daughter and needed time to look into the matter before responding. (*Id.* at ¶7). Plaintiffs later obtained updated contact information and provided it to defense counsel on February 3, 2014. (DE # 56).

While Rule 37(c) permits this Court to sanction Plaintiffs when they fail to supplement their initial disclosures, *see* Rule 37(c)(1)(A), no sanctions are warranted on this record. As an initial matter, Rule 26 only requires the disclosure of contact information for an individual likely to have discoverable information when it is "known" by the disclosing party. Fed. R. Civ. P. 26(a)(1)(A)("a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number ... "). Plaintiffs' counsel indicated that he did not possess the contact information for a number of individuals when he served the Rule 26 disclosures, but provided the contact information for the individuals that he did. (DE # 57, ¶1). Later, when counsel for Plaintiffs obtained additional contact information for individuals disclosed on in the initial disclosures, he supplemented the prior disclosures and provided the information to Defendants. (DE # 56). This is all the rules require as the record reflects that Plaintiffs provided the information to Defendant when they came into possession of it. The request to compel disclosures is therefore moot and there is no

basis, on this record, to sanction Plaintiffs.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for an Order Compelling Supplemental Disclosures and For Sanctions (DE # 51) is **DENIED**.

**DONE AND ORDERED** at Miami, Florida, on March 17, 2014.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record