UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV- SIMONTON

[CONSENT CASE]

| | |
|---|---|
| KELLY PHILLIPS and EDEL LEON, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| MITCHELL'S LAWN MAINTENANCE | ) |
| CORPORATION, | ) |
| MITHCELL'S LAWN, LLC, and | ) |
| MITCHELL IGELKO, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## FIRST AMENDED COMPLAINT

Plaintiffs, KELLY PHILLIPS (PHILLIPS) AND EDEL LEON (LEON), on behalf of themselves, by and through undersigned counsel, file this First Amended Complaint against Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION (MITCHELL'S LAWN), MITCHELL'S LAWN, LLC, and MITCHELL IGELKO (IGELKO), and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. § 215 (a)(3), Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant MITCHELL'S LAWN MAINTENANCE CORPORATION is a corporation that regularly transacts business within Dade County. Upon

information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The Defendant MITHCELL'S LAWN, LLC, is a corporation that regularly transacts business within Dade County.

5. The Defendant MITCHELL'S LAWN, LLC, is a successor entity in relation to the other joint employers MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO.

6. Under information and belief, Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO have intentionally and improperly taken efforts to avoid paying the Final Judgment (*Edel Leon, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.,* Case No.: 10-20506-CIV-SEITZ/SIMONTON) and/or judgments to come in that action or this action by dissolving Defendant MITCHELL'S LAWN MAINTENANCE CORPORATION and non-party M.I. Quality Lawn Maintenance, Inc., and transferring the business and assets (financial and otherwise) to a newly formed company called MITCHELL'S LAWN, LLC.

7. Defendant MITCHELL'S LAWN, LLC, is a successor entity in relation to the other joint employers MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO, that assumed the liabilities relevant to the claim subject to this lawsuit, and/or it is conducting business with the similar employees and similar business models and managed with the similar business purpose at the same exact location as MITCHELL'S LAWN

- 2 -

MAINTENANCE CORPORATION and is controlled by MITCHELL IGELKO as well.

8. Under information and belief, MITCHELL'S LAWN, LLC, is doing business as a "mere continuation" of its predecessors MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO and is, therefore, a successor entity which is liable for the acts and liabilities of MITCHELL'S LAWN MAINTENANCE CORPORATION and MITCHELL IGELKO.

9. Under information and belief, MITCHELL'S LAWN, LLC, was created with the sole fraudulent and bad faith intention of avoiding payment of the Final Judgments and/or the Judgments to come (*Edel Leon, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.,* Case No.: 10-20506-CIV-SEITZ/SIMONTON) or judgments to come in this action.

10. The individual Defendant MITCHELL IGELKO is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d). The individual Defendant MITCHELL IGELKO was acting on behalf of himself and the Corporate Defendants at all times material hereto.

11. All acts or omissions giving rise to this dispute took place in Dade County.

- 3 -

## Count I

### (Retaliation under 29 USC 215(A)(3) as to PHILLIPS)

12. This action arises under the laws of the United States.

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case if brought pursuant to The Fair Labor Standards Act, 29 U.S.C. 215(a)(3), Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367.

14. 29 U.S.C. 215(a)(3) states it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 USCS §§ 201 et seq., generally; for full classification, consult USCS Tables volumes], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

15. On or about November 17, 2010, Plaintiff PHILLIPS filed her amended complaint for unpaid minimum and overtime wages under the Fair Labor Standards Act 29 U.S.C. 201-219 in the United States Federal Court for the Southern District of Florida, case number 1:10-cv-20698.

16. On or about November 18, 2010, in the Circuit Court for the 11th judicial circuit of Florida, Case, No.: 2009-69166, Defendant MITCHELL'S LAWN MAINTENANCE CORPORATION filed a Notice of Hearing, setting forth

MITCHELL'S LAWN MAINTENANCE CORPORATION's motion for leave to file an amended complaint to add claims against Plaintiffs.

17. On or about November 30, 2010, said motion by Defendants for leave to file Plaintiff's Amended Complaint filed in Case, No.: 2009-69166, was granted. Said Complaint alleged that Plaintiffs stole approximately two million dollars from Defendants.

18. On or about September 21, 2014, the State Court Action (Case No. 09-69166 CA 06) was dismissed with prejudice after several years of litigation which showed that Defendants had no proof of theft against Plaintiffs and otherwise likely fabricated the entire lawsuit against Plaintiffs. Case No. 09-69166 CA 06 was filed in bad faith and solely to retaliate against Plaintiffs as set forth above or herein.

19. Defendants continued to retaliate against Plaintiff PHILLIPS prior to trial in consolidated Case No.: 10-20506, 10-20698 and 10-20975 filed in U.S. District Court, through Defendants' attorneys, who acted as agents on behalf of Defendants, by repeatedly stating that Plaintiff PHILLIPS was about to be arrested and would probably not be able to testify at trial. Said statements were commenced to undersigned counsel and/or the State Attorney's Office on or about the week of May 27, 2012, prior to the pretrial conference in the consolidated Case No.: 10-20506, 10-20698 and 10-20975 and continued through the dates of the trial (July 5, 2012, through to July 17, 2012) and even after the trial. Defendants' Counsel called the Miami-Dade State Attorney's

Office on multiple occasions and/or emailed before and after the trial of Case No.: 10-20506, 10-20698 and 10-20975, inquiring and regularly urging the State Attorney to arrest or cause to be arrested Plaintiff PHILLIPS.

20. Said statements and/or communications regarding arrest warrants being issued for the arrest of Plaintiff PHILLIPS, made by Defendants and/or Defendants' Counsel, continued through the pretrial conference, the trial, and thereafter when Defendants, through their attorneys and corporate representative, stated that arrest warrants were issued against Plaintiff PHILLIPS and a key witness, Hary De La Cruz. When the Magistrate Judge presiding over the case placed a phone call to the Assistant State Attorney handling the case, the Assistant State Attorney stated that no arrest warrant had been issued for either Plaintiff PHILLIPS or Hary De La Cruz.

21. While Case No.: 10-20506, 10-20698 and 10-20975 was pending and after the jury trial in Case No.: 10-20506, 10-20698 and 10-20975 which concluded on or about July 17, 2012, the Corporate Defendant, through Defendant IGELKO, and/or Defendants' Counsel, called the Dade County State Attorney's Office on a frequent/recurrent basis in order to urge the Assistant State Attorney handling the matter to issue an arrest warrant against Plaintiff PHILLIPS.

22. Upon information and belief, on or about July 17, 2012, while the jury was deliberating in case no.: 10-20506, 10-20698 and 10-20975, Defendants, by and through Defendant Mitchell Igelko, slashed the tires of the vehicle

belonging to Plaintiff LEON and PHILLIPS and other Plaintiffs in order to intimidate Plaintiffs and to otherwise punish Plaintiffs PHILLIPS and LEON for having brought and/or participated in overtime/minimum wage claims brought against Defendants in the cases referenced above as well as Case No.: 09-22243-CIV.

23. The motivating factor for Defendants filing the underlying claims in Circuit Court Case No. 2009-69166 against Plaintiff PHILLIPS was PHILLIPS' participation in Case No.: 10-20506 and 09-22243. Defendants intimidated Plaintiffs PHILLIPS and/or LEON with threats of being arrested, by contacting the State Attorney's Office regularly and incessantly, as described above, through IGELKO and/or his Counsel, and by slashing the tires on the vehicle belonging to Plaintiffs. Defendants further intimidated Plaintiffs PHILLIPS and LEON by IGELKO and/or Defendants' Counsel continuing to urge the State Attorney to issue an arrest warrant for Plaintiff PHILLIPS post-trial due to Plaintiff PHILLIP's assertion of a claim for minimum and overtime wages under the Fair Labor Standards Act and/or her participation as a key witness "comptroller" in the case of *Melgar et al v. Mitchell's Lawn Maintenance Service Corp.* et al.,   Case No.: 09-22243 on behalf of approximately 20 former workers, as well as cases 10-20506, 10-20698 and 10-20975.

24. The intimidation of Plaintiff PHILLIPS to not testify at trial or for bringing her own overtime/minimum wage claims against Defendants by threats of

- 7 -

being arrested before, during, and after trial and by trying to convince the State Attorney to arrest Kelly Phillips before, during, and after the trial of 10-20506, 10-20698 and 10-20975, and by slashing the tires on the vehicle belonging to Plaintiff PHILLIPS while at trial, were performed with malice, willfulness, and reckless indifference to Plaintiff's protected rights, and is in direct violation of  29 U.S.C. 215 (A)(3) because the motivating factor for each separate act of retaliation  was due to Plaintiff PHILLIPS and/or LEON's demand for her legally mandated wages or their role as a key witness as described above for approval of approximately 20 employees of Defendants who sued for overtime/minimum wage and, as a result,  Plaintiff PHILLIPS has been damaged.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count II

### (Retaliation under 29 USC 215(A)(3) as to LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-24 above and further state:

25. 29 U.S.C. 215(a)(3) states it shall be unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 USCS §§ 201 et seq., generally; for full classification, consult USCS Tables volumes], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

26. On or about November 18, 2010, Defendant MITCHELL'S LAWN MAINTENANCE CORPORATION filed a Notice of Hearing in the Circuit Court for the 11th judicial circuit of Florida, Case No.: 2009-69166, setting forth MITCHELL'S LAWN MAINTENANCE CORPORATION motion for leave to file an amended complaint to add claims against Plaintiffs.

27. On or about November 30, 2010, said motion by Defendants for leave to file Plaintiff's Amended Complaint filed in Case, No.: 2009-69166, was granted. Said Complaint alleged that Plaintiffs stole approximately two million dollars from Defendants.

28. On or about September 21, 2014, the State Court Action (Case No. 09-69166 CA 06) was dismissed with prejudice after several years of litigation which showed that Defendants had no proof of theft against Plaintiffs and otherwise likely fabricated the entire lawsuit against Plaintiffs. Case No. 09-69166 CA 06 was filed in bad faith and solely to retaliate against Plaintiffs as set forth above and herein

29. A jury previously found that Defendants MITCHELL IGELLKO and MITCHELL'S LAWN MAINTENANCE CORPORATION retaliated against Plaintiff LEON by terminating Plaintiff LEON's employment with Defendants upon the filing of Plaintiff LEON's overtime complaint under the Fair Labor Standards Act, 29 U.S.C. 201-219 in case number 10-20506.

30. However, Defendants acts of retaliation continued against Plaintiff LEON while his overtime claim proceeded in U.S. District Court as well as after the trial in said case.

31. Defendants continued to retaliate against Plaintiff LEON prior to trial in consolidated Case No.: 10-20506, 10-20698 and 10-20975 filed in U.S. District Court, through Defendants' attorneys, who acted as agents on behalf of Defendants, by repeatedly stating that Plaintiff PHILLIPS was about to be arrested and would probably not be able to testify at trial. Said statements were commenced to undersigned counsel and/or the State Attorney's Office on or about the week of May 27, 2012, prior to the pretrial conference in the consolidated Case No.: 10-20506, 10-20698 and 10-20975 and continued

through the dates of the trial (July 5, 2012, through to July 17, 2012) and even after the trial. Defendants' Counsel called the Miami-Dade State Attorney's Office on multiple occasions and/or emailed before and after the trial of Case No.: 10-20506, 10-20698 and 10-20975, inquiring and regularly urging the State Attorney to arrest or cause to be arrested Plaintiff PHILLIPS.

32. Said statements and/or communications regarding arrest warrants being issued for the arrest of Plaintiff PHILLIPS, made by Defendants and/or Defendants' Counsel, continued through the pretrial conference, the trial, and thereafter when Defendants, through their attorneys and corporate representative, stated that arrest warrants were issued against Plaintiff PHILLIPS and a key witness, Hary De La Cruz. When the Magistrate Judge presiding over the case placed a phone call to the Assistant State Attorney handling the case, the Assistant State Attorney stated that no arrest warrant had been issued for either Plaintiff PHILLIPS or Hary De La Cruz.

33. While Case No.: 10-20506, 10-20698 and 10-20975 was pending and after the jury trial in Case No.: 10-20506, 10-20698 and 10-20975 which concluded on or about July 17, 2012, the Corporate Defendant, through Defendant IGELKO, and/or Defendants' Counsel, called the Dade County State Attorney's Office on a frequent/recurrent basis in order to urge the Assistant State Attorney handling the matter to issue an arrest warrant against Plaintiff PHILLIPS.

34. Upon information and belief, on or about July 17, 2012, while the jury was deliberating in case no.: 10-20506, 10-20698 and 10-20975, Defendants, by and through Defendant Mitchell Igelko, slashed the tires of the vehicle belonging to Plaintiff LEON and PHILLIPS and other Plaintiffs in order to intimidate Plaintiffs and to otherwise punish Plaintiffs PHILLIPS and LEON for having brought and/or participated in overtime/minimum wage claims brought against Defendants in the cases referenced above as well as Case No.: 09-22243-CIV.

35. The motivating factor for Defendants filing the underlying claims in Circuit Court Case No. 2009-69166 against Plaintiff PHILLIPS was PHILLIPS' participation in Case No.: 10-20506 and 09-22243. Defendants intimidated Plaintiffs PHILLIPS and/or LEON with threats of being arrested, by contacting the State Attorney's Office regularly and incessantly, as described above, through IGELKO and/or his Counsel, and by slashing the tires on the vehicle belonging to Plaintiffs. Defendants further intimidated Plaintiffs PHILLIPS and LEON by IGELKO and/or Defendants' Counsel continuing to urge the State Attorney to issue an arrest warrant for Plaintiff PHILLIPS post-trial due to Plaintiff LEON's assertion of a claim for minimum and overtime wages under the Fair Labor Standards Act and/or her participation as a key witness "comptroller" in the case of *Melgar et al v. Mitchell's Lawn Maintenance Service Corp.* et al.,   Case No.: 09-22243 on behalf of

approximately 20 former workers, as well as cases 10-20506, 10-20698 and 10-20975.

36. The intimidation of Plaintiff LEON to not testify at trial or for bringing his own overtime/minimum wage claims against Defendants by threats of being arrested before and after trial and by using the State Attorney to arrest Kelly Phillips before, during, and after the trial of 10-20506, 10-20698 and 10-20975, and by slashing the tires on the vehicle belonging to Plaintiff LEON while at trial, were performed with malice, willfulness, and reckless indifference to Plaintiff's protected rights, and is in direct violation of  29 U.S.C. 215 (A)(3) because the motivating factor for each separate act of retaliation  was due to Plaintiff LEON's demand for his legally mandated wages or her role as a key witness as described above for approval of approximately 20 employees of Defendants who sued for overtime/minimum wage and, as a result,  Plaintiff LEON has been damaged.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the

Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count III

### (Retaliation under Fla. Stat. s. 448.110(5) as to PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-36 above and further state:

37. This Court has jurisdiction for Plaintiff's Retaliation claim under the Court's Supplemental Jurisdiction pursuant to 28 USC 1367 as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

38. Fla. Stat. § 448.110 (5) states "It shall be unlawful for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his or her potential rights pursuant to s. 24, Art. X of the State Constitution and to assist him or her in asserting such rights."

39. On or about November 17, 2010, Plaintiff PHILLIPS filed her amended complaint for unpaid minimum and overtime wages under the Fair Labor

- 14 -

Standards Act 29 U.S.C. 201-219 in the United States Federal Court for the Southern District of Florida, case number 1:10-cv-20698.

40. On or about November 18, 2010, in the Circuit Court for the 11th judicial circuit of Florida, Case, No.: 2009-69166, Defendant MITCHELL'S LAWN MAINTENANCE CORPORATION filed a Notice of Hearing, setting forth MITCHELL'S LAWN MAINTENANCE CORPORATION's motion for leave to file an amended complaint to add claims against Plaintiffs.

41. On or about November 30, 2010, said motion by Defendants for leave to file Plaintiff's Amended Complaint filed in Case, No.: 2009-69166, was granted. Said Complaint alleged that Plaintiffs stole approximately two million dollars from Defendants.

42. On or about September 21, 2014, the State Court Action (Case No. 09-69166 CA 06) was dismissed with prejudice after several years of litigation which showed that Defendants had no proof of theft against Plaintiffs and otherwise likely fabricated the entire lawsuit against Plaintiffs. Case No. 09-69166 CA 06 was filed in bad faith and solely to retaliate against Plaintiffs as set forth above or herein.

43. Defendants continued to retaliate against Plaintiff PHILLIPS prior to trial in consolidated Case No.: 10-20506, 10-20698 and 10-20975 filed in U.S. District Court, through Defendants' attorneys, who acted as agents on behalf of Defendants, by repeatedly stating that Plaintiff PHILLIPS was about to be arrested and would probably not be able to testify at trial. Said statements

- 15 -

were commenced to undersigned counsel and/or the State Attorney's Office on or about the week of May 27, 2012, prior to the pretrial conference in the consolidated Case No.: 10-20506, 10-20698 and 10-20975 and continued through the dates of the trial (July 5, 2012, through to July 17, 2012) and even after the trial. Defendants' Counsel called the Miami-Dade State Attorney's Office on multiple occasions and/or emailed before and after the trial of Case No.: 10-20506, 10-20698 and 10-20975, inquiring and regularly urging the State Attorney to arrest or cause to be arrested Plaintiff PHILLIPS.

44. Said statements and/or communications regarding arrest warrants being issued for the arrest of Plaintiff PHILLIPS, made by Defendants and/or Defendants' Counsel, continued through the pretrial conference, the trial, and thereafter when Defendants, through their attorneys and corporate representative, stated that arrest warrants were issued against Plaintiff PHILLIPS and a key witness, Hary De La Cruz. When the Magistrate Judge presiding over the case placed a phone call to the Assistant State Attorney handling the case, the Assistant State Attorney stated that no arrest warrant had been issued for either Plaintiff PHILLIPS or Hary De La Cruz.

45. While Case No.: 10-20506, 10-20698 and 10-20975 was pending and after the jury trial in Case No.: 10-20506, 10-20698 and 10-20975 which concluded on or about July 17, 2012, the Corporate Defendant, through Defendant IGELKO, and/or Defendants' Counsel, called the Dade County State Attorney's Office on a frequent/recurrent basis in order to urge the Assistant

- 16 -

State Attorney handling the matter to issue an arrest warrant against Plaintiff PHILLIPS.

46. Upon information and belief, on or about July 17, 2012, while the jury was deliberating in case no.: 10-20506, 10-20698 and 10-20975, Defendants, by and through Defendant Mitchell Igelko, slashed the tires of the vehicle belonging to Plaintiff LEON and PHILLIPS and other Plaintiffs in order to intimidate Plaintiffs and to otherwise punish Plaintiffs PHILLIPS and LEON for having brought and/or participated in overtime/minimum wage claims brought against Defendants in the cases referenced above as well as Case No.: 09-22243-CIV.

47. The motivating factor for Defendants filing the underlying claims in Circuit Court Case No. 2009-69166 against Plaintiff PHILLIPS was PHILLIPS' participation in Case No.: 10-20506 and 09-22243. Defendants intimidated Plaintiffs PHILLIPS and/or LEON with threats of being arrested, by contacting the State Attorney's Office regularly and incessantly, as described above, through IGELKO and/or his Counsel, and by slashing the tires on the vehicle belonging to Plaintiffs. Defendants further intimidated Plaintiffs PHILLIPS and LEON by IGELKO and/or Defendants' Counsel continuing to urge the State Attorney to issue an arrest warrant for Plaintiff PHILLIPS post-trial due to Plaintiff PHILLIP's assertion of a claim for minimum and overtime wages under the Fair Labor Standards Act and/or her participation as a key witness "comptroller" in the case of *Melgar et al v. Mitchell's Lawn*

*Maintenance Service Corp.* et al.,   Case No.: 09-22243 on behalf of approximately 20 former workers, as well as cases 10-20506, 10-20698 and 10-20975.

48. The intimidation of Plaintiff PHILLIPS to not testify at trial or for brining her own overtime/minimum wage claims against Defendants by threats of being arrested before, during, and after trial and by trying to convince the State Attorney to arrest Kelly Phillips before, during, and after the trial of 10-20506, 10-20698 and 10-20975, and by slashing the tires on the vehicle belonging to Plaintiff PHILLIPS while at trial, were performed with malice, willfulness, and reckless indifference to Plaintiff's protected rights, and is in direct violation of  29 U.S.C. 215 (A)(3) because the motivating factor for each separate act of retaliation  was due to Plaintiff PHILLIPS and/or LEON's demand for her legally mandated wages or their role as a key witness as described above for approval of approximately 20 employees of Defendants who sued for overtime/minimum wage and, as a result,  Plaintiff PHILLIPS has been damaged.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28

USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count IV

### (Slander - Phillips)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-48 above and further state:

49. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one, two and, three, or the aggregate core of facts upon which the claim rests activates additional legal rights.

50. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

51. Victor Cifuentes runs a company that employs people with PHILLIPS' skill set.

52. On or about October 2012, in a conversation that IGELKO had with Victor Cifuentes concerning PHILLIPS, IGELKO told Victor Cifuentes that Plaintiffs had stolen over 1 million dollars, a computer, the employee files, and the time cards from Defendants. IGELKO also told Victor Cifuentes not to hire Plaintiffs and that there was a warrant out for their arrest.

53. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

54. Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

55. As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander

under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count V

### (Slander - LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-55 above and further state:

56.  This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

57. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

58. Victor Cifuentes runs a company that employs people with LEON's skill set.

59. On or about October 2012, in a conversation that IGELKO had with Victor Cifuentes concerning LEON, IGELKO told Victor Cifuentes that Plaintiffs had stolen over 1 million dollars, a computer, the employee files, and the time cards from Defendants. IGELKO also told Victor Cifuentes not to hire Plaintiffs and that there was a warrant out for their arrest.

60. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal,

- 21 -

not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed LEON to distrust, hatred and contempt.

61. Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

62. As a result, LEON was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count VI

### (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-62 above and further state:

63. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

64. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

65. Vichith Phanitdasack runs a company that employs people with PHILLIPS' skill set.

66. Sometime during the years 2011 through 2013, in a conversation that IGELKO had with Vichith Phanitdasack concerning PHILLIPS, IGELKO told Vichith Phanitdasack that PHILLIPS had stolen over 1 million dollars, a computer, the employee files, and the time cards from Defendants. IGELKO also told Vichith Phanitdasack not to hire PHILLIPS.

67. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good

name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

68. Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

69. As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count VII

### (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-69 above and further state:

70.     This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

71. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

72. Sometime from approximately October 2012 through approximately March 2013, in a conversation that IGELKO had with Francisco Torres concerning PHILLIPS, IGELKO told Francisco Torres that Phillips had stolen over 1 million dollars, a computer, the employee files, and the time cards from Defendants.

73. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

- 25 -

74. Igelko's aforementioned intent was malicious and retaliatory for the reasons stated above.

75. As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count VIII

### (Slander - Phillips)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-75 above and further state:

76. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

77. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

78. On or about March 2012, in a conversation that IGELKO had with Francisco Torres concerning PHILLIPS, IGELKO told Francisco Torres that PHILLIPS had stolen over 1 million dollars, a computer, the employee files, and the time cards from Defendants.

79. By these false words quoted in the immediately preceding paragraph, IGELKO intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

80. Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

81. As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count IX

### (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-81 above and further state:

82. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

83. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

84. Sometime during the years 2011 through 2013, in a conversation that IGELKO had with Alma del Rio concerning PHILLIPS, IGELKO told Alma del Rio that PHILLIPS had stolen over 1 million dollars from Defendants and wiped his office clean.

85. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

86. Defendants aforementioned intent was malicious and retaliatory for the reasons stated above.

87. As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count X

### (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-87 above and further state:

88. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

89. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

90. On or about the week of August 22, 2012, in a conversation that IGELKO had with Edel Alfonso concerning PHILLIPS, IGELKO told Edel Alfonso that Plaintiffs are crooks and criminals, that they had stolen 1.5 million dollars from Defendants, and that they were going to rot in jail. IGELKO also said that PHILLIPS stole the computer, the employee records, the employee files, and that she took everything.

91. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good

name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

92. Igelko's aforementioned intent was malicious and retaliatory for the reasons stated above.

93. As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XI

### (Slander - LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-93 above and further state:

94. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

95. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

96. On or about the week of August 22, 2012, in a conversation that IGELKO had with Edel Alfonso concerning LEON, IGELKO told Edel Alfonso that Plaintiffs are crooks and criminals, that they had stolen 1.5 million dollars from Defendants and that they were going to rot in jail.

97. By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal, not to be trusted, and unable or unwilling to perform his trade or profession as should reasonably be expected of him. The statements in the publication were false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed LEON to distrust, hatred and contempt.

98. Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

- 33 -

99. As a result, LEON was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in his business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XII

### (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-99 above and further state:

100.   This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative

facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

101.   IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

102.   On or about August, 2012, in a conversation that IGELKO had with several then current employees concerning PHILLIPS, IGELKO told these then current employees that Plaintiffs are crooks and criminals, that they had stolen 1.5 million dollars from Defendants, and that they were going to rot in jail. IGELKO also said that PHILLIPS stole the computer, the employee records, the employee files, and that she took everything.

103.   By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

104.   Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

105.   As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has

suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XIII

### (Slander - LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-105 above and further state:

106.    This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

107.    IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

108.    On or about August, 2012, in a conversation that IGELKO had with several then current employees concerning LEON, IGELKO told these then current employees that Plaintiffs are crooks and criminals, that they had stolen 1.5 million dollars from Defendants and that they were going to rot in jail.

109.    By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal, not to be trusted, and unable or unwilling to perform his trade or profession as should reasonably be expected of him. The statements in the publication were false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed Leon to distrust, hatred and contempt.

110.    Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

111.    As a result, LEON was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom he previously had social or business relations, has suffered mental anguish, and has been injured in his business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest,

emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XIV

### (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-111 above and further state:

112. This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

113. IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

114. On or about May, 2012, in a conversation that IGELKO had with Noel Baez concerning PHILLIPS, IGELKO told Noel Baez that Plaintiffs had

stolen 1 million dollars from him, that they were going to rot in jail, and that the police have a warrant for their arrest.

115.    By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

116.    Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

117.    As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander

under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XV

### (Slander - LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-117 above and further state:

118.   This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

119.   IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

120.   On or about May, 2012, in a conversation that IGELKO had with Noel Baez concerning LEON, IGELKO told Noel Baez that Plaintiffs had stolen 1 million dollars from him, that they were going to rot in jail, and that the police have a warrant for their arrest.

121.   By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal,

not to be trusted, and unable or unwilling to perform his trade or profession as should reasonably be expected of him. The statements in the publication were false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed LEON to distrust, hatred and contempt.

122.   As a result, LEON was injured in his good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in his business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XVI

## (Slander - PHILLIPS)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-122 above and further state:

123.    This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

124.    IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

125.    Sometime during the years 2011 through 2013, in a conversation that IGELKO had with several former employees that were involved in an overtime lawsuit against Defendants concerning LEON. IGELKO told these former employees that Phillips and Leon are crooks, criminals, and scumbags, that they were going to steal the money from a Federal lawsuit where Plaintiffs were co-plaintiffs and that these former employees should not talk to Plaintiffs or else these former employees would be arrested when the police would come to escort Plaintiffs to jail.

126.    By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the

publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

127.    Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

128.    As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

- 43 -

## Count XVII

### (Slander - LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-128 above and further state:

129.   This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

130.   IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

131.   Sometime during the years 2011 through 2013, in a conversation that IGELKO had with several former employees that were involved in an overtime/retaliation lawsuit against Defendants concerning LEON. IGELKO told these former employees that Plaintiffs are crooks, criminals, and scumbags, that they were going to steal the money from a Federal lawsuit where Plaintiffs were co-plaintiffs and that these former employees should not talk to Plaintiffs or else these former employees would be arrested when the police would come to escort Plaintiffs to jail.

132.   By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal, not to be trusted, and unable or unwilling to perform his trade or profession as should reasonably be expected of him. The statements in the publication were

false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed LEON to distrust, hatred and contempt.

133.    Defendants' aforementioned intent was malicious and retaliatory for the reasons stated above.

134.    As a result, LEON was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom he previously had social or business relations, has suffered mental anguish, and has been injured in his business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XVIII

### (Slander - Phillips)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-134 above and further state:

135.    This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

136.    IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

137.    Sometime during the years 2012 through to 2013, in conversations that IGELKO had with each of the male co-plaintiffs (except LEON) in the Federal opt-in suit, styled *Ruben Rodriguez Melgar v. Mitchell's Lawn Maintenance Corp* and numbered 09-22243-CIV-Simonton, concerning PHILLIPS, IGELKO told each of the male co-plaintiffs that Plaintiffs were going to steal the co-plaintiffs' money when the case was settled. Later IGELKO told each of the co-plaintiffs that he had already settled with the opposing attorneys and that Plaintiffs stole their money.

138.    By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that PHILLIPS was a thief and a criminal, not to be trusted, and unable or unwilling to perform her trade or profession as should reasonably be expected of her. The statements in the

publication were false and tended to degrade and injure PHILLIPS in her good name, credit, and reputation and exposed PHILLIPS to distrust, hatred and contempt.

139.    Defendants aforementioned intent was malicious and retaliatory for the reasons stated above.

140.    As a result, PHILLIPS was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom she previously had social or business relations, has suffered mental anguish, and has been injured in her business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff PHILLIPS requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XIX

### (Slander - LEON)

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-140 above and further state:

141.    This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

142.    IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

143.    Sometime during the years 2012 through to 2013, in conversations that IGELKO had with each of the male co-plaintiffs (except LEON) in the Federal opt-in suit, styled *Ruben Rodriguez Melgar v. Mitchell's Lawn Maintenance Corp* and numbered 09-22243-CIV-Simonton, concerning LEON, IGELKO told each of the male co-plaintiffs that Plaintiffs were going to steal the co-plaintiffs' money when the case was settled. Later IGELKO told each of the co-plaintiffs that he had already settled with the opposing attorneys and that Plaintiffs stole their money.

144.    By these false words quoted in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal, not to be trusted, and unable or unwilling to perform his trade or profession as should reasonably be expected of him. The statements in the publication were

- 48 -

false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed LEON to distrust, hatred and contempt.

145.    Defendants aforementioned intent was malicious and retaliatory for the reasons stated above.

146.    As a result, LEON was injured in her good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom he previously had social or business relations, has suffered mental anguish, and has been injured in his business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## Count XX

### (Slander - LEON)

- 49 -

COME NOW Plaintiffs, by and through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-146 above and further state:

147.   This Court has jurisdiction for Plaintiff's claim for Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, as the same operative facts serve as the basis of Counts one and two or the aggregate core of facts upon which the claim rests activates additional legal rights.

148.   IGELKO is the President, Secretary, and Treasurer of MITCHELL'S LAWN MAINTENANCE CORPORATION.

149.   IGELKO, by and through the filing of the State Court Action (Case No. 09-69166 CA 06), publicized that Plaintiff LEON converted funds from Defendants' business accounts by signing and/or endorsing Defendants' business checks without authorization to do so and also related this in conjunction with false information stated above.

150.   By these false words in the immediately preceding paragraph, Defendants intended to say and publish that LEON was a thief and a criminal, not to be trusted, and unable or unwilling to perform his trade or profession as should reasonably be expected of him. The statements in the publication were false and tended to degrade and injure LEON in his good name, credit, and reputation and exposed LEON to distrust, hatred and contempt.

151.   Defendants aforementioned intent was malicious and retaliatory for the reasons stated above.

152.   As a result, LEON was injured in his good name, credit, and reputation and brought into public scandal and disgrace, has been shunned by many persons with whom he previously had social or business relations, has suffered mental anguish, and has been injured in his business by having lost trade and experienced difficulty in obtaining credit and employment.

WHEREFORE, Plaintiff LEON requests judgment against all Defendants, jointly and severally, punitive damages, double damages, lost wages, emotional distress, humiliation, reasonable attorney fees, costs, interest, emotional distress, injunctive relief, humiliation and pain and suffering, as well as all other damages recoverable by law pursuant to the Fair Labor Standards Act as cited above, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, or as much as allowed by the Fair Labor Standards Act, Fla. Stat. § 448.110 (5), and Slander under the Court's Supplemental Jurisdiction, 28 USC 1367, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71ST Street #605
Miami Beach, Florida 33141
Tel: (305)865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121

- 51 -