UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV- SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,   )
                                )
        Plaintiffs,             )
   vs.                          )
                                )
MITCHELL'S LAWN MAINTENANCE     )
CORPORATION and                 )
MITCHELL IGELKO,                )
                                )
        Defendants.             )
_____)

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE AND, ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT**

Come Now Plaintiffs, by and through undersigned counsel and hereby file Plaintiffs' Response in Opposition to the above-described Motion [DE 95] and in support thereof state as follows. Defendants' Motion addresses three alleged grounds which should be rejected by this Court. In their Motion Defendants argue that:

1) Plaintiffs, in filing their First Amended Complaint, have not complied with this Court's Order [DE 62], in that Plaintiffs seek damages for retaliation that are not recoverable. Defendants erroneously claim that the First Amended Complaint re-asserts claims for retaliation that were dismissed with prejudice under [DE 62];

2) Plaintiffs inaccurately claim the entire "State Case" No.: 09-69166 CA 06 has been dismissed. Defendants erroneously make such argument, because, as indicated by the attached Agreed Order signed on 9/21/14 by Circuit Court Judge David C. Miller, such case was dismissed as to all Parties. Such is

**1** of **8**

expressly clear as indicated by the stamp underneath Judge Miller's signature which states in part that "THIS CASE IS CLOSED AS TO ALL PARTIES". Consequently, Plaintiffs allegations in the First Amended Complaint should not be stricken regarding same. To further clarify, attached herewith also is a copy of the docket printout and listing of Parties. On the docket (see entry dated 9/21/14), it shows the dismissed parties as DN02, DN03, DN04 and DN05. On the attached listing of Parties, the docket reflects who each party is: DN02 -Harry De La Cruz, DN03- Kelly Phillips, DN04- Edel Leon, and DN05- Power Financial.

3) Additionally, a more definite statement is sought. However, as set forth in more detail below, Plaintiffs' allegations are not so vague and ambiguous to justify such relief. Defendants are able to file an Answer and affirmative defenses and should be ordered to do so.

### Memorandum of Law

**A. The First Amended Complaint does not violate [DE 62].**

Plaintiffs, in filing their First Amended Complaint, are in compliance with this Court's Order [DE 62], and Plaintiffs are seeking damages for retaliation that are recoverable. Defendants erroneously claim that the First Amended Complaint re-asserts claims for retaliation that were dismissed with prejudice under [DE 62].

The case law is clear that the protections of 29 U.S.C. 215(a)(3) extend to former employees and not just current employees working for the Defendants. "There is no ground for affording any less protection to defendant's former employees than to its present employees. *Wirtz v. B. A.*

*C. Steel Products, Inc.*, 312 F.2d 14 (4th Cir. 1962)." *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 146 (6th Cir. 1977).

> We hold that a former employee, voluntarily separated from his employer, is protected from discrimination by his former employer under § 15(a)(3) of the Fair Labor Standards Act of 1938. To hold otherwise would do violence to the Congressional intent and purposes of the Act and would prejudice the effective enforcement of the Act. The Secretary's complaint in the present case states a cause of action under 29 U.S.C. § 215(a)(3).

*Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 147 (6th Cir. Ohio 1977). See also *Johnston v. Davis Sec.*, 217 F. Supp. 2d 1224 (D. Utah 2002) finding that a negative employment reference by a former employer in retaliation of Plaintiff filing an FLSA claim, caused Plaintiff's new employer to view her negatively, and caused Plaintiff significant anxiety about her future employment and safety are sufficient to state a prima facie case of retaliation under the FLSA. Such legal issues were addressed during the previous dismissal proceedings, and the current question appears to primarily concern the scope of the Florida litigation privilege, which does not preempt the federal statute of 29 U.S.C. 215(a)(3).

With respect to the Florida litigation privilege, this Court in [DE 62] (see e.g. P 11 et seq.) set forth the parameters regarding what it considers to be actionable. For example, of significant importance is the question of whether the allegations concern conduct that "occurred within a judicial proceeding." Placing telephone calls outside of court to a prosecuting attorney and vandalizing an automobile would be examples of what would NOT be part of the judicial process. Such extra-judicial tortious activity would not be protected by the Florida litigation privilege. *See*, [DE 62] at 11-12.

Defendants in Paragraph 6 of their Motion cite to portions of the First Amended Complaint (such a Para. 19) claiming that Plaintiffs seek impermissible relief. However the

Court's Order [DE 62] has clarified the type of extra-judicial tortious activity that would not be protected by the Florida litigation privilege, and such is does not prohibit the Plaintiffs from describing the overall factual circumstances that allegedly surrounded the retaliation at issue. For example, in Para. 19 of the First Amended Complaint, Plaintiffs clearly describe actionable extra-judicial tortious activity such as calls to the prosecutor's office "even after the trial". Plaintiffs do not therefore agree at all that the Court's Order [DE 62] somehow precludes them from describing the entire factual scenario, which also included threats (*see* Para. 20 of the First Amended Complaint) "through the pretrial conference, the trial, and thereafter…." Plaintiffs are describing the overall factual circumstances of the threats made by the Defendants, and Defendants are capable of filing their Answer and Affirmative Defenses.

During this litigation and at trial, Plaintiffs' recoverable damages will obviously be constrained by applicable law, and the Jury will be instructed accordingly as to what Plaintiffs must demonstrate to prevail with respect to their retaliation allegations. Plaintiffs are aware of the scope set forth in the Court's Order [DE 62] regarding the type of retaliatory actions that would otherwise be actionable, and they intend to proceed accordingly toward trial.

**B. Dismissal of the State Case.**

Plaintiffs' allegations that the entire "State Case" No.: 09-69166 CA 06 has been dismissed, is not without merit. Defendants erroneously argue otherwise, and Plaintiffs refer to the attached Agreed Order signed on 9/21/14 by Circuit Court Judge David C. Miller, as such case was dismissed as to all Parties. Such is expressly clear as indicated by the stamp underneath Judge Miller's signature which states in part that "THIS CASE IS CLOSED AS TO ALL PARTIES". Consequently, Plaintiffs' allegations in the First Amended Complaint should not be stricken regarding same. To further clarify, attached herewith also is a copy of the docket printout and

listing of Parties. On the docket (see entry dated 9/21/14), it shows the dismissed parties as DN02, DN03, DN04 and DN05. On the attached listing of Parties, the docket reflects who each party is: DN02 -Harry De La Cruz, DN03- Kelly Phillips, DN04- Edel Leon, DN05- Power Financial. Defendants do not appear to have attached the said Agreed Order signed on 9/21/14; rather Defendants focus on the Voluntary Dismissal. It is the Defendants that are moving on this issue, and they have not sought any clarification in the Circuit Court that supports their position, and have not cited any authority either as to why they believe the Circuit Court case is still legally pending.

### C. A More Definite Statement is not Necessary.

The Court should reject Defendants' argument that a more definite statement is necessary. Plaintiffs' allegations are not so vague and ambiguous to justify such relief. Defendants are able to file an Answer and Affirmative Defenses and should be ordered to do so.

The Court accepts the facts of the Complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003). Rule 8(d)(1) of the Federal Rules of Civil Procedure requires that "[e]ach allegation must be simple, concise, and direct. No technical form is required" setting forth entitlement to relief. Plaintiffs simply must "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

In the instant matter, Defendants vaguely criticize the First Amended Complaint regarding the alleged "copy and paste style" and claim that it is a shotgun pleading. However, Defendants do not adequately provide concrete examples as to why Defendants are not on fair notice of what the Plaintiffs' claims are, and why Defendants are not able to frame an Answer and raise their affirmative defenses. For example, Defendants argue that a more definite statement is needed as to Counts I and II, yet they are both retaliation claims under the FLSA regarding related alleged tortious actions on the Defendants' part against the Plaintiffs. Clearly those claims are based on common allegations concerning (2) separate Plaintiffs. Such is also the case with the retaliation claims under Counts III and IV as they simply concern the state minimum wage statute. Such claims stem from common facts and allegations.

Moreover, the remaining Counts concerning slander also have common allegations in that they involve the (2) separate Plaintiffs and communications by Defendant Igelko to other individuals regarding the Plaintiffs. To the extent the Defendants take issue with the significant number of Counts, it should be noted that the slander allegations concern communications to *various separate individuals*. For example, Counts IV and V deal with the Plaintiffs' separate slander Counts regarding communications to Mr. Cifuentes; whereas Count VI concerns

Defendant Igelko's slanderous communications to Vichith Phanitdasack. Defendants should be ordered to file an Answer, and either admit or deny the allegations in the respective paragraphs. Defendants are capable to responding to the factual allegations regarding the slanderous communications made to the various individuals concerning both Plaintiffs Phillips and Leon. Plaintiffs have given the Defendants fair notice of what the Plaintiffs' claims are and the grounds upon which they rest.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

WHEREFORE, PLAINTIFFS RESPECTFULLY REQUEST THAT THE COURT DENY DEFENDANTS' MOTION IN ITS ENTIRETY. SHOULD THE COURT GRANT ANY RELIEF, PLAINTIFFS REQUEST (20) DAYS FROM THE COURT'S ORDER TO FILE A SECOND AMENDED COMPLAINT.

    Respectfully submitted,

    K. David Kelly, Esq.
    J.H. Zidell, P.A.
    Attorney For Plaintiffs
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167

    By:__/s/ K. David Kelly _____
      K. David Kelly, Esq.
      Florida Bar No.: 0123870

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com on this _7th___ day of ___January___ 2015.

                 K. David Kelly, Esq.
                 J.H. Zidell, P.A.
                 Attorney For Plaintiffs
                 300 71st Street, Suite 605
                 Miami Beach, Florida 33141
                 Tel: (305) 865-6766
                 Fax: (305) 865-7167

                 By:__/s/ K. David Kelly _____
                   K. David Kelly, Esq.
                   Florida Bar No.: 0123870