UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,  )
                                )
    Plaintiffs,                 )
                                )
v.                              )
                                )
MITCHELL'S LAWN MAINTENANCE     )
CORPORATION, MITCHELL'S LAWN    )
LLC, and MITCHELL IGELKO,       )
                                )
    Defendants.                 )
_____)

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT [D.E. 88]**

Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Defendant Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Defendant Mitchell's LLC**"), and MITCHELL IGELKO ("**Defendant Igelko**") (collectively "**Defendants**"), file this Answer and Affirmative Defenses to Plaintiffs KELLY PHILLIPS' ("**Plaintiff Phillips**") and EDEL LEON's ("**Plaintiff Leon**") (collectively "**Plaintiffs**") Amended Complaint [D.E. 88] (the "**Amended Complaint**"), and state:

1.      Defendants admit the allegations contained in Paragraphs 1–4, 12, 13, 15, 16, 26, 29, 37, 39, and 40 of the Amended Complaint.

2.      Defendants deny the allegations contained in Paragraphs 5–11, 17–24, 27, 28, 30–36, 41–152 of the Amended Complaint and demand strict proof thereof.

3. Paragraphs 14, 25, and 38 do not make an allegation, rather, purport to state a portion of 29 U.S.C. § 215 (a)(3) or Fla. Stat. § 448.110(5), which stands by itself and to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

4. As their first affirmative defenses, Defendants assert that filing the Amended Complaint in the Florida State Case No. 2009-69166 (the "**State Court Case**") was done in good faith and not in retaliation for Kelly Phillips filing a Fair Labor Standards Case (No. 1:10-cv-20698) against Mitchell's Lawn Maintenance Corp., M.I. Quality, and Mitchell Igelko.

### SECOND AFFIRMATIVE DEFENSE

5. As their second affirmative defense, Defendant asserts that all actions taken by Defendants were performed in good faith, without malice, and based upon reasonable grounds.

### THIRD AFFIRMATIVE DEFENSE

6. As their third affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III for which relief can be granted. The filing of the State Court Case is protected by the Florida Litigation privilege.

### FOURTH AFFIRMATIVE DEFENSE

7. As their fourth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III because any statements made by Defendants' attorney's during the federal court litigation is protected by the Florida Litigation Privilege.

### FIFTH AFFIRMATIVE DEFENSE

8. As their fifth affirmative defense, Defendants assert that as to Count III of the Amended Complaint, Plaintiffs are not entitled to punitive damages because section 448.110(6)(c)(2) Fla. Stat. prohibits punitive damages from being claimed under s. 24. Art. X of

the Florida State Constitution.

### SIXTH AFFIRMATIVE DEFENSE

9. As their sixth affirmative defense, Defendants assert truth as a defense as to the actions of Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

10. As their seventh affirmative defense, Defendants assert that Kelly Phillips did steal employee records, employee files, and other personal property of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

11. As their eighth affirmative defense, Defendants assert that Kelly Phillips and Edel Leon are compulsive, pathological liars, forged Defendant Igelko's signature, and were involved in fraudulent activities resulting in theft to Defendant Igelko and Defendant's Mitchell's Lawn, thus, their claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

12. As the ninth affirmative defense, Defendant Igelko asserts that he is not an employer under the FLSA.

### TENTH AFFIRMATIVE DEFENSE

13. As their tenth affirmative defense, Defendant Igelko asserts that he does not qualify as an employer under the economic reality test and, thus, cannot be held personally liable.

### ELEVENTH AFFIRMATIVE DEFENSE

14. As their eleventh affirmative defense, Defendants assert that Mitchell Igelko cannot be held jointly and severally liable along with the corporate Defendants because they do not meet the economic reality test.

## TWELFTH AFFIRMATIVE DEFENSE

15. As their twelfth affirmative defense, Defendants assert that Plaintiffs were involved in fraudulent activities resulting in theft from Defendant Igelko and Defendant Mitchell's Lawn and, therefore, any amount that may be deemed to be due and owing to Plaintiffs should be set off by any amount already taken by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

16. As their thirteenth affirmative defense, Defendants assert the same decisions would have been reached regarding Plaintiffs' employment regardless of their filing of FLSA claims or any other alleged discriminatory purpose.

## FOURTEENTH AFFIRMATIVE DEFENSE

17. As their fourteenth affirmative defense, Defendants assert that there is an absence of a causal link between Plaintiffs' alleged participation in a statutorily protected activity and the adverse employment action.

## FIFTEENTH AFFIRMATIVE DEFENSE

18. As their fifteenth affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiffs, or which affected Plaintiffs, were made in good faith and for legitimate, non-retaliatory reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

19. As their sixteenth affirmative defense, Defendants assert that Plaintiffs failed to assert a prima facie case of retaliation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

20. As their seventeenth affirmative defense, Defendants assert Plaintiffs abandoned and/or quit their employment with Defendant Igelko and Defendant Mitchell's Lawn, and/or

engaged in or instigated conduct to justify any adverse employment action.

### EIGHTEENTH AFFIRMATIVE DEFENSE

21. As their eighteenth affirmative defense, Defendants assert that Plaintiffs waived and/or are estopped from asserting the alleged claims for retaliation because such claims for retaliation were compulsory in nature as they arose from the same transaction or occurrence that formed Plaintiffs' retaliation claims in their previous cases(s) and, thus, Plaintiffs have failed to state a claim upon when relief can be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

22. As their nineteenth affirmative defense, Defendants assert that this Court has no subject matter jurisdiction over Plaintiffs' claims, especially if counts I-III are dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

23. As their twentieth affirmative defense, Defendants assert that Plaintiffs claims are barred by the doctrine of res judicata and collateral estoppel.

WHEREFORE, having fully answered the Amended Complaint, and having raised affirmative defenses thereto, Defendants respectfully request that the instant action be summarily dismissed, that Plaintiffs taken nothing by this action, that a judgment be entered against Plaintiffs, and that Defendants be awarded costs and reasonable attorneys' fees incurred to defend this action.

By:  */s/ Danny Espinosa*
Daniel A. Espinosa, Esq.
Florida Bar No. 81686
Rafael Viego III, Esq.
Florida Bar No. 60967
**ESPINOSA | JOMARRON**
*Counsel for Defendants*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:   (305) 717-7530
E-mail: despinosa@ejtrial.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was served via e-mail, this 8th day of March, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com, Dan Feld, Esq., danielfeld.esq@gmail.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com,

By: */s/ Danny Espinosa*
Daniel A. Espinosa, Esq.