## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,    )
    )
        Plaintiffs,    )
    )
v.    )
    )
MITCHELL'S LAWN MAINTENANCE    )
CORPORATION, MITCHELL'S LAWN    )
LLC, and MITCHELL IGELKO,    )
    )
        Defendants.    )
_____)

## <u>DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES</u>
## <u>TO PLAINTIFFS' AMENDED COMPLAINT [D.E. 88]</u>

Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Defendant Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Defendant Mitchell's LLC**"), and MITCHELL IGELKO ("**Defendant Igelko**") (collectively "**Defendants**"), file this Amended Answer and Affirmative Defenses to Plaintiffs KELLY PHILLIPS' ("**Plaintiff Phillips**") and EDEL LEON's ("**Plaintiff Leon**") (collectively "**Plaintiffs**") Amended Complaint [D.E. 88] (the "**Amended Complaint**"), and state:

1.      Defendants admit the allegations contained in Paragraphs 1–4, 12, 13, 15, 16, 26, 29, 37, 39, and 40 of the Amended Complaint.

2.      Defendants deny the allegations contained in Paragraphs 5–11, 17–24, 27, 28, 30–36, 41–152 of the Amended Complaint and demand strict proof thereof.

3.      Paragraphs 14, 25, and 38 do not make an allegation, rather, purport to state a portion of 29 U.S.C. § 215 (a)(3) or Fla. Stat. § 448.110(5), which stands by itself and to which no response is required.

FIRST AFFIRMATIVE DEFENSE

4.      As their first affirmative defenses, Defendants assert that filing the Amended Complaint in the Florida State Case No. 2009-69166 (the "**State Court Case**") was done in good faith and not in retaliation for Plaintiffs filing a Fair Labor Standards Case (No. 1:10-cv-20698) against Mitchell's Lawn Maintenance Corp., M.I. Quality, and Mitchell Igelko.

SECOND AFFIRMATIVE DEFENSE

5.      As their second affirmative defense, Defendant asserts that all actions taken by Defendants were performed in good faith, without malice, and based upon reasonable grounds.

THIRD AFFIRMATIVE DEFENSE

6.      As their third affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III for which relief can be granted.  The filing of the State Court Case is protected by the Florida Litigation privilege.

FOURTH AFFIRMATIVE DEFENSE

7.      As their fourth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III because any statements made by Defendants' attorney's during the federal court litigation is protected by the Florida Litigation Privilege.

FIFTH AFFIRMATIVE DEFENSE

8.      As their fifth affirmative defense, Defendants assert that as to Count III of the Amended Complaint, Plaintiffs are not entitled to punitive damages because section 448.110(6)(c)(2) Fla. Stat. prohibits punitive damages from being claimed under s. 24. Art. X of

ESPINOSA | JOMARRON<br>ATTORNEYS AT LAW

the Florida State Constitution.

## SIXTH AFFIRMATIVE DEFENSE

9.      As their sixth affirmative defense, Defendants assert truth and/or substantial truth as a defense as to the actions of Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

10.     As their seventh affirmative defense, Defendants assert that Kelly Phillips did steal employee records, employee files, and other personal property of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

11.     As their eighth affirmative defense, Defendants assert that Kelly Phillips and Edel Leon are compulsive, pathological liars, forged Defendant Igelko's signature, and were involved in fraudulent activities resulting in theft to Defendant Igelko and Defendant's Mitchell's Lawn, thus, their claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

12.     As the ninth affirmative defense, Defendant Igelko asserts that he is not an employer under the FLSA.

## TENTH AFFIRMATIVE DEFENSE

13.     As their tenth affirmative defense, Defendant Igelko asserts that he does not qualify as a joint employer under the economic reality test and, thus, cannot be held personally liable.

## ELEVENTH AFFIRMATIVE DEFENSE

14.      As their eleventh affirmative defense, Defendants assert that Mitchell Igelko cannot be held jointly and severally liable along with the corporate Defendants because they do not meet the economic reality test.

## TWELFTH AFFIRMATIVE DEFENSE

15.     As their twelfth affirmative defense, Defendants assert that Plaintiffs were involved in fraudulent activities resulting in theft from Defendant Igelko and Defendant Mitchell's Lawn and, therefore, any amount that may be deemed to be due and owing to Plaintiffs should be set off by any amount already taken by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

16.     As their thirteenth affirmative defense, Defendants assert the same decisions would have been reached regarding Plaintiffs' employment regardless of their filing of FLSA claims or any other alleged discriminatory purpose.

## FOURTEENTH AFFIRMATIVE DEFENSE

17.     As their fourteenth affirmative defense, Defendants assert that there is an absence of a causal link between Plaintiffs' alleged participation in a statutorily protected activity and the adverse employment action.

## FIFTEENTH AFFIRMATIVE DEFENSE

18.     As their fifteenth affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiffs, or which affected Plaintiffs, were made in good faith and for legitimate, non-retaliatory reasons.

## SIXTEENTH AFFIRMATIVE DEFENSE

19.     As their sixteenth affirmative defense, Defendants assert that Plaintiffs failed to assert a prima facie case of retaliation.

ESPINOSA | JOMARRON
ATTORNEYS AT LAW

## SEVENTEENTH AFFIRMATIVE DEFENSE

20.     As their seventeenth affirmative defense, Defendants assert Plaintiffs abandoned and/or quit their employment with Defendant Igelko and Defendant Mitchell's Lawn, and/or engaged in or instigated conduct to justify any adverse employment action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

21.     As their eighteenth affirmative defense, Defendants assert that Plaintiffs waived and/or are estopped from asserting the alleged claims for retaliation because such claims for retaliation were compulsory in nature as they arose from the same transaction or occurrence that formed Plaintiffs' retaliation claims in their previous cases(s) and, thus, Plaintiffs have failed to state a claim upon when relief can be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

22.     As their nineteenth affirmative defense, Defendants assert that this Court has no subject matter jurisdiction over Plaintiffs' claims, especially if Counts I-III are dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

23.     As their twentieth affirmative defense, Defendants assert that Plaintiffs claims are barred by the doctrine of res judicata and collateral estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

24.     As their twenty-first affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action against Defendants Mitchell's Lawn and Mitchell's LLC in that the quoted defamatory statements allegedly made by Defendant Igelko were neither made on behalf of Defendants Mitchell's Lawn and Mitchell's LLC, nor in any capacity as an officer, director, manager, or owner of said corporate Defendants; thus, no liability can be imputed on Defendants Mitchell's Lawn and Mitchell's LLC.

ESPINOSA | JOMARRON
ATTORNEYS AT LAW

## TWENTY-SECOND AFFIRMATIVE DEFENSE

25.     As their twenty-second affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action for which relief can be granted as to Counts I–III, because any and all statements made to the police, detectives, prosecutors, or state attorney's office by Defendants or Defendants' attorneys, inquiring or urging the State Attorney to arrest or cause to be arrested Plaintiffs were done without malice and without intent to injure the reputation of Plaintiffs and therefore is afforded a qualified privilege.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

26.     As their twenty-third affirmative defense, Defendants assert that Plaintiffs' claims contained in the Amended Complaint are barred by the statute of limitations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

27.      As their twenty-fourth affirmative defense, Defendants assert that Counts XVIII and XIX are barred by the statute of limitations in that the male co-plaintiffs in the *Melgar* case stopped working for Defendants more than two (2) years before the Complaint was filed on March 13, 2013, and Mitchell Igelko has not spoken to any of the male co-plaintiffs in the *Melgar* case after they stopped working.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

28.     As their twenty-fifth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action for which relief can be granted as to Count XX because the filing of the State Court Action (Case No. 09-69166 CA 06) is protected by the Florida Litigation Privilege.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

29.     As their twenty-sixth affirmative defense, Defendants assert that Plaintiffs are barred from recovery because they have perpetrated a fraud upon this Court multiple times by,

ESPINOSA | JOMARRON
ATTORNEYS AT LAW

among other things, lying under oath, filing false allegations within their pleadings, and alleging certain claims with no good-faith basis in law or fact.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

30.     As their twenty-seventh affirmative defense, Defendants assert that Plaintiffs have suffered no damages as a result of any alleged statements made by Defendants.

TWENTY EIGHTH AFFIRMATIVE DEFENSE

31.     As their twenty-eighth affirmative defense, Defendants assert that any injury to Plaintiffs reputation has been self-inflicted and a result of Plaintiffs repeated attempts to make a living by filing false claims against past/present employers.

TWENTY-NINTH AFFIRMATIVE DEFENSE

32.     As their twenty-ninth affirmative defense, Defendants assert that Plaintiffs have waived any alleged claims for defamation because such claims ought to have been brought as compulsory counter-claims in the parties' ongoing state-court action.

THIRTIETH AFFIRMATIVE DEFENSE

33.     As their thirtieth affirmative defense, Defendants assert that even if Plaintiffs made the alleged defamatory statements, such statements were made after Defendants filed a lawsuit against Plaintiffs for, among other things, the theft of Defendants' monies and personal property. Such statements have been part of the public records (i.e. filed depositions, pleadings, motions, etc.) prior to any alleged subsequent statement. Thus, the public has been on constructive notice of such statements since at least 2010, and any alleged statement is merely a repetition of that which has already been published previously.

ESPINOSA | JOMARRON
ATTORNEYS AT LAW

WHEREFORE, having fully answered the Amended Complaint, and having raised affirmative defenses thereto, Defendants respectfully request that the instant action be summarily dismissed, that Plaintiffs taken nothing by this action, that a judgment be entered against Plaintiffs, that Defendants be awarded costs and reasonable attorneys' fees incurred in defending this action, and that this Honorable Court award any other further relief it deems just and proper.

By:     */s/ Danny Espinosa*
             Daniel A. Espinosa, Esq.
             Florida Bar No. 81686
             Rafael Viego III, Esq.
             Florida Bar No. 60967
             **ESPINOSA | JOMARRON**
             *Counsel for Defendants*
             4300 Biscayne Boulevard, Suite 305
             Miami, Florida 33137
             Telephone:     (305) 717-7530
             E-mail: despinosa@ejtrial.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served via e-mail, this 20th day of March, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com.

By: */s/ Danny Espinosa*
          Daniel A. Espinosa, Esq.