UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

<u>CONSENT CASE</u>

KELLY PHILLIPS and EDEL LEON,           )
                                        )
            Plaintiffs,                 )
                                        )
    vs.                                 )
                                        )
MITCHELL'S LAWN MAINTENANCE             )
CORPORATION and                         )
MITCHELL IGELKO,                        )
                                        )
            Defendants.                 )
_____ )

**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby move this Court to Strike Affirmative Defenses found in an Amended Answer to an Amended Complaint filed on March 8, 2015 and March 20, 2015, and states as follows:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   Introduction**

On February 18, 2015, this Court ordered Defendants to respond to Plaintiff's Amended Complaint within 14 days which was to end on March 4, 2015.[1] On the due date for their Answer, Defendants instead filed a Motion for Extension of Time, which was not granted. On March 8, 2015, Defendants nevertheless filed an Answer to Amended Complaint on March 8, 2015 ("March 8th Affirmative Defenses"). Discovery ended on March 15, 2015. Defendants filed an Amended Answer to the Amended Complaint on March 20, 2015 in which they added in ten additional Affirmative Defenses ("March 20th Affirmative Defenses").

---

[1] Plaintiffs' counsel recalls that this Court ordered that no further extensions would be granted.

## II.   Argument

Plaintiffs move this Court to strike certain affirmative defenses for two independent reasons. The first is that many of those sections which are labeled as affirmative defenses are not affirmative defenses at all, and are instead allegations of misconduct. This is particularly important, because Plaintiffs suspect Defendants will attempt to prejudice the jury. Standing alone, these allegations would be prejudicial, irrelevant, and subject to exclusion, but as "affirmative defenses", they may become relevant. Most but not all of the thirty arguments listed as affirmative defenses fall in to this category of allegations that are not in fact affirmative defenses.

To the extent that this Court is to find that certain allegations are, in fact, affirmative defenses, then these listed accusations should nevertheless be struck for being untimely and prejudicial.[2] The March 8th Affirmative Defenses were made just a week before the discovery deadline, and the March 20th defenses were made after the discovery deadline. While the thirty accusations listed as affirmative defenses may very well have been made by Defendants counsel during depositions in this case, the sheer volume and variety of these accusations did not provide Plaintiffs with constructive notice of said affirmative defenses so that discovery could possibly be gained to refute them.

### a. The Allegations Listed as Affirmative Defenses are Not Affirmative Defenses.

Fed.R.Civ.P. Rule 12(f) states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act […] on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

---

[2] Plaintiffs are not moving to strike Defendants' Answer to Amended Complaint or the Amended Answer to Amended Complaint in its entirety. Plaintiffs have been well aware that Defendants deny Plaintiffs' claims. Plaintiffs only challenge the new and creative affirmative defenses

Courts have set out certain rules in regard to when affirmative defenses are so "redundant, immaterial, impertinent, or scandalous" under Fed.R.Civ.P. Rule 12(f) to be struck. Generally, this analysis can be characterized as weighing the degree of "redundan[ce], immaterial[ness], impertinent[ence], or scandalous[ness]" against the important need for the litigation to be determined on its merits. An affirmative defense that is wholly without merit as a matter of law may be struck because it has no value in determining the matter on the merits. This analysis is described in greater detail below.

Courts consider striking affirmative defenses to be a "disfavored" remedy, but implement Fed.R.Civ.P. Rule 12(f) to strike affirmative defenses when justice so requires. *E.g.* Advance Concrete Materials, LLC v. Con-Way Freight, Inc., No. 09-80460-CIV, 2009 WL 2973265, at 2 (S.D. Fla. Sept. 11, 2009); Lugo v. Cocozella, LLC, No. 12-80825-CIV, 2012 WL 5986775, at 1 (S.D. Fla. Nov. 29, 2012). Justice so requires when "'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.' Currie v. Dollar Gen. Corp., No. 1:05-CV-099-SPM, 2005 WL 1684161, at 1 (N.D. Fla. July 12, 2005) *quoting* Stuart Title Guar. Co. v. Title Dynamics, Inc., 2005 WL 1593364 at 1 (M.D.Fla.2005).

Courts generally hold that an affirmative defense must be wrong as a matter of law before it is struck so that the court ensures that every meritorious defense is considered. "[A]n affirmative defense may be stricken if the defense is 'insufficient as a matter of law. A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law [internal citations omitted].'" Advance Concrete Materials, LLC v. Con-Way Freight, Inc., No. 09-80460-CIV, 2009 WL 2973265, at 2 (S.D. Fla. Sept. 11, 2009); *see also* Rhodes v. United States, No. 806CV17T23MSS, 2006 WL 1208020, at

1 (M.D. Fla. May 4, 2006). This rationale extends to inapplicable affirmative defenses, even if they are correct as a matter of law.

> On the other hand, "weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned 'in order to avoid the needless expenditures of time and money' in litigating issues which can be seen to have no bearing on the outcome." Motions to strike will therefore be granted when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading [internal citations omitted].

Mark v. Labar, No. 08-80646-CIV, 2009 WL 909478, at *1 (S.D. Fla. Apr. 1, 2009)

Furthermore, the heightened pleading standards found in *Twombly* applies to affirmative defenses, and so, affirmative defenses should provide a plausible basis in fact for each legal conclusion. Castillo v. Roche Labs. Inc., No. 10-20876-CIV, 2010 WL 3027726, at 2 (S.D. Fla. Aug. 2, 2010) *referring to* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); *see also* Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07–20608, 2007 U.S. Dist. LEXIS 61608, at 9–10, 2007 WL 2412834 (S.D.Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests").

"By definition, an affirmative defense means that even if all of the plaintiff's allegations are true, the defendant still cannot be found liable." Mark v. Labar, No. 08-80646-CIV, 2009 WL 909478, at 2 (S.D. Fla. Apr. 1, 2009), *citing* In re Rawson Food Svc., Inc., 846 F.2d 1343, 1349 (11th Cir.1988). An affirmative defense must assert that even if all elements of that cause of action are true ("confession"), then there is an excuse to mitigate said cause of action in whole or in part ("avoidance"). *See* 5 C. Wright and A. Miller, Federal Practice and Procedure § 1270, at 289 (1969).

The necessity of a confession and avoidance is critical for an affirmative defense to be valid. An affirmative defense may not simply deny the elements of a plaintiff's claim. "A

defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1348-49 (11th Cir. 1988); *see also* 2A J. Moore and J. Lucas, Moore's Federal Practice ¶¶ 8.27[1], 8.27[4] (2d ed.1985).

All but two affirmative defenses below are defective for reasons that are articulated in particularity below a recitation of said affirmative defense. Generally, Plaintiffs dispute that Defendants are making allegations which are affirmative defenses at all as a matter of law. Since they are not valid, then there is no prejudice to Defendants in striking them.

Defendants make several arguments which superficially appear to be recitations of elements that Plaintiffs must show to succeed on their causes of actions. It might appear as if there is no harm or prejudice in not striking these affirmative defenses since some of these concerns might just be remedied by jury instructions. As stated, however, these arguments seek to put a veneer of relevancy on allegations which are essentially irrelevant and prejudicial. Striking all of these arguments that are not affirmative defenses serves to simply and clarify the issues presented and does not limit this Court's ability to determine this matter on the merits.

*FIRST AFFIRMATIVE DEFENSE*

*As their first affirmative defenses, Defendants assert that filing the Amended Complaint in the Florida State Case No. 2009-69166 (the "State Court Case") was done in good faith and not in retaliation for Plaintiffs filing a Fair Labor Standards Case (No. 1:10-cv-20698) against Mitchell's Lawn Maintenance Corp., M.I. Quality, and Mitchell Igelko.*

This affirmative defense attempts to deny an element of retaliation, and is thus not a "confession and denial." Since it is not an affirmative defense, it should be struck.

*SECOND AFFIRMATIVE DEFENSE*

*As their second affirmative defense, Defendant asserts that all actions taken by Defendants were performed in good faith, without malice, and based upon reasonable grounds.*

This affirmative defense is vague as to what acts are in good faith and what counts that Defendants are referring to. This is an independent grounds for striking the affirmative defense. An educated guess suggests that this affirmative defense could be addressing elements in slander and in the FLSA claim of retaliation. Such would be a denial of a *prima facie* element and thus not a "confession and denial." Since it is not an affirmative defense, it should be struck.

*THIRD AFFIRMATIVE DEFENSE*

*As their third affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III for which relief can be granted. The filing of the State Court Case is protected by the Florida Litigation privilege.*

The Florida litigation privilege is considered an affirmative defense. <u>Am. Nat'l Title & Escrow of Florida, Inc. v. Guarantee Title & Trust Co.</u>, 810 So. 2d 996, 998 (Fla. 4th DCA 2002). Plaintiffs do not have an objection to Defendants arguing the Florida Litigation privilege, but this is not a matter of Plaintiff failing to state a claim. An attack on a Plaintiffs' allegations is not an affirmative defense.

*FOURTH AFFIRMATIVE DEFENSE*

*As their fourth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III because any statements made by Defendants' attorney's during the federal court litigation is protected by the Florida Litigation Privilege.*

Plaintiffs contest Defendants' argument, but do not object substantively to this affirmative defense.

*FIFTH AFFIRMATIVE DEFENSE*

*As their fifth affirmative defense, Defendants assert that as to Count III of the Amended Complaint, Plaintiffs are not entitled to punitive damages because*

> section 448.110(6)(c)(2) Fla. Stat. prohibits punitive damages from being claimed under s. 24. Art. X of the Florida State Constitution.

Denying Plaintiffs' capability to retrieve punitive damages is not a confession and avoidance and thus not an affirmative defense.

### SIXTH AFFIRMATIVE DEFENSE

> As their sixth affirmative defense, Defendants assert truth and/or substantial truth as a defense as to the actions of Plaintiffs.

This defense is simply a denial one of the elements of the claims brought, and thus, not an affirmative defense.

### SEVENTH AFFIRMATIVE DEFENSE

> As their seventh affirmative defense, Defendants assert that Kelly Phillips did steal employee records, employee files, and other personal property of Defendants.

This affirmative defense is a factual statement with no conclusions of law; however, the affirmative defense appears to be addressing the defense of "truth." This defense is simply a denial of one of the elements of the Plaintiffs' claims, and thus, not an affirmative defense because it fails to be a confession and avoidance.

### EIGHTH AFFIRMATIVE DEFENSE

> As their eighth affirmative defense, Defendants assert that Kelly Phillips and Edel Leon are compulsive, pathological liars, forged Defendant Igelko's signature, and were involved in fraudulent activities resulting in theft to Defendant Igelko and Defendant's Mitchell's Lawn, thus, their claims are barred by the doctrine of unclean hands.

Unclean hands is an affirmative defense; however, it is inapplicable as argued and under the facts plead in the Amended Complaint. This defense essentially only characterizes Plaintiffs

as being bad people, which is insufficient as a matter of law to apply the affirmative defense of unclean hands. "Unclean hands" requires conduct entwined or otherwise causing the conduct or actions which the plaintiff is suing about. Such could exist in a circumstance of *mutual* fraud, but that is not asserted here.

To prevail on the defense of unclean hands, a defendant must demonstrate that (1) the plaintiff's alleged wrongdoing is directly related to the claim against which it is asserted; and (2) the defendants were personally injured by the plaintiff's conduct. Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450–51 (11th Cir.1993).

This defense cites that Plaintiffs are "compulsive, pathological liars", which is mudslinging addressing Plaintiffs' status. As to the forged signatures and theft – these have nothing to do with the claims in this matter except for being elements of Plaintiffs' *prima facie* case (element of truth). Thus, this affirmative defense of unclean hands is inapplicable to the facts at hand and should be struck.

### NINTH AFFIRMATIVE DEFENSE

*As the ninth affirmative defense, Defendant Igelko asserts that he is not an employer under the FLSA.*

This affirmative defense attacks an element of Plaintiffs' claim and is not a "confession and avoidance", and thus should be struck as being not an affirmative defense.

### TENTH AFFIRMATIVE DEFENSE

*As their tenth affirmative defense, Defendant Igelko asserts that he does not qualify as a joint employer under the economic reality test and, thus, cannot be held personally liable.*

This affirmative defense attacks an element of Plaintiffs' claim and is not a "confession and avoidance", and thus should be struck as not being an affirmative defense.

*ELEVENTH AFFIRMATIVE DEFENSE*

*As their eleventh affirmative defense, Defendants assert that Mitchell Igelko cannot be held jointly and severally liable along with the corporate Defendants because they do not meet the economic reality test.*

This affirmative defense attacks an element of Plaintiffs' claim and is not a "confession and avoidance", and thus should be struck as not being an affirmative defense.

*TWELFTH AFFIRMATIVE DEFENSE*

*As their twelfth affirmative defense, Defendants assert that Plaintiffs were involved in fraudulent activities resulting in theft from Defendant Igelko and Defendant Mitchell's Lawn and, therefore, any amount that may be deemed to be due and owing to Plaintiffs should be set off by any amount already taken by Plaintiffs.*

Set off is an affirmative defense.  In this matter, however, Defendants seek to set off based off of civil litigation that is ongoing in Mitchell's Lawn Maintenance Corp., v. Miranda's Lawn Maintenance Corp., Case No. 2009-069166-CA-01 in Miami-Dade County.  This is parallel litigation, and pursuant to the "Colorado River Abstention Doctrine", this Court should not consider it.  See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  Effectively, Defendants are only seeking remuneration in this action as of March 8, 2015, while the state court litigation has been proceeding since 2009.  This Court should abstain from hearing arguments of set-off based on this parallel litigation.  Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,460 U.S. 1 (1983).

.

### THIRTEENTH AFFIRMATIVE DEFENSE

*As their thirteenth affirmative defense, Defendants assert the same decisions would have been reached regarding Plaintiffs' employment regardless of their filing of FLSA claims or any other alleged discriminatory purpose.*

This affirmative defense addresses a denial of the causal connection element of a claim for retaliation under the FLSA. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### FOURTEENTH AFFIRMATIVE DEFENSE

*As their fourteenth affirmative defense, Defendants assert that there is an absence of a causal link between Plaintiffs' alleged participation in a statutorily protected activity and the adverse employment action.*

This affirmative defense addresses a denial of the causal connection element of a claim for retaliation under the FLSA. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### FIFTEENTH AFFIRMATIVE DEFENSE

*As their fifteenth affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiffs, or which affected Plaintiffs, were made in good faith and for legitimate, non-retaliatory reasons.*

This affirmative defense addresses a denial of the causal connection element of a claim for retaliation under the FLSA. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### SIXTEENTH AFFIRMATIVE DEFENSE

*As their sixteenth affirmative defense, Defendants assert that Plaintiffs failed to assert a prima facie case of retaliation.*

This affirmative defense attacks all of the elements of Plaintiffs' claim and is not a "confession and avoidance", and thus should be struck as being not an affirmative defense.

### SEVENTEENTH AFFIRMATIVE DEFENSE

*As their seventeenth affirmative defense, Defendants assert Plaintiffs abandoned and/or quit their employment with Defendant Igelko and Defendant Mitchell's Lawn, and/or engaged in or instigated conduct to justify any adverse employment action.*

This affirmative defense addresses "adverse action" element of a claim for retaliation under the FLSA. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### EIGHTEENTH AFFIRMATIVE DEFENSE

*As their eighteenth affirmative defense, Defendants assert that Plaintiffs waived and/or are estopped from asserting the alleged claims for retaliation because such claims for retaliation were compulsory in nature as they arose from the same transaction or occurrence that formed Plaintiffs' retaliation claims in their previous cases(s) and, thus, Plaintiffs have failed to state a claim upon when relief can be granted.*

This affirmative defense asserts that Plaintiffs failed to state a claim. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### NINETEENTH AFFIRMATIVE DEFENSE

*As their nineteenth affirmative defense, Defendants assert that this Court has no subject matter jurisdiction over Plaintiffs' claims, especially if Counts I-III are dismissed.*

This affirmative defense attacks the jurisdiction of this Court. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

*TWENTIETH AFFIRMATIVE DEFENSE*

*As their twentieth affirmative defense, Defendants assert that Plaintiffs claims are barred by the doctrine of res judicata and collateral estoppel.*

*Res judicata* and collateral estoppels are affirmative defenses, but are inappropriate in these circumstances as described in this affirmative defense. This affirmative defense is factually vague, which is a basis for striking as described by the 11th Circuit Court of Appeals' interpretations of *Twombly.*

An educated guess suggests that Defendants might be referring to Case No. 10-20698, which was dismissed as being barred under the Florida litigation privilege. This was not determined on the merits, and thus did not trigger *res judicata*. Further, as described in this Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, March 17, 2014 [DE 62], the law of the case provides that the conduct that is alleged in this matter is independent from that alleged in 10-20698.

*TWENTY-FIRST AFFIRMATIVE DEFENSE*

*As their twenty-first affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action against Defendants Mitchell's Lawn and Mitchell's LLC in that the quoted defamatory statements allegedly made by Defendant Igelko were neither made on behalf of Defendants Mitchell's Lawn and Mitchell's LLC, nor in any capacity as an officer, director, manager, or owner of said corporate Defendants; thus, no liability can be imputed on Defendants Mitchell's Lawn and Mitchell's LLC.*

This affirmative defense addresses that Plaintiff "failed to state a cause of action." Whether Plaintiffs stated a claim is not an affirmative defense. Furthermore, the affirmative defense addresses whether an agent of the corporate defendant made any statements. This is an element of a claim for defamation. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

*As their twenty-second affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action for which relief can be granted as to Counts I–III, because any and all statements made to the police, detectives, prosecutors, or state attorney's office by Defendants or Defendants' attorneys, inquiring or urging the State Attorney to arrest or cause to be arrested Plaintiffs were done without malice and without intent to injure the reputation of Plaintiffs and therefore is afforded a qualified privilege.*

The qualified privilege is a judicial creation to describe how the court analyzes the element of "malice" in slander for the State of Florida. Lundquist v. Alewine, 397 So.2d 1148, 1149 (Fla. 5th DCA 1981). As described by the United States Court for the Middle District of Florida, "'[f]alse statements which suggest that someone has committed a dishonest or illegal act are defamatory per se' and are, therefore, clothed in a presumption of malice. However, that presumption 'ceases to exist where the Defendant has a qualified privilege to make the statements." Lefrock v. Walgreens Co., No. 8:13-CV-02196-EAK, 2015 WL 226034, at 2 (Jan. 16, 2015).

To allege that a qualified privilege exists to counteract a presumption of malice is merely a partial analysis of a legal element of slander. It is not a "confession and avoidance", and thus should be struck because it is not an affirmative defense.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

*As their twenty-third affirmative defense, Defendants assert that Plaintiffs' claims contained in the Amended Complaint are barred by the statute of limitations.*

Asserting that a claim is in violation of a statute of limitations is an affirmative defense, however, Defendants do not address which claim, which statute of limitation, or provide any facts that support the belief that some statute of limitations had been violated. Such an

affirmative defense should not be permitted, particularly because this was only asserted in the March 20th Affirmative Defenses after the conclusion of discovery.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

*As their twenty-fourth affirmative defense, Defendants assert that Counts XVIII and XIX are barred by the statute of limitations in that the male co-plaintiffs in the Melgar case stopped working for Defendants more than two (2) years before the Complaint was filed on March 13, 2013, and Mitchell Igelko has not spoken to any of the male co-plaintiffs in the Melgar case after they stopped working.*

Defendants appear to be making a factual argument as to the truth of the claims of Slander in this affirmative defense. This is not a confession and avoidance, and thus, not an affirmative defense and should be struck.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

*As their twenty-fifth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action for which relief can be granted as to Count XX because the filing of the State Court Action (Case No. 09-69166 CA 06) is protected by the Florida Litigation Privilege.*

Plaintiffs contest the truth of this affirmative defense, but do not contest that it is an affirmative defense.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

*As their twenty-sixth affirmative defense, Defendants assert that Plaintiffs are barred from recovery because they have perpetrated a fraud upon this Court multiple times by, among other things, lying under oath, filing false allegations within their pleadings, and alleging certain claims with no good-faith basis in law or fact.*

The affirmative defense of fraud upon the court is a dramatic accusation requiring extreme facts. "Generally speaking, only the most egregious misconduct, such as bribery of a

judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978).  Perjury is not fraud upon the Court. Patterson v. Lew, 265 F. App'x 767, 769 (11th Cir. 2008); S.E.C. v. ESM Group, Inc., 835 F.2d 270 (11th Cir.1988). Even a fraud between parties is not a "fraud upon the Court." Id.

Defendants' examples are just instances where Defendants disagree with Plaintiffs facts and testimony. Instead of simply disagreeing attempting to refute Plaintiffs' presentation of evidence and facts and the same, Defendants make naked allegations of "fraud upon the court." This should be viewed as a transparent attempt to make dramatic allegations regarding the honesty of Plaintiffs and their counsel outside of typical procedures for impeachment. This affirmative defense serves no purpose on resolving this matter on the merits.

*TWENTY-SEVENTH AFFIRMATIVE DEFENSE*

*As their twenty-seventh affirmative defense, Defendants assert that Plaintiffs have suffered no damages as a result of any alleged statements made by Defendants.*

Defendants do not differentiate between which claims that Plaintiffs did not suffer damages from. Presuming that Defendants are referring to "slander", the issue of damages is either irrelevant or elemental. Plaintiffs have accused Defendants of slander per se because Plaintiffs assert that Defendants attacked Plaintiffs' professional reputation and accused them of committing a dishonest and illegal act.

> A false defamatory statement which suggests that someone has committed a dishonest or illegal act is slander *per se.* Slander "*per se* " is actionable on its face, but slander "*per quod* " requires additional explanation of the words used to show that they have a defamatory meaning or that the person defamed is the plaintiff. In slander *per se* actions, general damages are presumed; for *per quod* actions, the plaintiff must allege and prove special damages [citations omitted].

Thompson v. Orange Lake Country Club, Inc., 224 F. Supp. 2d 1368, 1376-77 (M.D. Fla. 2002) citing Hoch v. Rissman, et al., 742 So.2d 451 (Fla. 5th D.C.A.1999).

Accordingly, if Plaintiffs show that Defendants made a false statement regarding a dishonest or illegal act supposedly done by Plaintiffs, then damages are irrelevant. Otherwise, damages are an element of Plaintiffs' claims and are not an affirmative defense because it is not a confession and avoidance.

*TWENTY EIGHTH AFFIRMATIVE DEFENSE*

*As their twenty-eighth affirmative defense, Defendants assert that any injury to Plaintiffs reputation has been self-inflicted and a result of Plaintiffs repeated attempts to make a living by filing false claims against past/present employers.*

This affirmative defense either argues some sort of unclean hands defense, or addresses damages, both of which are addressed above as not being affirmative defenses.

*TWENTY-NINTH AFFIRMATIVE DEFENSE*

*As their twenty-ninth affirmative defense, Defendants assert that Plaintiffs have waived any alleged claims for defamation because such claims ought to have been brought as compulsory counter-claims in the parties' ongoing state-court action.*

Plaintiffs contest Defendants' argument, but do not object substantively to this affirmative defense.

*THIRTIETH AFFIRMATIVE DEFENSE*

*As their thirtieth affirmative defense, Defendants assert that even if Plaintiffs made the alleged defamatory statements, such statements were made after Defendants filed a lawsuit against Plaintiffs for, among other things, the theft of Defendants' monies and personal property. Such statements have been part of the public records (i.e. filed depositions, pleadings, motions, etc.) prior to any alleged subsequent statement. Thus, the public has been on constructive notice of such*

> *statements since at least 2010, and any alleged statement is merely a repetition of that which has already been published previously.*

As described above, "damages" is either an element of defamation or irrelevant, and thus an allegation aimed at addressing damages is not an affirmative defense. It is unclear if this affirmative defense only addresses damages. To the extent that this allegation is a "confession and avoidance", Defendants are "confessing" that they have made untrue statements maligning Plaintiffs and asserting an "avoidance" that they should not be liable because these statements were made in litigation at some point in the past. This would be a misinterpretation of the law of defamation, and so should be struck because it is not an appropriate affirmative defense.

### a. The Remaining Affirmative Defenses are not Timely and are Prejudicial

To the extent that this Court finds that Defendants' arguments are in fact affirmative defenses, then they should be struck. Said affirmative defenses would then have been undisclosed,[3] and thus vulnerable to be stricken as untimely filed.

Circumstances permitted Defendants to file an Answer prior to file their answer much later in the litigation than is typical – less than 30 days prior to the close of discovery. They still filed their Affirmative Defenses 6 days late on March 8th, and then added 10 more affirmative defenses on March 20th, 2015 after the discovery deadline. This did not provide Plaintiffs with sufficient notice.

"The purpose of requiring that an affirmative defense be pled in the answer, however, is to provide notice to the opposing party 'of the existence of certain issues.'" Bergquist v. Fid. Info. Servs., Inc., 197 F. App'x 813, 814 (11th Cir. 2006). A litigant who files his affirmative defenses after failing to comply with the Court's order to respond following an unsuccessful Motion to Dismiss risks those affirmative defenses being struck.

---

[3] Plaintiffs admit and acknowledge that Defendants have made them aware of the Florida Litigation privilege, and do not seek that affirmative defense being stricken because it was undisclosed.

"Though Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend pleadings 'shall be freely given when justice so requires,' the Supreme Court specifically listed 'undue delay' among the factors which a district court, in its exercise of discretion, may consider as justifying the denial of leave to amend." Jones v. Childers, 18 F.3d 899, 909 (11th Cir. 1994), *citing* Foman v. Davis, 371 U.S. 178, 182 (1962).  This judicial discretion analyzes the degree of prejudice under consideration of the importance that cases are determined on their merits. Sterbenz v. Anderson, No. 8:11-CV-1159-T-33TBM, 2012 WL 4854715, at 3 (M.D. Fla. Oct. 11, 2012), *citing* In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1291 (11th Cir.2003).

> "When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue."

Bergquist v. Fid. Info. Servs., Inc., 197 F. App'x 813, 815 (11th Cir. 2006).

In Sterbenz v. Anderson, the court was considering whether to strike late filed affirmative defenses after a court order to respond to an amended complaint.  No. 8:11-CV-1159-T-33TBM, 2012 WL 4854715, at 2 (M.D. Fla. Oct. 11, 2012).  The court only declined to so strike the affirmative defenses because the same affirmative defenses were present in the original answer. Id.  Thus, the plaintiffs had notice.

Plaintiffs recognize that it would be a harsh remedy to strike the March 8th Affirmative Defenses for being 6 days late.  Far more prejudicial are the March 20th Affirmative Defenses, which were entered without leave after the discovery deadline.  To the extent that Defendants properly stated new affirmative defenses in these March 20th Affirmative Defenses, they are inherently prejudicial because Defendants did not provide Plaintiffs notice of them until after the conclusion of discovery.  Thus, they should be struck for being untimely and prejudicial pursuant to Fed.R.Civ.P. 12(f).

### III. Conclusion

Plaintiffs move this Court to strike all but one of Defendants' affirmative defenses in the March 8th, 2015 Answer to Amended Complaint as well as the March 20th, Amended Answer to Amended Complaint. The only affirmative defense which Defendants gave Plaintiff proper prior notice of and is actually an affirmative defense is the assertion of the Florida Litigation Privilege. All other arguments only serve to confuse the issues, and should be struck pursuant to Federal Rule of Civil Procedure Rule 12(f).

Dated this 26th Day of March, 2015.

                                            Respectfully submitted,

                                            J.H. Zidell, Esq.
                                            J.H. Zidell, P.A.
                                            Attorney for Plaintiffs
                                            300 71st Street, Suite 605
                                            Miami Beach, Florida 33141
                                            Tel: (305) 865-6766
                                            Fax: (305) 865-7167

                                            By:_/s/ J.H. Zidell_____
                                                J.H. Zidell, Esq.
                                                Florida Bar No.: 0010121

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues on March 25, 2015.  Defendants' counsel and Plaintiffs' counsel were unable to come to an agreement in regard to the relief sought.

By:_/s/ Elizabeth Olivia Hueber _____
Elizabeth Olivia Hueber
Florida Bar No.: 0073061

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Strike Affirmative Defenses was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 26th day of March, 2015.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar No.: 0010121