**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

| | |
|---|---|
| KELLY PHILLIPS and EDEL LEON, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| MITCHELL'S LAWN MAINTENANCE | ) |
| CORPORATION, MITCHELL'S LAWN | ) |
| LLC, and MITCHELL IGELKO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION**
**TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION, MITCHELL'S LAWN LLC, and MITCHELL IGELKO ("**Defendants**"), hereby respond in opposition to Plaintiffs' KELLY PHILLIPS and EDEL LEON's (collectively, "**Plaintiffs**") Motion to Strike Affirmative Defenses [DE 113] (the, "**Motion to Strike**"), and in support thereof state:

**I.**
**INTRODUCTION**

The Motion to Strike seeks to have the Court strike the majority of the affirmative defenses asserted in Defendants' Amended Answer and Affirmative Defenses [DE 111] (the "**Amended Answer**"). Plaintiffs' argument can be summarized as follows: (1) the majority of the affirmative defenses are not affirmative defenses, and standing alone, the affirmative defenses are prejudicial, irrelevant, and subject to exclusion; and (2) the Amended Answer is untimely. As further detailed below, Defendants assert that the majority of the affirmative defenses are valid, not subject to exclusion, and the Amended Answer is timely.

## II.
## LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d1322, 1326 (S.D. Fla 2011) (citing. *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)). Thus, the "essence of a true affirmative defense" is a "confession and avoidance." *Reed v. Dollar General Corp.*, 2005 WL 2062231 at *2 (M.D. Fla 2005) (citing *King v. ex rel. Murray v. Rojas*, 767 So. 2d 510, 512 n.1 (Fla. 4th DCA 2000)).

Affirmative Defenses are deemed "insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of the defense." *Mid Continent Casualty Co. v. Active Drywall South, Inc.*, 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011). A party may move to strike from "a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *See* Rule 12(f), Fed. R. Civ. P. However, Motions to Strike are generally disfavored by courts in the Eleventh Circuit, and "will usually be denied unless it is clear the pleading sought to be stricken is insufficient as a matter of law." *Nankivil v. Lockheed Martin Corp.*, 21 F.R.D. 689, 690-91 (M.D. Fla. 2003). A Motion to Strike is considered to be drastic remedy that should only be granted when "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). Therefore, an affirmative defense may be stricken as insufficient if 1) on the face of the pleadings, it is patently frivolous, or 2) it is clearly invalid as a matter of law. *Pujals*, 777 F. Supp. 2d at 1327.

To the extent that an affirmative defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Barnhart v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 366930, at *2 (M.D. Fla. Feb. 3, 2012) (citing *Harvey v. Home Depot U.S.A., Inc.*, 2005 WL 1421170 (M.D. Fla. June 17, 2005)). Even if a court determines that a defense is not a true affirmative defense, the defense should be treated as a specific denial and should not be stricken. *See Marley v. Jetshares Only, LLC,* No. 10-23178-CIV, 2011 WL 2607095 (S.D. Fla. June 30, 2011).

Concerning amending a pleading, Federal Rule of Civil Procedure 15(a)(1)(A) provides that a party "may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ." Thus, if a party has never amended its pleading, a party may amend its pleading within 21 days.

### III.
### ARGUMENT

#### A.
#### The Affirmative Defenses Are Valid

First Affirmative Defense:

> *As their first affirmative defenses, Defendants assert that filing the Amended Complaint in the Florida State Case No. 2009-69166 (the "State Court Case") was done in good faith and not in retaliation for Plaintiffs filing a Fair Labor Standards Case (No. 1:10-cv-20698) against Mitchell's Lawn Maintenance Corp., M.I. Quality, and Mitchell Igelko.*

The Court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd. v. Brinker Florida, Inc.*, 2008 WL 5341175, at *2 (M.D. Fla. Dec. 19, 2008); *Pujals*, 777 F. Supp. 2d at 1328. The defense should not be stricken because it functions as a

specific denial and also functions as a confession and avoidance because it admits that an Amended Complaint was filed in State Court but avoids liability by claiming it was done in good-faith and not in retaliation.

In the event that this Court strikes this affirmative defense or any other herein, Defendants respectfully request that it be stricken without prejudice and allow Defendants to replead the defense in a different fashion or with additional factual support. *See Saratoga Harness Racing, Inc.*, 1997 WL 135946 at *6 (determining that several of the defendants' defenses should be stricken without prejudice and granting defendants leave to replead any technically deficient defenses).

### Second Affirmative Defense:

> *As their second affirmative defense, Defendant asserts that all actions taken by Defendants were performed in good faith, without malice, and based upon reasonable grounds.*

Like the First Affirmative Defense, the Court should not strike this defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. The defense should not be stricken because it functions as a specific denial and also functions as a confession and avoidance because it admits that all actions, even if true, were done in good-faith. It also addresses the malice which was not done in the First Affirmative Defense.

### Third Affirmative Defense:

> *As their third affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III for which relief can be granted. The filing of the State Court Case is protected by the Florida Litigation privilege*

Plaintiffs do not object to Defendants asserting the Florida Litigation Privilege, nevertheless, they do contest that this is not a matter of Plaintiffs' failing to state a claim.

Defendants disagree with this contention because a valid cause of action is one to which relief can be granted. In this case, the Florida Litigation Privilege prevents any relief from being granted to Plaintiffs. *Ergo*, Plaintiffs have failed to state a claim.

### Fourth Affirmative Defense:

> *As their fourth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action as to Counts I though III because any statements made by Defendants' attorney's during the federal court litigation is protected by the Florida Litigation Privilege*

Plaintiffs do not object to Defendants' Fourth Affirmative Defense and, thus, this defense should not be stricken.

### Fifth Affirmative Defense:

> *As their fifth affirmative defense, Defendants assert that as to Count III of the Amended Complaint, Plaintiffs are not entitled to punitive damages because section 448.110(6)(c)(2) Fla. Stat. prohibits punitive damages from being claimed under s. 24. Art. X of the Florida State Constitution.*

Defendants' Fifth Affirmative Defense is properly pled in that it is clearly related to the controversy and does not confuse the issues. Moreover, this Court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. Therefore, the defense should not be stricken because it functions as a specific denial. *Id.* Furthermore, this affirmative defense also functions as a confession and avoidance because it admits, in other words, that even if Defendants are liable for damages, they are prevented from recovering punitive damages.

– 6 –

Sixth Affirmative Defense:

*As their sixth affirmative defense, Defendants assert truth and/or substantial truth as a defense as to the actions of Plaintiffs.*

Defendants' Sixth Affirmative Defense is properly pled in that it is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests

Plaintiffs' assertion that truth is not an affirmative defense is incorrect and unsupported by case law. In Florida, truth is recognized as an affirmative defense to defamation. *Drennen v. Westinghouse Electric Corp.*, 328 So. 2d 52, 54 (Fla. 1st DCA 1976); *See also Boyles v. Mid-Florida TV Corp.*, 431 So. 2d 627, 640 (Fla. 5th DCA 1983). Moreover, Article 1, Section IV of the Florida Constitution states that truth, coupled with good motives, is a complete defense in an action for defamation.

Seventh Affirmative Defense:

*As their seventh affirmative defense, Defendants assert that Kelly Phillips did steal employee records, employee files, and other personal property of Defendants.*

Defendant's Seventh Affirmative Defense is valid. As previously mentioned, Plaintiffs' assertion that truth is not an affirmative defense is incorrect and unsupported by case law. In Florida, the truth is recognized as an affirmative defense to defamation. *Drennen*, 328 So. 2d at 54; *See also Boyles*, 431 So. 2d 627 at 640. Moreover, Article 1, Section IV of the Florida Constitution states that truth, coupled with good motives, is a complete defense in an action for defamation.

Eighth Affirmative Defense:

*As their eighth affirmative defense, Defendants assert that Kelly Phillips and Edel Leon are compulsive, pathological liars, forged Defendant Igelko's signature, and were involved in fraudulent activities resulting in theft to Defendant Igelko and Defendant Mitchell's Lawn, thus, their claims are barred by the doctrine of unclean hands*

The court should not strike Defendants' Eighth Affirmative Defense. This defense is clearly related to the controversy and does not confuse the issues. Moreover, this Court should not strike said defense as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense or whether it functions merely as a denial. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. At best, there are certain claims to which the affirmative defense of unclean hands may not apply. At worst, the defense will apply only to some of Plaintiffs' claims. In the event that this Court strikes this affirmative defense, Defendants respectfully request that it be stricken without prejudice and allow Defendants to replead the defense in a different fashion or with more factual support. *See Saratoga Harness Racing, Inc.*, 1997 WL 135946 at *6 (determining that several of the defendants' defenses should be stricken without prejudice and granting defendants leave to replead defenses).

Ninth Affirmative Defense:

*As the ninth affirmative defense, Defendant Igelko asserts that he is not an employer under the FLSA.*

The court should not strike Defendants' Ninth Affirmative Defense. This defense is clearly related to the controversy and does not confuse the issues. Moreover, this Court should not strike said defense as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense or whether it functions merely as a denial. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. At best, the court may find

Igelko is an employer, in which case this affirmative defense is extinguished. Defendants, however, should not be precluded from asserting this defense in their pleading. At worst, the court may determine the defense applies to some of the corporate defendants (i.e. Mitchell's Lawn LLC).

### Tenth Affirmative Defense:

> *As their tenth affirmative defense, Defendant Igelko asserts that he does not qualify as a joint employer under the economic reality test and, thus, cannot be held personally liable.*

The court should not strike Defendants' Tenth Affirmative Defense. This defense is clearly related to the controversy and does not confuse the issues. Moreover, this Court should not strike said defense as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense or whether it functions merely as a denial. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. At best, the court may find Igelko qualifies as a joint employer under the economic reality test. Igelko, however, should not be precluded from asserting this defense in his pleading. At worst, the court may determine the defense applies to some of the corporate defendants (i.e. Mitchell's Lawn LLC).

### Eleventh Affirmative Defense:

> *As their eleventh affirmative defense, Defendants assert that Mitchell Igelko cannot be held jointly and severally liable along with the corporate Defendants because they do not meet the economic reality test.*

Defendants' Eleventh Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests (specifically, economic reality test used by courts to determine liability).

However, if the court determines that the aforementioned defense does not constitute a valid affirmative defense, the court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. This defense should not be stricken because it functions as a specific denial. *Id.*

Twelfth Affirmative Defense:

> *As their twelfth affirmative defense, Defendants assert that Plaintiffs were involved in fraudulent activities resulting in theft from Defendant Igelko and Defendant Mitchell's Lawn and, therefore, any amount that may be deemed to be due and owing to Plaintiffs should be set off by any amount already taken by Plaintiffs*

Defendants' Twelfth Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests.

Moreover, a defense of setoff is applicable in FLSA cases so long as the application of a setoff "will not cause a plaintiff's wages to fall below the statutory minimum." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005) (citing *Singer v. City of Waco, Tex.*, 324 F. 3d 813, 828 (5th Cir. 2003)). Additionally, no one factor of the Colorado River test cited by Plaintiffs is determinative, and any abstention inquiry conducted by a court must be "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. The allegations made in this defense raise factual disputes that impact legal issues and therefore the defense should not be stricken. *Reyher*, 881 F. Supp. at 577.

Thirteenth Affirmative Defense:

> *As their thirteenth affirmative defense, Defendants assert the same decisions would have been reached regarding Plaintiffs' employment regardless of their filing of FLSA claims or any other alleged discriminatory purpose*

Defendants withdraw this Defense

Fourteenth Affirmative Defense:

> *As their fourteenth affirmative defense, Defendants assert that there is an absence of a causal link between Plaintiffs' alleged participation in a statutorily protected activity and the adverse employment action.*

The Court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. The defense should not be stricken because it functions as a specific denial. *Id.*

Fifteenth Affirmative Defense:

> *As their fifteenth affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiffs, or which affected Plaintiffs, were made in good faith and for legitimate, non-retaliatory reasons.*

Defendants' Fifteenth Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests.

However, if the Court determines that the aforementioned defense does not constitute a valid affirmative defense, the Court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at

*2; *Pujals*, 777 F. Supp. 2d at 1328. This defense should not be stricken because it functions as a specific denial. *Id.* In the event that this Court strikes this affirmative defense, Defendants respectfully request that it be stricken without prejudice and allow Defendants to replead the defense in a different fashion or with additional factual support. *See Saratoga Harness Racing, Inc.*, 1997 WL 135946 at *6 (determining that several of the defendants' defenses should be stricken without prejudice and granting defendants leave to replead any technically deficient defenses).

### Sixteenth Affirmative Defense:

> *As their sixteenth affirmative defense, Defendants assert that Plaintiffs failed to assert a prima facie case of retaliation.*

Defendants' Sixteenth Affirmative Defense is essentially the equivalent of the typical 12(b)(6) argument. Plaintiffs have failed to state a claim upon which relief can be granted. The Motion to Strike this affirmative defense merely attacks the wording Defendants chose to use in their affirmative defense. Even if this Court were to determine that improper language was used, the court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. This defense should not be stricken because it functions as a specific denial that Plaintiffs have failed to properly assert a prima facie case of retaliation.

### Seventeenth Affirmative Defense:

> *As their seventeenth affirmative defense, Defendants assert Plaintiffs abandoned and/or quit their employment with Defendant Igelko and Defendant Mitchell's Lawn, and/or engaged in or instigated conduct to justify any adverse employment action.*

The court should not strike Defendants' Seventeenth Affirmative Defense. This defense is clearly related to the controversy and does not confuse the issues. Moreover, this Court should

not strike said defense as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense or whether it functions merely as a denial. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. At best, there are certain claims to which this affirmative defense may not apply. At worst, the defense will apply to the certain of the Plaintiffs' claims.

### Eighteenth Affirmative Defense:

> *As their eighteenth affirmative defense, Defendants assert that Plaintiffs waived and/or are estopped from asserting the alleged claims for retaliation because such claims for retaliation were compulsory in nature as they arose from the same transaction or occurrence that formed Plaintiffs' retaliation claims in their previous cases(s) and, thus, Plaintiffs have failed to state a claim upon when relief can be granted.*

Waiver and estoppel are valid affirmative defenses recognized by this Court. Notwithstanding the foregoing, the court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. Moreover, the defense should not be stricken even if it were to function as a specific denial. *Id.* At best, there are certain claims to which this affirmative defense may not apply because of the dates that Plaintiffs pled the alleged slander occurred in the Amended Complaint. At worst, the waiver and estoppel defense apply to other claims. Accordingly, this Court should not strike this affirmative defense.

### Nineteenth Affirmative Defense:

*As their nineteenth affirmative defense, Defendants assert that this Court has no subject matter jurisdiction over Plaintiffs' claims, especially if Counts I-III are dismissed.*

Defendants' Nineteenth Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests.

### Twentieth Affirmative Defense:

*As their twentieth affirmative defense, Defendants assert that Plaintiffs claims are barred by the doctrine of res judicata and collateral estoppel.*

Defendants' Twentieth Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. However, if the Court determines that the aforementioned defense does not constitute a valid affirmative defense, the Court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. This defense should not be stricken because it functions as a specific denial. *Id.*

Twenty-First Affirmative Defense:

> *As their twenty-first affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action against Defendants Mitchell's Lawn and Mitchell's LLC in that the quoted defamatory statements allegedly made by Defendant Igelko were neither made on behalf of Defendants Mitchell's Lawn and Mitchell's LLC, nor in any capacity as an officer, director, manager, or owner of said corporate Defendants; thus, no liability can be imputed on Defendants Mitchell's Lawn and Mitchell's LLC.*

The Court should not strike said Defendants' Twenty-First Affirmative Defense so long as there is no prejudice to Plaintiffs in allowing it to remain, regardless of its validity as an affirmative defense. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328. The defense should not be stricken because it functions as a specific denial that Plaintiffs have failed to state a proper cause of action against Defendants Mitchell's Lawn and Mitchell's LLC. *Id.*

Twenty-Second Affirmative Defense:

> *As their twenty-second affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action for which relief can be granted as to Counts I–III, because any and all statements made to the police, detectives, prosecutors, or state attorney's office by Defendants or Defendants' attorneys, inquiring or urging the State Attorney to arrest or cause to be arrested Plaintiffs were done without malice and without intent to injure the reputation of Plaintiffs and therefore is afforded a qualified privilege.*

Defendants' Twenty-Second Affirmative Defense is properly pled in that it is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests.

Plaintiffs' assertion that a qualified privilege is not an affirmative defense is incorrect and unsupported by case law. Florida courts have determined that in a defamation action, "the affirmative defenses of truth, good motive *and qualified privilege* present factual questions for resolution by the jury." (emphasis added) *Glickman v. Potamkin*, 454 So. 2d 612, 613 (Fla. 3d DCA 1984); *See also Drennen*, 328 So. 2d at 55. Moreover, the Florida Supreme Court has held that "defamatory statements voluntarily made by private individuals to the police…prior to the institution of criminal charges are presumptively qualifiedly privileged." *Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992). Lastly, the affirmative defense functions as a "confession and avoidance" because it admits that statements were made to law enforcement officials and avoids liability by claiming the aforementioned statements are "presumptively qualifiedly privileged." *Id.*

Twenty-Third Affirmative Defense:

> *As their twenty-third affirmative defense, Defendants assert that Plaintiffs' claims contained in the Amended Complaint are barred by the statute of limitations.*

Defendants' Twenty-Third Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests. *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 at *1 (M.D. Fla. June 14, 2006) (determining that the statement "this claim is barred by the statute of limitations" gives fair notice and meets the requirements of Rule 8).

Twenty-Fourth Affirmative Defense:

>   *As their twenty-fourth affirmative defense, Defendants assert that Counts XVIII and XIX are barred by the statute of limitations in that the male co-plaintiffs in the Melgar case stopped working for Defendants more than two (2) years before the Complaint was filed on March 13, 2013, and Mitchell Igelko has not spoken to any of the male co-plaintiffs in the Melgar case after they stopped working*

Defendants' Twenty-Fourth Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests. *McGlothan*, 2006 WL 1679592, at *1 (determining that the statement "this claim is barred by the statute of limitations" gives fair notice and meets the requirements of Rule 8).

To the extent that this defense references the issue of Plaintiffs' claims (Count XVIII and Count XIX), the defense is a valid affirmative defense. As to any other allegations included in this defense, the Court should not strike said defense so long as there is no prejudice to Plaintiffs in allowing it to remain as a specific denial. *See Sembler Family P'ship #41, Ltd*, 2008 WL 5341175, at *2; *Pujals*, 777 F. Supp. 2d at 1328.

Twenty-Fifth Affirmative Defense:

>   *As their twenty-fifth affirmative defense, Defendants assert that Plaintiffs failed to state a cause of action for which relief can be granted as to Count XX because the filing of the State Court Action (Case No. 09-69166 CA 06) is protected by the Florida Litigation Privilege.*

Plaintiffs do not object to Defendants' Twenty-Fifth Affirmative Defense and thus should not be stricken.

Twenty-Sixth Affirmative Defense:

*As their twenty-sixth affirmative defense, Defendants assert that Plaintiffs are barred from recovery because they have perpetrated a fraud upon this Court multiple times by, among other things, lying under oath, filing false allegations within their pleadings, and alleging certain claims with no good-faith basis in law or fact.*

Defendants' Twenty-Sixth Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid.

Plaintiffs seek to have this affirmative defense rejected yet fraud upon the court has been held to be a valid affirmative defense. *See Hatcher ex rel. Hatcher v. DeSoto County School Dist. Bd. of Educ.*, 2013 WL 6667466 (M.D. Fla. 2013) (allowing the affirmative defense of fraud upon the court to be pled in an amended answer.)  Defendants have a good-faith basis to allege same and thus, said affirmative defense, should not be stricken.

Twenty-Seventh Affirmative Defense:

*As their twenty-seventh affirmative defense, Defendants assert that Plaintiffs have suffered no damages as a result of any alleged statements made by Defendants.*

Defendants' Twenty-Seventh Affirmative Defense is properly pled. This defense is clearly related to the controversy, does not confuse the issues, and does not cause prejudice to Plaintiffs. This defense is not insufficient as a matter of law because it is not patently frivolous or clearly invalid. Moreover, this defense meets the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and it provides fair notice of the defense and the grounds on which it rests. *McGlothan*, 2006 WL 1679592, at *1 (determining that the statement "this claim is barred by the statute of limitations" gives fair notice and meets the requirements of Rule 8).

Said defense is a confession and avoidance in that it even if Defendant Igelko made the defamatory statements, Plaintiffs cannot recover and thus Defendants can avoid liability. Although Plaintiffs claim they have alleged defamation *per se*, they are also claim general damages in which are relevant to the recovery in this case.

### Twenty-Eighth Affirmative Defense:

*As their twenty-eighth affirmative defense, Defendants assert that any injury to Plaintiffs reputation has been self-inflicted and a result of Plaintiffs repeated attempts to make a living by filing false claims against past/present employers.*

Defendants withdraw this affirmative defense, albeit factually accurate.

### Twenty-Ninth Affirmative Defense:

*As their twenty-ninth affirmative defense, Defendants assert that Plaintiffs have waived any alleged claims for defamation because such claims ought to have been brought as compulsory counter-claims in the parties' ongoing state-court action.*

Plaintiffs do not object to Defendants' Twenty-Ninth Affirmative Defense and, thus, this defense should not be stricken.

### Thirtieth Affirmative Defense:

*As their thirtieth affirmative defense, Defendants assert that even if Plaintiffs made the alleged defamatory statements, such statements were made after Defendants filed a lawsuit against Plaintiffs for, among other things, the theft of Defendants' monies and personal property. Such statements have been part of the public records (i.e. filed depositions, pleadings, motions, etc.) prior to any alleged subsequent statement. Thus, the public has been on constructive notice of such statements since at least 2010, and any alleged statement is merely a repetition of that which has already been published previously.*

Defendants withdraw this affirmative defense.

**B.**
**The Amended Answer Was Timely Filed**

The Court recently granted Defendants' Motion for Extension of Time to File the Answer and Affirmative Defenses, *nunc pro tunc* [DE 109] and ruled that the Answer and Affirmative Defenses to the Amended Complaint (the "**Initial Answer**") were deemed timely filed [DE 114]. Thus, Plaintiffs argument that the Initial Answer was untimely is moot. Furthermore, the Initial Answer, filed March 8, 2015, was the first pleading filed by Defendants in this case. Pursuant to Federal Rule of Civil Procedure 15, Defendants were permitted to amend the pleadings once as matter of course within twenty-one (21) days after the filing of the Amended Complaint. Defendants Amended Answer was filed on March 20, 2015, only twelve (12) days after the filing of the Initial Answer.

In addition, Plaintiffs' argument that they are prejudiced by the addition of extra affirmative defenses fails. The first Answer ever filed by Defendants in this case was on March 8, 2014, and the Amended Answer was filed twelve (12) days later. Although the Amended Answer was filed five (5) days after the discovery deadline, Plaintiffs had already taken multiple depositions, including the deposition of Mitchell Igelko, without the benefit of having of any answer or affirmative defenses. Plaintiffs proceeded with their case while the pleadings were still open, and they never objected. To suggest that the Amended Answer would have made any difference, or otherwise put them on notice, is disingenuous. In the event that this Court strikes any affirmative defense herein, Defendants respectfully request that it be stricken without prejudice and allow Defendants to replead the defense in a different fashion or with additional factual support. *See Saratoga Harness Racing, Inc.*, 1997 WL 135946 at *6 (determining that several of the defendants' defenses should be stricken without prejudice and granting defendants leave to replead any technically deficient defenses).

WHEREFORE, Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION, MITCHELL'S LAWN LLC, and MITCHELL IGELKO, respectfully request that this Honorable Court: (1) deny Plaintiffs' Motion to Strike: (2) grant Defendants leave of court to file an Answer and replead its affirmative defenses in the event any defense is stricken; and (3) enter such other relief this Court deems just and proper.

> Respectfully submitted,
>
> By: /s/ Daniel A. Espinosa, Esq.
> Daniel A. Espinosa, Esq.
> Florida Bar. No. 81686
> Rafael Viego III, Esq.
> Florida Bar No. 60967
> **ESPINOSA | JOMARRON**
> *Counsel for the Defendants*
> 4300 Biscayne Boulevard, Suite 305
> Miami, Florida 33137
> Telephone: (305) 717-7530
> Facsimile: (305) 717-7539
> E-mail: despinosa@ejtrial.com
> E-mail: rviego@ejtrial.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served via e-mail, this 14th day of April, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com and Rivkah Jaff, Esq., rivkah.jaff@gmail.com.

> By: /s/ Daniel A. Espinosa, Esq.
> Daniel A. Espinosa, Esq.
> Florida Bar. No. 81686