UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

**CONSENT CASE**

KELLY PHILLIPS and EDEL LEON,

       Plaintiffs,

vs.

MITCHELL'S LAWN MAINTENANCE
CORPORATION and
MITCHELL IGELKO,

       Defendants.

**REPLY IN RESPONSE TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby submits its Reply in Response to Defendants' Opposition [D.E. 115] to Plaintiffs' Motion to Strike Affirmative Defenses [D.E. 113], and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

I. **Introduction**

Plaintiffs waive and withdraw any arguments regarding Defendants' failure to timely file its Affirmative Defenses in accordance with this Court's Order dated April 22, 2015 [D.E. 117]. Plaintiffs recognize that some of Defendants' "Affirmative Defenses" are less harmful than others. While Plaintiffs stand by their arguments as to all Affirmative Defenses, they submit this Reply to focus only on what Plaintiffs consider most important, namely, those issues stated as Affirmative Defenses which have no legal merit, yet are extremely prejudicial.

II.     **Argument**

Plaintiffs' central concern and interest in this underlying Motion to Strike is to insure that evidence and discussion which has no probative value to any issues are not made relevant by affirmative defenses.  The fear being that there are several things that Plaintiffs suspect Defendants want to introduce to the jury.  These contested facts and allegations have no relevance to claims, yet, would be prejudicial if introduced.  While these issues would normally be prevented from being introduced via a Motion *in Limine* under Fed.R.Evid. Rule 402, the presence of these Affirmative Defenses might seem to make those issues relevant, and thus, potentially admissible.  Plaintiffs focus on addressing the Affirmative Defenses which have the potential for the most "mudslinging."

> a. *Eighth Affirmative Defense: As their eighth affirmative defense, Defendants assert that Kelly Phillips and Edel Leon are compulsive, pathological liars, forged Defendant Igelko's signature, and were involved in fraudulent activities resulting in theft to Defendant Igelko and Defendant Mitchell's Lawn, thus, their claims are barred by the doctrine of unclean hands.*

Defendants' argument is that this defense should not be stricken unless it, even if it is not an affirmative defense.  Defendants point out two cases.  Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011) which relevantly describes: "'[A] defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense.'  Nonetheless, 'the proper remedy is not [to] strike the claim, but rather to treat it as a specific denial [internal citations omitted].'" Id.  Sembler Family P'ship No. 41, Ltd. v. Brinker Florida, Inc. corroborates the assessment that affirmative defenses may be converted to specific denials when they cause no prejudice.  No. 808-CV-1212-T-24MAP, 2008 WL 5341175 (M.D. Fla. Dec. 19, 2008)

There are two critical flaws to this argument. The first is that it simply is inapplicable. The cases only refer to circumstances when an affirmative defense is a mislabeled denial. This argument is inapplicable because it is not a "specific denial" at all. It just addresses mudslinging under the guise of "unclean hands." As the underlying Motion stated, however, unclean hands may apply only when the activity sued over was somehow part of the plaintiff's scheme. An example of this situation would be if Plaintiffs had somehow corroborated with Defendants to be fired as a scheme to get unemployment, or something like that. If unclean hands were truly such a broad doctrine as Defendants assert, then a trial is simply a trial of character.

Second, Defendant suggest that no prejudice will occur if they are permitted to make the argument that Plaintiffs are "compulsive pathological liars… [and] involved in fraudulent activities" as part of their defense. Allowing parties to argue irrelevant issues in order to assert that they should not pay for the tort they committed is the very essence of prejudice.

> b. *Twelfth Affirmative Defense: As their twelfth affirmative defense, Defendants assert that Plaintiffs were involved in fraudulent activities resulting in theft from Defendant Igelko and Defendant Mitchell's Lawn, and therefore, any amount that may be deemed to be due and owing to Plaintiffs should be set off by any amount already taken by Plaintiffs.*

Plaintiffs' sole argument against the Twelfth Affirmative Defense was that it was attempting to litigate an issue in a new forum that is already in progress in the Miami-Dade Court. Defendants' only argument against this, is that "no one factor of the Colorado River test cited by Plaintiffs is determinative, and any abstention inquiry conducted by a court must be "heavily weighted in favor of the exercise of jurisdiction." Defendants do not assert which factors weigh in favor of concurrent jurisdiction. A review of Defendants' authority explains:

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. […] [T]he decision whether to dismiss a federal action because of parallel

> state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 937, 74 L. Ed. 2d 765 (U.S. 1983).  Moses H. Cone explains why the abstention in Colorado River was appropriate: "In addition, we noted that other factors in the case tended to support dismissal—the absence of any substantial progress in the federal-court litigation; the presence in the suit of extensive rights governed by state law; the geographical inconvenience of the federal forum; and the Government's previous willingness to litigate similar suits in state court."

In this matter, all factors seem to weigh in favor of abstaining.  Defendants themselves filed the first suit in 2009, Mitchell's Lawn Maintenance Corp., v. Miranda's Lawn Maintenance Corp., Case No. 2009-069166-CA-01 (Miami-Dade).  It is extraordinarily inconvenient to now litigate this case after discovery has already ended.

While there never has been any evidence that Plaintiffs caused any thefts, as admitted to by Defendants[1], it is still nevertheless a concern if Defendants are permitted to talk about the alleged thefts.  A jury might think that there was evidence that they were not allowed to see and reduce an award.

> c. *Seventeenth Affirmative Defense: As their seventeenth affirmative defense, Defendants assert Plaintiffs abandoned and/or quit their employment with Defendant Igelko and Defendant Mitchell's Lawn, and/or engaged in or instigated conduct to justify any adverse employment action.*

The Seventeenth Affirmative Defense could potentially be a specific denial, as Defendants assert.  If that is so, then under Defendants' authority is should be permitted to be

---

1 Admission, in this context, is not intended to be a "legal" admission, but instead, is intended to refer to Defendants' responses in various depositions and examinations in which Defendants could not produce any evidence or explain the basis for believing there was any theft by Plaintiffs. This is described in Plaintiffs' upcoming Motion for Summary Judgment.

considered a "specific denial" only if it is not prejudicial. Plaintiffs protest what appears to be the creation of *additional* factors which are not part of the denial. Particularly, it is not clear what "engaged in or instigated conduct to justify any adverse employment action." It is Defendants' prerogative to show that their conduct is not an adverse employment action, but there is no additional defense which allows them to avoid liability simply because it is "justified." Plaintiffs fear that this affirmative defense is a method for Defendants to bring in a myriad of accusations "through the backdoor."

> d. *Twenty-Sixth Affirmative Defense: As their twenty-sixth affirmative defense, Defendants assert that Plaintiffs are barred from recovery because they have perpetrated a fraud upon this Court multiple times by, among other things, lying under oath, filing false allegations within their pleadings, and alleging certain claims with no good-faith basis in law or fact.*

Defendants were able to find a case in which "fraud on the court" was permitted to be an affirmative defense; however, as such a case is inapplicable. That court explained fraud on the court as:

> The Eleventh Circuit has affirmed dismissal of an action as an appropriate sanction for fraud upon the court. As the former Fifth Circuit Court of Appeals explained: "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." The Eleventh Circuit has further stated, "We have consistently held that a fraud between parties is not a fraud on the court." The Eleventh Circuit explained of a previous case, "We even declared in that case that perjury does not constitute fraud on the court." Fraud on the court is an unconscionable plan or scheme which is designed to improperly influence the court in its decisions.

<u>Hatcher ex rel. Hatcher v. DeSoto Cnty. Sch. Dist. Bd. of Educ.</u>, No. 2:13-CV-138-FTM, 2013 WL 6667466, at *1 (M.D. Fla. Dec. 17, 2013). In other words, the inquiry of fraud on the court is extremely specific and limited to a certain type of activity.

The only specific allegations provided are specifically delineated as being *not* fraud on the court by Defendants' own authority. Defendants *could* plead fraud on the court, but they did

not.   They would need to provide particular allegations that Plaintiffs bribed a judge or something like that.

III.   **Conclusion**

Defendants' general overall argument is that, even if their arguments are not affirmative defenses, then they are merely specific denials.  These "specific denials" are unnecessary – Defendants already denied everything.  The "specific denials" only serve to add conduct to which the causes of action Plaintiffs brought do not apply. Defendants "specific denials" incorporate new words and conduct which they seek to shield themselves behind.  To the extent that the "specific denials" had any effect whatsoever, it is only to make relevant that which is irrelevant.  As such, it is inherently prejudicial and should be struck.

Dated this 24th Day of April, 2015.

          Respectfully submitted,

          J.H. Zidell, Esq.
          J.H. Zidell, P.A.
          Attorney for Plaintiffs
          300 71st Street, Suite 605
          Miami Beach, Florida 33141
          Tel: (305) 865-6766
          Fax: (305) 865-7167

          By:_/s/ J.H. Zidell_____
             J.H. Zidell, Esq.
               Florida Bar No.: 0010121

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Strike Affirmative Defenses was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 24th day of April, 2015.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
    Florida Bar No.: 0010121