UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,            )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )
                                         )
MITCHELL'S LAWN MAINTENANCE              )
CORPORATION, MITCHELL'S LAWN             )
LLC, and MITCHELL IGELKO,                )
                                         )
        Defendants.                      )
                                         )

**DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO DISCLOSE AND FOR FAILURE TO FURNISH A WITNESS LIST WITH MEMORANDUM OF LAW**

Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Defendant Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Defendant Mitchell's LLC**"), and MITCHELL IGELKO ("**Defendant Igelko**") (collectively "**Defendants**"), pursuant to Federal Rule of Civil Procedure 37(c)(1) and the case law cited herein, move for sanctions against Plaintiffs KELLY PHILLIPS ("**Plaintiff Phillips**") and EDEL LEON ("**Plaintiff Leon**") (collectively "**Plaintiffs**") in the form of (1) striking Counts XVIII and XIX of the Amended Complaint in their entirety for failure to make disclosures required by Federal Rule of Civil Procedure 26, and (2) prohibiting Plaintiffs from presenting any witnesses at trial, and in support thereof state:

**I.
BACKGROUND AND PROCEDURAL POSTURE**

On or about March 18, 2013, Plaintiffs served Defendants with a twenty-three count Complaint sounding in retaliation and defamation [DE 1] (the "**Initial Complaint**"). On November 24, 2014, Plaintiffs filed a twenty (20) Count Amended Complaint [DE 88] (the

– 1 –
ESPINOSA | JOMARRON
Trial Lawyers

"**Amended Complaint**"). Counts XXII and XXIII of the Initial Complaint and Counts XVIII and XIX of the Amended Complaint allege that Defendants slandered Plaintiffs by making defamatory remarks to "each of the male co-plaintiffs (except Leon) in the Federal opt-in suit, styled *Ruben Rodriguez Melgar v. Mitchell's Lawn Maintenance Corp* and numbered 09-22243-CIV-Simonton." There were nineteen (19) male co-plaintiffs in the *Melgar* case other than Leon.[1]

Notwithstanding these counts and despite repeated requests and reminders as recent as March 25, 2015, by Defendants' counsel, Plaintiffs have failed to: (1) disclose the contact information for the nineteen (19) potential witnesses mentioned in Counts XVIII and XIX of the Amended Complaint as required by Rule 26; and (2) furnish a witness list identifying the fact witnesses Plaintiffs will be calling to testify at trial as ordered by the Court to be done by February 12, 2015. Accordingly, this Court should strike Counts XVIII and XIX of the Amended Complaint in their entirety and prohibit Plaintiffs from calling any witnesses at trial.

### A. PLAINTIFFS FAILED TO DISCLOSE THE WITNESSES IDENTIFIED IN COUNTS XVIII AND XIX OF THE AMENDED COMPLAINT

On September 9, 2013, Plaintiffs served their Rule 26 Initial Disclosures ("**Plaintiffs' Initial Disclosures**"). (A copy of Plaintiffs' Initial Disclosures is attached hereto as **Exhibit "A."**) Plaintiffs' Initial Disclosures failed to provide the contact information for any of the male co-plaintiffs in the *Melgar* case. Instead, Plaintiffs' Initial Disclosures simply stated: "All named

---

[1] The male co-plaintiffs in the *Melgar* case were: (1) Ruben Rodriguez Melgar; (2) Juan Plazaola; (3) Alexander Briceno; (4) Vincente Rodriguez; (5) Edgar Melgar; (6) Mario Oliva; (7) Sebastian Gonzalez; (8) Delfino Lopez; (9) Fabian Diaz; (10) Renato Rodriguez; (11) Anibal Rivera; (12) Oseas Reyes; (13) Jose Angel Cruz Rodriguez; (14) Luis Solorzano; (15) Javier Gonzalez; (16) Victor Gutierrez; (17) Andres Guzman; (18) Marcelino Mateo Marcos, and (19) Gilberto Rodriguez-Vasquez.

employees in Case #09-22243. [sic] Would have knowledge regarding the allegations in counts 16, 17, 20, 21, 22 and 23 of the complaint." (Initial Disclosures Ex. A, ¶ 20.)

After Plaintiffs' counsel ignored the undersigned's attempts to secure the contact information for the *Melgar* male co-plaintiffs, Defendants moved to compel Plaintiffs to provide the information [DE 51]. In response, Plaintiffs supplemented the Initial Disclosures on February 3, 2014 [DE 56] (**"Plaintiffs' First Supplemental Disclosure"**) and filed a response [DE 57] (**"Plaintiffs' Response"**). Based on Plaintiff's Response, the Court denied Defendants' motion to compel as moot. (A copy of Plaintiffs' First Supplemental Disclosure and Plaintiff's Response is attached hereto as **Exhibits "B"** and **"C,"** respectively.)

Plaintiffs' Response represented that Plaintiffs' counsel provided "the information known to Plaintiffs' Counsel at the time that the initial disclosures were made." (Plaintiffs' Response Ex. C, ¶ 5 (emphasis added).) Plaintiff's Response also represented that "Plaintiffs' Counsel did not have any additional contact information to update Plaintiffs' initial disclosures on January 6 or January 9 when Defendants' Counsel requested the same." (Plaintiffs' Response Ex. B, ¶ 6.)

Despite Plaintiffs' counsel's representations to the contrary, Plaintiffs' counsel did know the contact information for each of the "male co-plaintiffs" at the time they filed the initial and supplemental disclosures. By Plaintiffs' counsel own admission and as further detailed below, Plaintiffs' Counsel withheld this information based on an unasserted attorney-client privilege.

On February 9, 2015, Plaintiffs served Defendants with a second supplemental disclosure (**"Plaintiffs' Second Supplemental Disclosure"**), which still failed to provide the requisite contact information. (A copy of Plaintiffs' Second Supplemental Disclosure is attached as **Exhibit "D."**) Plaintiffs' Second Supplemental Disclosure listed only one of the nineteen (19) male co-plaintiffs from the *Melgar* case other than Leon—Javier Gonzalez. However, Plaintiffs' counsel

provided only Javier Gonzalez's phone number and failed to provide his address as required by Rule 26.[2]

On February 16, 2015, the undersigned e-mailed Plaintiffs' counsel Ms. Jaff requesting dates for the depositions of multiple witnesses. Among the witnesses requested were three (3) of the male co-plaintiffs in the *Melgar* case: Javier Gonzalez, Andre Guzman, and Ruben Melgar. Plaintiffs' counsel Ms. Jaff responded moments later as follows, "I am in mediation and will get back to you then [sic] I return to the office. Do not unilaterally set." (A copy of Plaintiffs' counsel e-mail is attached hereto as **Exhibit "E."**) However, no response was received from Ms. Jaff that day.

On February 18, 2015, the Court held a discovery hearing. Among the discovery issues heard, the Court ordered the attorneys to cooperate and work together to ensure all witnesses mentioned in the Amended Complaint are deposed before the discovery cut-off deadline of March 15, 2015.[3] Notwithstanding Plaintiffs' counsel's failure to cooperate with this Court's ruling, Plaintiffs' counsel refused to extend the discovery cut-off.

The day after the discovery hearing, the undersigned e-mailed Plaintiffs' counsel (Ms. Jaff) serving her with notices for depositions and informing her that Plaintiffs have not disclosed the addresses for, among other individuals, the following *Melgar* co-plaintiffs: Ruben Melgar, Javier Gonzalez, Andre Guzman, and Mario Oliva. (A copy of the February 19, 2015, e-mail exchange

---

[2] Attempts by Defendant's counsel to ascertain Mr. Gonzalez's address by speaking with him were futile as he indicated he knew nothing about this case, wanted nothing to do with this case, and refused to provide an address in which we could serve him with a subpoena.

[3] The docket reflects a Paperless Minute Entry for the discovery hearing held on February 18, 2015, and noted that an Order was to follow. Therefore, the representation as to what was stated by the Court is not meant as a direct quote but rather the collective memory of Defendants' attorneys present at the hearing. Any potential mischaracterization of the Court's ruling is inadvertent.

between the undersigned and Ms. Jaff is attached as **Exhibit "F."**) Ms. Jaff responded regarding another matter and ignored the undersigned's request for addresses of the male co-plaintiffs in the *Meglar* case. (*See* Ex. F.)

As a result of the lack of response regarding the contact information for the male co-plaintiffs in the *Meglar* case and because Plaintiffs' counsel (Mr. Zidell) was the attorney for <u>most (maybe all)</u> of the *Melgar* male co-plaintiffs, on February 23, 2015, Defendant served Plaintiffs' counsel with four (4) subpoenas directed at the *Melgar* male co-plaintiffs. Plaintiffs' counsel Mr. Jaime H. Zidell e-mailed Defendants' counsel Mr. Daniel A. Espinosa (and copying the undersigned) informing him that his office was not authorized to accept service for any of the witnesses. Mr. Zidell added that "For the above reasons, none of the above named witnesses will appear for depositions that you have improperly tried to serve through our office." (A copy of Attorney Zidell's e-mail is attached hereto as **Exhibit "G."**)

On February 24, 2015, Mr. Espinosa responded to Mr. Zidell's e-mail in part:

> Rafael and I have asked for the addresses of the witnesses in the Melgar case and the "current employees" of which you failed to provide (and were required to under the Rule 26). To date I do not have them. You keep stalling on providing them which is the reason your office was served (and the fact that you represented them). Plaintiffs have listed all employees in the Melgar case so they will be deposed. For you to suggest they will not appear is an interesting statement, which I hope we do not need to address with the Court. Are you suggesting that you will instruct these individuals not to attend? I will take it that you are not as such action is unethical and sanctionable."

(A copy of the February 24, 2015, e-mail is attached hereto as **Exhibit "H."**) By virtue of the foregoing e-mail, Plaintiffs' attorneys were once again put on notice of their failure to disclose the addresses of the *Melgar* male co-plaintiffs as required by Rule 26.

On February 26, 2015, Plaintiffs served a third supplemental disclosure (**"Plaintiffs' Third Supplemental Disclosure"**). (A copy of Plaintiffs' Third Supplemental Disclosure is attached hereto as **Exhibit "I."**) Inexplicably, Plaintiffs' Third Supplemental Disclosure still failed to provide the addresses of the male co-plaintiffs in the *Melgar* case or the address of Javier Gonzalez.

In response to Plaintiffs' Third Supplemental Disclosure, the undersigned e-mailed Plaintiffs' counsel Ms. Jaff on February 27, 2015, and stated:

> I will be moving to compel the addresses for all of the employees in the Melgar case as well as the other employees you don't name in the complaint. You were required to produce them as part of your Rule 26 disclosures. I will be informing the Court that after multiple requests you have refused to provide the addresses. We have a short period of time to depose these individuals and I have to assume that this is a stalling tactic on your behalf.

(A copy of the February 27, 2015, e-mail is attached here as **Exhibit "J."**) Plaintiffs' counsel neither responded to this e-mail nor provided the requested addresses.

On March 4, 2015, Ms. Jaff e-mailed the undersigned regarding the *Melgar* co-plaintiffs and stated <u>for the first time</u> in the entire litigation that it would be a violation of the attorney-client privilege for her to provide the addresses of the male co-plaintiffs in the *Melgar* case. The e-mail specifically stated in part:

> Defendants have been aware of these witnesses for months. You have not articulated what you have already done in order to obtain the addresses for same. Please advise as to what steps Defendants have taken to exhaust its methods of obtaining the addresses of said witnesses. While some of these witness were former clients of the Firm for us to go into their files and extract their addresses without authorization to provide to Defendants would be a violation of attorney-client privilege and we will not agree to do same. Said clients have not authorized us to provide you with this attorney-client privilege information.

(A copy of the e-mail exchange between Attorney Jaff and the undersigned is attached hereto as **Exhibit "K."**) The undersigned responded to Ms. Jaff via e-mail reminding her of the requirements

and duties imposed by Rule 26—i.e., the obligation to disclose the name and, if known, the address and telephone number of all individuals likely to have discoverable information and further pointed out that there is no requirement for Defendants to exhaust other methods of obtaining contact information prior to Plaintiffs' obligation to provide the information under Rule 26. (*See* Ex. K.)

On March 10, 2015, just <u>five</u> days before the discovery cut-off, Plaintiffs served a fourth supplemental disclosure (**"Plaintiffs' Fourth Supplemental Disclosure"**). (A copy of Plaintiffs' Fourth Supplemental Disclosure is attached hereto as **Exhibit "L."**) Plaintiffs' Fourth Supplemental Disclosure listed the *Melgar* witnesses in addition to a slew of new, never previously disclosed individuals who Plaintiffs now maintained may have discoverable knowledge. Specifically, Plaintiffs' Fourth Supplemental Disclosure listed, for the first time, the following male co-plaintiffs from the *Melgar* case: Mateo Pop, Gilberto Rodriguez Vasquez, Victor A. Gutierrez, Marcelineo Mateo Marcos, Edgar Melgar, Alexander Briceno, Mario Oliva, Oseas Reyes, Javier Gonzalez, and Andres Guzman. Plaintiffs' Fourth Supplemental Disclosure stated for all the witnesses "Address Currently Unknown" and failed to provide a telephone number without any indication that the telephone number was unknown (with the exception of Javier Gonzalez whose telephone number was provided on February 9, 2015).

Plaintiffs are willfully violating Federal Rule of Civil Procedure 26 by intentionally failing to disclose or supplement the name and, if known, the address and telephone number of the witnesses in the *Melgar* case. Plaintiffs' counsel's stall tactics have severely prejudiced Defendants. As a result, Defendants, pursuant to Rule 37, move to strike Counts XVIII and XIX of the Amended Complaint in their entirety.

B.
PLAINTIFFS FAILED TO PROVIDE A WITNESS LIST AS ORDERED BY THIS COURT

Plaintiffs should be prohibited from presenting witnesses at the trial of this case for failing to furnish a list of names and addresses of all fact witnesses Plaintiffs intend to call at trial. Pursuant to the Court's Order Re-Setting Pre-Trial and Trial Schedule [DE 74] (the "**Scheduling Order**"), this Court ordered Plaintiffs to furnish Defendants with a witness list containing the "names and addresses of all fact witnesses intended to be called at trial" by February 12, 2015, and further ordered that "only those witnesses shall be permitted to testify." (emphasis added).

In accordance with the Scheduling Order, on February 12, 2015, Defendants served Plaintiffs' counsel (Ms. Jaff) with Defendants' Witness List. (A copy of Defendants' Witness List with the corresponding service e-mail is attached hereto as **Exhibit "M."**) Plaintiffs' counsel Mr. Zidell and Daniel Feld also were copied on said e-mail. The e-mail to Plaintiffs' counsel serving Defendants' Witness List stated:

> Rivkah,
>
> In accordance with the Court's Re-Setting Pre-Trial and Trial Scheduling Order [D.E. 74] requiring the parties to furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial by today, February 12, 2015, attached hereto, please find a copy of Defendants' Witness List.

(Ex. M.) Plaintiffs did not furnish their witness list at that time ***and to date have yet to furnish their witness list***. This is true despite the undersigned's e-mail to Plaintiffs' counsel reminding them of the Court's order and multiple conversations regarding same. Additionally, Plaintiffs' also failed to seek an extension of time to furnish the witness list. Accordingly, this Court should order that Plaintiffs are prohibited from calling witnesses at trial.

## II.
## MEMORANDUM OF LAW

### A.
### STANDARD OF REVIEW

#### 1.
#### SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26

Federal Rule of Civil Procedure 26(a)(i) requires that parties provide a list of witnesses, and, if known, the address and telephone number of each witness. Rule 26(a)(i) provides in part:

> (A) *In General*. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, **without awaiting a discovery request, provide to the other parties:**
> **(i) the name and, if known, the address and telephone of each individual likely to have discoverable information**—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

(emphasis added). Thus, a party must provide the contact information for each individual listed in the Initial Disclosure, if known. Additionally, Federal Rule of Civil Procedure 26(e)(1)(A) requires that a party supplement the disclosures if a party learns that the disclosure is incomplete or incorrect. Specifically Rule 26(e)(1)(A) provides:

> In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party **learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing**;

(emphasis added). Should a party fail to make a disclosure required by Rule 26, Federal Rule of Civil Procedure 37(c)(1)(C) permits the Court, among other things, to: (1) not allow the

information or witness to be used at trial; or (2) strike the pleadings in whole or in part. Rule 37(c)(1) provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), <u>the party is not allowed</u> to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> . . . .
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

The relevant orders listed in Rule 37(b)(2)(A)(i)–(vi) are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part . . . .

Moreover, Rule 11(b) provides in relevant part:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . . .
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Furthermore, "under Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit" and "an attorney cannot simply rely on the conclusory representations of a client, even if the client is a long-time friend." *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996).

## 2.
## SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER

Local Rule 16.1(b)(6) states that "the parties are required to comply with any pretrial orders by the Court . . . ." Furthermore, failure to comply with a court order "will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defense and entry of judgment." *See* Local Rule 16.1(I).

Furthermore, a court has discretion to exclude a witness who was not listed on a witness list. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982) (noting that "[w]hether to exclude a witness not listed in the pretrial witness list is discretionary with the Court, and the decision is reviewable only for abuse of discretion). In determining whether to exclude a witness not listed on a witness list, the courts consider: (1) the importance of the testimony; (2) the reason for the failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness is allowed to testify. *Id.* (citing *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339 (11th Cir. 2004)).

In *Fabrica*, the Eleventh Circuit affirmed the trial court's decision to exclude a witness who would have testified on a crucial issue. *Id.* at 781. In affirming the trial court's decision, the Court employed the three-prong analysis listed above. The Court first determined that appellant's expert witness's testimony was important because he would have testified "on the admittedly crucial issue of the commercial meaning of the contract's 'shipment' term . . . ." *Id.* at 780. The Court never reached the third prong of the analysis because of the appellants "absence of any credible explanation for not making prior disclosure." *Id.* at 781.

ESPINOSA | JOMARRON
TRIAL LAWYERS

B.
ARGUMENT

1.
COUNTS XVIII AND XIX OF THE AMENDED COMPLAINT SHOULD BE STRICKEN FOR PLAINTIFFS' FAILURE TO DISCLOSE AS REQUIRED BY RULE 26

This Court should strike counts XVIII and XIX of the Amended Complaint for Plaintiffs' failure to disclose the witnesses mentioned in said counts. Plaintiffs' counsel's refusal to disclose this information based on an unasserted attorney-client privilege has severely prejudiced Defendants' discovery efforts. Not striking Counts XVIII and XIX would amount to Defendants proceeding to trial without deposing any of the witnesses mentioned in counts XVIII and XIX and with Plaintiffs benefitting from their intentional failure to disclose as required by Rule 26.

What makes matters worse is that in their response to Defendants' motion to compel and in their multiple disclosures, Plaintiffs' counsel represented to this Court (and to Defendants' counsel) that they did not know the contact information for these witnesses. However, this representation later proved to be false in light of Plaintiffs' counsel's statement that the information would not be provided due to an unasserted attorney-client privilege. (*See* Ex. K.)

Plaintiffs' failure to provide this information directly violates Rule 26. Rule 37 grants the Court the power to take corrective actions to address a failure to comply with Rule 26. Among the types of relief available, the Court may strike a pleading in part. It is appropriate to strike Counts XVIII and XIX of the Amended Complaint to prevent an injustice to Defendants. This is especially true because of the multiple attempts made by Defendants' counsel to obtain this information from Plaintiffs' counsel, the detailed explanations made by Defendants' counsel regarding how Rule 26 works, and the hearing this Court held on February 18, 2015, in which this issue was discussed.

Inexplicably, even after multiple reminders and explanations by Defendants' counsel and the hearing held by this Court on February 18, 2015, Plaintiffs still failed to provide the required information. It was not until March 10, 2015—only five (5) days before the discovery cut-off—that the names of the *Melgar* witnesses were disclosed (except for Javier Gonzalez, whose name and phone number was provided without his address).

Even assuming *arguendo* that every single one of the male co-plaintiffs in the *Melgar* case changed their address and phone number, Plaintiffs' counsel, or Plaintiffs themselves, should have this information available in light of their Rule 11 obligations to confirm that the allegations in the Complaint and Amended Complaint had evidentiary support before suit was filed. We now know that Plaintiffs' counsel has the information but is asserting the attorney-client privilege to prevent disclosure. But even if Plaintiffs' counsel had not asserted the attorney-client privilege, it is reasonable for this Court to infer that Plaintiffs' counsel took their Rule 11 obligation seriously and actually contacted the *Melgar* co-plaintiffs to confirm the factual allegations made in the pleading were accurate because Plaintiffs filed the Amended Complaint on November 24, 2014, and thereby certified that the allegations of Counts XVIII and XIX had evidentiary support. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996) (stating that "[U]nder Rule 11, an attorney must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit" and that "an attorney cannot simply rely on the conclusory representations of a client, even if the client is a long-time friend").

In any event, either: (1) Plaintiffs' counsel has the contact information of the *Melgar* witnesses and complied with its Rule 11 obligations and is merely improperly withholding the information based on an unasserted claim of attorney-client privilege; or (2) Plaintiffs' counsel does not have the contact information and thus made no reasonable inquiry into the factual basis

– 13 –

ESPINOSA | JOMARRON
TRIAL LAWYERS

of Counts XVIII and XIX of the Amended Complaint in violation of Federal Rule of Civil Procedure 11. In either scenario, striking of Counts XVIII and XIX of the Amended Complaint is appropriate under the circumstances because Plaintiffs are either in violation of Rule 37 or in violation of Rule 11.

Accordingly, this Court should exercise its discretion pursuant to Rule 37(b)(2)(A)(iii) and strike Counts XVIII and XIX of Plaintiffs' Amended Complaint.

### 2.
### PLAINTIFFS SHOULD BE PROHIBITED FROM PRESENTING ANY WITNESSES AT TRIAL FOR FAILING TO PROVIDE A WITNESS LIST AS ORDERED BY THIS COURT

The Scheduling Order [DE 74] required Plaintiffs to furnish Defendants with a witness list by February 12, 2015, and explicitly stated that only those witnesses listed on the witness list would be permitted to testify. To date, Plaintiffs have failed to furnish a witness list to Defendants. This is true despite the undersigned's reminders to Plaintiffs' counsel as recently as March 25, 2015. Rule 16.1(b)(6) gives this Court discretion to subject Plaintiffs to appropriate penalties including the dismissal of their case. Defendants seek that the Court enforce its Scheduling Order and prohibit Plaintiffs from calling any witnesses at trial pursuant to its own Scheduling Order and Rule 16.1.

This sanction is appropriate under the circumstances because of the multiple reminders given to Plaintiffs' counsel by Defendants' counsel. Even as recent as March 25, 2015, the undersigned informed Ms. Hueber of this issue and still Plaintiffs have failed to furnish a witness list. Furthermore, Plaintiffs' counsel never sought an extension of time either before the deadline expired or *nunc pro tunc* after Defendants' counsel's reminders. It has been over two (2) months since the fact witness list was due and still no witness list has been furnished.

Applying the factors of *Fabrica* to this case, this Court should conclude that Plaintiffs are prohibited from presenting any witnesses at trial. Although the testimony is probably important (assuming Plaintiffs will call a witness to establish each of its 23 counts), the prejudice to Defendant substantially outweighs the importance of the testimony. Defendants were supposed to have this information over two (2) months ago, and Plaintiffs have intentionally failed to provide it. Defendants have not been able to properly prepare their defense in light of the witnesses that Plaintiffs will be calling because this information has not been furnished by Plaintiffs. Even if the Court ordered that Plaintiffs immediately furnish the list, the time for discovery already expired on March 15, 2015. Further, the undersigned is currently working on a dispositive motion addressing multiple issues that may have become moot in light of Plaintiffs' witness list.

Moreover, as the Court in *Fabrica* reasoned, what is more important is Plaintiffs' counsel's apparent lack of good faith or a credible explanation for failing to furnish the witness list. Plaintiffs' counsel were reminded of the deadline to furnish their witness list multiple times, yet it has yet to be produced. Undersigned cannot fathom what possible acceptable reason Plaintiffs' counsel will provide to this Court for failing to furnish their witness list. This is true because of recent reminder by the undersigned to Ms. Hueber on March 25, 2015 and still no witness list.

Accordingly, this Court should prohibit Plaintiffs from presenting any witnesses at trial pursuant its discretion under Rule 16, its Scheduling Order, and the case law cited herein.

## CONCLUSION

Based on the foregoing, this Court should impose sanctions against Plaintiffs by striking Counts XVIII and XIX of the Amended Complaint under Rule 37 for Plaintiffs' counsel's failure to disclose and/or supplement its disclosures despite repeated requests by Defendants' counsel and the hearing this Court held on February 18, 2015, in which this issue was discussed. Further, this

Court should also prohibit Plaintiffs from presenting any witnesses at trial for failing to furnish a witness list by February 12, 2015, in violation of this Court's Scheduling Order and despite multiple reminders by Defendants' counsel to Plaintiffs' counsel as recent as March 25, 2015.

Plaintiffs' failures were willful and prejudicial to Defendants, and a lesser sanction would be inadequate.

WHEREFORE, Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION, MITCHELL'S LAWN LLC and MITCHELL IGELKO, respectfully request that this Honorable Court enter an Order:

a) striking Counts XVIII and XIX from the Amended Complaint; and

b) prohibiting Plaintiffs from presenting any witnesses at trial.

Respectfully submitted,

By: */s/ Rafael Viego III*
Daniel A. Espinosa, Esq.
Florida Bar No. 81686
Rafael Viego III, Esq.
Florida Bar No. 60967
**ESPINOSA | JOMARRON**
*Counsel for Defendants*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:   (305) 717-7530
Facsimile:    (305) 717-7539
E-mail: despinosa@ejtrial.com
E-mail: rviego@ejtrial.com

### CERTIFICATE OF GOOD-FAITH CONFERRAL

On March 25, 2015, the undersigned conferred with opposing counsel Elizabeth Hueber in a good-faith attempt to resolve the issues in this motion but no agreement could be reached.

By: */s/ Rafael Viego III*
Rafael Viego III, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served via e-mail this 29th day of April, 2015, upon: Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq.@gmail.com.

                                              By:  */s/ Rafael Viego III*
                                                      Rafael Viego III, Esq.