UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV- SCOLA/SIMONTON

**CONSENT CASE**

KELLY PHILLIPS and EDEL LEON,    )
                          )
         Plaintiffs,       )
   vs.                     )
                          )
MITCHELL'S LAWN MAINTENANCE  )
CORPORATION and          )
MITCHELL IGELKO,         )
                          )
        Defendants.     )
—————————————————————)

**PLAINTIFFS' INITIAL DISCLOSURES**

Now Come Plaintiffs, by and through undersigned counsel, and make the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1A.

**General Statement**

As Plaintiffs continue to obtain further information and documents through discovery and trial preparation, Plaintiffs reserve the right to supplement and/or amend these disclosures as necessary and appropriate.

**F.R.C.P. 26 (a)(1)(A)**

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

**Response to F.R.C.P. 26 (a)(1)(A)**

1.  Plaintiff, Edel Leon c/o J.H. Zidell P.A. Will testify as to the allegation in the complaint.

Ex. A

2. Plaintiff, Kelly Phillips c/o J.H. Zidell P.A. Will testify as to the allegation in the complaint.

3. Defendant, Mitchell Igelko c/o Espinosa & Jomarron P.A. Would have knowledge regarding the allegations in the complaint.

4. Lance Cooper, 2750 SW 142nd Court, Miami, Florida 33175.Would have knowledge regarding count 4 of the complaint.

5. Ahmed Andrade, 12817 SW 134th Court, Miami, Florida 33186. Would have knowledge regarding the hiring of Plaintiff Edel Leon by Lance Cooper.

6. John Chadwell, 10423 SW 185th Terrace, Cutler Bay, Florida 33157. Would have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft.

7. Eduardo Miguelez, unknown address. Would have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft.

8. Jose Mendoza, 25405 SW 129th Place, Homestead, Florida 33032. Is believed to have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft.

9. Esteban De Sol, unknown address. Is believed to have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft.

10. John Jefferson, unknown address. Is believed to have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft.

11. Harry De La Cruz, unknown address. Would have knowledge that Plaintiffs had no part in the scheme developed by Mitchell Igelko upon which Mitchell Igelko falsely accuses Plaintiffs of have stolen money from Mitchell Igelko.

12. Christian Sahs, unknown address. Is believed to have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft.

13. Patricia Martinez, unknown address. Is believed to have knowledge regarding comments made by Mitchell Igelko regarding the alleged theft as well as the fact that Mitchell Igelko made similar accusations against Patricia Martinez.

14. Victor Cifuentes, unknown address. Would have knowledge regarding the allegations in counts 6 and 7 of the complaint.

15. Vichith Phanitdasack, unknown address. Would have knowledge regarding the allegations in counts 8 and 9 of the complaint.

16. Francisco Torres, 7740 SW 75th Terrace, Miami, Florida 33143. Would have knowledge regarding the allegations in counts 10 and 11 of the complaint.

17. Alma Del Rio, unknown address. Would have knowledge regarding the allegations in count 12 of the complaint.

18. Barbara Igelko, unknown address. Would have knowledge regarding the allegations in count 13 of the complaint.

19. Edel Alfonso, unknown address. Would have knowledge regarding the allegations in counts 14 and 15 of the complaint.

20. All named employees in Case #09-22243. Would have knowledge regarding the allegations in counts 16, 17, 20, 21, 22 and 23 of the complaint.

21. Noel Baez, unknown address, would have knowledge regarding the allegations in counts 18 and 19 of the complaint.

**F.R.C.P. 26 (a)(1)(B)**

A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party

and that the disclosing party may use to support its claims or defenses, unless solely for·
impeachment.

## Response to F.R.C.P. 26 (a)(1)(B)

1. Police report and statements made by Micthell Igelko against Patricia Martinez.

2. Deposition transcript of Harry De La Cruz.

3. Trial transcript of Harry De La Cruz.

4. Video of Mitchell Igelko and Francisco Torres.


## F.R.C.P. 26 (a)(1)(C)

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary. material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

## Response to F.R.C.P. 26 (a)(1)(C)

1. Plaintiff, Kelly Phillips, will ask the jury to award at least $500,000 as compensatory damages for all claims within the complaint. Additionally, for counts 4, 6, 8, 10, 12, 13, 14, 16, 18, 20, 22 Plaintiff will be asking the jury to award at least four times the award of compensatory damages in the form of punitive damages. Plaintiff will suggest the amounts and tell the jury to give an amount appropriate for the circumstances for this case and remind the jury that it is within their purview to award more or less than amount suggested.

2. Plaintiff, Edel Leon, will ask the jury to award at least $500,000 as compensatory damages for all claims within the complaint. Additionally, for counts 5, 7, 9, 11, 15, 17, 19, 21 and23 Plaintiff will be asking the jury to award at least four times the award of

compensatory damages in the form of punitive damages. Plaintiff will suggest the amounts and tell the jury to give an amount appropriate for the circumstances for this case and remind the jury that it is within their purview to award more or less than amount suggested.

**F.R.C.P. 26 (a)(1)(D)**

Inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to F.R.C.P. 26 (a)(1)(D)**

None that Plaintiffs are currently aware of.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865 – 7167

By: _____
J.H. Zidell, Esq.
Florida Bar Number: 0010121

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Initial disclosures was sent via Facsimile and U.S. Mail to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, on this 9th day of September 2013.

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: _____
J.H. Zidell, Esq.
Florida Bar Number:0010121