UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV- SCOLA/SIMONTON

### CONSENT CASE

KELLY PHILLIPS and EDEL LEON, )
)
       Plaintiffs, )
  vs. )
)
MITCHELL'S LAWN MAINTENANCE )
CORPORATION and )
MITCHELL IGELKO, )
)
       Defendants. )
_____ )

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS

Come Now Plaintiffs, by and through undersigned counsel, and hereby file Plaintiffs' Response in Opposition to Defendants' Motion to Compel and in support thereof state as follows:

1. Plaintiffs' Counsel provided Defendants' Counsel with Plaintiffs' initial disclosures on September 9, 2013 [D.E. 51-1]. At the time that the initial disclosures were made, Plaintiffs' Counsel provided the information known to Plaintiffs' Counsel.

2. On January 6, 2014, at 5:14 p.m., Defendants' Counsel requested that Plaintiffs' Counsel provide Defendants' Counsel with updated information regarding several of the witnesses listed in Plaintiffs' initial disclosures.

3. In the late afternoon on January 9, 2013, Defendants' Counsel sent an email requesting that Plaintiffs' Counsel provide said information on or before 5:00 p.m. the following day.

1

4. The contact information for some of the witnesses such as Jose Mendoza and Francisco Torres were provided in Plaintiffs' initial disclosures, nevertheless, Defendants requested the same information again.[1]

5. Fed. R. Civ. P. 26 (a)(1)(A)(i) states that a party must disclose to the other side "the name **and, if known,** the address and telephone number of each individual likely to have discoverable information" [emphasis added]. Plaintiffs' Counsel complied with said requirement by providing the information known to Plaintiffs' Counsel at the time that the initial disclosures were made.

6. Plaintiffs' Counsel did not have any additional contact information to update Plaintiffs' initial disclosures on January 6 or January 9 when Defendants' Counsel requested the same.

7. Furthermore, at the time Defendants' Counsel made the request for additional contact information, the undersigned was working limited hours due to the recent birth of a daughter. As such, the undersigned could not respond to Defendants' requests without an opportunity to look into said matter. The arbitrary deadline imposed by Defendants' Counsel did not afford the undersigned with an adequate opportunity to investigate the matter in order to properly respond.

8. Thereafter, upon obtaining contact information for the requested witnesses, Plaintiffs' Counsel filed Plaintiffs' supplemental initial disclosures [D.E. 56].

9. Under the present facts, sanctions are unwarranted and Defendants' Motion should be deemed moot in light of Plaintiffs' Supplemental initial disclosures.

---

[1] Witnesses such as Jose Mendosa and Esteban Del Sol were employees of Defendants, and who testified on behalf of Defendants at trial in the previous consolidated matter. It stands to reason that Defendants have said contact information. Francisco Torres is Mitchell Igelko's neighbor.

2

10. Furthermore, Defendants' Motion seeking sanctions should be denied as it seeks sanctions on the basis of Plaintiffs failure to provide Defendants' Counsel with contact information not in the possession of Plaintiffs' Counsel at the time that Defendants requested the same. Defendants' Counsel makes the unjustified leap that Plaintiffs' Counsel must have had the information and requests that based on said assumption the Court award sanctions. *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record). Plaintiffs' Counsel requests that the Court not impose sanctions lightly as suggested by Defendants' Counsel and further request that the Court afford Plaintiffs with an opportunity for a hearing on the record should the Court not deny Defendants' Motion outright.

11. Furthermore, Plaintiffs would challenge the fees requested based on duplicity of tasks, double and triple billing, research of case law already filed in another matter (Case # 13-22277 D.E. 30 filed on 10/10/13), vague entries that don't explain the entries and block billing that doesn't divide the tasks charged for, see *Kearney v. Auto-Owners Ins. Co.,* 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010) (denying or reducing fees for block billing).

Wherefore, Plaintiffs restfully request that the Court deny Defendants' Motion in its entirety.

Respectfully submitted,

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Motion to Compel and for Sanctions was sent via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com on this 3rd day of February 2014.

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013

4