EXHIBIT "D"

## Rafael Viego III

| | |
|---|---|
| **From:** | Rafael Viego III |
| **Sent:** | Monday, April 27, 2015 12:23 PM |
| **To:** | 'Elizabeth Hueber'; Jhz |
| **Subject:** | RE: Igelko |

That was understood. Sorry about the deadline scare.  It was inadvertent because I thought it was today!

Should you have any comments, questions, or concerns, please do not hesitate to contact me.

Best,

Rafael Viego III
*Attorney at Law*



4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Office 305.717.7530 | Direct 305.717.7536
Cell 786.326.8514 | Fax 305.717.7539
rviego@ejtrial.com | www.ejtrial.com

**CONFIDENTIALITY NOTICE**: This e-mail message, and any attachment to this e-mail message, contains confidential information that may be legally privileged.  If you are not the intended recipient, you must not review, disclose, copy, distribute, or take any action in reliance on the contents of the information contained in this e-mail message, and any attachment to this e-mail message.  If you have received this e-mail message in error, please notify me immediately by return e-mail or by telephone at (305) 717-7530 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message, or any attachments, may not have been produced by the sender.

Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

 Please consider the environment before printing this e-mail.

**From:** Elizabeth Hueber [mailto:elizabeth.hueber.esq@gmail.com]
**Sent:** Monday, April 27, 2015 12:09 PM
**To:** Rafael Viego III; Jhz
**Subject:** Re: Igelko

Just as a follow up, I wanted to make sure it was clear that we are only not claiming / "pruning" those portions which you refer to, not the entire counts themselves in regard to (b) and (c).

On Mon, Apr 27, 2015 at 12:03 PM, Elizabeth Hueber <elizabeth.hueber.esq@gmail.com> wrote:

Raf:

First, stop scaring me about these deadlines! The deadline is tomorrow, not today! I just double checked the order. I almost had a heart attack (again).

Here are the answers to your question

(a) the Victor Cifuentes and Vicith Phanitdasck counts (Counts IV–VI); **I understand that they gave poor testimony at a deposition - and thus, we aren't particularly excited about bringing claims brought with them. But this is a problem with evidence presented, not facts and what really happened; we do not believe that the claims are false.  That said, we can stipulate and agree to not include those counts, only if that agreement is not used against us.  In other words, we don't want us stipulating to somehow be used to harm us. If we can agree to not include them at all in trial, as in referencing them or referencing our stipulation, we are good to go on dismissing those claims.**

(b) the request for punitive damages in Count III; and **AGREED withdrawal.**

(c) the request for relief under the FLSA and Section 448.110(5) for the Slander counts (Counts IV–XIX) **AGREED withdrawal**.

"(d)" I understand you are contesting the damages.  I can't just waive something like that, so, if it is your prerogative to move on damages, then we will oppose it.


On Mon, Apr 27, 2015 at 10:18 AM, Rafael Viego III <rviego@ejtrial.com> wrote:

Elizabeth,

I will be finishing and filing the MSJ today.  There are still issues which I would like a response.  The issues are whether you will be withdrawing: (a) the Victor Cifuentes and Vicith Phanitdasck counts (Counts IV–VI); (b) the request for punitive damages in Count III; and (c) the request for relief under the FLSA and Section 448.110(5) for the Slander counts (Counts IV–XIX).

In addition, regarding the general damages in the Slander Counts, are Plaintiffs still contending that because of Mitchell's alleged defamatory statements, Kelly and Edel were "shunned by many persons with whom she previously had any social or business relations" and that their "credit and reputation" were damages? Are Plaintiffs still contending that they experienced "difficulty in obtaining credit and employment?  That they lost wages? I ask because their testimony was to the contrary. Furthermore, Francisco Torres as well as Edel Alfonso also testified that neither of them ever applied for work with them, that they are friends of theirs, etc.  Based on all the evidence so far, there is no genuine issue of material fact which would prevent the Court from entering Summary Judgment in our favor regarding the majority of the general damages in the Amended Complaint.

Considering today is the deadline, a prompt response would be greatly appreciated.

Should you have any comments, questions, or concerns, please do not hesitate to contact me.

Best,

Rafael Viego III

*Attorney at Law*



4300 Biscayne Boulevard, Suite 305

Miami, Florida 33137

Office 305.717.7530 | Direct 305.717.7536

Cell 786.326.8514 | Fax 305.717.7539

rviego@ejtrial.com | www.ejtrial.com

**CONFIDENTIALITY NOTICE**: This e-mail message, and any attachment to this e-mail message, contains confidential information that may be legally privileged.  If you are not the intended recipient, you must not review, disclose, copy, distribute, or take any action in reliance on the contents of the information contained in this e-mail message, and any attachment to this e-mail message.  If you have received this e-mail message in error, please notify me immediately by return e-mail or by telephone at (305) 717-7530 and delete this message.  Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message, or any attachments, may not have been produced by the sender.

Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.