UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

<u>CONSENT CASE</u>

KELLY PHILLIPS and EDEL LEON,    )
                                  )
                Plaintiffs,       )
       vs.                        )
                                  )
MITCHELL'S LAWN MAINTENANCE       )
CORPORATION and                   )
MITCHELL IGELKO,                  )
                                  )
                Defendants.       )
_____ )

<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby submits its Motion for Partial Summary Judgment and states as follows:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.  **Introduction**

Plaintiffs seek Summary Judgment on these issues:

1. The defense of "truth" in regard to the slander and retaliation claims; and

2. The applicability of the Florida Litigation Privilege.

On November 24, 2014, Plaintiffs filed their Amended Complaint [DE 88]. Generally, Plaintiffs assert Defendants performed several actions in revenge or retaliation for Plaintiffs' actions in enforcing their rights under the FLSA in <u>Edel Leon, et al. v. M.I. Quality Lawn Maintenance, Inc., et al.</u>, Case No. 10-20506-CIV-SEITZ/SIMONTON.  Part of that retaliation claim involves the claim that Defendants lied about Plaintiffs stealing more than a million

dollars. So, Plaintiffs have brought slander claims for the same conduct under this Courts' supplemental jurisdiction.

The Amended Complaint contained twenty counts, summarized below for this Court's convenience.

| | |
|---|---|
| Count I. | **Retaliation under 29 U.S.C. 215(A)(3) as to PHILLIPS** |
| Count II. | **Retaliation under 29 USC 215(A)(3) as to LEON** |
| Count III. | **Retaliation under Fla. Stat. s. 448.110(5) as to PHILLIPS** |
| Count IV. | **Slander – PHILLIPS** (statements made to Victor Cifuentes) |
| Count V. | **Slander – LEON** (statements made to Victor Cifuentes) |
| Count VI. | **Slander – PHILLIPS** (statements made to Vichith Phanitdasack) |
| Count VII. | **Slander – PHILLIPS** (statements made to Francisco Torres) |
| Count VIII. | **Slander – PHILLIPS** (statements made to Francisco Torres) |
| Count IX. | **Slander – PHILLIPS** (statements made to Alma del Rio) |
| Count X. | **Slander – PHILLIPS** (statements made to Edel Alfonso) |
| Count XI. | **Slander – LEON** (statements made to Edel Alfonso) |
| Count XII. | **Slander – PHILLIPS** (statements made to employees of Mitchell's Lawn Maintenance Corporation) |
| Count XIII. | **Slander – LEON** (statements made to employees of Mitchell's Lawn Maintenance Corporation) |
| Count XIV. | **Slander – PHILLIPS** (statements made to Noel Baez) |
| Count XV. | **Slander – LEON** (statements made to Noel Baez) |
| Count XVI. | **Slander – PHILLIPS** (statements made to former employees of Mitchell's Lawn Maintenance Corporation and former Co-Plaintiffs in overtime suit) |
| Count XVII. | **Slander – LEON** (statements made to former employees of Mitchell's Lawn Maintenance Corporation and former Co-Plaintiffs in overtime suit) |
| Count XVIII. | **Slander – PHILLIPS** (other statements made to former Co-Plaintiffs in overtime suit in 09-22243-CIV-Simonton) |
| Count XIX. | **Slander – LEON** (other statements made to former Co-Plaintiffs in overtime suit in 09-22243-CIV-Simonton) |
| Count XX. | **Slander - LEON** (Withdrawn by Plaintiffs 4/28/2015) |

II.     **Argument**

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hoffman v. Allied Corp., et al., 912 F.2d at 1383. *See also,* Beal v. Paramount Pictures Corporation, 20 F.3d 454, 459 (11th Cir. 1994). Summary judgment is properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the federal rules as a whole, which are designed to secure a just, speedy, and inexpensive determination of every action. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

**a. Summary Judgment Can Be Entered as to the Fact that Plaintiffs did not Conduct a Theft of more than a Million Dollars.**

Plaintiffs have an important interest in resolving the question of the truth/falsity as to whether they stole more than a million dollars.  This is because Defendants have asserted "truth" as a defense to slander as well several derivative arguments.  *See* Amended Answers and Affirmative Defenses [DE 111].  Further, Defendants assert various affirmative defenses that they were justified in their actions, legitimizing the statements they made and lawsuits they filed. Id.  If in in summary judgment it could be shown that there was genuine dispute as to material fact that Plaintiffs never stole more than a million dollars, then the majority of litigation would be addressed.

As explained below, the evidence shows that Mitchell Igelko manufactured the claim that Plaintiffs stole money because he was angry at them for the apparent betrayal of Igelko's trust by filing the overtime suit Leon v. M.I Quality Lawn Maintenance, 10-20506, and this frustration led to retaliatory actions.  Defendants then accused Plaintiffs of stealing more than a million

dollars and made them an additional accused in Mitchell's Lawn Maintenance Corp.. v. Miranda's Lawn Maintenance Corp. pending before the Circuit Court of Dade County, Case no. 09-69166, in which Defendants claimed that Plaintiffs stole more than a million dollars.

Yet, Defendants, with all the discovery, experts, and time to reflect on this matter, never could come up with any evidence that Plaintiffs stole anything, and certainly not a million dollars.  Defendant Igelko was never able to articulate how he came under the belief that Plaintiffs stole the money. See Mitchell Igelko Depo., June 20, 2014, ("Igelko June 20 Depo.") p.95-96; Mitchell Igelko Trial Testimony, Leon v. Igelko, 10-20506-CIV-SEITZ/SIMONTON (July 5, 2012)("Igelko Exam"), pp. 6,12-13).  Despite the constant urging of Defendants' counsel, Florida Assistant Attorney General Sophia Bailey could not find cause to bring a criminal action against Plaintiff. See Sophia Bailey Depo., February 23, 2015 ("Bailey Depo"), p. 13-14, 16.

Yet, Defendants would have a cornucopia of evidence if Plaintiffs actually conducted any theft.  Defendant Igelko was paranoid and set up means of recording which should have provided evidence.  Defendants' check machine was under lock and key and constant video surveillance.  Deposition of Christian Sahs, March 12, 2015 ("Sahs Depo.") p. 13, l. 10-17.  The Defendants' accounting system, including customer records and accounts receivables, were all managed by Quickbooks and auditable. Sahs Depo p. 30-31.  All transactions were tracked. Sahs Depo p. 80-81.  It would have been impossible for Plaintiffs to change these records.  Defendants' accountant had complete and absolute remote access.  Cameras were trained and recording on every possible location in the office, including Plaintiff Phillips' area.

Defendant Igelko was also in control and miserly.  Sahs Depo p. 8, l. 15-25, p. 39-40, p. 49, p. 65, l.1-14.  He had installed the ability to remotely view files as well as surveillance videos

of the entire office. Sahs Depo p.10, l. 3-17.  He was in control.  "Everything with Mitchell was about economics." Sahs Depo p. 78, l. 7-8.  He shorted his vendors and employees when he could. Sahs Depo p. 65, l.1-14, p. 47-48, p.41 l. 7-25, p. 42.  He would accuse his employees of breaking equipment on purpose and would take it out of their pay. Sahs Depo p.62. l. 14-22.  He had his employees change records to suit his purposes. Sahs Depo p.82-84.

Defendant Igelko was acutely aware of the money coming in and out of the company.  Defendants had adequate means of noticing if money was going missing and would have had an extraordinarily accurate record of evidence had anything actually gone missing.  The allegation that Plaintiffs stole a one-three million dollars from Defendants' small business without Defendants noticing is just as preposterous as it sounds on its face.

It is near-impossible for Plaintiffs to "prove a negative", in the sense that Plaintiffs can make a prima facie argument that there can be no genuine issue of material fact as the fact that they did not steal money.  Nevertheless, no reasonable finder of fact could determine that Plaintiffs stole more than a million dollars, in light of the fact that no evidence has been brought to light that Plaintiffs did such a thing, yet there should be figurative mountains of evidence if such a thing had occurred.

### b. Under Principles of Federal Supremacy, the Florida Litigation does not Apply to Federal Causes of Action.

Plaintiff does not doubt that Florida's Litigation Privilege is extraordinarily broad for Florida causes of action.[1]  The question is to its applicability under principles of federal supremacy.

Plaintiffs maintains that Florida Litigation Privilege cannot as a matter of law trump federal rights, of which FLSA is one such example.  The Summary Judgment in the related case,

---

[1] Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994) ("[T]he torts of perjury, libel, slander, defamation, and similar proceedings that are based on statements made in connection with a judicial proceeding are not actionable").

Phillips v. M.I.Quality Lawn Maintenance,10-CV-20698 [DE 75] only addresses *how* the Florida litigation should apply, not if it should. The 11th Circuit Opinion affirms without analysis the same opinion. Though the parties discussed this, it was never directly addressed by this or the 11th Circuit Court of Appeals. Unless this Court were to consider its earlier Order on a Motion to Dismiss [DE 62], there is no precedent of this case which Court's Dismissal Order which would suggest that the Florida Litigation Privilege trumps federal rights and causes of action.

Courts universally[2] find that privileges founded in state law do not interrupt or nullify adjudication of federal causes of action. This includes litigation privileges founded in state law.

The Supremacy Clause mandates the dominance of federal law over state law. U.S. Const. art. VI, cl. 2[3]; Gibbons v. Ogden, 22 US 186, 210-211 (1824)("In every such case, the act of Congress, or the treaty, is supreme; and the law of the State, though enacted in the exercise of powers not controverted, must yield to it."); Cipollone v. Liggett Group, Inc., 505 US 504, 516 (1992)("[S]ince our decision in McCulloch v.Maryland, 4 Wheat. 316, 427 (1819), it has been settled that state law that conflicts with federal law is 'without effect.'"). If a state could immunize entire types of conduct, then that state would have the power to nullify federal law.

If filing a vexatious lawsuit was retaliatory conduct under the FLSA, and the Florida Litigation Privilege could eliminate the cause of action, then Florida law would be able to eliminate a federal cause of action. This is a direct attack on a substantive right, and is an anathema to the basic principles of this federal system. If a state could create a situation

---

2  This matter is the only case that Plaintiffs could find where a state privilege was applied to a federal cause of action.

3 This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

dependent privilege that was effective against federal law, it would reduce federal law to mere guidelines from which states could choose to pick and choose what laws apply.

This is not the case, and federal courts universally deny state privileges and immunities in federal causes of action. This principle applies in every type of privilege, from state carved out immunities to evidentiary privileges[4]. "A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced." Martinez v. State of Cal., 444 U.S. 277, 284, (1980); *see also* Delawder v. Platinum Fin. Sen's. *Corp.,* 443 F.Supp.2d 942, 949–51 (S.D.Ohio 2005) (holding that various immunity doctrines, including witness immunity, did not bar FDCPA claims).

Federal courts which have held that *state* privileges do not apply in *federal* causes of action are legion. *E.g.* Heintz v. Jenkins, 514 U.S. 291, 299 (1995); Couch v. United States, 409 U.S. 322, 335(1973); Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004)("The enforcement of federal law might be hamstrung if state-law privileges more stringent than any federal privilege regarding medical records were applicable to all federal cases"); Steffes v. Stepan Co., 144 F.3d 1070 (7th Cir.1998); Nix v. O'Malley, 160 F.3d 343 (6th Cir.1998); Belke v. Merrill Lynch, Pierce, Fenner & Smith, 78 F.R.D. 736, 737 (S.D. Fla. 1978); Rosania v. Taco Bell of Am., Inc., 303 F. Supp. 2d 878, 889 (N.D. Ohio 2004); Irwin v. Mascott, 112 F.Supp.2d, 937, 962–63 (N.D.Cal.2000); Kelly v. Great Seneca Fin. Corp., 443 F. Supp. 2d 954, 959 (S.D. Ohio 2005)("[T]here seems little doubt that a state privilege must yield to a federal statute in these circumstances").

---

4 "The common law--as interpreted by United States courts in the light of reason and experience--governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court. But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.

Suchite v. Kleppin, is a matter that this Court adjudicated regarding several instances of litigation related shenanigans which were committed by the defendants and defendants' counsel. 819 F. Supp. 2d 1284, 1292 (S.D. Fla. 2011). The defendants' opposing counsel allegedly harassed the plaintiff at deposition and reported the plaintiff's immigration status to this Court. Id. The defendants then moved for Summary Judgment on the grounds of the Florida Litigation Privilege. Id. This Court found that "[a] state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action." Id, quoting Steffes v. Stepan Co., 144 F.3d 1070, 1074 (7th Cir.1998); accord Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir.1996) (finding that California's litigation privilege did not bar plaintiff's suit under 42 U.S.C. § 1983); Rosania v. Taco Bell of America, Inc., 303 F.Supp.2d 878, 888–89 (N.D.Ohio 2004) (finding that a litigation privilege did not bar plaintiff's retaliation claim under the FMLA, which was based on Defendant's filing of counterclaims); Blevins v. Hudson & Keyse, Inc., 395 F. Supp. 2d 662, 667-68 (S.D. Ohio 2004).

Actions where federal courts have in fact protected litigants under the the Florida litigation privilege, like Williams v. Carney, 157 Fed.Appx. 103 (11th Cir.2005), are only proper because in those cases the Florida litigation privilege is barring a Florida cause of action which the federal court is enforcing through its supplemental jurisdiction under 28 U.S.C. § 1367. Suchite v. Kleppin, 819 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2011). This reasoning applies to the case which the Court cited previously, Jackson v. Bellsouth Telecommn's, 372 F.3d 1250 (11th Cir. 2004). In Jackson, the 11th Circuit Court of Appeals affirmed the proper application of the litigation privilege, but critically, the causes of action at issue were "tortious interference of contract" and "conspiracy to defraud." Id. at 1275. These are causes of action in state court, and consistent with the nearly unanimous jurisprudence on this.

As these principles apply to this matter, the Federal litigation privilege can only apply for the causes of action tied to Florida causes of action, particularly, slander, as well as retaliation under Florida law. The FLSA retaliation claims – Count I and Count II – are not subject to the inhibitions of the Florida litigation privilege.

Plaintiffs understand that this Court has discussed this in their partial dismissal of Plaintiffs' first Complaint. *See* Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, March 17, 2014 [DE 62] ("Dismissal Order"). Now, facing a similar issue with Plaintiffs' Amended Complaint in competing Motions for Summary Judgments, the Court can reconsider its reasoning.

First and foremost, whether summary judgment should be entered is a separate adjudication in comparison to whether a claim should be dismissed, despite the common issues of "Florida litigation privilege." If this Court considers this to be of a similar issue in the sense that it would be overruling itself, this Court may still nevertheless hold as such. There is no governing "law of the case" based on the Dismissal Order – this Court has discretion to change its opinion on what the "law of the case" is. S. Ry. Co. v. Clift, 260 U.S. 316, 319(1922); Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir.1970). Fed.R.Civ.P. 54(b) describes, "[other than final judgment], any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Further, Plaintiffs recognize that this Court is concerned that the "Eleventh Circuit has ruled that a retaliation claim based on an original complaint in the state court lawsuit was barred by the privilege would result in irreconcilably antagonistic rulings." Dismissal Order at 10.

This is referring to the "law of the case" doctrine. "Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." <u>This That And The Other Gift And Tobacco, Inc. v. Cobb Cnty., Ga.</u>, 439 F.3d 1275, 1283 (11th Cir. 2006) *citing* <u>Heathcoat v. Potts</u>, 905 F.2d 367, 370 (11th Cir.1990). This, however, is not the same case from which a "law of the case" would apply. This may seem to be a "technicality" in the sense that the spirit of "law of the case" doctrine suggests that similar parties should receive the same treatment; however, as applied by the Eleventh Circuit, the "law of the case" only applies in situations when the appeals Court has already addressed something in the same exact case – not substantially similar ones. This is an important distinction, because if this Court were to adopt the holdings of the previous courts (which were made without analysis), then the results would be plainly contrary to the Constitution and well-established case law that states cannot subvert federal law through state-created privileges.

A second exception to the "law of case" doctrine which would apply is that this doctrine does not apply if the application of the previous ruling is "clearly erroneous and will work manifest injustice if not if not reconsidered." <u>Culpepper v. Irwin Mortgage Corp.</u>, 491 F.3d 1260, 1271 (11th Cir. 2007), *citing* <u>Wheeler v. City of Pleasant Grove</u>, 746 F.2d 1437, 1440 (11th Cir. 1984).

The "law of the case" doctrine does not prevent this Court from making the correct ruling, whether this Court finds that it does not apply because it is not the same case, or that the previous holding by implication is clearly erroneous. Plaintiffs posit it is better to come to the correct ruling under the law through the justification of an exceptions to the "law of the case" doctrine, than it is to perpetuate a ruling that appears to apply but is demonstrably incorrect.

Because there is no federal litigation privilege[5] and no Florida litigation privilege that applies to the federal retaliation claims brought in this action, this Court must find in Partial Summary Judgment the inapplicability of any litigation privilege as to Counts I and II.

### c.   The Litigation Privilege Does Not Apply to Ancillary Matters

Above, Plaintiffs argue that the Florida litigation privilege does not apply at all for federal causes of action.  Here, Plaintiffs assert that certain conduct does not fall within the Florida litigation privilege umbrella even in circumstances where the Florida litigation privilege would apply, such as Florida causes of action.

Plaintiffs allege that Defendants threatened Plaintiffs with arrest, inappropriately urged the state attorney to arrest Plaintiffs under false pretenses, and harassed Plaintiffs with statements about arrests. These matters are tangentially related to litigation, and thus it could be argued that the fall under the umbrella of Florida litigation privilege.[6]

Plaintiffs refer to the same logic and cases referred to in this Courts' Dismissal Order. Particularly:

> When the Florida litigation privilege extends to acts occurring outside of the courtroom, or, extra-judicial acts, the occurrence from which the claims arise

---

5 Suchite v. Kleppin, 819 F. Supp. 2d 1284, 1292-93 (S.D. Fla. 2011):

> To the extent that Defendants argue that the Court should recognize a federal common law privilege modeled on the state law privilege, the Seventh Circuit addressed that argument in Steffes [v. Stepan Co., 144 F.3d 1070, 1074 (7th Cir.1998)]. The Seventh Circuit declined to apply an absolute privilege to federal claims for retaliation. Steffes, 144 F.3d at 1076. The Seventh Circuit stated that although "litigation tactics for the most part will not give rise to actionable retaliation," the appeals court was unwilling "to foreclose the possibility that some actions taken in the course of litigation could constitute retaliation...." Id. This Court is similarly unwilling to apply an absolute litigation privilege to an FLSA retaliation claim.

See also Heintz v. Jenkins, 514 U.S. 291, 293 (1995).

6 Plaintiffs predict that Defendants will move for Summary Judgment on the issue of conduct outside of the courtroom.  Plaintiffs hope that moving for Summary Judgment now will permit this Court to determine the issue outright as a matter of law.

must be integral or inextricably linked to the judicial process for the acts to be protected by the privilege. Jackson, [v. Bellsouth Telecommn's, 372 F.3d 1250, 1275-76 (11th Cir. 2004)(actions taken outside of court but during course of settlement negotiations were inextricably linked to the process of guiding ongoing litigation to a close and therefore protected by Florida litigation privilege). Here, Plaintiffs alleged that Defendants frequently asked the Dade County State's Attorney's Office to issue an arrest warrant for Phillips; and, that Defendant slashed Plaintiffs' car tires. Plaintiffs neither alleged these acts occurred during a court proceeding nor can the Court infer they occurred within a courtroom. Moreover, placing a telephone call to a prosecuting attorney and vandalizing an automobile cannot be said to be integral to any part of a judicial process in the state or federal actions. Am. Nat'l Title & Escrow of Florida, Inc.v. Guar. Title & Trust Co., 810 So.2d 996 (Fla. 4th DCA 2002) (defendants' act of conspiring to maliciously give false information to law enforcement authorities about plaintiff resulting in arrest involved extra-judicial tortious activity that was not protected by the Florida litigation privilege.).

Plaintiffs request that this rationale be extended and grant Summary Judgment as a matter of law that the Florida litigation privilege does not apply to conduct that occurs outside of court, namely, Defendants threatened Plaintiffs with arrest, inappropriately urged the state attorney to arrest Plaintiffs under false pretenses, and harassed Plaintiffs with statements about arrests, are all activities that are outside the courtroom and thus beyond the reach of the Florida litigation privilege under any circumstances.

If this Court so held, then Plaintiffs would nevertheless still need to show to the finder of fact that these events did happen, and further, that they were actionable as retaliation; however, such a finding would eliminate a contentious issue prior to trial.

### III.  Conclusion

Plaintiffs have shown that no reasonable finder of fact could determine that Plaintiffs stole more than a million dollars from Defendants.  Further, the Florida litigation privilege should not apply to Count I or Count II of this case.  Even if the Florid litigation privilege were

to apply to any of the causes of action in this matter, then the actions outside of Court should not be deemed covered under the Florida litigation privilege umbrella.

Thus, pursuant to Fed.R.Civ.P. Rule 56, Summary Judgment should be granted in favor of Plaintiffs as to the above.

Submitted this 5th day of May, 2015.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar No.: 0010121

By:__/s/ Elizabeth O. Hueber_____
Elizbeth O. Hueber
Fla.Bar.No. 0073601

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Partial Summary Judgment was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 24th day of April, 2015.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Elizabeth O. Hueber_____
Elizbeth O. Hueber
Fla.Bar.No. 0073601