UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

**CONSENT CASE**

KELLY PHILLIPS and EDEL LEON,  )
                     Plaintiffs,  )
vs.  )
     )
MITCHELL'S LAWN MAINTENANCE  )
CORPORATION and  )
MITCHELL IGELKO,  )
                     Defendants.  )
_____ )

**PLAINTIFFS' STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COME NOW** Plaintiffs, by and through undersigned counsel, and state these undisputed material facts, pursuant to Fed. R. Civ. P. 56 and SDLR 56.1, and in support thereof state as follows:

1. Defendant Igelko never suspected that someone was forging checks. (Mitchell Igelko Trial Test., Leon v. Igelko, 10-20506-CIV-SEITZ/SIMONTON (July 5, 2012) ("Igelko Exam."), p. 12, l. 12-18).

2. Defendant Igelko fired Plaintiff Edel Leon an hour and a half after Plaintiff Edel Leon became a Plaintiff in the instant lawsuit against Defendants. (Igelko Exam, p. 49, l. 13-17.)

3. Defendants paid at least some of their employees in cash between 2006 and 2009. (Mitchell Igelko Depo., June 20, 2014, p. 47).

    a. When check payments came in from clients, some would be cashed instead of deposited into the corporate bank account in order to pay "illegal workers" in cash. (p. 57, l. 16).

4. Defendant Igelko's mother, Elsa Gelman, signed the Defendants' payroll checks between 2006 and 2009. (Mitchell Igelko Depo., June 20, 2014, p. 68, l. 20-21, Elsa Gelman Depo. June 27, 2013, p. 29, l. 23-24).

5. Defendant Igelko has offered no evidence that Plaintiff Kelly Phillips stole Defendants' money. (Mitchell Igelko Depo., June 20, 2014, p. 95-96).

6. Defendant Igelko had a system by which he could access company files from his home. (Christian Sahs Depo., March 12, 2015, p. 10, l. 3-17).

7. Defendants had a security system at work which included several security cameras. (Christian Sahs Depo., March 12, 2015, p. 13, l. 10-17).

8. Igelko was miserly and often made attempts to under-pay his vendors. (Christian Sahs Depo., March 12, 2015, p. 8, l. 15-25, p. 41, l. 7-25, p. 65, l. 1-14, p. 78, l. 7-8, p. 104, l. 17-24).

9. Defendant Igelko had in place significant financial controls. (Christian Sahs Depo., March 12, 2015, p. 20, l. 21-25, p. 49, p. 86-88).

    a. Accountant had access to financial records with the company. (p. 20, l. 21-25).

    b. Invoices and Accounts Receivables would run through the Quickbooks software, and all information was stored and recoverable. (p. 81-82).

    c. Defendants' computer and accounting system was had back-ups and could not reasonably be corrupted or destroyed. (p. 110).

    d. Defendants' computers and accounting system were up so that it was easy to audit each employees' access and system changes, as each employee had their own unique log-in. (p. 30-31).

10. Mitchell took money out of employee paychecks when he would believe that they had done something wrong. (Christian Sahs Depo., March 12, 2015, p. 41, l. 7-25, p. 42, p. 47-48, p. 95, l. 23-25).

    a. Defendant Igelko accused employees of stealing equipment and breaking equipment on purpose. (Christian Sahs Depo., March 12, 2015, p. 62, l. 14-22).

11. Defendant Igelko closely monitored Defendants' office premises. (Christian Sahs Depo., March 12, 2015, p. 88-91).

    a. Defendant Igelko had many security cameras in the office and recorded nearly everything that occurred. (p. 89-91).

    b. Defendant Igelko closely monitored his personal office using security cameras, kept it consistently locked, and he would have had knowledge of anyone entering his personal office. (p. 89-91).

    c. All of the security camera data was recorded and sent to Defendant Igelko's home for his access. (p. 88, l. 1-12).

12. Defendants changed their invoice and Quickbooks accounting records to suit Defendants' own purposes. (Christian Sahs Depo., March 12, 2015, p. 82-84).

    a. Defendant Igelko directed Kelly Phillips to print accounting and invoice reports so that Defendants could review and modify the invoices and accounting. (p. 82-84).

    b. If a change was made to the accounting records, a system was in place to record any and every such change. (p. 86).

13. Defendant Igelko had direct control of Defendants' business accounts. (Christian Sahs Depo., March 12, 2015, p. 87-88).

14. Plaintiff Kelly Phillips did not have the ability to modify invoices or Quickbooks records without Defendants knowing about it later. (Christian Sahs Depo., March 12, 2015, p. 80-81).

15. Sophia Bailey is an assistant state attorney, and was handling a file related to Kelly Phillips and/or Edel Leon and Mitchell Igelko and his related companies. (Sophia Bailey Depo. Feb. 3, 2015, pp. 7-8).

16. Sophia Bailey learned about the case in approximately May 2011 from the Miami-Dade Police Department. At that time, she was just alerted that an employee or more than one employee of Mitchell's Lawn Service had embezzled funds. (Sophia Bailey Depo. Feb. 3, 2015, p. 9).

17. In 2011, when reviewing the case with a Miami-Dade Police detective, Cave Rose, Sophia bailey determined that there was no probable cause to arrest Kelly Phillips for theft because there was not enough information about the case to decide that. (Sophia Bailey Depo. Feb. 3, 2015, p. 16).

18. After reviewing the case, Sophia Bailey decided there was not sufficient evidence for her to conclude there was a good faith basis to arrest Plaintiffs for the theft alleged by Defendants. (Sophia Bailey Depo. Feb. 26, 2015, pp. 13-14).

19. Forensic Accountant Lucerito Calonge, working with prosecutor Sophia Bailey, conducted a review of Plaintiffs' bank accounts, and they together determined there

was no evidence of Plaintiffs' receiving funds that Defendants' claim were stolen by Plaintiffs. (Sophia Bailey Depo. Feb. 26, 2015, p. 17).

20. Sophia Bailey determined that Defendants' cash dealings made it too difficult to determine on a good faith basis the amount of money that Defendants claimed were stolen. (Sophia Bailey Depo. Feb. 26, 2015, pp. 31-32).

21. After reviewing Defendants' financial documentation with several accountants, Sophia Bailey was unable to determine that large amounts of funds were being cashed through checks and her suspicion turned to Defendant Igelko's payment of employees or other things in cash. (Sophia Bailey Depo. Feb. 26, 2015, p. 33).

Respectfully submitted,

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar No.: 105151

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Statement of Facts Affirmative Defenses was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 5th day of May 2015.

J.H. Zidell, P.A.
*Attorneys for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By: /s/ Julia M. Garrett
Julia M. Garrett, Esq.
Florida Bar No.: 105151