```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                         MIAMI DIVISION

                CASE 10-20506-CIV-SEITZ/SIMONTON
                     10-20698-CIV-SEITZ/SIMONTON
                     10-20975-CIV-SETIZ/SIMONTON

EDEL LEON,
KELLY PHILLIPS,
LOUISA GINSBERG,
LUIS SOLORZANO,
                        Plaintiffs,
        vs.
MITCHELL IGELKO,                       MIAMI, FLORIDA
M.I. QUALITY LAWN MAINTENANCE, INC.,   JULY 5, 2012
MITCHELLS LAWN MAINTENANCE,            THURSDAY - 9:00 A.M.
                                       EXCERPT
                        Defendants.
------------------------------------------------------------
           EXCERPT TRANSCRIPT OF JURY TRIAL PROCEEDINGS
              [Witness testimony - Mitchell Igelko]
              BEFORE THE HONORABLE ANDREA SIMONTON
                  UNITED STATES MAGISTRATE JUDGE
                             DAY 2
------------------------------------------------------------
APPEARANCES:
FOR THE PLAINTIFF:
                         JAIME ZIDEL, ESQ.
                         DANIEL FELD, ESQ.
                         J.H. Zidell, P.A.
                         300 71st Street, Ste. 605
                         Miami Beach, FL  33141
                         Email: DanielFeld.Esq@Gmail.com
FOR THE DEFENDANTS:
                         DANIEL ALBERTO ESPINOSA, ESQ.
                         JESMANY JOMARRON, ESQ.
                         RAFAEL VIEGO, III, ESQ.
                         Espinosa/Jomarron
                         4300 Biscayne Boulevard, Ste.305
                         Miami, FL  33137 - 305.717.7530
                         Email: despinosa@jtrial.com
                                JJomarron@jtrial.com
                                rviega@jtrial.com

            TOTAL ACCESS COURTROOM REALTIME TRANSCRIPTION
                             July 5, 2012
```

```
 1
        REPORTED BY:
 2
                            ROBIN MARIE DISPENZIERI, RPR
                            Official Federal Court Reporter
 3                          United States District Court
                            400 N. Miami Avenue, Ste. 8S67
 4                          Miami, FL  33128 - 305/523-5659
                            Email:  Rdispenzieri@gmail.com
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

IGELKO - Direct

12

| | | |
|---|---|---|
| 09:55:49 | 1 | A.  What time-frame were you referring to? |
| 09:55:50 | 2 | Q.  This is as of your deposition on July 29th, 2010. |
| 09:55:56 | 3 | In other words, you told us several times through that |
| 09:55:59 | 4 | deposition, "I don't know.  I don't know if people are |
| 09:56:01 | 5 | stealing.  I don't know if they're forging." |
| 09:56:04 | 6 | Now, today it seems that you have different testimony, |
| 09:56:08 | 7 | and my question is why. |
| 09:56:10 | 8 | A.  That is a correct statement.  Like I said to you earlier, |
| 09:56:13 | 9 | the reason that I have a different testimony is because we |
| 09:56:17 | 10 | have, throughout the years, have been able to do investigation, |
| 09:56:24 | 11 | okay, and research through investigators, through attorneys, |
| 09:56:28 | 12 | and other sources, realizing that there is a substantial amount |
| 09:56:33 | 13 | of money missing and being -- checks written to persons that I |
| 09:56:39 | 14 | have never authorized those checks to be written to. |
| 09:56:52 | 15 | Q.  Now, back then on July 29th, 2010, did you have evidence |
| 09:57:03 | 16 | then of who you thought was stealing or forging checks from |
| 09:57:07 | 17 | your company? |
| 09:57:11 | 18 | A.  I had a good idea.  I would say I had a probably 50 percent |
| 09:57:17 | 19 | idea.  Now I have probably a 99.99 percent idea of who it is or |
| 09:57:24 | 20 | who it was. |
| 09:57:27 | 21 | Q.  Did you have evidence though, back then, of who did it, |
| 09:57:31 | 22 | according to you? |
| 09:57:36 | 23 | A.  We did have evidence. |
| 09:57:38 | 24 | Q.  What was the discovery or the evidence that had been found |
| 09:57:44 | 25 | after that date, July 29th, 2010? |

July 5, 2012

IGELKO - Direct

47

| | | |
|---|---|---|
| 11:35:24 | 1 | You're not getting to your client before lunch. I can assure |
| 11:35:28 | 2 | you of that. |
| 11:35:29 | 3 | The question is whether Mr. Zidell will finish before |
| 11:35:33 | 4 | lunch. He will finish before lunch. I may not take lunch at |
| 11:35:38 | 5 | 11:45, but you spent all kinds of -- |
| 11:35:42 | 6 | MR. ZIDELL: This is a difficult witness to deal with |
| 11:35:45 | 7 | as well. Usually, I don't like spending this long with a |
| 11:35:49 | 8 | witness. |
| 11:35:50 | 9 | THE COURT: I'm not going to argue with you about |
| 11:35:53 | 10 | that. You can ask him simple non-compound questions. There |
| 11:35:59 | 11 | was some incident report. I don't know what that's about. I'm |
| 11:36:02 | 12 | not going to get into hearsay. |
| 11:36:04 | 13 | You're asking him a lot of questions that he says, "I |
| 11:36:07 | 14 | don't know the answer," and then you repeat and you continue to |
| 11:36:10 | 15 | ask the same question and he says, "I don't know." It is one |
| 11:36:13 | 16 | thing to try to refresh his recollection. |
| 11:36:17 | 17 | In a lot of cases, you have simply been beating a dead |
| 11:36:21 | 18 | horse. You need to get to the point and don't ask compound |
| 11:36:25 | 19 | questions. You put so many facts in your questions that I |
| 11:36:30 | 20 | couldn't answer them. |
| 11:36:32 | 21 | He is allowed to ask leading questions. Leading |
| 11:36:38 | 22 | questions include things that might be testimony. Your client |
| 11:36:41 | 23 | is very good at saying he doesn't know if he doesn't know. It |
| 11:36:46 | 24 | does make questions confusing and compound. |
| | 25 | [Proceedings in open court follow]: |

July 5, 2012

IGELKO - Direct

49

| | | |
|---|---|---|
| 11:38:47 | 1 | A. You can write on paper whatever you want. You can say on |
| 11:38:51 | 2 | paper whatever you want and -- |
| 11:38:53 | 3 | THE COURT: Mr. Igelko, the question is what happened |
| 11:38:58 | 4 | that day. It's not what was written on some piece of paper. |
| 11:39:03 | 5 | It's not is this true. He's asking you for your testimony |
| 11:39:08 | 6 | regarding what happened. |
| 11:39:12 | 7 | THE WITNESS: I guess he called the police because he |
| 11:39:15 | 8 | thought it was unfair for me to have fired him. It's all a |
| 11:39:20 | 9 | case, um, of getting back at someone or of -- it's all a case |
| 11:39:33 | 10 | of extortion. It was a case of revenge. That's what it's all |
| 11:39:39 | 11 | about. |
| 11:39:42 | 12 | BY MR. ZIDELL: |
| 11:39:43 | 13 | Q. Okay. Now, you do know, don't you, that your prior |
| 11:39:54 | 14 | attorney was advised of Mr. Edel Leon's desire to join the |
| 11:40:00 | 15 | lawsuit for overtime wages about an hour and a half before you |
| 11:40:05 | 16 | fired him on that day? You know that, right? |
| 11:40:09 | 17 | A. I was advised, but that's not the reason he was fired. |
| 11:40:13 | 18 | Q. And that was Mr. Alman, so we get it clear for the record? |
| 11:40:18 | 19 | A. No, it wasn't. |
| 11:40:20 | 20 | Q. Who was it? |
| 11:40:22 | 21 | A. You should know. |
| 11:40:24 | 22 | Q. Your prior attorney had received a notification that Edel |
| 11:40:30 | 23 | Leon wanted to join this lawsuit to collect overtime wages, and |
| 11:40:35 | 24 | he was fired about an hour and a half later by you, correct? |
| 11:40:39 | 25 | A. First of all, it wasn't Attorney Alman, number one. |

July 5, 2012

IGELKO - Direct

57

| | | |
|---|---|---|
| 11:52:08 | 1 | A. That is correct. |
| 11:52:09 | 2 | Q. Okay. Now, if the conversation with your mother, the |
| 11:52:13 | 3 | disrespect to your mother was what caused you, was the |
| 11:52:17 | 4 | motivating factor that caused you to fire him, I want to ask |
| 11:52:22 | 5 | you if you remember this question and answer series that you |
| 11:52:25 | 6 | gave us in your deposition, okay? |
| 11:52:27 | 7 | A. Okay. |
| 11:52:28 | 8 | Q. This deposition was a continued part of the first one that |
| 11:52:31 | 9 | occurred on August 27th -- |
| 11:52:33 | 10 | MR. ESPINOSA: Objection, it's improper impeachment. |
| 11:52:37 | 11 | He has to ask the question first. |
| 11:52:39 | 12 | THE COURT: I will admit it as an admission. |
| 11:52:42 | 13 | BY MR. ZIDELL: |
| 11:52:43 | 14 | Q. Your second deposition in this case that was taken on |
| 11:52:46 | 15 | Friday, August 27th, 2010, I'm just going to ask you if you |
| 11:52:50 | 16 | remember this question and answer series. You tell me if you |
| 11:52:54 | 17 | remember stating this under oath back then, okay? |
| 11:52:57 | 18 | A. Correct. |
| 11:52:58 | 19 | Q. Page 8, line 6, the question was -- for completion, we'll |
| | 20 | start at line 2. |
| 11:53:01 | 21 | Question: "Yes, looking at your deposition from July |
| 11:53:12 | 22 | 29th, you had stated that he was disrespectful to you and |
| 11:53:16 | 23 | to your employees." |
| 11:53:18 | 24 | Answer: "My wife, to me." |
| 11:53:23 | 25 | Question: "Was that the principal reason why you |

July 5, 2012

129

```
15:40:14   1  statement.
           2  BY MR. ZIDELL:
15:40:15   3  Q.   Through your attorney, did you do something like that?
15:40:18   4  A.   Not at all.
15:40:22   5         MR. ZIDELL:  I don't have anything further, Your
15:40:25   6  Honor.
15:40:25   7         THE COURT:  Recross?
15:40:26   8         MR. ESPINOSA:  No recross, Your Honor.
15:40:28   9         THE COURT:  Do any members of the jury have any
15:40:31  10  questions that you would like to ask or would like me to ask
15:40:36  11  Mr. Igelko?  If the CSO would come forward and take any
15:40:41  12  questions, if there are any.
15:40:43  13         Since there are none, Mr. Igelko, you can step down.
15:40:49  14         THE WITNESS:  I was enjoying it up here.
          15         [Witness excused].
          16                        *********
          17                    C E R T I F I C A T E
          18         I hereby certify that the foregoing is an accurate
          19  transcription of proceedings in the above-entitled matter.
          20
                                    /S/ ROBIN MARIE DISPENZIERI
          21  _____        _____
                   DATE             ROBIN MARIE DISPENZIERI, RPR
          22                        Official Federal Court Reporter
                                    United States District Court
          23                        Wilkie D. Ferguson Federal Courthouse
                                    400 N. Miami Avenue, Ste. 8S67
          24                        Miami, FL  33128 - 305.523.5659
                                    Email:  Rdispenzieri@gmail.com
          25
```