UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

CONSENT CASE

KELLY PHILLIPS and EDEL LEON,         )
                                       )
        Plaintiffs,                    )
    vs.                                )
                                       )
MITCHELL'S LAWN MAINTENANCE            )
CORPORATION and                        )
MITCHELL IGELKO,                       )
                                       )
        Defendants.                    )
_____)

**OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO DISCLOSE AND FOR FAILURE TO FURNISH A WITNESS LIST WITH MEMORANDUM OF LAW**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby submits their Opposition to Defendants' Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List with Memorandum of Law ("Sanctions Motion") and states as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Introduction**

Defendants assert two discovery violations; the first, (a) that Plaintiffs failed to provide addresses of particular witnesses when they should have pursuant to initial disclosures, and second, (b) that Plaintiffs should have provided a witness list and therefore should have no witnesses.

To the extent that Defendants' Sanctions Motion seeks sanctions for a violation of discovery, it is so late that the Court should not consider it pursuant to the Court's scheduling order and Local Rule 24.1. Defendants are seeking to strike Plaintiffs' claims through a

discovery motion, 567 days late, in regard to Local Rule 24.1, 45 days after the discovery deadline, in regard to this Court's scheduling order.  Tellingly, Defendants focus on Plaintiffs perceived belligerence, and seek a punishment (that Plaintiffs' claims be struck), not a resolution (that the addresses of witnesses be disclosed).

Defendants also seek to further punish Plaintiffs by striking all of their witnesses. Although Plaintiffs provided lists containing Plaintiffs' proposed witnesses, Defendants now complain that it was not listed as a "witness list."  There is no authority cited by Defendants or known by Plaintiffs which would suggest that it would be justified to strike all of a litigant's witnesses merely because the format of the list was not appropriate.  This remedy is extraordinary and has no proportion to the harm suffered by Defendants (none).

## II. Argument

### a. Sanctions Under Fed.R.Civ.P. 26 Initial Disclosures - Defendants' Motion Fails Due to a Lack of Timeliness

Defendants' Sanctions Motion is a discovery motion, which was inappropriately filed after the close of discovery, and further, is filed 567 days late as established by the deadline described by Local Rule 24.1.  This Court should not entertain the punishments requested by Defendants for violation of these rules.

Defendants assert that this has been a long and grueling process of trying to get the addresses of these parties.  While this is likely intended to show how much of an ordeal they have been purportedly going through, it also highlights how much time they were aware of this alleged problem – nearly the entire length of this case.

Defendants assert that Plaintiffs' Initial Disclosures were insufficient which were filed on September 9, 2013.  A few months after these Initial Disclosures, Defendants complained, and

then Plaintiffs supplemented the disclosures on February 3, 2014, and again, on February 26, 2015.  The Sanctions Motion is dated April 29, 2015.

This Sanctions Motion comes way too late.  Local Rule 24.1 describes:

> (i) Discovery Motions. (1) Time for Filing. All motions related to discovery, including but not limited to motions to compel discovery and motions for protective order, shall be filed within thirty (30) days of the occurrence of grounds for the motion. Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought. Neither this thirty (30) day period nor any other Court-ordered scheduling deadlines may be extended by stipulation.

"This Rule was designed to prompt early resolution of discovery disputes and "to ensure that discovery motions are filed when ripe and not held until shortly before the close discovery or the eve of trial." Lira v. Arrow Air, Inc., No. 05-23731-CIV, 2007 WL 188163, at *2 (S.D. Fla. Jan. 22, 2007) *citing* 1998 Comments, S.D. Fla. L.R. 26.1.  Local Rule 24.1 applies to *all* discovery motions, even those that seek sanctions and not production.  Transwestern Great Lakes, L.P. v. F.D.I.C., No. 10-20192-CIV, 2011 WL 9158366, at n5 (S.D. Fla. Jan. 25, 2011).

It has been quite a bit longer than 30 days – 597 to be precise if we are measuring based off of the first initial disclosures which did not disclose these addresses.  This Motion comes more than 567 days late pursuant to Local Rule 24.1.  Even if this Court were to look at the most recent amended supplemental disclosure filed March 10, 2015, then the Sanctions Motion comes 50 days following the triggering event.

Litigants can sometimes overcome this deadline by showing a reasonable cause for the delay.  Procaps S.A. v. Patheon Inc., No. 12-24356-CIV, 2014 WL 1230737, at *2 (S.D. Fla. Mar. 25, 2014).  For example, a motion to compel which was filed more than thirty days late while the parties are still in the midst of conducting discovery may still be considered.  In re Brican Am. LLC Equip. Lease Litig., No. 10-MD-02183, 2013 WL 5519969, at *5 (S.D. Fla. Oct. 1, 2013).

Defendants did not show a reasonable cause for them being late.  In fact, Defendants do the opposite.  In their attempt to make Plaintiffs appear to be unreasonable, they emphasize facts which display their understanding of the issue at all times of the case.  Ironically, these factual statements only highlight that they cannot possibly have factual support that would justify the Court entertaining their Sanctions' Motion. .

Defendants had many opportunities to procure this information, but instead sat on it until 45 days after the close of discovery.  No matter which method this Court uses to calculate the time, Defendants are late.

Further, as an independent basis, a discovery motion filed so far after the close of discovery is also inappropriate.  Poe v. Carnival Corp., No. 06-20139-CIV, 2007 WL 211118, at *2 (S.D. Fla. Jan. 23, 2007)( not extending discovery for a discovery motion filed after the close of discovery).  Defendants seek to punish Plaintiffs for a discovery violation, but this Sanctions Motion comes too late.

### b. Striking Witnesses is an Inappropriate Remedy

Defendants seek to strike all of Plaintiffs' witnesses.  This includes witnesses who were disclosed by Plaintiffs in lists provided to Defendants, witnesses listed by Defendants as potential witnesses, and witnesses actually deposed by Defendants.  There are a variety of legal reasons described below why it would be inappropriate to strike all of Plaintiffs' witnesses, but the most important reason is that Defendants simply were not prejudiced.

### i. Plaintiffs Did Not Violate Any Court Order

This Court required that the parties submit witness lists significantly before trial and the close of discovery.  This deviates from what is typically required, as a formal "witness list" typically accompanies a pretrial stipulation and is brought shortly before trial.  This early

deadline and the lack of a requirement that the witness list be filed emphasizes that the Court was concerned about disclosure for trial preparation.

Plaintiffs did in fact timely provide disclosure to Defendants, by keeping Defendants consistently updated about their witnesses through lists provided to Defendants, which Defendants have actually attached to their Sanctions Motion. These disclosures contain included all of the witnesses that Plaintiffs intended to bring to trial. [DE 121-1, DE 121-2, 121-4, 121-9]. These disclosures apparently did their job, because Defendants have deposed many of these witnesses.[1]

Plaintiffs have kept Defendants aware of the witnesses that they plan on bringing to trial to ensure that Defendants had proper time to perform discovery on those persons. Merely because Plaintiffs did not label that list as a "Witness List" does not mean what was sent was not a witness list. Plaintiffs complied with the Courts' order, and so there is no justification in sanctions.

### ii. If This Courts Order Was Violated, the Striking of All Witnesses is Not Appropriate

The striking of a witness is an extraordinary remedy. The striking of every witness, effectively foreclosing the adjudication of the case on the merits, is particularly extreme, and thus only appropriate in the most extreme circumstances. This is not one of those circumstances, even if this Court were to find that Plaintiffs failed to provide a witness list.

The ability to strike witnesses is grounded in the principle that it is materially unfair for a litigant to bring a surprise witness to trial. Under the adversarial system, surprise witnesses harm the procedural rights of a party – the aggrieved litigant would not have an opportunity to

---

[1] Defendants seek to prohibit the testimony of all witnesses that Plaintiffs could bring, including those which Defendants deposed after Plaintiffs disclosed them.

challenge the testimony of such a surprise witness. So, the remedy of striking the witness is available unless the party bringing the surprise witness had a good reason for not disclosing.

To determine if a witness should be struck, the Court uses the following analysis:

> We review a district court's exclusion of a witness not listed on the pretrial order for abuse of discretion, and consider: (1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify.

Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1353 (11th Cir. 2004); *see also* R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist., 165 F.3d 812, 818 (11th Cir. 1999), Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 780 (11th Cir.1982).

Cases when courts have struck witness show that this only occurs in extreme circumstances. "Striking witnesses or evidence in response to a discovery violation is a drastic remedy that should only be considered after other alternatives are exhausted or unavailable, and clearly only when the moving party has suffered irreparable harm or undue prejudice." Lamothe v. Bal Harbour 101 Condo. Ass'n, Inc., No. 05-23106-CIV, 2007 WL 781909, at *1 (S.D. Fla. Mar. 13, 2007)(finding that a witness being discussed in deposition eliminates the requirement of irreparable harm).

In Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., cited by Defendants, involves the a witness not being permitted from testifying because he was disclosed the day of trial, and his importance only disclosed after the Plaintiff rested. 389 F.3d 1339, 1354 (11th Cir. 2004). In R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist., the Court prevented a witness from testifying who was only disclosed on the third day of trial. 165 F.3d 812, 818 (11th Cir. 1999). Whyte v. U.S. Postal Serv., No. 11-62112-CIV, 2012 WL 1535464, at *2 (S.D. Fla. Apr. 30, 2012)(focusing on the justification that the litigant had in not disclosing the witness).

Plaintiffs could find no cases where a party has tried to strike a witness that was disclosed, but just not in a proper form, as Defendants argue here. The cases found by Plaintiffs focus on the effect of *disclosure*, not the form of disclosure. Courts only strike witnesses in particular circumstances, such as when a litigant knew about a witness, failed to disclose that witness, and this failure to disclose caused prejudice. Under such a circumstance courts will sometimes strike said witness.[2] The importance is the prejudice arising from a lack of disclosure – not the technical compliance with the form required by a court order.

In this circumstance, no prejudice has befallen Defendants. They are and have been aware of each potential witness Plaintiffs may bring from Plaintiffs' own disclosures. [DE 121-1, DE 121-2, 121-4, 121-9]. The Amended Complaint [DE 88] lists the names and particulars of various witnesses. Most of the witnesses which were disclosed by Plaintiffs to Defendants have in fact been deposed by Defendants. Defendants cannot reasonably assert that they are surprised or prejudiced in any way.[3]

Thus, no sanction is appropriate, let alone one of the most extreme sanctions possible. To the extent that Plaintiffs committed any error by not formatting the witness disclosures into a "witness list" – this error was completely harmless and does not justify any sanction. Defendants are not surprised by any witness being brought by Plaintiffs. Instead, they are exploiting what they see as a "gotcha moment." Plaintiffs have informed Defendants of each of the witnesses it plans to bring – they just did not title it as a witness list. Plaintiffs fulfilled the Courts' requirement to submit its witnesses through their numerous disclosures to Defendants which

---

[2] *E.g.* Whyte v. U.S. Postal Serv., No. 11-62112-CIV, 2012 WL 1535464, at *2 (S.D. Fla. Apr. 30, 2012); Debose v. Broward Health, No. 08-61411-CIV, 2009 WL 1410348, at *6 (S.D. Fla. May 20, 2009);

[3] In fact, Defendants' Witness List provides less disclosure than Plaintiffs' disclosure. Defendants list 67 witnesses – so many that it would be unreasonable for Plaintiff to perform discovery on each witness. This *actually* limits Plaintiffs ability to prepare for trial.

listed each of Plaintiffs witnesses and what they would testify about.  Plaintiffs do not plan on bringing any undisclosed witness to trial (barring some surprise).  Thus, it would be inappropriate to now strike Plaintiffs' witnesses.

### iii. **Defendants Disclosed Witnesses Cannot be Struck**

In the event that this Court does find that Plaintiffs did not comply with the court order, and further, that this was an action worthy of sanctions, this Court could still not strike Plaintiffs witnesses.  "All" of Plaintiffs' witnesses, inherently requires the striking of witnesses that Defendants listed on their exhibit list.  On said list, Defendants list 67 witnesses, which is attached as [DE 121-13].  At a minimum, Plaintiffs should be able to bring and elicit testimony these witnesses.

§5(xi) of this Court's Order Setting Pretrial and Trial Dates and Establishing Pretrial Procedures describes that, "[a] witness not included on a witness list will not be permitted to testify, unless included on the list provided by another party, absent a showing of good cause for the omission."  [DE 38].  This Court separated the witness list from the pretrial stipulations and reset the deadlines in the controlling order, which describes that , "[t]he parties shall furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial, and only those witnesses shall be permitted to testify." [DE 74].

The Defendants cite as their authority the Court's orders as cause to strike all Plaintiffs' witnesses, but these orders would permit Plaintiffs to call the witnesses listed by Defendants.  Thus, the remedy of "prohibit[ing] Plaintiffs from calling any witnesses at trial" is not applicable.

**III.** **Conclusion**

This Sanctions Motion is merely an attempt at gamesmanship by Defendants, and should not be entertained by this Court. It represents manufactured outrage over actions that could have been resolved earlier, or, could not possibly result in prejudice. Defendants only seek to punish Plaintiffs for alleged wrongdoing, not to rectify any wrongs. Thus, this Court should (a) Deny the Sanctions Motion for being untimely, to the extent it is a late discovery motion, and (b) Deny the Sanctions Motion for having no merit, to the extent that it seeks remedies for failed disclosures.

WHEREFORE, Plaintiffs request that Defendants' Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List be Denied.

Respectfully submitted,

J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ E.O.Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Opposition to Defendants' Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List with Memorandum of Law was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 18th day of May, 2015.

Respectfully submitted,

J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ E.O.Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061