UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

CONSENT CASE

KELLY PHILLIPS and EDEL LEON,         )
                                      )
        Plaintiffs,                   )
    vs.                               )
                                      )
MITCHELL'S LAWN MAINTENANCE            )
CORPORATION and                       )
MITCHELL IGELKO,                      )
                                      )
        Defendants.                   )
_____)

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby submits their Opposition ("Opposition") to Defendants' Motion for Summary Judgment ("Defendants' Motion") and states as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Introduction**

Defendants' Motion makes four arguments:

 1) the Florida Litigation Privilege applies to some conduct alleged;

 2) that there is no evidentiary support for Counts IV-VI;

 3) summary judgment should be made in damages for slander because of no loss of employment; and

 4) summary judgment for Plaintiffs' reputation with Mr. Alfonso was not harmed.

Plaintiffs respond that:

 a) Defendants' Motion is fatally defective because it contains no statement of facts, addressing arguments (1)-(4);

 b) Summary judgment is improper to eliminate parts of damages claims, particularly in matters where damages are presumed by law, addressing arguments (3)-(4).

    c) The Florida Litigation Privilege does not apply as a state-based privilege, addressing argument (1);

    d) If the Florida Litigation does apply, then there is no reason to strike the factual background describing said conduct, addressing argument (1); and

    e) It is not proper to dismiss Counts IV-VI because of a dispute of facts, addressing argument (2).

## II.  Facts

The only facts necessary to be addressed in this matter are those regarding slander in regard to statements by Victor Cifuentes and Vichith Phanitdasack, to address Defendants' arguments that there is no factual support for Counts IV-VI. The remainder of Plaintiffs' arguments are made in law.

Plaintiffs Phillips and Leon have sworn that they have been told by Messrs. Cifuentes and Phanitdasack that they were witnesses to slander. *See* "Affidavit of Kelly Phillips"[1] [DE 128-1]. In the Joint Affidavit, Plaintiffs swore:

• "During the course of my tenure of employment with Mitchell's Lawn Maintenance Corporation, I came to know Victor Cifuentes as a hydraulic sales vendor who did business with Mitchell's Lawn Maintenance Company." Id. at § 16.

• "Mr. Cifuentes advised Plaintiff Leon that Defendant Igelko was representing to many people in the lawn care industry that we had stolen from him and were unemployable based on the same." § 18.

• "I know Vichith Phanitdasack as the owner of Sushi Lico." § 19.

• "During a visit to Sushi Lico for a meal, I as advised by Mr. Phanitdasack that Defendant Igelko, to whom he referred to as the "crazy man", had previously been in the restaurant and accused me and Plaintiff Leon of stealing more than one million dollars from his company in front of staff members and other patrons." § 20.

In the Phillips Affidavit, Ms. Phillips reaffirms the circumstance in which Vichith Phanitdasack and Victor Cifuentes told Ms. Phillips of Mitchell Igelko's slander. [DE 128-2] §§ 10-18.  In the Leon Affidavit, Mr. Leon corroborated the statements of slander by Messrs. Phanitdasack and Cifuentes. [DE 128-3] §§ 10-14.  There are also inferences and circumstantial

---

[1] While titled only as the Affidavit of Kelly Phillips, both Ms. Phillips and Mr. Leon executed the affidavit and specifically enumerated which accusations each had personal knowledge of.

evidence to suggest that Mr. Igelko was saying false and negative things regarding Plaintiffs. As later confirmed at various depositions taken and other witnesses cited by Plaintiffs – Mr. Igelko seemed to be telling just about everybody with ears that Plaintiffs stole over a million dollars. *See* Deposition of Edel Alfonso [DE 123-5 at 9,35-36, 95]. There is even video of Mr. Igelko yelling at his neighbor about Ms. Phillips being a criminal. *See* Deposition of Francisco Torres [DE 123-4 at 5].

## II. Argument

### a. Defendants Did Not File a Statement of Facts.

Defendants did not file a Statement of Facts as required by Local Rule 56.1. This Rule requires that: "A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively."

> Specifically, Local Rule 56.1 protects judicial resources by "mak[ing] the parties organize the evidence rather than leaving the burden upon the district judge." The rule also streamlines the resolution of summary judgment motions by "focus[ing] the district court's attention on what is, and what is not, genuinely controverted [internal citations omitted]."

Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).[2] "It is also consistent with determining the appropriateness of summary judgment. Both the Court and the litigants are served well by adhering closely to the requirements of the Local Rule [internal citations omitted]." Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG, No. 11-61577-CIV, 2012 WL 2675435, at *2 (S.D. Fla. July 6, 2012), *citing* Carolina Acquisition, LLC v. Double Billed, LLC, No. 07–61738–CIV, 2009 WL 1298362, at *1 (S.D.Fla. May 8, 2009).

A motion for summary judgment should be denied when it fails to provide a statement of facts because the litigants have "not met its burden 'to inform the court of the basis for its motion.'" Ocean's 11, at *3. A motion for summary judgment coupled with a statement of facts

---

[2] Reese is referring to the Local Rule 56.1 for the Northern District of Georgia which mirrors its counterpart in the Southern District of Florida.

which does not refer to the record can be denied for that reason alone. D & M Carriers, LLC v. M/V Thor Spirit, No. 11-80722-CIV, 2012 WL 4747198, at *3 (S.D. Fla. Oct. 4, 2012). A party failing to include a statement of facts may also be denied the benefit of the facts which are not present on a statement of facts, Reese 527 F.3d at 1268, and thus it would be impossible for a moving party to meet its initial burden as described by Celotex v. Catrett, 477 U.S. 317, 323 (1986).

Defendants did not file a statement of material facts in accordance with Local Rule 56.1. Without a statement of material facts, this Court cannot find summary judgment in favor of Defendants to the extent that Defendants' Motion relies on facts on the record.

> **b.     Summary Judgment Cannot Eliminate Parts of Damages Claims, Particularly When Damages are Presumed by Law.**

For a litigant to successfully move in summary judgment, there must be a no genuine issue to material facts, as described by Celotex. *See* Fed. R. Civ. P. 56. While typically, litigants opposing a motion for summary judgment would try to counter the "genuine issue" element, but in this case, Plaintiffs challenge the "material" element. Defendants cannot move for summary judgment on *parts* of the damages, like "damage to credit" or "loss of work prospects", because it does not extinguish a material element for either a claim or defense for trial. Slander *per se* requires no finding of damages, and thus, damages are not a material element of the causes of action brought by Plaintiffs. Summary Judgment is not the appropriate tool when litigants cannot address an element of a cause of action or affirmative defense. Plaintiffs explain below (i) what is a material fact properly addressed in summary judgment, (ii) that parts of a damages assessment in a slander *per se* matter are not "material", and that (iii) summary judgment is not appropriate to address damages in a slander *per se* matter.

### i)    The Materiality of Facts

"An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see* Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); *see also* Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC, No. 12-22539-CIV, 2015 WL 427817, at *5 (S.D. Fla. Feb. 2, 2015).

"Material" does not just mean "relevant evidence."   "Any proof or evidentiary requirements imposed by the substantive law are not germane to this inquiry, since materiality is only a criterion for categorizing factual disputes in their relation to the legal elements of the claim and not a criterion for evaluating the evidentiary underpinnings of those disputes." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Thus, a summary judgment motion is only viable if it addresses a "material" fact – a fact that either proves or eliminates element of a claim or affirmative defense.  If said summary judgment only addresses evidence or part of an element it does meet its burden of addressing a *prima facie* argument that there is "no genuine issue as to a material fact."

### ii)    Slander *Per Se*'s Element of Damages

 "A cause of action for defamation in Florida requires four elements: (1) defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) the falsity of the statement caused injury to the plaintiff." Bass v. Rivera, 826 So.2d 534, 535 (Fla. 2d DCA 2002). However, the element of damages/injury need not be shown in certain circumstances, where there is "slander *per se.*"

Under Florida Law, an untrue statement about someone being a criminal, felon, or that otherwise asserts that a person is unfit for a lawful trade, is slander *per se* and need not show

damages.  "In slander *per se* actions, general damages are presumed; for *per quod* actions, the plaintiff must allege and prove special damages. An oral communication that imputes to another conduct, characteristics or a condition incompatible with the proper exercise of his lawful business, trade, profession or office is slander *per se."*  Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451, 457 (Fla. Dist. Ct. App. 1999), *citing* Campbell v. Jacksonville Kennel Club, 66 So.2d 495 (Fla.1953); Wolfson v. Kirk, 273 So.2d 774 (Fla. 4th DCA 1973); Bobenhausen v. Cassat Ave. Mobile Homes, Inc., 344 So. 2d 279, 281 (Fla. Dist. Ct. App. 1977) ("Spoken words falsely imputing a criminal offense to another are actionable *per se*."), *citing* Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906); Tip Top Grocery Co. v. Wellner, 135 Fla. 518, 186 So. 219 (1938).

"Words which are actionable in themselves, or per se, necessarily import general damages and need not be pleaded or proved but are conclusively presumed to result." NITV, L.L.C. v. Baker, 61 So. 3d 1249, 1254 (Fla. 5th DCA 2011), *citing* Bobenhausen v. Cassat Ave. Mobile Homes, Inc., 344 So.2d 279, 281 (Fla. 1st DCA 1977).  "[M]alice and the occurrence of damage are both presumed from the nature of the defamation. Such a presumption is not an ordinary presumption of fact, but is a presumption of law and is not, therefore, dispelled by the production of evidence [internal citation omitted]." Wolfson v. Kirk, 273 So. 2d 774, 777 (Fla. Dist. Ct. App. 1973).[3]

As Plaintiffs have pled the facts supporting slander *per se* then damages are not a necessary element of Plaintiffs' claim.  Defendants have not challenged that the conduct at issue is slander *per se*, only certain parts of the alleged damages.

---

[3] "In the case of words actionable per se their injurious character is a fact of common notoriety established by the general consent of men and the court consequently takes judicial notice of it. They necessarily import damage and, therefore, in such cases general damages need not be pleaded or proved but are conclusively presumed to result and special damages need not be shown to sustain the action." Commander v. Pedersen, 116 Fla. 148, 158, 156 So. 337, 341 (1934) *citing* 33 Am.Jur., Libel and Slander, Section 5, page 40.

### iii) Application to Defendants' Motion to Dismiss of Materiality and Slander

As described by Anderson above, the question as to materiality turns towards whether it completely addresses what would be a question for a jury. In this matter, Defendants seek to pick apart the element of damages in regard to the causes of action for slander *per se*. Plaintiffs' causes of action for slander *per se* do not depend on damages being found at all.

If, hypothetically, Defendants had moved for summary judgment on *all* damages, they would not be properly citing grounds for Summary Judgment, because damages are presumed by law in slander *per se* actions. The question whether damages exist does not go to the jury, only *amount* of damages. Thus, the existence of damages is not a material fact which can be addressed in summary judgment. To illustrate this, if Defendants were hypothetically able to show this Court that there was no genuine issue of fact that there were *any* damages at all, then the jury could still hear the case because damages are presumed by law in accordance with Florida law. No actual time or judicial resources are saved. This cannot be rebutted with any evidence, no matter what it is.

Even, hypothetically, if damages were a necessary element of the claim brought by Plaintiffs, then Defendants still would not have stated a *prima facie* case for summary judgment. This is because Defendants addressed summary judgment on only a few parts of the element of damages by addressing only some categories of damages. This is extra immaterial, from the perspective of "materiality" for the purposes of summary judgment. To the extent that damages are an element of any particular claim, then damages as a whole are the element, not categories of that element of damages. Thus, by not addressing all aspects of the element of "damages", then Defendants have not stated a case for *prima facie* summary judgment. A jury should consider all of the aspects of damages, including those that Defendants seek summary judgment on, when determining damages. The question as to whether Plaintiffs credit was harmed, whether Plaintiffs could not find work, or whether Mr. Alfonso actually cared about the slander

are only part of what the jury would consider in damages, they are not in and of themselves the element of damages.[4] While the facts that Defendants address are "material" to the jury in a dictionary sense, they are not "material" to the Court for purposes of summary judgment. These facts only address the "evaluating the evidentiary underpinnings of those disputes" as described by Anderson.

A summary judgment motion does not properly address a material question unless the result of their successful motion would result in eliminating an entire question for the jury.

    c.    **The Florida Litigation Privilege is a State Privilege and Inapplicable to Federal Causes of Action.**

Plaintiffs fully briefed the issue of the Florida Litigation privilege in their Motion for Summary Judgment, dated May 5, 2015 [DE 124], and request that this Court incorporate the arguments made in regard to this Opposition. Generally, Plaintiffs asserted that there is no legal authority that exists, other than the case history of the parties, which supports that a state court privilege should trump a federal cause of action. To do so would subvert the primacy of federal supremacy, and would be against the seemingly[5] unanimous thousands of cases which agree that states cannot modify federal causes of action.

    d.    **If the Florida Litigation Privilege Applies, then the Facts Regarding the Litigation Activities Cannot Be Eliminated in Summary Judgment.**

Plaintiffs' Amended Complaint [88] cites multiple facts regarding things that are alleged to be covered by the Florida Litigation Privilege. Plaintiffs assert that the Florida Litigation Privilege does not apply to federal causes of action; however, to the extent that Plaintiffs are wrong, the inclusion or exclusion of facts regarding the law suit does not eliminate any cause of action because the Florida Litigation Privilege would not defeat an element.

As written in Defendants' Motion, Defendants are seeking summary judgment based on

---

[4] The jury should consider all of the other damages presumed by law from such statements, such as emotional damages.
[5] From Plaintiffs' counsel's review of over hundred cases, but Plaintiffs' counsel could not review all of these cases found on Westlaw, etc.

the text of the Complaint. To the extent that Defendants are attempting to strike these parts of the Amended Complaint, summary judgment is not appropriate for such a maneuver. There is no issue of material fact as to the factual background contained in the Amended Complaint. Plaintiffs' Amended Complaint stands on its own and includes facts which are not subject to the Florida Litigation Privilege which fulfill all of the elements of retaliation under the FLSA. Thus, the question of Florida Litigation Privilege is not "material" for purposes of summary judgment since its existence or non existence is not itself an entire element. Summary judgment just does not provide the correct vehicle for the relief of striking a complaint.[6]

   e.   **Counts IV-VI Remain Genuine Issues of Material Fact.**

As Plaintiffs admitted, the fact that witnesses Messrs. Cifuentes and Phanitdasack recanted or forgot about the statements told to them by Defendant Igelko significantly weakens the factual support behind Counts IV-VI. That does not mean that summary judgment should be granted.

As described in § (a) above, Defendants did not file a statement of material facts of which the factual basis of their summary judgment motion can rely. Plaintiffs have shown circumstantial evidence in regard to the false statements stated by Mr. Igelko. Mr. Alfonso heard similar statements and Mr. Torres recorded video of similar statements being made.

**III.   Conclusion**

Defendants have failed to make a *prima facie* Summary Judgment Motion because no Statement of Material Facts was filed. Even if this Court were not to consider this defect, Defendants' Motion is still legally insufficient. Damages are presumed as a matter of law in slander *per se* matters, and thus, a summary judgment that attacks "damages" does not address an element of the claim of slander *per se* and thus, is ineffective as not addressing a "material"

---

[6] In contrast, Plaintiffs moved for summary judgment on Defendants *affirmative defense* of the Florida Litigation Privilege. To the extent that Defendants in fact only moved regarding their affirmative defenses, then this section is not applicable.

fact.  The Florida Litigation Privilege does not apply to federal causes of action.  Even if it does, Defendants' Motion does not properly seek relief in summary judgment because the motion itself only addresses facts put in a claim, not an element of a claim.

WHEREAS, Plaintiffs request that the Court deny Defendants' Motion for Summary Judgment be denied.

Submitted this 22nd day of May, 2015.

                Respectfully submitted,

                J.H. Zidell, P.A.
                Attorney for Plaintiffs
                300 71st Street, Suite 605
                Miami Beach, Florida 33141
                Tel: (305) 865-6766
            Fax: (305) 865-7167

                By:__/s/ E.O.Hueber
                Elizabeth Olivia Hueber
                Florida Bar No.: 0073061

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Opposition to Defendants' Motion for Summary Judgment was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 22nd day of May, 2015.

Respectfully submitted,

J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ E.O.Hueber
Elizabeth Olivia Hueber
Florida Bar No.: 0073061