UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON, )
)
    Plaintiffs, )
v. )
)
MITCHELL'S LAWN MAINTENANCE )
CORPORATION, MITCHELL'S LAWN )
LLC, and MITCHELL IGELKO, )
)
    Defendants. )
                                           )

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO
DISCLOSE AND FOR FAILURE TO FURNISH A WITNESS LIST
WITH MEMORANDUM OF LAW [DE 128]**

    Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Defendant Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Defendant Mitchell's LLC**"), and MITCHELL IGELKO ("**Defendant Igelko**") (collectively "**Defendants**"), hereby reply to the Opposition to Defendants' Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List With Memorandum of Law [DE 127] ("**Plaintiffs' Response**") filed by Plaintiffs KELLY PHILLIPS ("**Phillips**") and EDEL LEON ("**Leon**") (collectively "**Plaintiffs**"), and in support thereof state as follows:

**I.
INTRODUCTION**

    Plaintiffs' Response endeavors to request that this Court render all scheduling orders in every pending and future case unenforceable. This Court's scheduling order required a witness list, and Plaintiffs (and their lawyers) failed to provide it despite multiple requests and even after

the instant motion for sanctions was filed against them. If Plaintiffs' argument is taken to its logical end, it would mean that the litigant's within this Court's jurisdiction will be able to ignore the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules by inventing whatever alternative to this Court's orders that they deem "sufficient."

Essentially, Plaintiffs submit to this Court that their interpretation, rather than the Court's explicit orders (or the Federal Rules of Civil Procedure), should govern the litigation. Plaintiffs seek to convince the Court that it did not mean when it ordered as follows:

> The parties <u>shall</u> furnish opposing counsel with a list of names and addresses of all fact witnesses intended to be called at trial, and only those witnesses shall be permitted to testify.

(emphasis added) (Order Re-Setting Pre-Trial and Trial Schedule [DE 74], p. 3.). Instead, Plaintiffs suggest this Court reinterpret its clear and unambiguous instruction (i.e. shall for should) with a more convenient yet invalid alternative, thus allowing the submission of incomplete disclosures.

## II.
## PLAINTIFFS HAVE NOT PROVIDED A WITNESS LIST IN VIOLATION OF THIS COURT'S SCHEUDLING ORDER

Contrary to Plaintiffs' Response, Plaintiffs have not provided a witness list. Plaintiffs sprinkled a few versions of incomplete disclosures in an attempt to comply with Rule 26. Disclosures simply provide information that the "disclosing party <u>may</u> use to support its claims or defenses . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). These disclosures are not meant to substitute for a witness list. A witness list contains the names and <u>addresses</u> of all fact witnesses <u>intended</u> to be called at trial. (*See* Order Re-Setting Pre-trial and Trial Schedule [DE 74]); *see also* Fed. R. Civ. P. 26(a)(3) (requiring a witness list in addition to disclosures). Therefore, disclosures and a witness list (whether ordered by the Court or required under Rule 26(a)(3)) are not the same thing. Plaintiffs' argument that they are the same is disingenuous.

To date Plaintiffs have not furnished Defendants with a witness list even though they had multiple chances to do so. Pride has no place in this Court. First, Plaintiffs and their counsel missed the February 15, 2015, deadline—one of the many deadlines triggered by the lawsuit they decided to file. Second, once they became aware of the missed deadline on March 25, 2015, Plaintiffs still failed to furnish it or even attempt to seek an extension of time *nunc pro tunc* from this Court. Finally, and most egregious, even after Defendants' Motion for Sanctions For Failure to Disclose and For Failure to Furnish a Witness List with Memorandum of Law [DE 121] ("**Defendants' Motion**") on this issue was filed, Plaintiffs still have failed to furnish a witness list and, instead, are attempting to disingenuously convince this Court that it was not required. Defendants are not attempting to make a mountain of a mole hill, but the buck must stop at some point. Otherwise, this Court's orders will be mere suggestions and recommendations without teeth.

Defendants have been prejudiced by Plaintiffs' failure to furnish a witness list. From February 12, 2015, to March 15, 2015, Defendants would have narrowed the scope of discovery or set other depositions that would be most beneficial to Defendants' case. In addition, from February 12, 2015, through the present day, Defendants could have continued conducting witness interviews of those witnesses Plaintiffs intend to present at trial, which may have assisted in developing Defendants' defenses; however, the first time Defendants became aware that Plaintiffs intended to present the individuals listed on the disclosures as witnesses in trial was on May 18, 2015, the date Plaintiffs' Response was filed.

Incredibly, Plaintiffs have failed to provide any justification (or excuse for that matter) for not complying with this Court's Order(s). Plaintiffs simply provide the disingenuous argument that disclosures are witness lists. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 780 (11th Cir. 1982) (noting that the trial court

did not abuse its discretion in excluding an expert witness who would have testified on a crucial issue because of the lack of good faith and absence of any credible explanation in not disclosing the expert in the pretrial witness list).

Here, based on foregoing and especially in light of Plaintiffs' failure to furnish a witness list to date or otherwise explain the reasons to this Court, Defendants request that this Court enforce its scheduling order and now order that "only those witnesses [furnished on a witness list] shall be permitted to testify." (Order Re-Setting Pre-Trial and Trial Schedule [DE 74], p. 3.)

### III.
### DEFENDANTS' MOTION IS NOT A DISCOVERY MOTION AND IS TIMELY

Defendants' Motion is a sanctions motion, not a discovery motion. Plaintiffs' Response claims Defendants Motion is 567 days late. Plaintiffs' counsel glosses over the fact that Defendants attempted to secure the contact information for the *Melgar* male co-plaintiffs after the first set of initial disclosures by moving to compel that information [DE 51]. Plaintiffs' response to the motion to compel represented that Plaintiffs' counsel provided all the information they had at the time. However, we now know that is not true, which is one of the reasons for the filing of Defendant's Motion.

Defendants still believed that Plaintiffs had the information for the *Melgar* male co-plaintiffs and attempted to secure the information without court intervention. Attorney Jaff's e-mail is what "broke the camel's back," prompting the filing of Defendants' Motion. By Attorney Jaff's own admission, Plaintiffs (and their lawyers) did not look into the file of each of the *Melgar* male co-plaintiffs because it would purportedly been a violation of the attorney-client privilege (a privilege which was never asserted). Attorney Jaff's e-mail reveals that Plaintiffs' attorneys were hiding (and still are hiding) the contact information of the *Melgar* male co-plaintiffs. This is an act of bad-faith and another motion to compel would be inadequate. This is evident in light of

Plaintiffs' defiance in still failing to furnish the contact information after being served with the instant motion for sanctions.

## IV.
## CONCLUSION

The one theme in Plaintiffs' Response is that they can follow their own rules and not those of this Court. Rather than a *mea culpa* and sincere explanation to this Court or a basic attempt to comply, albeit late, Plaintiffs and their counsel have defied the rules of this Court and its order. To add insult to injury, Plaintiffs concoct a preposterous claim that their disclosures should be a substitute for furnishing a witness list as ordered by the Court. Parties in state court do not escape such court orders, and the undersigned respectfully suggests that the district courts—federal courts of limited jurisdiction—fully enforce its orders. Plaintiffs have willfully withheld the contact information for the *Melgar* male co-plaintiffs and thereby prevented Defendants from deposing those witnesses in preparation for trial or to otherwise establish that the claims were baseless as Defendants have already done in the depositions of Vicith Phanatdisack and Victor Cifuentes (which is the subject of a separate motion for sanctions [DE 122]).

Based on the foregoing, Defendants request that Defendant's Motion be granted.

Respectfully submitted,

By: */s/ Danny Espinosa*
Daniel A. Espinosa, Esq.
Florida Bar No. 81686
Rafael Viego III, Esq.
Florida Bar No.: 60967
**ESPINOSA | JOMARRON**
*Counsel for the Defendants*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:	(305) 717-7530
Facsimile:	(305) 717-7539
E-mail:	despinosa@ejtrial.com
E-mail:	rviego@ejtrial.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was served via CM/ECF, this 1st day of June, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq.@gmail.com.

By: */s/ Danny Espinosa*
Daniel A. Espinosa, Esq.