UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

**CONSENT CASE**

| | |
|---|---|
| KELLY PHILLIPS and EDEL LEON, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| MITCHELL'S LAWN MAINTENANCE | ) |
| CORPORATION and | ) |
| MITCHELL IGELKO, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**REPLY TO DEFENDANTS' RESPONE IN OPPOSITION TO PLAINTIFFS MOTION FOR PRTIAL SUMMARY JUDGMENT [DE 124]**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby submits their Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [DE 124] and states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **Introduction**

Plaintiffs sought Summary Judgment on these issues in its Motion for Summary Judgment:

1.   Summary Judgment should be granted against the defense of truth because no evidence exists from which Defendant Igelko could reasonably conclude that Kelly Phillips and Edel Leon stole over a million dollars; and

2.   The Florida Litigation Privilege does not apply.

Defendants, in their response [DE 130] dated May 26, 2015 argue that:

a)   Even if Plaintiffs did not steal exactly over a million dollars, Defendant Igelko's alleged statements were substantially true because there is substantial evidence that Plaintiffs stole approximately $232,000.00 from Defendants by forging checks payable to cash and then cashing them at Intercontinental Bank for their own personal benefit; and

      b)       The Florida Litigation Privilege is not preempted by the FLSA.[1]

In this Reply, Plaintiffs assert that (a) Defendants did not refute Plaintiffs' facts which properly cited to the record, and thus, are deemed admitted, (b) that Defendants failed to provide any relevant and admissible facts to support their allegation that Plaintiffs stole, and (c) that Defendants did not provide a sufficient argument to refute the necessity of the holding that the state privilege of "Florida Litigation Privilege" cannot defeat a federal cause of action.

## II.    Argument

### a.  Defendants Did Not Refute Plaintiffs Statement of Facts

Because Defendants did not refute Plaintiffs' Statement of Facts [DE 125], it is admitted as a matter of law.   Plaintiffs showed that Defendant Igelko did not have evidence of any theft (§5) and that evidence would exist if a theft had actually happened (§§6-11). With those facts established and admitted, Plaintiffs' Motion for Summary Judgment must be granted.

"A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively."

> Specifically, Local Rule 56.1 protects judicial resources by "mak[ing] the parties organize the evidence rather than leaving the burden upon the district judge." The rule also streamlines the resolution of summary judgment motions by "focus[ing] the district court's attention on what is, and what is not, genuinely controverted [internal citations omitted]."

Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).[2]

---

[1] Plaintiffs note that they did not argue "preemption." Preemption would be an issue if Plaintiffs were alleging that a state law was encroaching on an area taken by the federal government, and the question was if the federal government had intended to address the areas that the state attempts to regulate.  In this case it is a question as to whether a state privilege can directly contradict a federal cause of action.

[2] Reese is referring to the Local Rule 56.1 for the Northern District of Georgia which mirrors its counterpart in the Southern District of Florida.

Rule 56.1 charges litigants with responding to the movant's statement of facts, and describes the consequence of failing to respond to a statement of facts: "All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." The result of admission for failing to file has consistently been upheld for this and similar rules. Reese v. Herbert, 527 F.3d 1253, 1268–69, 1272 (11th Cir.2008); Calmaquip Eng'g W. Hemisphere Corp. v. W. Coast Carriers Ltd., 650 F.2d 633, 636 (5th Cir. 1981). "[Rule 56.1 is] consistent with determining the appropriateness of summary judgment. Both the Court and the litigants are served well by adhering closely to the requirements of the Local Rule [internal citations omitted]." Ocean's 11 Bar & Grill, Inc. v. Indem. Ins. Corp. RRG, No. 11-61577-CIV, 2012 WL 2675435, at *2 (S.D. Fla. July 6, 2012), *citing* Carolina Acquisition, LLC v. Double Billed, LLC, No. 07–61738–CIV, 2009 WL 1298362, at *1 (S.D.Fla. May 8, 2009).

Defendants do not provide any proper opposition to Plaintiffs' Statements of Fact. As Plaintiffs' have support on the record for their allegations,

### b. Defendants Do Not Properly Address Plaintiff's Summary Judgment Arguments Regarding "Truth"

Even if this Court is to consider Defendants' Opposition and the facts provided therein, Defendants still do not adequately show that there is a genuine dispute as to material fact. Defendants first (i) attempt to pick apart and distinguish the arguments made by Plaintiffs, but these statements do not provide the correct legal standard in "negative proof" summary judgment matters. Second, (ii) the facts argued by Defendants in response to Plaintiffs' Motion are tenuous and unpersuasive, but more importantly, are not admissible at all.

### (i) Defendants Do Not Properly Address the Legal Standard in Negative Proof Summary Judgment Scenarios

Defendants try to distinguish between various alleged schemes as well as alleging that and Defendant Igelko just happened to not discuss the evidence during any of his depositions or testimony (despite being directly asked). Defendants have all the cameras, checks, computer systems, employee witnesses, and company records to derive its evidence. It makes no sense for Plaintiffs to have any evidence regarding thefts that they say did not happen. Plaintiffs inherently would have none, and they cannot *prove* a negative. They can only point out the evidence that Defendants should have, and the complete lack of this showing. This logic is incorporated in the Court's obligations in Summary Judgment.

The United States Supreme Court explains:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, *323 there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

> [T]he moving party is not required to completely prove a negative; rather, the movant must make a plausible showing of the lack of evidence on a necessary element of the cause of action. The burden then shifts to the nonmoving party to establish, by facts commensurate with his burden of proof at trial, that a genuine issue exists.

Lowie v. Raymark Indus., 676 F. Supp. 1214, 1216 (S.D. Ga. 1987).

As Plaintiffs have shown a plausible showing of the lack of evidence. On numerous occasions Defendant Igelko, the originator of the allegations of theft, has reported that he has no evidence. Plaintiffs provided evidence that there should be a mountain of said evidence if this theft actually occurred. Thus, the burden shifts to Defendants.

    **(ii)** **Defendants do Not Meet Their Burden of Evidence to Show that there is a Genuine Issue of Material Fact on the Untruth of Claims of Theft Against Kelly Phillips and Edel Leon**

Defendants do not actually provide *any* admissible evidence to refute Plaintiffs' assertions. Defendants' only provide unsubstantiated, vague, and foundationless lay testimony regarding Plaintiff's Leon's signature, peppered with hearsay statements. No affidavit or other evidence is provided.

Defendants assert that they have evidence that Plaintiff Leon forged checks; however, a closer analysis of the cited deposition reveals that the witnesses only speculate as to this alleged forging.[3] Defendants' witnesses are Defendant Igelko's mother and employee who think that the checks look like they are forged by Edel Leon. This is not admissible evidence at all.

First, speculative testimony is not sufficient to defeat a prima facie argument in summary judgment. Unsupported speculation does not create a genuine issue of material fact, Cordoba v. Dillard's Inc., 419 F.3d 1169, 1181 (11th Cir.2005), and "bare and self-serving" allegations made without personal knowledge are inadequate to survive summary judgment. Stewart v. Booker T. Washington Ins., 232 F.3d 844, 851 (11th Cir.2000).

Second, testimony regarding handwriting, particularly to show fraud, is only admissible under certain circumstances. Fed.R.Evid. 901 would provide the only means in which lay witness testimony about handwriting could ever be admissible. For a lay witness to provide support for the authentication of handwriting on a document, they must have the proper foundation in accordance with Fed.R.Evid. 701. Such testimony must be "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Both Fed.R.Evid. 701 and 901 must be

---

[3] For context, Plaintiffs believe that Defendant Igelko and his agents cashed these checks to pay for the undocumented workers at Defendant Corporation. Alleging that Plaintiffs' are responsible for this money going missing allows him to claim these checks as losses for a tax deduction, provides a counterargument to pressure Plaintiffs in litigation, and acts as retaliation in regard to the lawsuits filed.

satisfied before handwriting testimony can be admissible.  <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255, 1259 (11th Cir. 2004).

This is explained extraordinarily well in <u>Hall v. United Ins. Co. of Am.</u>, 367 F.3d 1255 (11th Cir. 2004).  In <u>Hall</u>, a lay witness attempted to authenticate a signature through observation of the signing party executing documents for more than thirty years. <u>Id.</u> at 1258.

The 11th Circuit held:

> [W]e conclude that the lay witness must provide more detailed information regarding any "correspondence," "documents," or the like, relied upon to establish familiarity. Such instruments must be identified with particularity. Moreover, the lay witness must provide detailed information regarding his or her relationship with the signatory—whether it be familial, professional, or otherwise personal."

<u>Id</u>. at 1261.

A review of the depositions provided shows that there is no foundational basis for the opinions provided by Ms. Aviles (Aviles Dep. 23, 4-15[DE 130-1]) and Ms. Gelman (Gelman Dep. 131-32 [DE 131-3]).  Pursuant to <u>Hall</u>, these foundational opinions must not be considered.

Further, the other "evidence" provided is what Ms. Gelman allegedly heard what was told her by someone else.  She "testified that Lydia Cabrera from Intercontinental Bank told her that Plaintiff Leon would 'go and cash the checks'", which would possibly create an issue of fact, except for the statement being a quintessential example of hearsay.  That testimony is extraordinarily unreliable and may not be considered.

Defendants make several assertions regarding the operability of Defendants' camera equipment to refute Mr. Sahs' testimony that there was extraordinarily comprehensive surveillance occurring on the property.  While self-serving and unsubstantiated, these statements could potentially create a genuine issue of material fact if the question before this Court were whether the cameras were working.  This is not the issue before this Court, however.  The

question of material fact is if Defendants ever had any evidence to support that there could be a genuine issue of material fact as to the truth of any theft.

These parties have been in litigation for years regarding the alleged thefts by Plaintiffs of millions of dollars, and all Defendants can show to create an issue of material fact is to provide the lay testimony regarding what Defendant's mother and employee think about some checks, hearsay, and attacks of fact regarding Defendants' camera equipment.

It is not just that Defendants have failed to provid *material* facts to create a *genuine* dispute – Defendants have provided no admissible and relevant evidence whatsoever to show that Plaintiffs stole any money. As a matter of law, summary judgment must be entered against Defendants' allegations of "truth."

### (iii) All Binding Precedent Directs that the Florida Litigation Privilege Does Not Apply

Defendants' argument is that Plaintiffs cannot provide any 11th Circuit case law regarding the Florida Litigation Privilege. While partly true, Plaintiffs have provided a cornucopia of case law, including cases from the United States Supreme Court, showing there can be no state based privilege that trumps a federal right. There is nothing special about the Florida Litigation Privilege that makes it anything more than a state based privilege. Plaintiffs recognize the Court appears to be in a quagmire, being that this issue seems to have been determined already by other judges;[4] however, these decisions have no binding authority under any "law of the case" doctrine, nor *res judicata*, and so this Court cannot deviate from the United States Supreme Court and the legion of cases regarding federal supremacy.

---

[4] Defendants' note that this Court has entertained the issues regarding the Florida litigation privilege "*ad nauseum.*" Plaintiffs recognize and appreciate the Court's patience and attention to the argument at this time, in spite of the fact that it has been addressed before.

III.    **Conclusion**

Defendants have not shown *any* admissible and relevant evidence at to refute the assertions of Summary Judgment made by Plaintiffs regarding the lack of truth as to Plaintiffs' thefts.   Further, these facts may not be considered because they were not properly brought in opposition to Plaintiffs' Statement of Facts. Plaintiffs have a critical interest in this matter being resolved in Summary Judgment so that Defendants may not use these arguments to disparage Plaintiffs during trial.

Submitted this 5th day of June, 2015.

>J.H. Zidell, Esq.
>J.H. Zidell, P.A.
>Attorney for Plaintiffs
>300 71st Street, Suite 605
>Miami Beach, Florida 33141
>Tel: (305) 865-6766
>Fax: (305) 865-7167
>
>By:_/s/ J.H. Zidell_____
>J.H. Zidell, Esq.
>Florida Bar No.:
>0010121
>
>By:__/s/ Elizabeth O. Hueber_____
>Elizbeth O. Hueber
>Fla.Bar.No. 0073601

## **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment [DE 124] was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 5th day of June, 2015.

By:__/s/ Elizabeth O. Hueber_____
Elizbeth O. Hueber