# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,    )
    )
        Plaintiffs,    )
    )
v.    )
    )
MITCHELL'S LAWN MAINTENANCE    )
CORPORATION, MITCHELL'S LAWN    )
LLC, and MITCHELL IGELKO,    )
    )
        Defendants.    )
    )

## DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO DISCLOSE AND FOR FAILURE TO FURNISH A WITNESS LIST WITH MEMORANDUM OF LAW [DE 128]

Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Mitchell's LLC**"), and MITCHELL IGELKO ("**Igelko**") (collectively, the "**Defendants**"), hereby reply to the Opposition to Defendants' Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List With Memorandum of Law [DE 128][1] ("**Plaintiffs' Response**") filed by Plaintiffs KELLY PHILLIPS ("**Phillips**") and EDEL LEON ("**Leon**") (collectively, the "**Plaintiffs**"), and in support thereof state as follows:

## I.
## INTRODUCTION

On May 4, 2015, Defendants filed Defendants' Motion for Sanctions requesting this Court to invoke its inherent authority and sanction Plaintiffs' lawyers for their bad faith conduct in

---

[1]    Plaintiff's Response appears to inadvertently bear the same name as Plaintiff's earlier response to another of Defendants' motions submitted as Docket Entry # 127. However, the content of the motion makes it clear that it was intended to be a response to Defendant's Motion for Sanctions Against Plaintiffs' Lawyers and the Law Firm of J.H. Zidell Under the Court's Inherent Authority [D.E. 122] ("Defendants' Motion for Sanctions")

ESPINOSA | JOMARRON
TRIAL LAWYERS

bringing frivolous, false claims against Defendants—specifically, Counts IV–VI of Plaintiffs' Amended Complaint. The arguments in Defendants' Motion for Sanctions stem from the deposition testimony of Victor Cifuentes and Vichith Phanitdasack, who testified in a manner that unequivocally revealed that the factual allegations in Counts IV–VI of Plaintiffs' Amended Complaint wholly lack any evidentiary support.

Plaintiffs' Response generally attacks the allegations in Defendants' Motion for Sanctions on two grounds: (1) that the allegations in Counts IV–VI of Plaintiffs' Amended Complaint are merely "weak"[2] and not "frivolous"; and (2) that Defendant's Motion for Sanctions should be denied for failing to comply with certain provisions of Rule 11 of the Federal Rules of Civil Procedure.

Plaintiffs' Response misses the mark on both attacks. First, that an attorney would knowingly bring *weak* claims before this Court and then fail to withdraw those admittedly *weak* claims once it becomes clear they turned from barely "*weak*" to blatantly false and frivolous is precisely the type of bad faith conduct this Court should invoke its inherent authority to sanction. Second, Defendants' Motion for Sanctions seeks sanctions against Plaintiffs' lawyers pursuant to this Court's inherent authority, not Rule 11. Although Plaintiff still has Rule 11 obligations in this lawsuit, the provisions of Rule 11 do not apply to a motion seeking a sanction under the Court's inherent authority. Plaintiffs' argument that Defendants' Motion for Sanctions is a Rule 11 motion is disingenuous and seeks to mislead the court.

Accordingly and for the foregoing reasons and the reasons stated in Defendants' Motion for Sanctions and this Reply, this Court should award sanctions against each of Plaintiffs' lawyers

---

[2]     Plaintiffs use the term "weak" eleven times throughout Plaintiffs' Response.

ESPINOSA | JOMARRON
TRIAL LAWYERS

who advocated Counts IV–VI of the Amended Complaint, including, but not limited to, Jamie H.

Zidell, Esq., and the law firm of J.H. Zidell, P.A.

## II.
## ARGUMENT

### A.
### IT IS PROPER FOR THIS COURT TO SANCTION PLAINTIFFS' COUNSEL UNDER THIS COURT'S INHERENT AUTHORITY EVEN IF SANCTIONS ARE ALSO AVAILABLE PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

"There is no case in this Circuit barring a district court from using a 'Rule 11–type analysis'

when imposing sanctions under its inherent power . . . ." *See Peer v. Lewis*, 571 Fed. Appx. 840,

844–45 (11th Cir. 2014); *see also* Fed. R. Civ. P. 11. In *Chambers v. NASCO, Inc.*, the Supreme

Court affirmed a sanctions award pursuant to the Court's inherent authority, even though sanctions

were also available pursuant to Rule 11. 501 U.S. 32 (1991). The Court held that Rule 11 is not

simply a substitute for the Court's inherent authority, and further explained the Court's ability to

award sanctions under its inherent authority as follows:

> [A] federal court [is not] forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules. A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.
>
> . . . In circumstances such as these in which all of a litigant's conduct is deemed sanctionable, requiring a court first to apply Rules and statutes containing sanctioning provisions to discrete occurrences before invoking inherent power to address remaining instances of sanctionable conduct would serve only to foster extensive and needless satellite litigation, which is contrary to the aim of the Rules themselves.

ESPINOSA | JOMARRON
TRIAL LAWYERS

*Id.* at 51. (internal citations omitted).

Defendants' Motion for Sanctions unequivocally requests that this Court sanction Plaintiffs' lawyers for bad faith litigation tactics under this Court's inherent authority, not pursuant to Rule 11. The primary purpose for including a Rule 11 analysis and related case law in Defendant's Motion for Sanctions was to point out that Rule 11 obligations—a term this Court has uttered numerous times in the past three (3) years—existed from the inception of the lawsuit, regardless of whether Defendants actually moved for sanctions. Namely, that by filing the Amended Complaint Plaintiffs' counsel certified to this Court that the allegations in Counts IV–VI had or would likely have evidentiary support. (*See* Defs.' Mot. for Sanctions, p. 17.) If the Amended Complaint was frivolous at the time of filing, then Rule 11 sanctions are appropriate. If, such as here,[3] later discovered facts indicate that the allegations in the Amended Complaint are false, and Plaintiffs clearly exhibit bad faith by refusing to withdraw those allegations, despite several warnings from Defense counsel, then sanctions are appropriate pursuant to this Court's inherent authority. Accordingly, Defendants' Motion for Sanctions seeks to invoke the Court's inherent authority, not Rule 11.

Following the depositions of Messrs. Cifuentes and Phanitdasack, there was no question that the factual allegations of Counts IV–VI of the Amended Complaint were wholly lacking any evidentiary support. Notwithstanding this revelation, Plaintiffs' lawyers refused to withdraw the foregoing allegations from the Amended Complaint. Contrary to the allegations in Plaintiffs' Response, nothing prevents this Court from investigating Plaintiffs' lawyers' knowledge of these allegations at the time the Amended Complaint was filed, and nothing prevents this Court from

---

[3]     Although Defendant is unaware of what pre-suit investigation Plaintiffs' counsel undertook, if any, it is undisputed that Plaintiffs' counsel was aware of the falsity of Plaintiffs' claims no later than the depositions of Messrs. Cifuentes and Phanitdasack.

ESPINOSA | JOMARRON

Trial Lawyers

sanctioning Plaintiffs' and their lawyers under its inherent authority. This is true even if Rule 11 sanctions may also be available.

**B.**
**PLAINTIFFS' LAWYERS CANNOT SOLELY RELY ON THE SELF-SERVING**
**AFFIDAVITS OF THEIR CLIENTS TO AVOID BEING SANCTIONED**
**FOR BAD-FAITH LITIGATION TACTICS**

"The bad faith exception to the American Rule is not limited to conduct at the moment of filing, but also incorporates bad faith acts preceding and during litigation. A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1278 (M.D. Fla. 2003) (internal citations omitted). "'[C]ounsel cannot simply rely on a client's patently incredible testimony when any reasonable investigation of the factual bases for the client's claims or examination of materials obtained in discovery would reveal the paucity and implausibility of the evidence." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1300 (11th Cir. 2010) (citing *Blue v. U.S. Dept. of Army*, 914 F.2d 525, 543 (4th Cir. 1990)). Sanctions are not warranted when the claimant's evidence is weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law, but they are warranted "when the claimant exhibits a 'deliberate indifference to obvious facts.'" *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Plaintiffs argue that sanctions are not appropriate because their arguments are merely weak, not frivolous. First, the idea that Plaintiffs can intentionally proffer weak arguments, admit their arguments are weak, request this Court to deem them weak (as opposed to frivolous), and then ask not to be reprimanded makes a mockery of the orderly administration of this Court. Moreover, Plaintiffs' confession that they continue to pursue an underlined admittedly weak claim because they have "implicitly" and "explicitly" confirmed Defendants' "plan" to use these claims against

– 5 –

Plaintiffs is precisely the type of bad faith litigation this Court should sanction under its inherent authority. (*See* Pls.' Response, p. 3, n. 2.)

Based on Plaintiffs' admissions, the only inference that can be drawn from their relentless pursuit of the allegations in Counts IV–VI of the Amended Complaint is that Plaintiffs' counsel is recklessly raising a frivolous argument, or Plaintiffs' counsel is continuing his years' long harassment of Defendants. Neither is allowed. It is not enough, as the case law indicates, for Plaintiffs' counsel to merely rely on Plaintiffs' incredible testimony and affidavits when any reasonable investigation, coupled with the deposition testimony of Messrs. Cifuentes and Phanitdasack, would reveal that Plaintiffs' claims are false. This is especially true because, contrary to Plaintiffs' representations, Messrs. Cifuentes and Phanitdasack did not simply "recant" or "forget" their interactions with Defendants and Plaintiffs, but, instead, they testified that Igelko *never* said anything negative about Plaintiffs and, in the case of Mr. Cifuentes, testified that he did not even know who Kelly Phillips was (V. Cifuentes Dep., 8:4–17, 10:7–20, 11:2–7.)  If this is not a deliberate indifference to obvious facts, the undersigned is at a loss for words.

Had Plaintiffs' lawyers conducted a reasonable inquiry prior to the depositions of Messrs. Cifuentes and Phanitdasack, they would have known that Plaintiffs' claims were unsubstantiated. The fact that Plaintiffs' counsel <u>did not</u> conduct said inquiry is disturbing. Similarly disturbing is that Plaintiffs' counsel refused to withdraw the allegations in Counts IV–VI, which is why Defendant's Motion for Sanctions was prepared and filed after multiple attempts to resolve same without the court's intervention.  Plaintiffs' lawyers have steadfastly refused to withdraw these obviously baseless claims. This intentional ignorance demonstrates a clear and deliberate indifference to the obvious facts in the case and such conduct amounts to bad faith litigation and

must be sanctioned. For these further reasons, this Court should award sanctions against Plaintiffs'

lawyers under its inherent authority.

      WHEREFORE, Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION,

MITCHELL'S LAWN LLC, and MITCHELL IGELKO, respectfully request that this Honorable

Court award sanctions against each of Plaintiffs' lawyers that advocated Counts IV—VI of the

Amended Complaint, including, but not limited to, Jamie H. Zidell, Esq., and the law firm of J.H.

Zidell, P.A., and grant such further relief this Court deems just and proper.

                   Respectfully submitted,

                 By: */s/ Danny Espinosa*_____
                     Daniel A. Espinosa, Esq.
                     Florida Bar No. 81686
                     Rafael Viego III, Esq.
                     Florida Bar No.: 60967
                     **ESPINOSA | JOMARRON**
                     *Counsel for the Defendants*
                     4300 Biscayne Boulevard, Suite 305
                     Miami, Florida 33137
                     Telephone:    (305) 717-7530
                     Facsimile:    (305) 717-7539
                     E-mail:    despinosa@ejtrial.com
                     E-mail:    rviego@ejtrial.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of this document was served via

CM/ECF, this 5th day of June, 2015, upon: Jamie H. Zidell, Esq.,zabogado@aol.com, Rivkah

Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq.,

Elizabeth.hueber.esq.@gmail.com.

                 By: */s/ Danny Espinosa*_____
                     Daniel A. Espinosa, Esq.