# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,                    )
                                                 )
          Plaintiffs,                            )
v.                                               )
                                                 )
MITCHELL'S LAWN MAINTENANCE                      )
CORPORATION, MITCHELL'S LAWN                     )
LLC, and MITCHELL IGELKO,                        )
                                                 )
          Defendants.                            )
_____  )

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION (**"Defendant Mitchell's Lawn"**), MITCHELL'S LAWN LLC (**"Defendant Mitchell's LLC"**), and MITCHELL IGELKO (**"Defendant Igelko"**) (collectively, **"Defendants"**), pursuant to Local Rule 56.1, hereby file a Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 123] ("**Defendants' Motion**"), and state:

1.      Defendant Igelko never told Victor Cifuentes that Plaintiff Kelly Phillips ("**Plaintiff Phillips**") was as a thief, criminal, or anything of the sort are set forth as follows. (Cifuentes Dep. [DE 122-5], 6:16–24, 20:14–21, 21:16–22:1, 22:8–18, January 26, 2015)

2.      Defendant Igelko never told Vichith Phanitdasack that Plaintiff Phillips and Plaintiff Edel Leon ("**Plaintiff Leon**") (collectively "**Plaintiffs**") were thieves, criminals, or anything of the sort.  (Phanitdasack Dep. [DE 122-6], 5:15–25, 9:1–8; 12:3–9, 33:25–34:3, January 26, 2015.)

ESPINOSA | JOMARRON
ATTORNEYS AT LAW

3.      Plaintiff Leon could not provide any testimony to support the claim that his credit was damaged as a result of Defendant Igelko's alleged statements. A true and correct copy of the transcript of Plaintiff Leon's deposition taken on September 3, 2013, is attached to Defendant's Motion as Exhibit "B" [123-2]. (Plaintiff Leon Dep. [123-2], 86:8–87:7, September 3, 2013.)

4.      Plaintiff Leon testified that his credit was damaged, not because Defendant Igelko may have slandered him, but because Defendant Igelko was paying for his insurance when he worked with him. (Plaintiff Leon Dep. [123-2], 86:8–87:7.)

5.      Plaintiff Phillips could not provide any testimony to support the claim that her credit was damaged as a result of Defendant Igelko's alleged statements. A true and correct copy of the transcript of Plaintiff Phillips' deposition taken on September 2, 2013, is attached to Defendant's Motion as Exhibit "C" [123-3]. (Plaintiff Phillips Dep. [123-3], 75:10–76:2, September 2, 2013.)

6.      Plaintiff Phillips does not know the exact reason her credit cards were declined. (Plaintiff Phillips Dep. [123-3], 75:10–76:2.)

7.      Plaintiff Leon could not provide any evidence to support his claim that he lost trade and experienced difficulty in obtaining employment. (Plaintiff Leon Dep. [123-2], 89:14–90:24.)

8.      Plaintiff Phillips does not know why she did not find employment contradicting her allegations that she experienced difficulty obtaining employment as a result of Defendant Igelko's alleged defamatory statements. (Plaintiff Phillips Dep. [DE 123-3], 16:11–17:11.)

9.      Mr. Francisco Torres testified that Plaintiff Phillips never applied for work with him. A true and correct copy of the transcript of Mr. Torres' deposition taken on March 19,

2015, is attached to Defendant's Motion as Exhibit "D" [DE 123-4]. (Torres Dep. [DE 123-4], 26:18–20, March 19, 2015.)

10.     Mr. Edel Alfonso testified that Plaintiffs never applied for work with him. A true and correct copy of the transcript of Mr. Alfonso's deposition taken on March 10, 2015, is attached to Defendant's Motion as Exhibit "E" [DE 123-5]. (Alfonso Dep. [DE 123-5], 53:9–17; 76:8–10, March 10, 2015.)

11.     Mr. Alfonso testified that he did not believe Defendant Igelko's alleged defamatory statements about Plaintiffs. (Alfonso Dep. [DE 123-5], 37:7–23; 101:2–7.)

Respectfully submitted,

By:___/s/Rafael Viego III_____
        Daniel A. Espinosa, Esq.
        Florida Bar No. 81686
        Rafael Viego III, Esq.
        Florida Bar No. 60967
        **ESPINOSA | JOMARRON**
        *Counsel for Defendants*
        4300 Biscayne Boulevard, Suite 305
        Miami, Florida 33137
        Telephone:     (305) 717-7530
        Facsimile:      (305) 717-7539
        E-mail: despinosa@ejtrial.com
        E-mail: rviego@ejtrial.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via e-mail this 6th day of June, 2015, upon: Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq.@gmail.com.

By: /s/ Rafael Viego III_____
        Rafael Viego III, Esq.
        Florida Bar No. 60967

ESPINOSA | JOMARRON
ATTORNEYS AT LAW