UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON,  )
                               )
        Plaintiffs,            )
                               )
v.                             )
                               )
MITCHELL'S LAWN MAINTENANCE    )
CORPORATION, MITCHELL'S LAWN   )
LLC, and MITCHELL IGELKO,      )
                               )
        Defendants.            )
_____)

**DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DE 129]**

Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION (**"Defendant Mitchell's Lawn"**), MITCHELL'S LAWN LLC (**"Defendant Mitchell's LLC"**), and MITCHELL IGELKO (**"Defendant Igelko"**) (collectively, **"Defendants"**), pursuant to Local Rule 56.1, hereby reply to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment [DE 129] (**"Plaintiffs' Response"**) filed by Plaintiffs KELLY PHILLIPS (**"Phillips"**) and EDEL LEON (**"Plaintiff Leon"**) (collectively, "**Plaintiffs**"), and in support thereof state:

**I.
SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF DEFENDANTS ON COUNTS IV–VI**

Plaintiffs are correct that Defendants did not file a Statement of Material Facts. However, Defendants' Motion was supported by specific references to depositions on file with the court, albeit not organized in numerical order as required by Local Rule 56.1(a)(3). For example, Defendants quoted and cited the depositions of Victor Cifuentes [DE 122-5], Vicith Phanitdasack [DE 122-6], Plaintiff Leon [DE 123-2], Plaintiff Phillips [DE 123-3], Francisco Torres [DE 123-

– 1 –
ESPINOSA | JOMARRON
ATTORNEYS AT LAW

4], and Edel Alfonso [DE 123-5]. Thus, Defendants did provide facts that refer to the record. Nevertheless, Defendants recognize that they were in violation of Local Rule 56.1(a)(3) by not organizing the facts in numerical order. In order to cure the violation, Defendants filed a Statement of Material Facts in Support of Defendants' Motion for Summary Judgment [DE 138] (the "**Statement of Material Facts**"). The Statement of Material Facts merely re-organizes the same facts in Defendants Motion into numerical order without including any new facts or modifying the facts already provided.

Additionally, Local Rule 56.1 does not require the "filing" of a Statement of Facts, rather, it requires that "A motion for summary judgment and the opposition thereto shall be <u>accompanied</u> by a statement of material facts . . . ." Local Rule 56.1(a). As stated above, Defendants included multiple facts supported by specific references to depositions.

Nevertheless, summary judgment should be granted regarding Counts IV–VI. Messrs., Cifuentes and Phanitdasack did not recant or forget Igelko making slanderous statements about Plaintiffs, instead, they outright denied it. Had Plaintiffs provided affidavits from Messrs. Cifuentes and Phanitdasack stating the Defendant Igelko made slanderous comments about Plaintiffs, then Defendants would be in agreement that summary judgment should be denied. However, the only evidence that Plaintiffs have are self-serving affidavits that Messrs. Cifuentes and Phanitdasack told them that Defendant Igelko made slanderous statements which are inadmissible hearsay. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2013) (quoting *McMillian v. Johnson*, 88 F.3d 1573, 1584 (11th Cir. 1996)) (stating that if a "declarant has given sworn testimony during the course of discovery that contradicts the hearsay statement, we many not consider the hearsay statement at the summary judgment stage.")

## II.
## THE FLORIDA LITIGATION PRIVILEGE APPLIES

In the related case *Phillips v. M.I. Quality Lawn Maintenance, Inc.*, No. 10-20698 [DE 75], the Court granted Defendant Igelko's Motion for Summary Judgment finding that the filing of a state court action by Defendant Igelko against Plaintiff Phillips was protected by the Florida Litigation Privilege. In support of same, the Court relied on the Middle District Court case *Kentish v. Madancom, Inc*. which recognized that

> The right to petition has been recognized as one of "the most precious of the liberties safeguarded by the Bill of Rights," and implies "the very idea of government in a republican form." *BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524-5, (2002). Florida's staunch protection of this right is evident in both its Constitution and the application of the litigation privilege by its courts. Allowing Plaintiff to maintain its retaliation claim would restrict Defendant's access to courts and its right to petition. Absent evidence of Congressional intent to override the litigation privilege as developed by states, the Court concludes Florida's litigation privilege applies to Defendant's Counterclaim.

566 F. Supp. 2d 1343, 1349 (M.D. Fla. 2008). Thus, Plaintiffs are incorrect that "no legal authority that exists, other than the history of the parties" supporting the argument that a state court privilege should trump a federal cause of action. In arguing that there is no legal authority, Plaintiffs minimize the Eleventh Circuit's ruling in 537 Fed. Appx. 908 (11th Cir. 2013), which affirmed the Court's holding in *Phillips v. M.I. Quality*. Not only did the Eleventh Circuit affirm the decision, it affirmed said decision "for the reason set forth in the well-reasoned order entered by the district court on March 20, 2011." 537 Fed. Appx. 908. By affirming the Court's decision "for the well-reasoned order," the Eleventh Circuit implicitly agreed with *Kentish* that the Florida Litigation Privilege applies to retaliation claims. Accordingly, Defendants respectfully request that the Court granted Defendants Motion.

Respectfully submitted,

By: /s/Rafael Viego III
Daniel A. Espinosa, Esq.
Florida Bar No. 81686
Rafael Viego III, Esq.
Florida Bar No. 60967
**ESPINOSA | JOMARRON**
*Counsel for Defendants*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone: (305) 717-7530
Facsimile: (305) 717-7539
E-mail: despinosa@ejtrial.com
E-mail: rviego@ejtrial.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via e-mail this 8th day of June, 2015, upon: Jamie H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Florida 33141, zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq.@gmail.com.

By: /s/ Rafael Viego III
Rafael Viego III, Esq.
Florida Bar No. 60967