**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 13-20854-CIV-SIMONTON**

**CONSENT CASE**

| | |
|---|---|
| KELLY PHILLIPS and EDEL LEON, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| | ) |
| MITCHELL'S LAWN MAINTENANCE | ) |
| CORPORATION and MITCHELL IGELKO, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**SURREPLY TO DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS'
RESPONSE IN OPPOSITION TO DEFENDATS' MOTION FOR SUMMARY
JUDGMENT**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"),

by and through undersigned counsel, and hereby submits their Surreply to Defendants' Reply

Memorandum to Plaintiffs' Response in Opposition to Defendants' Motion for Summary

Judgment [DE 129], filed June 8, 2015 [DE 140], and states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. Defendants' Motion for Summary Judgment was filed  May 5, 2015 [DE 123].  Plaintiffs

    opposed [DE 129], and Defendants' filed their Reply [DE 140].

2. In Defendants' Reply, they bring up a particular case, Kentish v. Madancom, Inc., 566 F.

    Supp. 2d 1343, 1349 (M.D. Fla. 2008). As shown below, Kentish should not guide this

    Court's decision-making, nor does it stand for a contrary holding to the principles of

    federal-supremacy.

Plaintiffs used extreme language throughout their Motion for Summary Judgment and Defendants' Motion for Summary Judgment to support their argument that a state law privilege can never be extended to obstruct a federal law cause of action.  Defendants cited to Kentish v. Madancom, Inc., 566 F. Supp. 2d 1343 (M.D. Fla. 2008).  The Middle District in Kentish seems to make the argument that strong policy considerations created by Florida somehow limits the authority of federal law, and thus, additional congressional intent was necessary for federal law to be supreme over the policy of Florida.

On its face, Kentish seems to support that a state privilege can trump a federal cause of action.  Id. at 1348.  In context, however, this case in an anomaly.  Explicitly referring to Kentish, this Court stated:

> The Court recognizes that some other district courts have held that the filing of a counterclaim alone, as a matter of law, does not constitute a materially adverse action that can support a claim of retaliation. However, the determination of retaliatory intent is a question of fact.  Thus, the Court disagrees with the categorical approach taken by the court in *Kentish* and *Beltran* and declines to hold, as a matter of law, that a counterclaim cannot be retaliatory. The determination of whether the counterclaim is or is not retaliatory is better resolved on a motion for summary judgment or at trial, not a motion to dismiss [citations omitted].

Munroe v. PartsBase, Inc., No. 08-80431-CIV, 2008 WL 4998777, at *3 (S.D. Fla. Nov. 20, 2008).

Citing to Munroe and Kentish, the Federal Court for the Middle District of Florida picked this Court's holding over Kentish in Sederquist v. Indus. Eng'g & Dev., Inc., No. 8:11-CV-1084-T-26AEP, 2011 WL 3331307, at *2 (M.D. Fla. Aug. 3, 2011) ("The existence of retaliatory intent alone is a factual determination that does not lend itself to resolution on a motion to dismiss, and as such, must, at the very least, be alleged as part of a claim for retaliation—that the counterclaim lacks a reasonable basis in fact or law.").

Kentish's holding can only be consistent and intellectually honest with federal supremacy if the FLSA's definition of "retaliation" was limited to only certain types of conduct; i.e., if Congress intended for strong state interests to curtail the FLSA in certain areas.  Assuming, *arguendo*, that Kentish is "good law", it can only be under the particular facts of its case.  In that matter, the aggrieved employee had not argued that the employer's claims were *meritless*.  The Court noticed this, and held that it was not sufficient a claim of retaliation.  The remaining commentary after the Middle District makes this finding becomes *dicta*.  Even if it was a correct assessment of law, it would not be applicable in this matter.  Here, like in Munroe and Sederquist, Plaintiffs have asserted and shown through evidence that Defendants' state court claims are completely without merit and were manufactured solely for retaliatory purposes.

*Wherefore* Plaintiffs request that this Court not consider Kentish v. Madancom, Inc., 566 F. Supp. 2d 1343 (M.D. Fla. 2008) as persuasive authority.

.

Dated this 18th day of June, 2015.

Respectfully submitted,

J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:____/s/ Elizabeth O. Hueber_____
   Elizabeth Olivia Hueber
   Florida Bar No.: 0073061

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoingwas served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 18th$^h$ day of June, 2015.

Respectfully submitted,

J.H. Zidell, P.A.
Attorney for Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_____/s/ Elizabeth O. Hueber_____
    Elizabeth Olivia Hueber
    Florida Bar No.: 0073061