UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-20854-CIV-SIMONTON

<u>CONSENT CASE</u>

KELLY PHILLIPS and EDEL LEON,  )
                                                                        )
        Plaintiffs,  )
vs.  )
                                                                         )
MITCHELL'S LAWN MAINTENANCE  )
CORPORATION and MITCHELL IGELKO,  )
                                                                        )
        Defendants.  )
_____ )

**STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES**

**COMES NOW**, the Plaintiffs KELLY PHILLIPS AND EDEL LEON (the "Plaintiffs"), by and through undersigned counsel, and hereby submits their Statement of Facts in Opposition to Defendants' Statement of Material Facts and Memorandum of Points and Authorities, and states as follows:

1. On May 5, 2015, Defendants filed their Motion for Summary Judgment [DE 123]. They did not attach or incorporate a Statement of Material Facts in support of said Motion.

2. Plaintiffs timely responded to said Motion [DE 129], however, because there was no statement of facts, Plaintiffs could not fulfill the requirement of Local Rule 56.1(b) to oppose it. Plaintiffs instead argued that a lack of material facts mandates that Defendants' motion not be granted.

3. Defendants moved for an extension of time to file the statement of material facts retroactively after Plaintiffs had filed their opposition to the motion for summary judgment [DE 135]. This motion was granted via a paperless order [DE 142]. The order

stated on June 9, 2015 that Defendants may file their statement of facts in support of Defendants' Motion by June 8, 2015, and that Defendants may file their statement of facts in opposition on June 5, 2015. Defendants filed both of these statements of facts on June 6, 2015. This paperless order did not describe how and if Plaintiffs may respond to these statements of fact.

4. After conferring with Defendants' counsel, they agreed that Plaintiffs may file a response to these statements of facts [DE 138, 139] filed June 6, 2015. This is the response.

5. As follows, Plaintiffs first address the Statement of Material Facts [DE 138] in regard to Defendants' Motion for Summary Judgment [DE 123]. A brief memorandum of arguments is provided, which would have been incorporated into Plaintiffs' Opposition if Plaintiffs had been timely provided with the respective Statements of Facts.

### SUPPLEMENTAL MEMORANDUM IN RESPONSE TO STATEMENT OF FACTS [DE 138] IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DE 123]

Defendants assert that there is "no evide[n]tiary support for damages" because "Plaintiffs' credit was not damaged as alleged", and "Plaintiffs did not lose trade and have not experienced difficulty in obtaining employment as alleged" and "Plaintiffs[']s reputation with Mr. Alfonso was not harmed." In support thereof, Defendants provided facts regarding deposition transcripts regarding very particular statements made. These statements are only small parts of damages claimed. Summary judgment is not proper against parts of damages being summarily determined – either all damages or none must be addressed. Consequently, damages cannot be determined without the other factors of damages which have been alleged and shown through evidence. Further, damages are presumed in slander *per se*. Thus, these statements do not provide the grounds for summary judgment.

## RESPONSE TO STATEMENT OF FACTS [DE 138] IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DE 123]

1.      Denied.  Plaintiffs assert that they had heard from Victor Cifuentes that Defendant Igelko had been spreading the untruths alleged to Victor Cifuentes.  *See* Plaintiffs' Affidavit [DE 78-3] §§ 16-18.

2.      Denied.  Plaintiffs assert that they had heard from Vichith Phanitdasack that Defendant Igelko had been spreading the untruths alleged to Vichith Phanitdasack.  §§ 19-20.

3.      Conditionally admitted for the purposes of summary judgment; Plaintiff Leon does not deny that he was unable to provide testimony that his credit was damaged at deposition.  The implication, however, is that no damages occurred at all, which must be supported by facts beyond the mere partial issue of credit.  Damages as a whole are not addressed in the Summary Judgment nor the Statement of Material Facts.  First, damages in slander *pro se* matters are presumed.  Second, Plaintiffs cannot receive summary judgment on only a part of damages.  Plaintiff Leon's credit issues are only a small part of damages as a whole.

4.      Conditionally admitted for the purposes of summary judgment.  Plaintiff said what Defendants' counsel asserts he did.  However, that is not relevant in regard to Summary Judgment for damages, and further, in context, Plaintiff Leon clearly did not understand the question presented, as stated by Defendants' counsel himself and Plaintiff Leon directly, from the same source that Defendants cite (Plaintiff Leon's Dep. [123-2], 90:2, "Q:You are not understanding my question", and 90:13-14, "A: I don't understand that question.  It would have to be left to the attorney").

5.      Conditionally admitted for the purposes of summary judgment; Plaintiff Phillips does not deny that she was unable to provide testimony that her credit was damaged at deposition.  The

implication, however, is that no damages occurred at all, which must be supported by facts beyond the mere partial issue of credit. Damages as a whole are not addressed in the Summary Judgment nor the Statement of Material Facts. First, damages in slander *pro se* matters are presumed. Second, Plaintiffs cannot receive summary judgment on only a part of damages. Plaintiff Leon's credit issues are only a small part of damages as a whole.

6. Conditionally admitted for the purposes of summary judgment; Plaintiff Phillips did not have knowledge as to why her credit was harmed, but this fact is not relevant to whether she suffered damages.

7. Conditionally admitted for the purposes of summary judgment; Plaintiff Leon did not have knowledge as to why his credit was harmed, but this fact is not relevant to whether she suffered damages.

8. Admitted for the purposes of summary judgment. Plaintiffs do not deny what a party said at a deposition.

9. Admitted for the purposes of summary judgment. Plaintiffs do not deny what a third-- party said at a deposition.

10. Admitted for the purposes of summary judgment. Plaintiffs do not deny what a third-party said at a deposition.

11. Admitted for the purposes of summary judgment. Plaintiffs do not deny what a third-party said at a deposition.

**ADDITIONAL FACTS RESPONSIVE TO DEFENDANTS' STATEMENT OF FACTS**

a. Plaintiffs have actually damaged by the untruths asserted by Defendant Igelko. *See* Deposition of Edel Leon [DE 123-2] 14:7-9; 15:5-9; 15:22-25-16:1-3; 23:13-25,24:1; *see*

    Plaintiffs' Affidavit [DE 78-3] at ¶¶ 12-15; 117-20; 38; *see* Deposition of Kelly Phillips [DE 123-3], 51:11-14; 51:17-25; 60.

b. Witnesses Victor Cifuentes and Vichith Phanitdasack did in fact witness Defendants' slander. Affidavit of Kelly Phillips" [DE 128-1], §§ 16-20; Affidavit of Edel Leon [DE 128-3] §§ 10-14.

.

Dated this 29th day of June, 2015.

    Respectfully submitted,

    J.H. Zidell, P.A.

    Attorney for Plaintiffs
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    By:____/s/ Elizabeth O. Hueber_____
        Elizabeth Olivia Hueber
        Florida Bar No.: 0073061

## **CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoingwas served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com, Rafael Viego, III, Esq., ESPINOSA | JOMARRON, 4300 Biscayne Blvd., Suite 305, Miami, Florida 33137, Fax: (305)717-7539, Email: rviego@ejtrial.com on this 29th[h] day of June, 2015.

      Respectfully submitted,

      J.H. Zidell, P.A.

      Attorney for Plaintiffs
      300 71st Street, Suite 605
      Miami Beach, Florida 33141
      Tel: (305) 865-6766
      Fax: (305) 865-7167
      By:____/s/ Elizabeth O. Hueber_____
          Elizabeth Olivia Hueber
          Florida Bar No.: 0073061