UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20854-CIV-SIMONTON

KELLY PHILLIPS and EDEL LEON,

    Plaintiffs,

vs.

MITCHELL'S LAWN MAINTENANCE
CORP. and MITCHELL IGELKO,

    Defendants.
_____/

**OMNIBUS ORDER FOLLOWING HEARING ON DEFENDANTS'
MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER,
AND PARTIES' DISCOVERY MOTIONS**

    This matter comes before the Court following a hearing on the Defendants' Motion to Dismiss and Motion to Strike, ECF No. [95], Defendants' Motion for Protective Order, ECF No. [91], Plaintiffs' Motion to Compel Sophiea Bailey, Esq., to Appear for Deposition Duces Tecum, ECF No. [97], Defendants' Motion For Protective Order, or in the Alternative to Quash/Modify Subpoena Duces Tecum, ECF No. [99], Defendants' Motion to Compel Plaintiffs' Answers to Defendants' Interrogatories and for Sanctions, ECF No. [100], Defendants' Motion for Protective Order and for Sanctions, ECF No. [101], and Defendants' Notice of Hearing on Discovery Motions, ECF No. [102].

    Pursuant to the consent of the parties, the Honorable Robert N. Scola, Jr., United States District Judge, has referred this case to the undersigned United States Magistrate Judge for final disposition, ECF No. [26]. The undersigned held a hearing on February 18, 2015, wherein the undersigned orally ruled on the Motions. This Order incorporates and restates the rulings orally made at that hearing on the Motions.

## I. RULINGS ON PENDING MOTIONS

### A. Defendants' Motion to Dismiss, ECF No. [95]

The Defendants filed a Motion to Dismiss and Motion to Strike, ECF No. [95]. In that Motion, the Defendants sought, among other things, to dismiss Counts I, II and II of the Plaintiffs' First Amended Complaint, ECF No. [95]. The Plaintiffs filed a Response in Opposition, ECF No. [96], but the Defendants failed to file a Reply. At the hearing held on February 7, 2015, the undersigned heard argument from the Parties on the Motion.

For the reasons stated on the record at that hearing, the Defendants' Motion to Dismiss is Denied. In addition, as ordered at the hearing, the Defendants shall file an Answer to the Amended Complaint on or before March 6, 2015.

### B. Defendants' Motion for Protective Order, ECF No. [91]

The Defendants also filed a Motion for Protective Order that sought to prevent the Plaintiffs from deposing Counsel for the Defendants in this matter, Daniel Espinosa, Esq., ECF No. [91]. The Plaintiffs filed a Response, ECF No. [94].

At the hearing, the Parties were advised that generally the undersigned permits depositions of counsel in a case only when all other avenues of discovery have been exhausted. Accordingly, the undersigned denied the Motion without prejudice, if the Plaintiffs sought to renew their request to depose Mr. Espinosa, within fourteen days of the close of discovery, after other avenues of discovery have been exhausted.

### C. Plaintiffs' Motion To Compel Sopheia Bailey, Esq., to Appear for Deposition Duces Tecum, ECF No. [97]

The Plaintiffs filed a Motion seeking to compel attorney Sopheia Bailey, Esq. to attend to her deposition duces tecum scheduled for February 3, 2015 and to bring all responsive documents to that deposition, ECF No. [97]. At the hearing, the Plaintiffs

indicated that the Motion was moot because Ms. Bailey attended her deposition and the requested records were produced.[1]

The undersigned therefore denied the Motion as moot.

### D. Defendants' Motion For Protective Order, or in the Alternative to Quash/Modify Subpoena Duces Tecum, ECF No. [99]

The Defendants filed a Motion for Protective Order, or in the Alternative to Quash or Modify Subpoena Duces Tecum, ECF No. [99]. Plaintiffs filed a Response in Opposition, ECF No. [104]. In the Motion, the Defendants requested that the Court issue a protective order related to the deposition of Sophiea Bailey taken by the Plaintiffs. At the hearing, the Defendants asserted that during the first half of Ms. Bailey's deposition, the Plaintiffs had taken an inordinate amount of time in questioning her about numerous documents. In addition, the Defendants complained that the documents upon which Ms. Bailey was questioned could potentially improperly assist another person who was potentially facing criminal charges in a related state matter.

The undersigned denied the Motion and ordered that, in compliance with the applicable Federal Rules, the Plaintiffs may conduct the deposition of Ms. Bailey for seven hours, unless good cause is shown for additional time, and may determine the length of time they spend on particular issues and questions. The undersigned also noted that there is no protection for the state criminal prosecutions under the facts of this case and noted that the prosecutor had not sought to prevent the disclosure of information related to this action.

---

[1] As discussed in Section F, the Court also awarded the Plaintiffs $125.00 in attorneys' fees incurred in having to file the Motion to Compel. That amount was, in essence, cancelled out by the Court's award of $125.00 in attorney's fees to the Defendants for having to file a Motion for Protective Order related to the Plaintiffs' Supplemental Requests for Production.

      **E.**    **Defendants' Motion to Compel Plaintiffs' Answers to Defendants' Interrogatories and for Sanctions, ECF No. [100]**

The Defendants filed a Motion to Compel and for Sanctions seeking to have the Plaintiffs provide verified answers to the Defendants' Interrogatories, ECF No. [100]. At the hearing, the Defendants explained that the Plaintiffs' verified answers to the Interrogatories were due more than a year earlier, and contended that the Plaintiffs' objections were therefore waived. In addition, Defendants stated that Plaintiffs' Counsel had agreed to provide those verified responses.

In response, Plaintiffs' Counsel explained that the attorney who had been handling the matter had left the firm and stated that the Plaintiffs needed two weeks to provide verified answers to the interrogatories.

The undersigned ruled that although the Plaintiffs' answers were untimely, the Plaintiffs' objections would not be deemd waived, in part because the Defendants had waited nearly a year to bring the issue to the Court's attention. Accordingly, the Motion was granted, in part, and the Plaintiffs were ordered to produce verified interrogatory answers to the Defendants on or before March 4, 2015.

      **F.**    **Defendants' Motion for Protective Order and for Sanctions, ECF No. [101]**

The Defendants filed a Motion for Protective Order and Sanctions related to the Plaintiffs' Supplemental Request for Production that was served on the Defendants following the November 12, 2014 informal discovery hearing held before the undersigned, ECF No. [87]. In the Motion and at the hearing, the Defendants contended that despite the Court's prior ruling that the Plaintiffs were not entitled to obtain certain financial information from the Defendants, the Plaintiffs, in an effort to circumvent the

Court's order, nevertheless served supplemental discovery requests which sought production of documents of those very financial documents.

In response, the Plaintiffs contended that in the same Order that limited the financial documents that Plaintiffs were entitled to obtain, the Court granted the Plaintiffs' request to amend their complaint to include a claim for punitive damages. According to the Plaintiffs, it was this new claim for punitive damages that prompted the supplemental discovery requests to the Defendants for financial information.

The Court ruled that the Plaintiffs had failed to comply with the Court's prior Order issued on November 24, 2014, which limited the financial discovery that the Plaintiffs were entitled to obtain from the Defendants, ECF No. [87].  In so doing, the Court noted that the Order specifically provided that if the Plaintiffs determined that they were in need of additional financial information that might be relevant to the case, the Plaintiffs could seek additional relief from the Court, ECF No. [87] at 4.  Instead of seeking additional relief, the Plaintiffs simply served additional discovery requests regarding financial information.  The Defendants' Motion to Quash those requests was therefore granted.

However, the undersigned additionally ruled that because a claim for punitive damages had been included in the Amended Complaint, the Plaintiffs were entitled to obtain financial information to determine the net worth of the Defendants.  To that end, the Court directed the Plaintiffs, within fourteen days, to serve new and narrowed supplemental requests for production seeking the relevant financial information.  The undersigned determined that three years of financial information would be sufficient and thus held that the Plaintiffs would only be entitled to request tax records from the

relevant Defendant corporate/business entities for the calendar years 2012, 2013, and 2014, and information as to assets and liabilities for Defendant Igelko for the years 2012, 2013 and 2014.  The Court further ordered that if the Defendants have additional objections to the new requests, they may seek additional relief from the Court.   The undersigned awarded the Defendants $125.00 for attorney's fees incurred in having to bring the Motion, but also awarded the Plaintiffs $125.00 in attorney's fees incurred in defending the against the Motion for Protective Order related to the deposition of Sophiea Bailey, Esq.

## II.     MISCELLANEOUS ISSUES

### A.     Number of Depositions Defendants May Conduct

At the hearing, the Plaintiffs also asserted that the Defendants sought to take an excessive number of depositions, including the deposition of Mr. Nachtwaller, Esq., an attorney and Plaintiff Phillips' former employer who also had acted as counsel to Ms. Phillips in other proceedings.  The Plaintiffs argued that the information sought by the Defendants might be privileged, and further contended that Mr. Nachtwaller no longer resided in Florida.

The undersigned ruled that the deposition of Mr. Nachtwaller could proceed by telephone, and further ruled that Mr. Nachtwaller could raise objections at the deposition of attorney client privilege if appropriate and applicable.   As to the number of depositions that the Defendants may conduct, the undersigned noted that the Plaintiffs' Complaint was drafted very broadly, and thus the Defendants are entitled to take the depositions of, at least, the Plaintiffs and those persons who purportedly heard the slanderous and retaliatory statements as alleged in the Complaint, as well as, the

6

depositions of persons who tended to disprove the allegations in the Complaint. The Court advised that if the Parties were unable to resolve the issue, they could seek additional relief from the Court.

### B. Ore Tenus Motion to Withdraw as Counsel

At the conclusion of the hearing, Counsel for the Plaintiffs made an ore tenus Motion to withdraw as counsel stating that he was leaving the firm that represented the Plaintiffs in this matter. The Defendants objected to the Motion.

The undersigned directed Plaintiffs' Counsel to file a written Motion seeking to withdraw.

### III. CONCLUSION

For the reasons stated above, and as ruled at the February 18, 2015 hearing, it is

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss and Motion to Strike, ECF No. [95] is **DENIED**. The Defendants shall file an Answer to the First Amended Complaint on or before March 6, 2015. It is further

**ORDERED AND ADJUDGED** that the, Defendants' Motion for Protective Order, ECF No. [91] is **DENIED, without prejudice.** It is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel Sophiea Bailey, Esq., to Appear for Deposition Duces Tecum, ECF No. [97] is **DENIED, as moot.** It is further

**ORDERED AND ADJUDGED** that Defendants' Motion For Protective Order, or in the Alternative to Quash/Modify Subpoena Duces Tecum, ECF No. [99], is **DENIED.** It is further

**ORDERED AND ADJUDGED** that Defendants' Motion to Compel Plaintiffs' Answers to Defendants' Interrogatories and for Sanctions, ECF No. [100], is **GRANTED IN PART.**  The Plaintiffs shall provide verified responses to the Defendants' Interrogatories on ore before March 4, 2015. It is further

**ORDERED AND ADJUDGED** that Defendants' Motion for Protective Order and for Sanctions, ECF No. [101] is **GRANTED, in part**.  The Plaintiffs may propound newly drafted supplemental financial discovery requests subject to the restrictions set forth above in this Order.

**DONE AND ORDERED** at Miami, Florida, on September 30, 2015.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**All counsel of record**