**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 13-20854-CIV-SIMONTON**

**<u>CONSENT CASE</u>**

| | |
|---|---|
| KELLY PHILLIPS and EDEL LEON, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| MITCHELL'S LAWN MAINTENANCE | ) |
| CORPORATION and | ) |
| MITCHELL IGELKO, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**<u>JOINT PROPOSED JURY INSTRUCTIONS</u>**

**\*\*ANY PROPOSED INSTRUCTIONS BELOW OBJECTED TO BY DEFENDANT AND OFFERED ONLY BY PLAINTIFFS ARE *ITALICIZED*. ANY PROPOSED INSTRUCTIONS BELOW OBJECTED TO BY PLAINTIFFS AND OFFERED ONLY BY DEFENDANT ARE <u>UNDERLINED</u>.**

**<u>TO BE GIVEN AT THE BEGINNING OF THE CASE</u>
General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

<u>What is evidence:</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must *not* consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Burden of proof:

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side.  If Plaintiffs fail to meet this burden, you must find in favor of ***the Company*** / **Defendants**.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Defendant has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendant must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendant may ask the witness questions - this is called "cross-examining" the witness. Then Defendant will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.  You'll then go to the jury room to deliberate.

AUTHORITY:

*Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit*; Instruction No. 1.1 (2013).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## **JURY QUESTIONS**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

First, you must submit all questions in writing. Please don't ask any questions aloud.

Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

<u>AUTHORITY</u>:

*11th Cir. Pattern Jury Instr. (Civil)* 1.4 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 3
## STIPULATIONS

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. I will now read to you the facts that the parties agree are true.  You must treat these facts as proved for this case.

AUTHORITY:

*11th Cir. Pattern Jury Instr. (Civil)* 2.1 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>**PROPOSED INSTRUCTION NO. 4**</u>
<u>**USE OF DEPOSITIONS**</u>

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of certain witnesses may be presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

<u>AUTHORITY</u>:

*11th Cir. Pattern Jury Instr. (Civil)* 2.2 (2013 ed.)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## TO BE GIVEN AT THE END OF THE CASE

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

**PROPOSED INSTRUCTION NO. 5**
**CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW INSTRUCTIONS**
**(Corporate Party Involved)**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

AUTHORITY:

*11th Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.2.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**PROPOSED INSTRUCTION NO. 6**
**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

AUTHORITY:

*11ᵗʰ Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:

*11th Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>PROPOSED JURY INSTRUCTION NO. 8</u>
## IMPEACHMENT OF WITNESSES
### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>AUTHORITY</u>:

*11th Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>**PROPOSED JURY INSTRUCTION NO. 9**</u>
**Responsibility for Proof -Plaintiffs Claims**
**Preponderance of the Evidence**

In this case it is the responsibility of Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against each Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to those claims.

<u>AUTHORITY</u>:

*11th Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## *PROPOSED JURY INSTRUCTION NO. 10*

***4.22 Retaliation – Title VII, ADEA, ADA, and FLSA***

*In this case, Plaintiffs Kelly Phillips and Edel Leon claim that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko retaliated against Plaintiffs Kelly Phillips and Edel Leon because they took steps to enforce their lawful rights under the FLSA.*

*Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.*

*Plaintiffs Kelly Phillips and Edel Leon claims that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko retaliated against them because Plaintiffs Kelly Phillips and Edel Leon joined a lawsuit seeking their overtime wages.*

*Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko deny Plaintiffs Kelly Phillips and Edel Leon's claim and asserts that their conduct had no retaliatory motive.*

*To succeed on their claim, Plaintiffs Kelly Phillips and Edel Leon must prove each of the following facts by a preponderance of the evidence:*

<u>*First*</u>: *Plaintiffs Kelly Phillips and/or Edel Leon engaged in a protected activity;*

<u>*Second*</u>: *Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko then took an adverse employment action;*

<u>*Third*</u>: *Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko took the adverse employment action because of Plaintiffs Kelly Phillips and/or Edel Leon's protected activity; and*

<u>*Fourth*</u>: *Plaintiffs Kelly Phillips and Edel Leon suffered damages because of the adverse employment action.*

*For the first element, the parties have already stipulated Plaintiffs Kelly Phillips and Edel Leon conducted protected activity when they joined of a lawsuit seeking overtime wages against*

*Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko.*

*For the second element, Plaintiffs Kelly Phillips and Edel Leon claim that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko took an adverse employment action against them when Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko:*

1) *Falsely accused Plaintiffs Kelly Phillips and Edel Leon of stealing millions of dollars in a lawsuit;*

2) *Repeatedly threatened Plaintiffs Kelly Phillips and Edel Leon with arrest throughout their overtime lawsuit;*

3) *Fabricated allegations to the Federal Bureau of Investigations and Florida state attorneys; and*

4) *Slashed the tires of Plaintiffs Kelly Phillips and Edel Leon and their legal counsel.*

*You must decide whether these activities are adverse employment actions.*

*An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because they knew that Defendants would take a particular action, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.*

*For the third element, if you find that Plaintiffs engaged in protected activity and that Defendants took an adverse employment action against them, you must decide whether Defendants took that action because of Plaintiffs' protected activity. Put another way, you must decide whether Plaintiffs' protected activity was the main reason for Defendants' decision.*

*To determine that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell*

Igelko took an adverse employment action because of Plaintiffs' protected activity, you must decide that Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko would not have taken the action had Plaintiffs not engaged in the protected activity but everything else had been the same.

Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko claims that they did not commit the activity above or the activities were not "adverse actions" because of Plaintiffs' protected activities and that they took the action for other reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may take an adverse action against an employee for any other reason, good or bad, fair or unfair. If you believe Defendants' reasons for their decisions, and you find that Defendants did not make their decision because of Plaintiffs' protected activity, you must not second guess that decision, and you must not substitute your own judgment for Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's judgment – even if you do not agree with it.

As I have explained, Plaintiffs' have the burden to prove that Defendants' decision to take the actions alleged was because of Plaintiffs' protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's actions were because of Plaintiffs' protected activity, you may consider the circumstances of Defendants' decision. For example, you may consider whether you believe the reasons that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko gave for the decision. If you do not believe the reasons that they gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Defendants Mitchell's Lawn Maintenance

*Corporation and Mitchell Igelko's acts were the proximate cause of damages that Plaintiffs sustained. Put another way, you must decide, if Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko had not taken the adverse action against Plaintiffs, would these damages have occurred?*

*If you find that Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko's acts were the proximate cause of damages that Plaintiffs sustained, you must determine the amount of damages.*

*11th Circuit Pattern Jury Instruction (Civil Cases) 4.22*

*GIVEN:*
*GIVEN AS MODIFIED:*
*WITHDRAWN:*
*REFUSED:*

## PROPOSED JURY INSTRUCTION NO. 10

### 4.22 Retaliation – Title VII, ADEA, ADA, and FLSA

In this case, Plaintiffs Kelly Phillips and Edel Leon claim that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko retaliated against Plaintiffs Kelly Phillips and Edel Leon as that term is defined under the FLSA.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

Plaintiffs Kelly Phillips and Edel Leon claim that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko retaliated against Plaintiffs by: (1) amending Defendants complaint in a separate state court lawsuit against Plaintiffs, (ii) telling Plaintiff Phillips that she would be arrested for stealing monies from Defendants, and (iii) slashing Plaintiffs' tires during the trial of a separate lawsuit..

Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko deny Plaintiffs Kelly Phillips and Edel Leon's claim and assert that their conduct had no retaliatory motive, to the extent that such conduct even occurred.

To succeed on their claim, Plaintiffs Kelly Phillips and Edel Leon must each prove each of the following facts by a preponderance of the evidence:

First:    Plaintiff Kelly Phillips must prove that she engaged in a protected activity, and Plaintiff Edel Leon must prove that he engaged in a protected activity;

Second:    Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko then took an adverse employment action against Plaintiffs;

Third:    Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko took the adverse employment action because of Plaintiffs Kelly Phillips and/or Edel Leon's protected activity; and

Fourth:    Plaintiffs Kelly Phillips and Edel Leon suffered damages because of the
adverse employment action.

For the second element, Plaintiffs Kelly Phillips and Edel Leon claim that Defendants
Mitchell's Lawn Maintenance Corporation and Mitchell Igelko took an adverse employment action
against them when Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko:

5) Filed a lawsuit accusing Plaintiffs Kelly Phillips and Edel Leon of stealing more than
a million dollars from Defendants;

6) Stated to Plaintiffs Kelly Phillips and Edel Leon during a previous lawsuit that they
would be arrested and reported Plaintiffs to the Federal Bureau of Investigations and
Florida state attorneys; and

7) Allegedly slashed the tires of Plaintiffs Kelly Phillips and Edel Leon and their legal
counsel.

You must decide whether these activities are adverse employment actions.

An "adverse employment action" is any type of action that would have made a reasonable
employee reluctant to make or support a charge of discrimination. Put another way, if a reasonable
employee would be less likely to complain about or oppose alleged discrimination because they
knew that Defendants would take a particular action, then that action is an adverse employment
action. If the employment action would not make it less likely for a reasonable employee to make
complaints about or oppose the alleged discrimination, it is not an adverse employment action.
Additionally, if Plaintiffs do not prove that the challenged retaliatory conduct is materially adverse,
then it is not considered an "adverse employment action."

For the third element, if you find that Plaintiffs engaged in protected activity and that
Defendants took an adverse employment action against them, you must decide whether Defendants
took that action because of Plaintiffs' protected activity. Put another way, you must decide whether

Plaintiffs' protected activity was the main reason for Defendants' decision.

To determine that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko took an adverse employment action because of Plaintiffs' protected activity, you must decide that Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko would not have taken the action had Plaintiffs not engaged in the protected activity but everything else had been the same.

Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko claim that they did not commit the activity above. In the event that Plaintiffs were to prove the foregoing activities are true, Defendants claim they took the actions for other reasons, and further claim that Defendants' activities were not "adverse employment actions." An employer may not take an adverse employment action against an employee because of the employee's protected activity. But an employer may take an adverse employment action against an employee for any other reason, good or bad, fair or unfair. If you believe Defendants' reasons for their decisions, and you find that Defendants did not make their decision because of Plaintiffs' protected activity, you must not second guess that decision, and you must not substitute your own judgment for Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's judgment – even if you do not agree with it.

As I have explained, Plaintiffs have the burden to prove that Defendants' decision to take the actions alleged was because of Plaintiffs' protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's actions were because of Plaintiffs' protected activity, you may consider the circumstances of Defendants' decision. For example, you may consider whether you believe the reasons that Defendants Mitchell's Lawn Maintenance

Corporation and Mitchell Igelko gave for the decision. If you do not believe the reasons that they gave for the decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's acts were the proximate cause of damages that Plaintiffs sustained. Put another way, you must decide, if Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko had not taken the adverse employment action against Plaintiffs, would these damages have occurred?

If you find that Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko's acts were the proximate cause of damages that Plaintiffs sustained, you must determine the amount of damages.

AUTHORITY:

*11th Circuit Pattern Jury Instruction (Civil Cases)* (Modified) 4.22

GIVEN: _____
GIVEN AS MODIFIED: _____
WITHDRAWN: _____
REFUSED: _____

## INSTRUCTION NO. 11
## DAMAGES FOR RETALIATION

Plaintiffs Kelly Phillips and Edel Leon have alleged that, as a result of Defendants' alleged retaliation based on the *Plaintiffs asserting their right to obtain* <u>Plaintiffs' protected activity</u> their FLSA mandated overtime wages, Plaintiffs have suffered mental and emotional pain and suffering. These are called compensatory damages. The Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. If the Plaintiff does not establish that they experienced emotional pain and suffering because of the violations of their rights under the FLSA, then they cannot recover compensatory damages.

If you determine the Plaintiffs have proven by a preponderance of the evidence that they experienced emotional pain and suffering, you may award damages for those injuries. A plaintiff's testimony regarding emotional distress must establish that he actually suffered demonstrable emotional distress, which must be sufficiently articulated—neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a violation occurred supports an award of compensatory damages. No evidence of the monetary value of such intangible issues such as pain or suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for the elements of these damages. The damages that you award must be fair compensation -no more and no less.

When considering the amount of monetary damages to which the Plaintiffs' may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering they allegedly experienced. You must also consider the extent or duration, as any award you make must cover the damages endured by the Plaintiffs since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the emotional pain and suffering and its consequences which have continued to the present

time or can reasonably be expected to continue in the future.

Authority (modified):

American Bar Association, Model Jury Instructions, Employment Litigation, Sections 1.07[3]; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 104.06,1-4.6, 104A.ll (1987 and Supp. 1991) (modified); Pattern Federal Claims Instructions, No. 1.2, U.S. Eleventh Circuit (1990); *Snapp v. Unlimited Concepts,* ~, 208 F .3d 928 (11 th Cir .2000), *Vance v. Southern Bell Telephone and Telegraph* ~, 863 F.2d 1503 (1lth Cir. 1989); *Stallworth v. Shuler*,777 F.2d 1431 (1lth Cir. 1985); *Carey v. Piphus*, 435 U.S. 24755 L.Ed. 2d. 252 (1978); *Price v. City of Charlotte*, 71 FEP Cases 1289, 1298 (4th Cir. 1996); *Patterson v. PHP Healthcare*, 72 FEP 613(5th Cir. 1996); *McLaughlin v. Richland Shoe Co..* 486 U.S. 128 (1988); Equal Pay Act Instructions and Comments, Section 2.05; Restatement (Second) of ~, § 500 (1965).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 12
### ECONOMIC DAMAGES FOR RETALIATION

If you determine that the Defendants would not have retaliated against Plaintiffs but for Plaintiffs' *claim for overtime wages under* protected activity pursuant to the Fair Labor Standards Act, then you must determine the amount of damages that the Defendants have caused the Plaintiffs.

You may award as actual damages an amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiffs would have received had they not been retaliated against.

Basically, you have the ability to make the Plaintiff whole for any wages or other benefits that they lost as a result of *his retaliatory termination* Defendants' retaliatory conduct.

Authority:

Model Jury Instructions -Employment Litigation, Section 1.03[2][b], AHA, Section of Litigation, 1994; *Lorillard v. Pons*, 434 U.S. 575 (1978); *Faris v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir. 1985); *Blim v. Western Elec. Co.*, 731 F.2d 1473 (10th Cir. 1984).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 13
### PUNITIVE DAMAGES

Plaintiffs also claim that Defendants' acts were done with malice or reckless indifference to Plaintiffs' federally protected rights, which would entitle them to punitive damages in addition to compensatory damages. Plaintiffs must prove by a preponderance of the evidence that they are entitled to punitive damages. You will only reach the issue of punitive damages if you find that Plaintiffs have proved the elements of their claim against Defendants, and you award *one of the Plaintiff* <u>Plaintiffs</u> compensatory damages. If you find for at least one of the Plaintiffs and find that Defendants acted with malice or reckless indifference to Plaintiffs' federally protected rights, the law allows you, in your discretion, to award Plaintiffs punitive damages as a punishment for Defendants and as a deterrent to others. A person acts with malice if the person's conduct is motivated by evil intent or motive. A person acts with reckless indifference to the protected federal rights of another person when the person engages in conduct with a callous disregard for whether the conduct violates those protected federal rights. If you find that punitive damages should be assessed, you may consider the evidence regarding Defendants' financial resources in fixing the amount of such damages. You also may assess punitive damages against one or more of the individual defendants, and not others, or against more than one individual defendant in different amounts.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### *PROPOSED JURY INSTRUCTION NO. 14*
### *RETALIATION UNDER FLORIDA LAW*

*Plaintiffs have also brought claims of retaliation pursuant to Flordida law.  This claim in this case is as follows: Plaintiff claims that Defendants retaliated against them because Defendants:*

1) *Falsely accused Plaintiffs Kelly Phillips and Edel Leon of stealing millions of dollars in a lawsuit;*

2) *Repeatedly threatened Plaintiffs Kelly Phillips and Edel Leon with arrest throughout their overtime lawsuit;*

3) *Fabricated allegations to the Federal Bureau of Investigations and Florida state attorneys; and*

4) *Slashed the tires of Plaintiffs Kelly Phillips and Edel Leon and their legal counsel,*

*because Plaintiffs sought their overtime and minimum wages owed to them, and that these adverse actions caused Plaintiffs damage.*

*The parties must prove their claims and defenses by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.*

*415.3 GREATER WEIGHT OF THE EVIDENCE*

*Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case.*

*415.4 RETALIATION; ADVERSE EMPLOYMENT ACTION*

*Retaliation means taking certain adverse employment action against an employee because the employee engaged in protected activities.*

*An adverse employment action is retaliation if it affects the terms and conditions of employment and would discourage a reasonable employee in Plaintiffs' position from engaging in a protected activity.*

## 415.5 PROTECTED ACTIVITY

*Protected activity is objecting to Defendants activity, policy, or practice that violated federal or Florida law.*

*Protected activity is a legal cause of an adverse action if the protected activity was a motivating factor that made a difference in Defendants' decision. The protected activity need not be the only factor motivating Defendants' decision.*

*You may find that protected activity was a motivating factor in Defendants' decision if you find Defendants' stated reasons for their decisions were not the real reasons, were given to hide the retaliation.*

## 415.7 LEGAL CAUSE—DAMAGE

*An adverse action is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the respective adverse action, the loss, injury, or damage would not have occurred.*

## 415.9 BURDEN OF PROOF ON PRELIMINARY ISSUE

*If the greater weight of the evidence does not support Plaintiffs' claim on this issue, that the alleged conduct was an adverse employment action, then your verdict on the claims of Plaintiffs should be for Defendants. However, if the greater weight of the evidence supports the claim of Plaintiffs on this issue, that the alleged conduct was an adverse employment action, your decision on that issue should be for Plaintiff. You shall then decide the other issues on Plaintiffs' claim.*

### 415.10 ISSUES ON PLAINTIFF'S CLAIM

*The law prohibits an employer from retaliating against an employee for engaging in protected activity.*

*The issue you must decide on the claim of Plaintiffs against Defendants are whether Defendants retaliated against Plaintiffs through the activity asserted above because Plaintiffs engaged in protected activity and, if so, whether the alleged activity was a legal cause of loss, injury, or damage to a Plaintiff.*

### 415.12 UNLAWFUL RETALIATION DAMAGES

*If you find for Defendants, you will not consider the matter of damages. But if you find for one of the Plaintiffs, you should award Plaintiff an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him and/or her for such damage, including any such damage as Plaintiff is reasonably certain to incur in the future. You shall consider the following elements:*

- *any wages and benefits to be lost in the future;*

- *other compensatory damages allowable at law; and*

- *any emotional pain and mental anguish experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in the light of the evidence.*

*415.14 REDUCTION OF DAMAGES TO PRESENT VALUE*

*Any amount of damages which you allow for wages and benefits to be lost in the future should be reduced to its present money value, and only the present money value of those future economic damages should be included in your verdict.*

*The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Plaintiffs for these losses as they are actually experienced in future years.*

In re Standard Jury Instructions in Civil Cases--Report No. 2011-01 (Unlawful Retaliation), 95 So. 3d 106, 109-14 (Fla. 2012)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 14
## RETALIATION UNDER FLORIDA LAW

Plaintiffs have also brought claims of retaliation pursuant to Florida law.  This claim in this case is as follows: Plaintiff claims that Defendants retaliated against them because Defendants:

1) Filed a lawsuit accusing Plaintiffs Kelly Phillips and Edel Leon of stealing more than a million dollars from Defendants;

2) Stated to Plaintiffs Kelly Phillips and Edel Leon during a previous lawsuit that they would be arrested and reported Plaintiffs to the Federal Bureau of Investigations and Florida state attorneys; and

3) Allegedly slashed the tires of Plaintiffs Kelly Phillips and Edel Leon and their legal counsel.

Plaintiffs claim that Defendants retaliated against Plaintiffs because Plaintiffs sought to enforce their rights under the FLSA, and that Defendant's adverse employment actions caused Plaintiffs damage.

Plaintiffs must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.


415.3 GREATER WEIGHT OF THE EVIDENCE

Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case.

415.4 RETALIATION; ADVERSE EMPLOYMENT ACTION

Retaliation means taking certain adverse employment action against an employee because the employee engaged in protected activities.

An adverse employment action is retaliation if it affects the terms and conditions of employment and would discourage a reasonable employee in Plaintiffs' position from engaging in a protected activity.


415.5 PROTECTED ACTIVITY

Protected activity is objecting to Defendants activity, policy, or practice that violated federal or Florida law.


415.7 LEGAL CAUSE—DAMAGE

An adverse employment action is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the respective adverse employment action, the loss, injury, or damage would not have occurred.


415.9 BURDEN OF PROOF ON PRELIMINARY ISSUE

If the greater weight of the evidence does not support Plaintiffs' claim on this issue, that the alleged conduct was an adverse employment action, then your verdict on the claims of Plaintiffs should be for Defendants. However, if the greater weight of the evidence supports the claim of Plaintiffs on this issue, that the alleged conduct was an adverse employment action, your decision on that issue should be for Plaintiff. You shall then decide the other issues on Plaintiffs' claim.

415.10 ISSUES ON PLAINTIFF'S CLAIM

The law prohibits an employer from retaliating against an employee for engaging in protected activity.

The issue you must decide on the claim of Plaintiffs against Defendants are whether Defendants retaliated against Plaintiffs by committing an adverse employment action because Plaintiffs engaged in protected activity and, if so, whether the adverse employment action was a legal cause of loss, injury, or damage to a Plaintiffs.

415.12 UNLAWFUL RETALIATION DAMAGES

If you find for Defendants, you will not consider the matter of damages. But if you find for one of the Plaintiffs, you should award that Plaintiff an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him and/or her for such damage, including any such damage as Plaintiff is reasonably certain to incur in the future. You shall consider the following elements:

- any wages and benefits to be lost in the future;

- other compensatory damages allowable at law; and

- any emotional pain and mental anguish experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in the light of the evidence.

415.14 REDUCTION OF DAMAGES TO PRESENT VALUE

Any amount of damages which you allow for wages and benefits to be lost in the future should be reduced to its present money value, and only the present money value of those future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Plaintiffs for these losses as they are actually experienced in future years.

Authority:

*In re Standard Jury Instructions in Civil Cases--Report No. 2011-01 (Unlawful Retaliation)*, 95 So. 3d 106, 109-14 (Fla. 2012)

## <u>PROPOSED JURY INSTRUCTION NO. 15</u>
## <u>FLORIDA LITIGATION PRIVILEGE</u>

<u>The Defendants in this case have claimed that some of their activity is protected by the "Florida Litigation Privilege." The Florida Litigation Privilege affords absolute immunity to any act occurring during the course of a judicial proceeding, regardless of the act, so long as the act has some relation to the proceeding</u>

<u>Accordingly, if you the jury find by a preponderance of the evidence that Defendants' actions during the state court lawsuit related to said lawsuit, then you must find for the Defendants on Plaintiffs' claims of Retaliation.</u>

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 16
## DEFAMATION BY SLANDER

Plaintiffs have made multiple claims of defamation by slander.  The claims and defenses are as follows. Each Plaintiff claims that Mitchell Igelko made a false statement about him and her which caused each Plaintiff harm. Plaintiff claims the statement was that each Plaintiff stole millions of dollars and was a criminal. Plaintiffs have brought independent claims for defamation in regard to comments made to several individuals.

Defendants deny these claims, and assert that Mitchell Igelko's statements are true, to the extent they were ever made.

Plaintiffs must prove each of their respective claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

You must determine whether Defendant Mitchell Igelko made a statement concerning a Plaintiff; and, if so, whether the statement tended to expose a Plaintiff to hatred, ridicule, or contempt or tended to injure a Plaintiff in his or her business, reputation, or occupation or charged that a Plaintiff committed a crime.

If the greater weight of the evidence does not support a Plaintiff's claim on these issues, then your verdict should be for Defendant on that claim. However, if the greater weight of the evidence supports a Plaintiff's claim on these issues, then you shall consider the defense of truth and good motives raised by Defendants.

On the defense of truth, the issue for your determination is whether the statement made by the Defendant was substantially true and was made by Defendant with good motives.

A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the greater weight of the evidence supports this defense, your verdict should be for Defendants.

If the greater weight of the evidence does not support this defense, and the greater weight of the evidence supports a Plaintiff's claim on these issues, then your verdict should be for the respective Plaintiff in the total amount of his or her damages.

Authority:

*In re Standard Jury Instructions In Civil Cases-Report No. 09-01 (Reorganization of the Civil Jury Instructions)*, 35 So. 3d 666, 729-30 (Fla. 2010)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 17
## DAMAGES IN SLANDER PER SE

If you find that a Defendant has defamed one of the Plaintiffs with a false statement, it is your duty to determine if a Plaintiff was in fact damaged by this false statement.  However, damages are presumed in certain matters when the false statement is about certain subject matters, particularly, if the subject matter is about:

1. Imputing to another a criminal offense amounting to a felony;

2. Imputing to another a presently existing venereal disease or other loathsome and communicable disease;

3. Imputing to another the other being a woman, acts of unchastity; or

4. Imputing to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office.

If you find that a Defendant had in fact made a false statement regarding a Plaintiff to another person, and this statement was one of the above four categories, then you must presume that the Plaintiff was harmed by Defendant's slander, even without evidence that a Plaintiff was harmed.

Furthermore, if a false statement is made regarding one of the above four categories, you may award punitive damages to Plaintiff.  Punitive damages are warranted if you find, by clear and convincing evidence, that Mitchell Igeklo's primary purpose in making the statement was to indulge ill will and hostility and intent to harm one of the Plaintiffs. If you find for a Plaintiff and against Mitchell Igelko, and you also find that clear and convincing evidence shows that Mitchell Igelko was personally guilty of an intentional misconduct which was a substantial cause of loss, injury or damage to a Plaintiff, and that such conduct would warrant an award of punitive damages against him, in accordance with the standards that I have mentioned, then in your discretion, you

may determine that punitive damages are warranted against Mitchell Igelko. Intentional misconduct means that Mitchell Igelko had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to one of the Plaintiffs would result, and despite that knowledge, intentionally pursue that course of conduct resulting in injury or damage. Now, clear and convincing evidence differs from the greater weight of the evidence in that it is more compelling and persuasive. Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, clear and convincing evidence is evidence that is precise, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

<u>Authority:</u>

*Wolfson v. Kirk*, 273 So. 2d 774 (Fla. 4th DCA 1973); *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 733 (Fla. Dist. Ct. App. 2010)(particularized jury instructions approved regarding slander *per se* punitive damage awards).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 18
## DUTY TO DELIBERATE WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges— judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:

*11th Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.8.2.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 19

### Responsibility for Proof—Affirmative Defense Preponderance of the Evidence

In this case, the Defendants assert the following affirmative defenses:

1. That the jury should find for Defendants with respect to all of Plaintiffs' slander claims because Defendants' actions, to the extent they occurred, were taken in good faith and without malice;

2. That Defendants' activities, to the extent they occurred, did not result in any adverse employment action to Plaintiffs;

3. That the jury should find for Defendants with respect to Plaintiffs' retaliation claims because Defendants' actions, to the extent they occurred, are protected by the Florida Litigation Privilege;

4. That the jury should find for Defendants with respect to Plaintiffs' retaliation claims because Defendants' actions, to the extent they occurred, are protected by the First Amendment;

5. That the jury should find for Defendants with respect to all of Plaintiffs' slander claims because the "gist" of Mitchell Igelko's statements, to the extent they were made, was true; that is, Plaintiffs actually did steal employee records, employee files, monies, and/or other personal property of Defendants;

6. That the jury should find for Defendant with respect to the entirety of the lawsuit because Plaintiffs' claims are barred by the doctrine of unclean hands;

7. That any slanderous statements made occurred prior to March 13, 2013, and thus Plaintiffs cannot recover with respect to those statements due to the statute of limitations.

Even if the Plaintiffs prove their claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove any of these affirmative defenses by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

Authority:

*11th Circuit Pattern Jury Instruction (Civil Cases) (Modified)* 2013, 3.7.2

## PROPOSED INSTRUCTION NO. 20
## ELECTION OF FOREPERSON
## EXPLANATION OF VERDICT FORM(S)

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority:

*11th Circuit Pattern Jury Instruction (Civil Cases)* 2013, 3.9.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED: