UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SIMONTON

KELLY PHILLIPS and EDEL LEON, )
)
    Plaintiffs, )
)
v. )
)
MITCHELL'S LAWN MAINTENANCE )
CORPORATION, MITCHELL'S LAWN )
LLC, and MITCHELL IGELKO, )
)
    Defendants. )
                                      )

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

        Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION, MITCHELL'S LAWN LLC, and MITCHELL IGELKO (**"Defendants"**), by and through undersigned counsel, hereby provide their verified response to Plaintiffs' Motion for Protective Order (DE 165), and state in support as follows:

        1.       Today, October 21, 2015, Plaintiffs filed a Motion for Protective Order regarding certain depositions sought to be taken by Defendants (DE 165). It appears that Plaintiffs are seeking protection from the consequences of their own failure to provide correct contact information (or any contact information) for certain witnesses Plaintiffs intend to call during the trial of this lawsuit, set to begin during the week of October 26, 2015. The Court should deny Plaintiffs' Motion for Protective Order.

        2.       On April 29, 2015, Defendants filed their Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List with Memorandum of Law (**"Motion for**

– 1 –
**ESPINOSA LAW GROUP**
TRIAL LAWYERS

**Sanctions"**) (DE 121). Defendants incorporate the factual statements within the Motion for Sanctions into this response, including, *inter alia*, the recitals of Defendants' efforts to obtain contact information for certain witnesses, Defendants' efforts to serve said witnesses, and Plaintiffs' failure to timely provide the required address information.

3.　On October 8, 2015, the Court conducted a hearing on various pending motions, including the Motion for Sanctions. On October 8, 2015, the Court issued an Order (**"Order"**) on various matters, including, the Motion for Sanctions (DE 153), in which the Court stated: "Defendant may depose any witnesses whose contact information is newly disclosed at any time prior to trial."

4.　On or about August 14, 2015, Plaintiffs provided their Witness List (Attorneys' Eyes Only) (**"Witness List"**). For certain witnesses, the Witness List contained contact information (specifically, address information) that was newly disclosed by Plaintiffs. For other witnesses (Lucierto Calonge, Javier Gonzalez, and Barbara Igelko), the Witness List did not contain addresses (besides, for Ms. Igelko, an incorrect reference to "c/o Defense Counsel").

5.　With respect to certain of the witnesses identified below (paragraph 8), Plaintiffs originally provided incorrect contact information, or no contact information at all. For other witnesses, Plaintiffs originally provided un-timely contact information (that is, after the discovery cutoff but prior to October 14, 2015). By the time the information was provided, the discovery period was closed and Plaintiffs refused to extend the discovery cutoff.

6.　In a good faith effort to work with Plaintiffs' counsel, Defendants' counsel sent no less than <u>three</u> separate written requests to Plaintiffs' counsel for availability to depose several of Plaintiffs' witnesses in accordance with the Court's Order. The specific list of witnesses sought to be deposed by Defendants is included in this response, below (paragraph 8).

*Phillips, et al., v. Igelko, et al.*
Case No. 13-cv-20854

7. Therefore, in accordance with the contact information provided in Plaintiffs' Witness List, and in accordance with the Order, Defendants prepared various deposition and trial subpoenas. Over the course of October 19 and 20, Defendants issued and served various deposition and trial subpoenas. Further, having not heard from Plaintiffs' counsel with any specific availability for witness depositions, Defendants selected the deposition times and prepared the applicable notices of taking deposition (which were served upon Plaintiffs' counsel by e-mail on the afternoon of October 20, 2015). Moreover, on October 20, 2015, Defendants provided Plaintiffs' counsel with a detailed update, via e-mail, regarding the status of service and the anticipated attendance of the witnesses at their various depositions.

8. The following is the list of witnesses that Defendants sought to depose (the list also includes information related to Defendants' service efforts, and updated information where available regarding Defendants deposition efforts):

1) **Dennis Dill** – This witness was served. However, Defendants will withdraw their deposition subpoena and cancel the scheduled deposition.

2) **Hary de la Cruz** – This witness could not be served at the address provided by Plaintiffs. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

3) **Luisa Ginsberg** – This witness was served with deposition and trial subpoenas on October 20. However, Plaintiffs have stipulated that they will not call this witness at trial. Therefore, Defendants have cancelled the scheduled deposition and released Luisa Ginsberg from her deposition and trial subpoenas.

4) **Scott Ginsberg** – *Note:* On information and belief, this witness was not previously disclosed until October 14. This witness was served with deposition and trial subpoenas on October 20. However, Plaintiffs have stipulated that they will not call this witness at trial. Therefore, Defendants have cancelled the scheduled deposition and released Scott Ginsberg from his deposition and trial subpoenas.

5) **Javier Gonzalez** – No address was provided by Plaintiffs; therefore, Defendants attempted service of process in care of Plaintiffs' counsel on October 20; Plaintiffs' counsel indicated that this witness will not be produced

by Plaintiffs' counsel for the scheduled deposition (which was scheduled for Wednesday afternoon, October 21). Therefore, Defendants anticipate that this witness will *not* be called by Plaintiffs at trial.

6) **Barbara Igelko** – No address was provided by Plaintiffs; therefore, Defendants attempted service of process in care of Plaintiffs' counsel on October 20; Plaintiffs' counsel indicated that this witness will not be produced by Plaintiffs' counsel for the scheduled deposition (which was scheduled for Wednesday afternoon, October 21). Therefore, Defendants anticipate that this witness will *not* be called by Plaintiffs at trial.

7) **Luis Solorzano** – This witness was served on October 19, for deposition on October 22. Defendants anticipate that Mr. Solozano will appear for his deposition on Thursday morning (October 22).

8) **Alma Del Rio** – *Note:* Plaintiffs' counsel had previously refused to allow Defendants to conduct her deposition. Moreover, this witness could not be served at the address provided by Plaintiffs. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

9) **Vivian Mechaber** – This witness was served on October 19 (at an alternate address; she could not be located at the address provided by Plaintiffs), for deposition on October 22. Ms. Machaber has informed Defendants that she will not be coming to her deposition. On October 22, Defendants will obtain a Certificate of Non-Appearance from the Court Reporter. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

10) **Susan Crouch** – Defendants attempted service at the address provided by Plaintiffs and at an alternate address that the process server located. However, the registered agent did not accept service. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

11) **Lorna Salomon** – This witness was served. However, Defendants will withdraw their deposition subpoena and cancel the scheduled deposition.

12) **Yahilin Chirino** – This witness was served on October 19 (at an alternate address; she could not be located at the address provided by Plaintiffs), for deposition on October 21. Ms. Chirino did not appear for her deposition on October 21, and Defendants obtained a Certificate of Non-Appearance from the Court Reporter. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

13) **Omar Bentancort** – This witness could not be served at the address provided by Plaintiffs. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

*Phillips, et al., v. Igelko, et al.*
Case No. 13-cv-20854

14) **Dr. Robert Derhagopian** – *Note:* On information and belief, this witness was not previously disclosed until October 14. This witness was served on October 20, for deposition on October 23. Dr. Derhagopian, through his counsel, contacted Defendants' counsel. Dr. Derhagopian indicated that he is a busy surgeon with irreconcilable conflicts during the next several weeks, but that he would appear for his deposition on October 23 @ 4:30 p.m., provided that the deposition could be held at his office. Defendants will proceed with this deposition at Dr. Derhagopian's office.

15) **Cristina Paret** – This witness was served on October 19, for deposition on October 23. However, Ms. Paret requested that her deposition be moved to October 21. Ms. Paret appeared for her deposition on October 21, and received her witness fee and mileage check for attending her deposition.

16) **Lourdes Hernandez** – This witness could not be served at the address provided by Plaintiffs. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

17) **Eduardo Miguelez** – This witness could not be served at the address provided by Plaintiffs as it is an incorrect address for this witness. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

18) **Massimo Magnani** – This witness was served on October 20, for deposition on October 22. Defendants anticipate that Mr. Magnani will appear for his deposition on Thursday afternoon (October 22).

19) **Patricia Martinez** – This witness could not be served at the address provided by Plaintiffs. Moreover, Plaintiffs stated they believe this witness is incarcerated. Therefore, Defendants will anticipate that this witness will *not* be called by Plaintiffs at trial.

20) **Lucierto Calonge** – No address was provided by Plaintiffs; therefore, Defendants attempted service of process in care of Plaintiffs' counsel on October 20; Plaintiffs' counsel indicated that this witness will not be produced by Plaintiffs' counsel for the scheduled deposition (which was scheduled for Wednesday afternoon, October 21). Therefore, Defendants anticipate that this witness will *not* be called by Plaintiffs at trial.

21) **Jerry Slokam** – This witness was served. However, Defendants will withdraw their deposition subpoena and cancel the scheduled deposition.

9. In summary:

a. Plaintiffs' have agreed not to call two (2) witnesses (Luisa Ginsberg, Scott Ginsberg);

*Phillips, et al., v. Igelko, et al.*
Case No. 13-cv-20854

    b.  Plaintiffs failed to provide accurate address information (or any information) for ten (10) witnesses (Omar Bentancort, Susan Crouch, Hary de la Cruz, Alma Del Rio, Lourdes Hernandez, Eduardo Miguelez, Lucierto Calonge, Javier Gonzalez, Barbara Igelko, and Patricia Martinez);

    c.  Defendants have cancelled or will be cancelling the depositions of three (3) witnesses (Dennis Dill, Lorna Salomon, and Jerry Slokam);

    d.  Defendants obtained, or anticipate obtaining, a Certificate of Non-Appearance, for two (2) witnesses (Yahilin Chirino and Vivian Mechaber); and,

    e.  Defendants have deposed or will depose four (4) witnesses (Cristina Paret, Luis Solorzano, Massimo Magnani, and Dr. Robert Derhagopian)

10.    Throughout this process, Defendants have attempted to communicate with Plaintiffs' counsel to resolve these discovery issues. At great time and expense, on short notice, Defendants sought to depose the above-listed witnesses, whose contact information (specifically, address information) was provided late or was not provided at all.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion for Protective Order.

**DATED** this <u>21st</u> day of <u>October</u>, 2015.

    Respectfully submitted,

    **ESPINOSA LAW GROUP**
    10625 N. Kendall Dr.
    Miami, FL 33176-1510
    Tel.: 305-655-1501
    E-mail: despinosa@espinosalawgroup.com
    E-mail: tallison@espinosalawgroup.com

    By: */s/ Thomas Charles Allison*
        Daniel Alberto Espinosa, Esq.
        Florida Bar No. 81686

*Phillips, et al., v. Igelko, et al.*
Case No. 13-cv-20854

Thomas Charles Allison, Esq.
Florida Bar No. 35242

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was served via notice of electronic filing, generated upon filing of the foregoing via CM/ECF, this 21st day of October, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq@gmail.com, and upon all other counsel and parties of record.

Respectfully submitted,

By: */s/ Thomas Charles Allison*
Thomas Charles Allison, Esq.
Florida Bar No. 35242

*Counsel for Defendants*