UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20854-CIV-SIMONTON

KELLY PHILLIPS and
EDEL LEON,

    Plaintiffs,

v.

MITCHELL'S LAWN MAINTENANCE,
CORP., MITCHELL'S LAWN, LLC,
and MITCHELL IGELKO,

    Defendants.
_____/

## ORDER FOLLOWING FINAL PRETRIAL CONFERENCE

This Matter was before the Court on October 22, 2015 for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16. This Order sets forth the actions taken and the rulings made at the Pretrial Conference:

### I. Nature of Action

This action involves claims by Plaintiffs Kelly Phillips and Edel Leon against Defendants Mitchell's Law Maintenance Corporation, Mitchell's Lawn, LLC, and Mitchell Igelko under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 215 (a)(3), Fla. Stat. § 448.110(5), and for slander pursuant to the Court's Supplemental Jurisdiction, 28 U.S.C. § 1367. The Plaintiffs contend that the Defendants retaliated against them for engaging in protected activities under the FLSA, and made slanderous statements about the Plaintiffs for which the Plaintiffs seek to recover damages.

### II. Plaintiffs' Claims and Damages

    A. The Plaintiffs claim that the Defendants retaliated against the Plaintiffs in violation of the FLSA and Florida law. The Plaintiffs seek to recover compensatory

damages for mental anguish and pain and suffering for the retaliation claims, as well as, injunctive relief.  The Court ruled that punitive damages are not available for the retaliation claims.  At trial, the Plaintiffs will present evidence that the Defendants retaliated against them through the following adverse employment actions:

1. Falsely accusing Plaintiffs through the filing and pursuit of a state lawsuit of stealing millions of dollars;

2. Repeatedly threatening Plaintiffs with arrest throughout the Plaintiffs' FLSA lawsuit;

3. Presenting fabricated allegations to the Federal Bureau of Investigation and Florida state attorneys; and,

4. Slashing the tires of Plaintiffs and their legal counsel.[1]

B.  The Plaintiffs intend to present evidence at trial that Defendant Mitchel Igelko made false and slanderous statements about the Plaintiffs to multiple people, including stating that the Plaintiffs stole millions of dollars and employee records from the Defendants.

The Plaintiffs seek to recover compensatory damages in the form of mental anguish and pain and suffering, as well as, punitive damages, for the slanderous statements made by Mitchel Igelko.

III.  **Defendants' Defenses**

In addition to the specific factual defenses that the Defendants intend to raise at trial, the Defendants intend to present the following Affirmative Defenses:

---

[1] At the Pretrial Conference and in the Joint Pretrial Stipulation, Counsel for the Plaintiffs asserted that Plaintiffs reserved the right to submit evidence and argue that additional acts of retaliation occurred based upon the testimony presented at trial.  The purpose of the Pretrial Conference is to define the issues that remain in the case.  Therefore Plaintiffs are restricted to the adverse actions listed above, absent further Order of the Court.

    **1. As to Plaintiffs' slander claims, that the Defendants' actions were: (a) taken in good faith and without malice, and (b) were truthful in that the gist of the statements made by Defendant Mitchell Igelko was that the Plaintiffs stole money, employee records and other personal property from the Defendants;**

    **2. As to Plaintiffs' slander claims, that the Plaintiffs may not recover for any such claims that occurred prior to March 13, 2011, because causes of action based on those statements are barred by the statute of limitations;**

    **3. As to Plaintiffs' retaliation claims, that the Defendants' actions are protected by the First Amendment and the Florida Litigation Privilege;**

    **4. That the Plaintiffs' claims should be barred in their entirety based upon the doctrine of unclean hands.[2]**

### IV. Witnesses

  A. There will be no expert witnesses presented at trial.

  B. The Parties may continue to depose witnesses who were recently identified or whose addresses/contact information was recently discovered.

---

[2] **The Defendants abandoned the Affirmative Defense of Set Off at the Pretrial Conference. In addition, although throughout this litigation Counsel for Defendants has asserted that the Affirmative Defense of unclean hands is applicable to this action, the Defendants failed to submit a proposed jury instruction on this theory and were not able to provide argument at the Pretrial Conference regarding the application of this defense to the Plaintiffs' claims. Accordingly, the undersigned directed the Defendants to provide a memorandum of law regarding the applicability of the Affirmative Defense of unclean hands to this matter prior to evidence of that defense being presented to the jury.**

**C.**  The Parties shall insure that all witnesses abide by the rulings on the Motions in Limine; and, if requested, the Court will advise the witnesses of such rulings prior to their testimony.

**V. Exhibits**

All exhibits are to be premarked, and exhibit notebooks containing copies of all exhibits shall be provided to the Court (2 copies), opposing counsel, and the witness.

**VI.  Deposition Designations**

The Parties were directed to exchange deposition designations by the close of business on Friday, October 23, 2015, if possible, or by 5:00 p.m. on Sunday, October 25, 2015, at the latest.

**VII.    Miscellaneous**

Jury Selection will begin with on Monday, October 26, 2015 at 9:00 a.m. Trial is anticipated to take five (5) days in this matter.

**DONE AND ORDERED** at Miami, Florida, on October 26, 2015.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**All counsel of record**