# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 13-20854-CIV-SIMONTON

**KELLY PHILLIPS and
EDEL LEON,**

**Plaintiffs,**

**v.**

**MITCHELL'S LAWN MAINTENANCE,
CORP., MITCHELL'S LAWN, LLC,
and MITCHELL IGELKO,**

**Defendants.**

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in

deciding this case.

When I have finished, you will go to the jury room and begin your

discussions, sometimes called deliberations.

## Consideration of the Evidence Duty to Follow Instructions
## (Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal

3

difference in the weight you may give to either direct or circumstantial evidence.

## Credibility Of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

5

## Impeachment of Witnesses

## (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Responsibility for Proof-Plaintiffs' Claims and Defendants' Affirmative Defenses

### Preponderance of the Evidence

In this case it is the responsibility of Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against each Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to those claims.

In this case, the Defendants have asserted Affirmative Defenses, which I will explain to you later in these instructions.  Even if a Plaintiff proves his/her claim by a preponderance of the evidence, the Defendants can prevail in this case if the Defendant proves an affirmative defense by a preponderance of the evidence.

I caution you that the Defendant does not have to disprove the Plaintiff's claim, but if the Defendant raises an affirmative defense, the only way the Defendant can prevail on that specific defense is if the Defendant proves that defense by a preponderance of the evidence.

### Retaliation –FLSA

This case arises under the Fair Labor Standards Act, the federal law that provides for the payment of time-and-a-half overtime pay.  An employee's right to overtime compensation under the Fair Labor Standards Act cannot be nullified by contract or otherwise waived by the employee.

In this case, Plaintiffs Kelly Phillips and Edel Leon claim that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko retaliated against Plaintiffs Kelly Phillips and Edel Leon because they took steps to enforce their lawful rights under the FLSA, and because they participated as witnesses in claims brought by other employees under the FLSA.

Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko deny Plaintiffs Kelly Phillips and Edel Leon's claim and assert that any conduct in which they engaged had no retaliatory motive.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights, or participated as witnesses or made complaints under those laws.

9

An employee may make a discrimination complaint, or participate as a witness as a means to enforce what he or she believed in good faith to be his or her lawful rights, or the rights of others. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be his or her lawful rights. To establish "good faith," however, it is insufficient for a plaintiff merely to allege that his or her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

To succeed on their claim, Plaintiffs Kelly Phillips and Edel Leon must each prove each of the following facts by a preponderance of the evidence:

First:     Plaintiffs Kelly Phillips and/or Edel Leon engaged in a protected activity;

Second:   Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko then took an adverse employment action against Plaintiffs;

Third:      Defendants Mitchell's Lawn Maintenance Corporation
            and/or Mitchell Igelko took the adverse employment
            action because of Plaintiffs Kelly Phillips' and/or Edel
            Leon's protected activity; and

Fourth:     Plaintiffs Kelly Phillips and Edel Leon suffered damages
            because of the adverse employment action.

For the first element, the parties have already stipulated Plaintiffs
Kelly Phillips and Edel Leon conducted protected activity when Edel Leon
joined a lawsuit referred to as the Melgar Lawsuit 1:09-cv-22243-AMS and
the Parties stipulate that Kelly Phillips engaged in protected activity when
she testified as a material witness on behalf of other employees who
claimed they were owed overtime by the Defendants.

The parties dispute, however, whether Kelly Phillips engaged in
statutorily protected activity when she made her own claim for overtime by
joining a lawsuit, and you must decide this issue.

For the second element, Plaintiffs Kelly Phillips and Edel Leon claim
that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell
Igelko took an adverse employment action against them when Defendants
Mitchell's Lawn Maintenance Corporation and Mitchell Igelko engaged in
the following activities:

1) Falsely accused Plaintiffs Kelly Phillips and Edel Leon of stealing million(s) of dollars by filing and pursuing a lawsuit in state court;

2) Repeatedly threatened Plaintiffs Kelly Phillips and Edel Leon with arrest;

3) Presented fabricated allegations to the Federal Bureau of Investigation and Florida state attorney concerning criminal conduct on the part of Phillips and Leon;

4) Damaged the car tires of Plaintiffs Kelly Phillips and Edel Leon and their legal counsel while attending trial of the Federal FLSA case in July, 2012; and/or

5) Consistently spread false accusations that Phillips and Leon were criminals.

You must decide whether these activities are adverse employment actions.

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make a claim for overtime or minimum wages or serve as a material witness in such case for other workers/employees. Put another way, if a reasonable employee would be less likely to complain about or oppose alleged discrimination because they knew that Defendants would take a particular action, then that action is an

12

adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

For the third element, if you find that Plaintiffs engaged in protected activity and that Defendants took an adverse employment action against them, you must decide whether Defendants took that action because of Plaintiffs' protected activity. Put another way, you must decide whether Plaintiffs' protected activity was the main reason for Defendants' decision.

To determine that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko took an adverse employment action because of Plaintiffs' protected activity, you must decide that Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko would not have taken the action had Plaintiffs not engaged in the protected activity but everything else had been the same.

Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko claim that they did not commit the activity above or the activities were not "adverse actions" because of Plaintiffs' protected activities and that they took the action for other reasons. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may take an adverse action against an employee

13

for any other reason, good or bad, fair or unfair. If you believe Defendants'

reasons for their decisions, and you find that Defendants did not make their

decision because of Plaintiffs' protected activity, you must not second

guess that decision, and you must not substitute your own judgment for

Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's

judgment – even if you do not agree with it.

As I have explained, Plaintiffs have the burden to prove that

Defendants' decision to take the actions alleged was because of Plaintiffs'

protected activity. I have explained to you that evidence can be direct or

circumstantial. To decide whether Defendants Mitchell's Lawn Maintenance

Corporation and Mitchell Igelko's actions were because of Plaintiffs'

protected activity, you may consider the circumstances of Defendants'

decision. For example, you may consider whether you believe the reasons

that Defendants Mitchell's Lawn Maintenance Corporation and Mitchell

Igelko gave for the decision. If you do not believe the reasons that they

gave for the decision, you may consider whether the reasons were so

unbelievable that they were a cover-up to hide the true retaliatory reasons

for the decision.

For the fourth element, you must decide whether Defendants

Mitchell's Lawn Maintenance Corporation and Mitchell Igelko's acts were

the proximate cause of damages that Plaintiffs sustained. Put another way, you must decide, if Defendants Mitchell's Lawn Maintenance Corporation and Mitchell Igelko had not taken the adverse action against Plaintiffs, would these damages have occurred?

If you find that Defendants Mitchell's Lawn Maintenance Corporation and/or Mitchell Igelko's acts were the proximate cause of damages that Plaintiffs sustained, you must determine the amount of damages.

## Damages for Retaliation

Plaintiffs Kelly Phillips and Edel Leon have alleged that, as a result of Defendants' alleged retaliation, Plaintiffs have suffered mental and emotional pain and suffering, and humiliation. These are called compensatory damages. The Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence. If the Plaintiff does not establish that they experienced emotional pain and suffering or humiliate because of the violations of their rights under the FLSA, then they cannot recover compensatory damages.

If you determine the Plaintiffs have proven by a preponderance of the evidence that they experienced emotional pain and suffering or humiliation, you may award damages for those injuries. A plaintiff's testimony regarding emotional distress must establish that he or she actually suffered demonstrable emotional distress, which must be sufficiently articulated— neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a violation occurred supports an award of compensatory damages. No evidence of the monetary value of such intangible issues such as pain or suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the

compensation to be awarded for the elements of these damages. The damages that you award must be fair compensation -no more and no less. When considering the amount of monetary damages to which the Plaintiffs' may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering they allegedly experienced. You must also consider the extent or duration, as any award you make must cover the damages endured by the Plaintiffs since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the emotional pain and suffering and its consequences which have continued to the present time or can reasonably be expected to continue in the future.

## Affirmative Defenses to Federal Retaliation Claims

The Defendants have asserted two Affirmative Defenses with respect to this claim, which you must consider if you find that Plaintiffs have satisfied their burden of proof with respect to the elements of the retaliation claim that I have just described.

First, Defendants assert the defense of unclean hands. To assert an unclean hands defense, Defendants must show that (1) The Plaintiffs' wrongdoing is directly related to the claim, and (2) the Defendants were personally injured by the wrongdoing. Defendants allege that Plaintiffs' wrongdoing was stealing money from Defendants' business. If you find that Plaintiffs exhibited unclean hands with respect to their claims for retaliation, then you must find for Defendants.

Defendants further assert that their motives for amending their complaint in the state court lawsuit fall well within the protections of the First Amendment of the United States Constitution, which protects a person's right to petition the Court to address grievances. The filing and prosecution of a well-founded lawsuit is protected under the First Amendment, and cannot serve as the basis for a retaliation claim. Defendants contend that their reasons for filing the state court lawsuit were well-founded based upon their belief that Plaintiffs stole substantial

18

amounts of monies from Defendants. If you find that Defendants' State Court lawsuit against Plaintiffs was well-founded, then you cannot consider the fact that the Defendants amended their complaint in state court as the basis to support the Plaintiffs' retaliation claim.

### Retaliation Under Florida Law

Plaintiffs have also brought claims of retaliation pursuant to Florida law.  This claim is based on the same activity that was described above in connection with the federal claim for retaliation.  The only distinction between Florida law and federal law, is that under Florida law there is an absolute privilege that bars a claim based upon the filing of a lawsuit, and the activities that occur during and in relation to that lawsuit.  Therefore, in considering this claim, you are not to consider any of those activities in deciding the Plaintiffs' claim for retaliation under Florida law.

## Defamation by Slander

Plaintiffs have made multiple claims of defamation by slander.  The claims and defenses are as follows. Each Plaintiff claims that Mitchell Igelko made a false statement about him ~~and~~ or her which caused each Plaintiff harm. Plaintiffs claim the statement was that each Plaintiff stole millions of dollars and was a criminal. Plaintiffs have brought independent claims for defamation in regard to comments made to several individuals. Defendants deny these claims, and assert that Mitchell Igelko's statements are true, to the extent they were ever made.

Plaintiffs must prove each of their respective claims by a preponderance of the evidence.

You must determine whether Defendant Mitchell Igelko made a false statement concerning a Plaintiff; and, if so, whether the statement tended to expose a Plaintiff to hatred, ridicule, or contempt or tended to injure a Plaintiff in his or her business, reputation, or occupation or charged that a Plaintiff committed a crime.

If the greater weight of the evidence does not support a Plaintiff's claim on these issues, then your verdict should be for Defendants on that claim. However, if the greater weight of the evidence supports a Plaintiff's

claim on these issues, then you shall consider the defense of truth and good motives raised by Defendants.

The Defendants have raised two Affirmative Defenses with respect to the slander claims.

The first defense is the statute of limitations.  You are instructed that any claim must be brought within two years from the date that a slanderous statement is made.  Therefore, if the Defendants prove by a preponderance of the evidence that a statement was made prior to March 11, 2011, you cannot consider that statement as a basis for awarding damages to the Plaintiffs.

The second Affirmative Defense is the defense of truth.  If the Defendants prove that a statement they made was substantially true and was made by Defendant with good motives, then the statement cannot serve as the basis for recovery in this action.

A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the greater weight of the evidence supports this defense, your verdict should be for Defendants.

If the greater weight of the evidence does not support this defense, and the greater weight of the evidence supports a Plaintiff's claim on these issues, then your verdict should be for the respective Plaintiff in the total amount of his or her damages.

## Damages in Slander Per Se

If you find that a Defendant has defamed one of the Plaintiffs with a false statement, it is your duty to determine if a Plaintiff was in fact damaged by this false statement. However, damages are presumed in certain matters when the false statement is about certain subject matters, particularly, if the subject matter is about imputing to another a criminal offense amounting to a felony.

If you find that a Defendant had in fact made a false statement regarding a Plaintiff to another person, and this statement was one that accused the Plaintiff of a felony offense, then you must presume that the Plaintiff was harmed by Defendant's slander, even without evidence that a Plaintiff was harmed.

Furthermore, if such a false statement was made, you may award punitive damages to a Plaintiff. The purpose of punitive damages is to punish and deter such conduct. Punitive damages are warranted if you find, by clear and convincing evidence, that Mitchell Igelko's primary purpose in making the statement was to indulge ill will and hostility and intent to harm one of the Plaintiffs. If you find for a Plaintiff and against Mitchell Igelko, and you also find that clear and convincing evidence shows that Mitchell Igelko was personally guilty of an intentional misconduct which

24

was a substantial cause of loss, injury or damage to a Plaintiff, and that such conduct would warrant an award of punitive damages against him, then in your discretion, you may determine that punitive damages are warranted against Mitchell Igelko.

Intentional misconduct means that Mitchell Igelko had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to one of the Plaintiffs would result, and despite that knowledge, intentionally pursued that course of conduct resulting in injury or damage. Now, clear and convincing evidence differs from the greater weight of the evidence in that it is more compelling and persuasive. Greater weight of the evidence means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, clear and convincing evidence is evidence that is precise, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

## Punitive Damages

If you find that punitive damages should be assessed, you may consider the evidence regarding Defendants' financial resources in fixing the amount of such damages. You also may assess punitive damages against one or more of the individual and/or Corporate Defendants, and not

25

others, or against more than one individual defendant or Corporate

Defendants in different amounts.

### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Election of Foreperson Explanation of Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 13-20854-CIV-SIMONTON

**KELLY PHILLIPS and
EDEL LEON,**

  **Plaintiffs,**

**v.**

**MITCHELL'S LAWN MAINTENANCE,
CORP., MITCHELL'S LAWN, LLC,
and MITCHELL IGELKO,**

  **Defendants.**

_____/

## VERDICT FORM

## RETALIATION AS TO PLAINTIFF PHILLIPS

Do you find from a preponderance of the evidence:

1. That Kelly Phillips engaged in protected activity when she asserted her own claim for overtime compensation?

  Answer Yes or No          _____

If your answer is "Yes," you may consider this activity with respect to the retaliation claims, if your answer is "No," you may only consider her protected activity as established with respect

to serving as a material witness in the overtime case filed by her co-workers.

2. That Defendants Mitchell's Lawn Maintenance Corp., and Mitchell Igelko took an adverse employment action against Kelly Phillips?

Answer Yes or No          _____

If your answer is "No," go to No. 7.  If your answer is "Yes," go to the next question.

3. That Defendants Mitchell's Lawn Maintenance Corp., and Mitchell Igelko took the adverse employment action because of Kelly Phillips' protected activity?

Answer Yes or No          _____

If your answer is "No," go to No. 7.  If your answer is "Yes," go to the next question.

4. That Kelly Phillips suffered damages because of the adverse employment action?

Answer Yes or No          _____

2

If your answer is "No," go to No. 7.

If your answer is "Yes," please state the amount of damages to which she is entitled: _____

5.   Do you find that Defendants have proven the affirmative defense of unclean hands with respect to those claims of retaliation based on the allegations related to the theft of money (this defense does not apply to the claim based on the alleged damage to a tire)?

Answer Yes or No   _____

If you answered "No," go to No. 6.

If you answered "Yes," please state the amount of damages, if any, to which Kelly Phillips is entitled based on the claim related to the damaged tire: _____

6.   Do you find that Defendants have proven the affirmative defense under the First Amendment right to petition, with respect to the federal retaliation claim?

Answer Yes or No _____

If you answered "No," go to No. 7.

3

If you answered "Yes," please state the amount of damages, if any, to which Kelly Phillips is entitled based on your determination as to the other acts of retaliation (specifically, you should deduct from the damages award in question No. 4, any damages you attribute to the filing of the lawsuit in state court):

_____

## RETALIATION AS TO PLAINTIFF LEON

Do you find from a preponderance of the evidence:

7.     The parties have agreed that Edel Leon engaged in protected activity, and therefore you should consider this element proven with respect to him.

8.     That Defendants Mitchell's Lawn Maintenance Corp., and Mitchell Igelko took an adverse employment action against Edel Leon?

Answer Yes or No         _____

If your answer is "No," go to No. 13. If your answer is "Yes," go to the next question.

4

9.     That Defendants Mitchell's Lawn Maintenance Corp., and Mitchell Igelko took the adverse employment action because of Edel Leon's protected activity?

Answer Yes or No     _____

If your answer is "No," go to question No. 13.

10.     That Edel Leon suffered damages because of the adverse employment action?

Answer Yes or No     _____

If your answer is "No," go to No. 13.

If your answer is "Yes," please state the amount of damages to which he is entitled: _____

11.     Do you find that Defendant has proven the affirmative defense of unclean hands with respect to those claims of retaliation based on the allegations related to the theft of money (this defense does not apply to the claim based on the alleged damage to a tire)?

Answer Yes or No     _____

If you answered "No," go to No. 13.

If you answered "Yes," please state the amount of damages, if any, to which Edel Leon is entitled based on the damaged tire: _____

12.    Do you find that Defendants have proven the affirmative defense under the First Amendment right to petition, with respect to the federal retaliation claim?

Answer Yes or No _____

If you answered "Yes," please state the amount of damages, if any, to which Edel Leon is entitled based on your determination as to the other acts of retaliation (specifically, you should deduct from the damage award in question No. 10, any damages you attribute to the filing of the lawsuit in state court):

_____

## SLANDER AS TO PLAINTIFF PHILLIPS

13.   Did Mitchell Igelko engage in defamation by slander of Plaintiff Kelly Phillips as described in the jury instructions?

Answer Yes or No with respect to statements made to the following:

Francisco Torres:        _____

Alma del Rio:        _____

Employees of Defendants in August 2012: _____

Former employees: _____

If your answer is "No," to all of the above, go to question No. 19.  If your answer is "Yes," to any of the above, answer the next question, considering only the statements as to which you answered, "Yes."

14.   Do you find that the Defendant has proven by a preponderance of the evidence that the statements made to the following were made only before March 13, 2011?  Answer Yes or No with respect to the following:

Francisco Torres:        _____

Alma del Rio:        _____

Employees of Defendants in August 2012: _____

Former employees: _____

If you answered "Yes" to any of the above, you are not to consider those statements with respect to the remaining questions.

15.   Was the subject matter of any of the statements made by Defendant Mitchell Igelko that Plaintiff Kelly Philips committed a criminal offense?

Answer Yes or No:   _____

16.   What amount of compensatory damages were suffered by Plaintiff Kelly Phillips?   _____

17.   As to the Affirmative defense of truth, do you find that Defendants have proven by a preponderance of the evidence, that the gist of the defamatory statements was true and made with good motives?

Answer Yes or No:   _____

If your answer is "Yes," go to question No. 19.

If your answer is "No," go to the next question.

8

18.   Do you find by clear and convincing evidence that Defendant Mitchell Igelko's primary purpose in making the defamatory statements was to indulge ill will and hostility and intent to harm Kelly Philips?

Answer Yes or No   _____

If your answer is "Yes," state the amount of punitive damages that should be awarded to Kelly Phillips: _____. If you answer "No," go to question No. 19.

## <u>SLANDER AS TO PLAINTIFF LEON</u>

19.   Did Mitchell Igelko engage in defamation by slander of Plaintiff Edel Leon as described in the jury instructions?

Answer Yes or No with respect to statements made to the following:          Employees of Defendants in August 2012: _____

Former employees:  _____

If your answer is "No," to all of the above, you need not answer the remaining questions.  The foreperson should sign and date the Verdict Form, and send a note to the Court stating that you have reached a verdict.  If your answer is "Yes," to any of the above, answer the next question, considering only the statements as to which you answered, "Yes."


20.   Do you find that the Defendant has proven by a preponderance of the evidence that the statements made to the following were made only before March 13, 2011?  Answer Yes or No with respect to the following:

Employees of Defendants in August 2012: _____

Former employees: _____

10

If you answered "Yes" to any of the above, you are not to consider those statements with respect to the remaining questions.

21.   Was the subject matter of any of the statements made by Defendant Mitchell Igelko that Plaintiff Edel Leon committed a criminal offense?

Answer Yes or No: _____

22.   What amount of compensatory damages were suffered by Plaintiff Edel Leon? _____

23.   As to the Affirmative defense of truth, do you find that Defendants have proven by a preponderance of the evidence, that the gist of the defamatory statements was true and made with good motives?

Answer Yes or No: _____

If your answer is "Yes," you need not answer the remaining question. The foreperson should sign and date the Verdict Form,

11

and send a note to the Court stating that you have reached a verdict.  If your answer is "No," go to the next question.

24.   Do you find by clear and convincing evidence that Defendant Mitchell Igelko's primary purpose in making the defamatory statements was to indulge ill will and hostility and intent to harm Edel Leon?

Answer Yes or No  _____

If your answer is "Yes," state the amount of punitive damages that should be awarded to Edel Leon:  _____.

So Say We All.

_____
Foreperson's Signature

Date: _____

12