UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20854-CIV-SIMONTON

KELLY PHILLIPS and EDEL LEON,

      Plaintiffs,

vs.

MITCHELL'S LAWN MAINTENANCE
CORP. and MITCHELL IGELKO,

      Defendants.

_____/

OMNIBUS ORDER ON
PARTIES' MOTIONS FOR SUMMARY
JUDGMENT AND OUTSTANDING PRETRIAL MOTIONS

      This matter comes before the Court upon Defendants' Motion for Summary Judgment, ECF No. [123] and Plaintiffs' Motion for Partial Summary Judgment, ECF No. [124]. Also pending before the Court are Plaintiffs' Motion to Strike Affirmative Defenses, ECF No. [113], Defendants' Motion For Sanctions for Failure to Disclose and For Failure to Furnish a Witness List, ECF No. [121], and Defendants' Motion for Sanctions Against Plaintiffs' Lawyers and the Law Firm of J.H. Zidell under the Court's Inherent Authority, ECF No. [122]. On October 8, 2015, oral argument was held on all of the Motions wherein the undersigned orally ruled on the Motions. This Order memorializes and incorporates the oral rulings made by the undersigned at that hearing.

I.    BACKGROUND[1]

Plaintiffs Kelly Phillips ("Phillips") and Edel Leon ("Leon") were previously

employed by Defendant Mitchell's Lawn Maintenance Corporation ("Mitchell's Lawn"),

which was owned and operated by Defendant Mitchell Igelko ("Igelko"). Their

employment by Defendants ultimately turned sour and gave rise to several federal and

one state court lawsuit.[2]

On March 11, 2013, Phillips and Leon filed a twenty-three count complaint against

Defendants Mitchell's Lawn and Igelko, ECF No. [1]. In Counts One and Two, Plaintiffs

Phillips and Leon asserted FLSA retaliation claims against Defendants pursuant to 29

U.S.C. § 215(a)(3). Specifically, Plaintiffs each claimed that while they were involved in

other FLSA cases against the Defendants, (Case Nos. 10-20698-CIV, 10-20506-CIV),

Defendants retaliated against them by: (1) adding new claims against Phillips and Leon

in the state court lawsuit; (2) stating, through counsel in open court in Case No. 10-

20698-CIV, that Phillips would not be able to testify at trial because she was about to be

arrested; (3) stating, through counsel, also in open court, that warrants had been issued

for Phillips' arrest; (4) frequently asking the Dade County State's Attorney's Office to

issue a warrant for Phillips' arrest; and (5) slashing the tires on Phillips' and Leon's

_____

[1] The factual background of the case was set forth in the Court's Order Granting, in part, Defendants' Motion to Dismiss, ECF No. [62], and thus is only reiterated herein to the extent necessary to resolve the pending Motions.

[2] The lawsuits include *Melgar v. M.I. Quality Lawn Maintenance*, 09-22243-CIV, an FLSA case from this district where Leon was a named Plaintiff before his case was severed and Phillips attempted to opt in as a Plaintiff; *Leon v. M.I. Quality Lawn Maintenance*, 10-20506-CIV, which involved an FLSA retaliation claim filed by Leon that was tried to a jury before the undersigned; *Phillips v. M.I. Quality Lawn Maintenance*, 10-20698, which involved an FLSA retaliation claim filed by Phillips; and a state court lawsuit filed by Mitchell's Lawn Maintenance against Phillips, and ultimately Leon, that involved a purported civil theft by Phillips and Leon.

vehicle.[3]  Count Three was identical to Count One except that it was based on a violation of state law, specifically, Retaliation under Florida Statute § 448.110(5).  The remaining claims, Counts IV-XXIII, were for slander and involved instances in the past two years where Igelko allegedly told third parties that Phillips and Leon "had stolen over 1 million dollars, a computer, the employee files, and the time cards from Mitchell's Lawn."

**Defendants' Motion to Dismiss**

On April 29, 2013, Defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking, among other things, to dismiss the Complaint pursuant to the Florida Litigation Privilege.  In opposition, the Plaintiffs argued that the Florida Litigation Privilege did not preempt a federal FLSA claim and further asserted that the underlying facts of this case did not fall within the Florida litigation privilege.

The undersigned granted in part and denied in part the Defendants' motion to dismiss, ECF No. [62].  In arriving at that decision, the Court observed that the Florida Supreme Court had made clear that Florida's litigation privilege affords absolute immunity for all acts related to and occurring within judicial proceedings.  In addition, the undersigned cited *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343 (M.D. Fla. 2008), and noted that the Plaintiffs' retaliation claims effectively sought to preempt the Defendants' right to unfettered access to courts, and the opportunity to fully litigate disputes without fear of facing subsequent derivative litigation, ECF No. [62] at 10.

The Court also noted that the Plaintiffs in this case had already unsuccessfully advanced that same argument in a another case involving these parties.  Specifically, the

---

[3]  In the Original Complaint, the Plaintiffs only alleged certain retaliatory actions as to Plaintiff Phillips, however it appears that the allegations were intended to include alleged retaliatory actions taken against Leon as well.

3

Court observed that in Case No. 10-20698-CIV, Plaintiff Phillips asserted an FLSA

retaliation claim based on the Defendants having filed a state court lawsuit against her -

the same state court lawsuit at issue in this case.  The Defendants moved for summary

judgment in that action and asserted that the Florida litigation privilege barred the FLSA

retaliation claim.  *Phillips v. M.I. Quality Lawn Maintenance, Inc*., No. 10–20698, at 8 (S.D.

Fla. Mar. 30, 2011).  The district court agreed and entered summary judgment against

Phillips on her FLSA retaliation claim concluding that the filing of the state court lawsuit

by Defendants was protected by Florida's litigation privilege. *Id.* at pp. 8-9.[4]  On appeal,

Phillips argued that the district court erred in entering summary judgment because the

Florida litigation privilege cannot defeat a federal cause of action.  *See, e.g.,* Appellant's

Reply Brief at 14-15, *Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.,* No. 12-14346-

BB (11th Cir. Feb. 7, 2013).  The Eleventh Circuit, in an unpublished opinion, affirmed the

District Court's ruling, and stated:

> we affirm the partial grant of summary judgment entered against [Phillips]
> for the reasons set forth in the well-reasoned order entered by the district
> court on March 30, 2011.

*Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.*, 537 Fed. Appx. 908 (11th Cir.

2013).

The Court in this case thus determined that the conduct described by the

Plaintiffs which related to the judicial proceedings in state court was the type of conduct

by attorneys that the Florida litigation privilege protected. The Court therefore ruled

---

[4]  The case was originally assigned to the Honorable Patricia A. Seitz, United
States District Judge but, upon the consent of the Parties, was reassigned to the
undersigned Magistrate Judge.  The Motions for summary judgment in that case were
ruled upon by Judge Seitz, prior to the reassignment.

4

pursuant to the Florida Litigation Privilege, and consistent with the rulings in *Phillips* and *Kentish,* that the Defendants were afforded absolute immunity to claims based on the acts and statements made during the course of the state court litigation. The Court granted the Motion to Dismiss as to the federal and Florida statutory retaliation claims pursuant to the Florida Litigation Privilege to the extent those claims were based on acts and statements related to and occurring within judicial proceedings.  The Court thus dismissed those portions of Counts I, II and III with prejudice. The Motion was otherwise denied.[5]

### Plaintiffs' Amended Complaint

On November 24, 2014, the Plaintiffs filed an Amended Complaint which, among other things, generally reasserted the claims contained in Counts I, II and III of the original Complaint, but added allegations to those Counts which asserted that the Defendants had no proof of theft against the Plaintiffs and fabricated the entire state court lawsuit against the Plaintiffs, ECF No. [88] at 18, 28, 42.  The Plaintiffs further alleged, as they did in the Original Complaint, that they were retaliated against by the Defendants by: 1) The Defendants' Attorneys stating during the FLSA action in this Court that the Plaintiffs were about to be arrested and would not be able to attend trial; 2) The Defendants' Attorneys calling the Miami-Dade State Attorney's Office on multiple occasions inquiring and urging the State Attorney  to arrest or cause to be arrested the

---

[5]  Although the Court concluded that the Florida Litigation Privilege precluded the Plaintiffs' federal and state retaliation claims to the extent that those claims were predicated upon the Defendants' filing and pursuing a state cause of action, the undersigned denied the Motion to Dismiss as to those retaliatory acts alleged by the Plaintiffs which did not occur during a court proceeding or that did not occur within a courtroom, ECF No. [62] at 11-13, 18.

Plaintiffs, and 3) Defendant Mitchell Igelko slashing the tires of Leon and Phillips' vehicle.  The Defendants filed an Answer and Affirmative Defenses and the Parties' respective Motions for Summary Judgment followed.

II.   **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

A.   **Counts I, II and III**

In their Motion for Summary Judgment, the Defendants contended, *inter alia*, that they were entitled to summary judgment on Counts I-III of the Amended Complaint because this Court had previously dismissed those Counts with prejudice, ECF No. [62]. Specifically, the Defendants argued that Counts I, II and III, of the Plaintiffs' Amended Complaint merely reasserted the same retaliatory actions that were previously dismissed by the Court based upon the Florida Litigation Privilege, and consistent with the holdings in an earlier case involving Kelly Phillips and the holding in *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343 (M.D. Fla. 2008).

In their Opposition and Sur-Reply, the Plaintiffs asserted, among other things, that the Florida Litigation Privilege could not serve as a bar to any of the FLSA retaliation claims in this case because a state privilege may not trump a federal cause of action, ECF Nos. [129] at 8, [144] at 2.  The Plaintiffs further argued that the Court should not view the holding in *Kentish* as persuasive authority, ECF No. [144] at 3.  The Plaintiffs thus urged the Court to reconsider its earlier ruling on the Defendants' Motion to Dismiss wherein the Court dismissed parts of Counts I, II and III of the Plaintiffs' Complaint with prejudice.

For the following reasons, the undersigned ruled at the hearing on the Defendants' Motion for Summary Judgment that the Defendants are not entitled to

summary judgment on Counts I, II and III of the Plaintiffs' Amended Complaint.  In addition, the Court ruled that the Court's prior ruling dismissing the Plaintiffs' federal retaliation claims from the original Complaint with prejudice, must be vacated and modified to dismiss claims I and II of Plaintiffs' Complaint without prejudice.[6]

First, as stated above, in ruling on the Defendants' original Motion to Dismiss, the undersigned relied heavily on the fact that the Plaintiffs in this case had unsuccessfully advanced the same preemption argument in the prior federal lawsuit involving the similar parties.  Specifically, as discussed above, in *Phillips v. M.I. Quality Lawn Maintenance, Inc.*, No. 10–20698-CIV-AMS (S.D. Fla. Mar. 30, 2011), the district court entered summary judgment against Phillips on her FLSA retaliation claim concluding that the filing of the state court lawsuit by defendants was protected by Florida's litigation privilege.  *Id.* at pp. 8-9.  On appeal, Phillips argued that the district court erred in entering summary judgment because the Florida litigation privilege cannot defeat a federal cause of action.  *See, e.g.,* Appellant's Reply Brief at 14-15, *Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.,* No. 12-14346-BB (11th Cir. Feb. 7, 2013).  The Eleventh Circuit affirmed the District Court's decision on appeal in an unpublished three-line opinion.  *Phillips, et al., v. M.I. Quality Lawn Maintenance, et al.*, 537 Fed. Appx. 908 (11th Cir. 2013).  However, the Eleventh Circuit's affirmance of that case did not provide any guidance, or even address, the issue of whether the Florida Litigation Privilege could provide immunity for federal retaliation claims predicated upon state court proceedings.

---

[6] As discussed below, although Counts I and II of the Original Complaint were predicated upon federal causes of action, Count III was predicated on a Florida Statute and thus, to the extent portions of Count III were dismissed with prejudice, that dismissal stands.

Moreover, the prior *Phillips* case involved different Parties and different claims than those raised in this case.  Thus, the claims raised herein stand on their own and must be evaluated independently from the claims raised in that case. Therefore, the undersigned's reliance on the prior *Phillips* case was misplaced as that unpublished opinion is not binding authority and is not the law of the case for this action.

Second, the undersigned reached her previous ruling on the Motion to Dismiss, in part, by relying on *Kentish v. Madahcom, Inc.*, 566 F. Supp. 2d 1343 (M.D. Fla. 2008).  The Court in *Kentish* ultimately held that actions and statements that occur during the course of state and federal lawsuits are absolutely protected by the Florida litigation privilege from state claims, as well as, federal FLSA retaliation claims.[7]  In reaching this conclusion, the Court in *Kentish*, cited *Jackson v. BellSouth Telecommunications*, 372 F. 3d 1250, 1274-5 (11th Cir. 2004) and stated, "In the instant case, Defendants' Counterclaim for breach of contract was brought under Florida law.  Accordingly, the Court must apply Florida law in evaluating Defendant's state law claim."  The Court then

---

[7]  The undersigned notes that although the Court in *Kentish* correctly noted that historically, the Florida Litigation Privilege has provided absolute immunity for acts occurring during the course of judicial proceedings, subsequent to the holding in *Kentish*, the Florida Supreme Court in *Delmonico v. Traymore*, 116 So. 3d 1205 (Fla. 2013), limited the absolute privilege application of the Florida litigation privilege where an attorney allegedly made defamatory ex-parte out of court statements to potential, nonparty witnesses.  In so doing, the Court in *Delmonico* held that a court should first determine if the statement made by the attorney was related to the subject of inquiry in the underlying lawsuit, and, if so, the attorney would be entitled to assert a qualified privilege, rather than an absolute privilege, which could only be overcome by the opposing party upon a showing an element of express malice.  *Id.* at 1219.  Conversely, the Court held that if the court first determined that the alleged defamatory statements were not related to the subject or inquiry at issue in the underlying lawsuit, the attorney would not be entitled to assert any privilege at all and the plaintiff could proceed with the defamation action without having to establish express malice.  Thus, the Supreme Court of Florida has somewhat narrowed the absolute privilege previously afforded statements made out of court or the formal discovery process during the course of judicial proceedings.

reasoned that because the defendant's state counterclaim was protected by the Florida litigation privilege, allowing the Plaintiff to maintain his federal retaliation claim based upon that counterclaim would restrict the defendant's access to courts and defendant's right to petition, all in violation of that privilege.  However, the Eleventh Circuit in *Jackson* never examined the issue of whether the Florida litigation privilege could foreclose a claim in federal court predicated upon a federal cause of action.  Rather, the Court in *Jackson* only examined the Florida litigation privilege's application to the plaintiff's state based claims for tortious interference and conspiracy to defraud and never discussed the application of the Florida litigation privilege to the plaintiff's federal civil rights actions. *Jackson*, 372 F. 3d, 1274.  Indeed, the Court in *Jackson* stated, "Because we are *Erie*-bound to apply Florida law in evaluating the plaintiffs' supplemental state-law claims, Florida's litigation privilege applies to the state-law claims adjudicated in federal court." *Id.* at 1274-75.  Thus, the Court in *Kentish* misapplied the holding in *Jackson* by focusing on whether Florida law and the Florida Litigation Privilege applied to the state based counterclaim brought by the Defendant, rather than examining whether the Florida Litigation Privilege applied to the Plaintiff's federal based retaliation claim, at all.  Accordingly, the undersigned declines to apply the non-binding holding in *Kentish* to the Plaintiffs' federal claims in this action.[8]

      The undersigned's determination on this issue is supported by fact that almost all

---

[8]  The undersigned also questions, as suggested in *Kentish*, whether the power of the Court to sanction litigants provides a sufficient remedy for retaliatory acts taken against FLSA plaintiffs. The purpose of sanctions under Federal Rule of Civil Procedure 11 sanctions is to deter the litigants from engaging in such conduct rather than compensate the non-offending litigant, See 1993 Advisory Committee Notes.  However, the purpose of FLSA retaliation suits is to compensate the plaintiff. *Snapp v. Unlimited Concepts, Inc.*, 208 F. 3d 928, 934  (11th Cir. 2000).

of the courts that have examined either the Florida litigation privilege or comparable state litigation privileges as applied to federal claims have concluded that a state litigation privilege cannot bar a federal cause of action.[9]  In *Hill v. Lazarou Enterprises, Inc.*, No. 10-61479-CIV, 2011 WL 860526, *6  (S.D. Fla. Feb. 18, 2011), for example, the District Court, in evaluating a motion to dismiss, concluded that the Florida litigation privilege could not bar the plaintiff's federal Title VII retaliation claim.  In so doing, the Court cited *Ramos v. Hoyle*, No. 08-21809, 2009 WL 2151305 *1 (S.D. Fla. 2009), wherein a Court declined to find that the state litigation privilege acted to bar a Plaintiff's federal cause of action for retaliation under the FLSA. The Court in *Hill* also cited *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998), which found that permitting application of a state privilege to defeat a federal retaliation claim would constitute error.  As simply stated in *Steffes*, "A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Id*. (citing *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (opining California absolute litigation privilege does not

---

[9]  In addition, in *Kentish*, the Court observed that permitting the plaintiff in that action to pursue his retaliation claim based upon the filing of a counterclaim by the defendant would run the risk of creating a race to the courthouse scenario, which could potentially chill an employer from filing "a reasonably based counterclaim that might form the basis of a retaliatory action." *Id*. at 1349 n. 5.  However, as made clear by the Supreme Court in *BE & K Construction Co. v. NLRB*, 536 U.S. 516 (2002) and *Bill Johnson's Restaurants, Inc., v. NLRB*, 461 U.S. 731 (1983), it is only the counterclaim that is filed with retaliatory motive and *without* a reasonable basis (i.e. baseless in law and fact) that is not protected by the First Amendment Right to Petition in a federal action.  In other words, the employer who files a counterclaim without retaliatory motive and has a reasonable basis for doing so should not be chilled at the prospect of filing such an action because that action will be protected by the employer's Right to Petition.  This point is underscored by the Supreme Court's holding in *BE & K Construction Co. v. NLRB*, 536 U.S. 516, 532 (2002), that held, *inter alia*, that a defendant's failure to prevail on a counterclaim, in and of itself, is not determinative of whether that claim was baseless in law and fact.

immunize attorneys from liability under 42 U.S.C.A. § 1983); *Martinez v. California*, 444 U.S. 277, 284 n. 8, (1980) (holding that § 1983 preempts a state statute purporting to immunize public employees from liability for parole release decisions); *Scheib v. Grant*, 22 F.3d 149 (7th Cir. 1994) (applying Illinois absolute litigation privilege to a wiretapping claim under state law, but not to a federal claim arising from the same incident)).

Thus, various courts, including courts in this district, have held that a state litigation privilege does not trump a federal cause of action, e.g. a retaliation claim under the FLSA or other federal statute. See *Merrill v. Dyck-O'Nela, Inc.*, No. 2:15-cv-232-FtM, 2015 WL 4496101 *1, (M.D. Fla. 2015) (stating that the law is clear that Florida's absolute litigation privilege is limited to state causes of action and is inapplicable to federal causes of action); *Suchite v. Kleppin*, 819 F. Supp. 2d 1284 (S.D. Fla. 2011) (concluding that Florida state litigation privilege could not defeat federal retaliation claim); *Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1380 n. 4 (S.D. Fla. 2008) (J. Cohn) (stating that "[t]o the extent Defendants argue that this proposed settlement offer is protected by a state 'absolute litigation privilege' for statements made during litigation, that privilege would only apply to state court claims, and not the FDCPA [Fair Debt Collection Practices Act].").  The undersigned finds such decisions persuasive and concludes that, upon reconsideration, the Florida Litigation Privilege does not apply to the Plaintiffs' retaliation causes of action predicated upon a federal statute.

Further, while the Court in *Kentish* concluded that the result of that case would not be altered even if the plaintiff in that case alleged that the defendant's counterclaim was without a reasonable basis in fact or law, it is nevertheless notable that in *Kentish*, the plaintiffs, unlike the Plaintiffs in their Amended Complaint herein, made no

allegations that the defendant's counterclaim was baseless.  This distinction is significant because although the undersigned has concluded that the Florida Litigation Privilege does not bar the Plaintiffs' FLSA retaliation claims as alleged in the First Amended Complaint, the federal claims are nonetheless subject to scrutiny pursuant to the First Amendment Right to Petition.[10]  Indeed, although the Supreme Court in *Bill Johnson's Restaurants, Inc., v. NLRB*, 461 U.S. 731 (1983), stated "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances," the Court made clear that suits without a "reasonable basis" are not "within the scope of First Amendment protection." *Id.* at 741-43. Thus, "baseless litigation is not immunized by the First Amendment right to petition." *Id.* at 743.  In this case, the Plaintiffs' retaliation claims in Counts I and II, are sufficient to withstand a Motion for Summary Judgment, where the Plaintiffs' First Amended Complaint alleges that the Defendants filed and pursued a baseless lawsuit in state court in retaliation for the Plaintiffs' protected activity.  The Defendants do not dispute that the Plaintiffs made such allegations in the Amended Complaint and have not argued that the record evidence, assuming all disputed facts in favor of the Plaintiffs, established that there was no genuine issue of material fact as to those allegations.[11]

---

[10]  Its undisputed that the Florida Litigation Privilege is broader than the Right to Petition because the First Amendment does not protect baseless claims.  Thus while the amendment to the Plaintiffs' Complaint would make little or perhaps no difference under the Florida Litigation Privilege, this amendment is sufficient to support Plaintiffs' claims regarding FLSA retaliation in this action when weighed against the First Amendment Right to Petition.

[11]  At the hearing on the Defendants' Motion for Summary Judgment, the Defendants, after being advised that the Court was reconsidering its ruling on the Motion to Dismiss based on the Florida Litigation Privilege, stated that they intended to rely on the arguments previously advanced in that Motion to Dismiss, and did not argue that the record removed any issue of material fact that could support the Plaintiffs'

Accordingly, as orally ruled at the hearing on the Defendants' Motion for Summary Judgment, the undersigned, in reconsideration of the Order on the Defendants' Motion to Dismiss, vacates that Order to the extent and for the reasons Counts I and II of the Plaintiffs' Complaint were dismissed with prejudice.  Instead, the retaliation claims related to court proceedings contained in Counts I and II of the Plaintiffs' Complaint are dismissed without prejudice, *nunc pro tunc*.  The Amended Complaint, which includes those allegations, is the operative pleading in this case.[12]  As to the Defendants' Motion for Summary Judgment, for the reasons stated at the Summary Judgment hearing, and as discussed above, that Motion is denied as to Counts I and II of the Plaintiffs' Amended Complaint.

> B.    <u>Counts XX, III, IV-IXX of First Amended Complaint</u>

At the hearing, Count XX of the First Amended Complaint which advanced a slander claim against Defendants on behalf of Plaintiff Leon based upon Florida Statute § 448.110(5) was dismissed by the Court, following the Plaintiffs' representation that, after discussion with the Defendants, the Parties agreed that the Count should be dismissed based upon the Florida Litigation Privilege.

The Plaintiffs also agreed to the dismissal of the punitive damages portion of Count III of the First Amended Complaint which sought punitive damages pursuant to Florida Statute § 448.110(5) which is the Florida State minimum wage statute that, *inter alia*, prohibits retaliation arising from the exercise of rights under that statute.

---

newly added allegations regarding the baselessness of the Defendants' state court action.

[12]  The Defendants did not seek a continuance or any other relief based upon this ruling.

As to Counts IV-IXX of the First Amended Complaint which alleged slander, the Court, upon agreement by the Plaintiffs, struck that portion of those Counts that purported to advance claims under the FLSA and Florida Statute § 448.110(5), which relate to retaliation claims for unpaid or underpaid wages, as the Plaintiffs indicated that the Counts were meant only advance slander claims.

C.     Counts IV-VI

In their Motion for Summary Judgment, the Defendants sought summary judgment as to Counts IV through VI of the First Amended Complaint based upon the Defendants' contention that there was no evidentiary support in the record for those Counts, ECF No. [123] at 4-6.  Specifically, Counts IV through VI alleged that Defendant Mitchell Igelko told non-party Victor Cifuentes that, *inter alia*, Plaintiff Phillips (Count IV) and Plaintiff Leon (Count V) stole over one million dollars, a computer, the employee files and the time cards from Defendant Igelko, ECF No. [88] at 19-22.  Similarly, Count VI alleged that Defendant Mitchell Igelko told non-party Vichith Phanitdasack that, *inter alia*, Plaintiff Phillips stole over one million dollars, a computer, the employee files and the time cards from Defendant Igelko, ECF No. [88] at 23-24.  Defendants argued that at the depositions of Mr. Cifuentes and Mr. Phanitdasack, both witnesses denied that they had any such conversations with Defendant Igelko regarding Plaintiffs Phillips and Leon. The Defendants further argued that the Plaintiffs could not support their claims with hearsay by other witnesses by way of affidavit or testimony.  Thus, Defendants asserted that they were entitled to summary judgment on this issue as there was no evidence in the record to support the Plaintiffs' claims.

In response, the Plaintiffs contended that Mr. Cifuentes and Mr. Phanitdasack

changed their testimony at their depositions and that other witnesses that the Plaintiffs intended to have testify at trial would support the Plaintiffs' claims that Defendant Igelko had made statements about the Plaintiffs to other witnesses.  However, the Plaintiffs conceded that they did not currently have any admissible evidence to present at trial regarding the purported slanderous statements made by Defendant Igelko to Mr. Cifuentes and Mr. Phanitdasack regarding the Plaintiffs.

Accordingly, the Court ruled that because there was no evidence in the record to support the slander claims alleged in Counts IV through VI, which only pertained to Mr. Cifuentes and Mr. Phanitdasack, the Defendants were entitled to summary judgment on those Counts.[13]

D.   <u>Counts IV-IXX</u>

In their Motion for Summary Judgment and at the hearing on that Motion, the Defendants contended that the Plaintiffs' contentions in Count IV through IXX that they suffered economic damages were not supported by the evidence in the record.  In particular, Defendants contended that the Plaintiffs' claims regarding damages to their credit and reputation, and their ability to make income due to the Defendants' defamatory statements were belied by the Plaintiffs' own testimony at their depositions.

The Court ruled the issue of the amount of damages was an issue for trial. Accordingly, the Court denied the Defendants' Motion for Summary Judgment at to

---

[13]  The undersigned made clear that the rulings made as to Mr. Cifuentes and Mr. Phanitdasack was limited to the causes of action in the First Amended Complaint, and were not intended to be construed as an evidentiary ruling regarding the testimony of those witnesses at trial.

Counts IV-IXX on this issue.[14]

### III. PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

#### A. Affirmative Defense of Truth

In their Motion for Summary Judgment, the Plaintiffs contended that the Court should enter judgment in favor of the Plaintiffs on the Defendants' defense of truth as to Plaintiffs' slander allegations.  At the hearing, the Plaintiffs argued that there was no evidence in the record that the Plaintiffs had stolen anything from the Defendants and thus asserted that the Defendants could not therefore claim at trial that any statements about theft by the Plaintiffs were defensible as true.  The Plaintiffs supported their claims with the deposition testimony of Christopher Sahs who stated that all financial transactions at the Defendants' business were tracked and the workplace had video surveillance.

In response, the Defendants pointed to deposition testimony of two witnesses, Ms. Aviles and Ms. Gelman, that were filed in the record, and that the Defendants contend support a finding that the Plaintiffs stole money from the Defendants.

The undersigned ruled that because there was no evidence in the record to conclusively establish one way or the other whether the Plaintiffs stole any money from Defendant Igelko, there remained genuine issues of material fact that precluded the Court from granting the Plaintiffs' Motion for Summary Judgment on this issue.[15]

---

[14]  At the hearing as memorialized by way of separate Order, the Court ordered the Plaintiffs to submit an itemization of the compensatory damages sought, ECF No. [153]. Plaintiffs subsequently withdrew their claims for economic damages in the Joint Pretrial Stipulation.

[15]  The Court made clear, however, that the denial of summary judgment did not mean that the Defendants would be able to meet the burden of establishing truth as an

IV.   **DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO FURNISH A WITNESS LIST**

The Defendants also moved for sanctions for the Plaintiffs' failure to furnish a witness list, ECF No. [121].  Specifically, the Defendants explained that the witnesses at issue were the nineteen witnesses, some of whom were co-plaintiffs in the prior FLSA case between the Parties.  Defendants contended that, pursuant to Federal Rule of Civil Procedure 26,  the Defendants had requested identifying and contact information for those witnesses at the beginning of this case, and were informed by the Plaintiffs that they were not in possession of the requested information.

In response, the Plaintiffs stated that they did not have the addresses of the witnesses at issue and contended that because the witnesses were prior employees of the Defendants, that the Defendants, or their prior counsel, would be in a better position to know how to reach the witnesses.

The Court ruled that the issue regarding the Plaintiffs' purported failure to disclose witnesses was better suited to be addressed as a trial matter, rather than as a motion for sanctions.  In this regard, the undersigned noted that if the Defendants had wanted to take the depositions of certain witnesses or to conduct other discovery regarding witnesses, the Defendants could have placed the matter on the informal discovery calendar.  The Court stated that the Plaintiffs' failure to disclose witnesses might result in those witnesses not being permitted to testify at trial, if appropriate. The Court therefore denied the Defendants' Motion for Sanctions on this issue.[16]

---

affirmative defense at trial.

[16]   By way of separate Order issued on October 8, 2015, the Court directed, among other things, the Plaintiffs to, on or before October 14, 2015, serve a Final Witness list on

## V.      DEFENDANTS' MOTION FOR SANCTIONS BASED ON COURT'S INHERENT AUTHORITY

The Defendants filed a Motion for Sanctions Against Plaintiffs' Lawyers and the Law Firm of J.H. Zidell pursuant to the Court's Inherent Authority, based upon the Defendants' contention that Plaintiffs' Counsel continued to pursue certain counts in this action in bad faith, ECF No. [122].  Specifically, in the Motion and at the hearing, the Defendants contended that once  Plaintiffs' Counsel was made aware that Counts IV-VI of the First Amended Complaint, which alleged that Defendant Igelko made slanderous statements to Mr. Cifuentes and Mr. Phanitdasack about the Plaintiffs, were controverted by the testimony of those witnesses, Plaintiffs' Counsel should have dismissed those Counts.

At the outset, the Court noted, and the Defendants confirmed, that the Defendants failed to comply with the safe-harbor provisions of Rule 11, and thus the Defendants only sought to obtain sanctions pursuant to § 1927 or the Court's inherent authority.  After hearing brief argument, the Court determined that this issue could be better addressed after trial and therefore took the Motion under advisement.

## VI.      PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES

The Plaintiffs filed a Motion to Strike Defendants' Affirmative Defenses seeking to strike twenty-nine of the Defendants' thirty (30) Affirmative Defenses raised in the Defendants' Amended Answer and Affirmative Defenses to Plaintiffs' Amended Complaint filed on March 20, 2015, ECF Nos. [111] [113].  The Defendants filed a Response to the

---

opposing Counsel and stated that the Defendants would be permitted to depose any witnesses whose contact information was newly disclosed, at any time prior to trial, ECF No. [153].

Motion, ECF No. [115] and the Plaintiffs filed a Reply, ECF No. [118].  In the Reply, the Plaintiffs stated that although they sought to strike all of the Defendants' Affirmative Defenses as untimely, the Plaintiffs placed particular emphasis on striking Affirmative Defenses Eight, Twelve, Seventeen, and Twenty-Six, as those defenses had no legal merit and were extremely prejudicial to the Plaintiffs.

At the hearing, the Plaintiffs first argued that the Defendants' Eighth Affirmative Defense of unclean hands is not an appropriate defense.   In response, Counsel for the Defendants stated that he was unaware that the Motion to Strike would be argued at the hearing.  The Court advised the Parties that any of the Defendants' Affirmative Defenses that are more appropriately raised as specific denials will not be stricken, but rather will be treated as specific denials by the Court.   The undersigned denied the Plaintiffs' Motion to Strike the Affirmative Defenses, without prejudice, with leave for the Plaintiffs to raise those issues in the pretrial stipulation or as a motion in limine.  The Parties were advised to confer with each other during the preparation of the Pretrial Stipulation to narrow the issues regarding the Affirmative Defenses.

VII.    **JURY INSTRUCTIONS**

At the hearing, the undersigned reminded the Parties that they are required to submit their jury instructions with their Pretrial Stipulation and the failure to provide a jury instruction on a particular claim, the Court will assume that the relevant Party has abandoned that Claim.  The Court further directed, in compliance with the undersigned's scheduling order, the Parties to file one set of jury instructions which sets forth each Party's position regarding the instruction if the Parties disagree as to that particular instruction.

VIII.   <u>CONCLUSION</u>

For the reasons on the record at the October 8, 2015 hearing and as set forth above, it is

**ORDERED AND ADJUDGED** that the Court's March 17, 2014 Order granting the Defendants' Motion to Dismiss Complaint, ECF No. [62] is **VACATED** as to Counts I and II to the extent that those Counts were dismissed with prejudice.  As set forth above in this Order, the dismissal of those portions of Counts I-II of the Amended Complaint which were predicated upon federal retaliation statutes, is amended to be a dismissal without prejudice, and the amended Complaint, which includes those claims, will stand as the operative pleading.  It is further

**ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment, ECF No. [123], is **GRANTED, in part, and DENIED, in part**, as set forth above in this Order.  It is further

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Partial Summary Judgment, ECF No. [124], is **DENIED**.   It is further

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion to Strike the Affirmative Defenses, ECF No. [113] is **DENIED** without prejudice, to renew in the Pretrial Stipulation or as a Motion in Limine.  It is further

**ORDERED AND ADJUDGED** that the Defendants' Motion For Sanctions for Failure to Disclose and For Failure to Furnish A witness List, ECF No. [121] is **DENIED**.  It is further

**ORDERED** that the Defendants' Motion for Sanctions Against Plaintiffs' Lawyers and the Law Firm of J.H. Zidell under the Court's Inherent Authority, ECF No. [122] is taken under advisement.

**DONE AND ORDERED** at Miami, Florida, on November 17, 2015.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record