UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

| | |
|---|---|
| KELLY PHILLIPS and EDEL LEON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MITCHELL'S LAWN MAINTENANCE | ) |
| CORPORATION, MITCHELL'S LAWN | ) |
| LLC, and MITCHELL IGELKO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S SUPPLEMENTAL BRIEFING IN REGARD TO DEFENDANTS' MOTION FOR SANCTIONS FOR FAILURE TO DISCLOSE AND FOR FAILURE TO FURNISH A WITNESS LIST WITH MEMORANDUM OF LAW**

Defendants MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Defendant Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Defendant Mitchell's LLC**"), and MITCHELL IGELKO ("**Defendant Igelko**") (collectively "**Defendants**"), hereby file their Reply to the Supplemental Briefing in regard to Defendants' Motion for Sanctions for Failure to Disclose and for Failure to Furnish a Witness List with Memorandum of Law[1] on the issue of sanctions filed by Plaintiffs EDEL LEON (**"Leon"**) and KELLY PHILLIPS (**"Phillips"**) (collectively, **"Plaintiffs"**), and state as follows:

The issues in this Reply stem from the serious allegations in Defendant's Motion for

---

[1] As discussed in a previous filing, Plaintiffs' Supplemental Response appears to inadvertently bear the same name as Plaintiffs' earlier response to another of Defendants' motions submitted as Docket Entry # 127. However, the content of Plaintiffs' Supplemental Response makes it clear that it was intended to be a response to Defendant's Motion for Sanctions Against Plaintiffs' Lawyers and the Law Firm of J.H. Zidell Under the Court's Inherent Authority [D.E. 122] ("Defendants' Motion for Sanctions").

– 1 –
**ESPINOSA LAW GROUP**
TRIAL LAWYERS

Sanctions Against Plaintiffs' Lawyers and the Law Firm of J.H. Zidell Under the Court's Inherent Authority [D.E. 122] (**"Defendants' Motion for Sanctions"**). Plaintiffs filed a supplemental briefing to Plaintiffs' Response to Defendants' Motion for Sanctions on or about November 24, 2015 [D.E. 216] (**"Plaintiffs' Supplemental Response"**), and the Court provided Defendants up to and including December 7, 2015, to file a reply (albeit not mandatory). Defendants deem it mandatory to file the instant Reply because, among other things, Plaintiffs continue to lie and misstate facts.

First, Plaintiffs claim that "Mr. Cifuentes and Phanitdasack's testimony at deposition did not reflect what the Plaintiffs recalled" and that such failure is insufficient to sanction Plaintiffs. (Plaintiffs' Supplemental Response, p. 1.) The Plaintiffs could not have possibly recalled anything because, by their own admission, they were not privy to the alleged conversation regarding the slander. In their Amended Complaint, Plaintiffs claim that "in a conversation that Igelko had with Victor Cifuentes concerning Phillips, Igelko told Victor Cifuentes that Plaintiffs had stolen over 1 million dollars, a computer, the employee files, and the time cards from Defendants." *See* Amended Compl. ¶52. Plaintiffs did not plead that they were present during the purported conversation between Mr. Cifuentes and Igelko, and failed to provide any evidence to that effect. Again, it is clear that Plaintiffs and their counsel are misleading this Court.

Second, Plaintiffs claim that "concerns of witness intimidation were justification for maintaining the claims despite the evidence appearing to be contrary, and . . . because no actual harm was suffered." (Plaintiffs' Supplemental Response, p. 2.) It was during trial that Plaintiffs' Counsel—for the very first time—so much as insinuated these allegations. Moreover, this followed Plaintiffs' Counsel's assertions at the pre-trial conference and in previous motions that Messrs. Cifuentes and Phanitdasack simply "had a change of heart" and "did a complete 180" insofar as

their testimony. Plaintiffs' counsel had no evidence to support these allegations, and was instead trying to salvage Plaintiffs' sinking ship via these false claims in hopes of obtaining a fraudulent verdict. Such conduct by a fellow attorney is simply unbecoming of the profession and merits sanctions. Insofar as Plaintiffs claim that Defendants were not harmed, Defendants position is the same: Defendants were harmed (and continue to be harmed) by having to litigate these preposterous assertions, including but not limited to, having to call the very witness subject of one of the frivolous counts (Mr. Phanidasack) to rebut Plaintiffs' perjured testimony at trial.

Third, Plaintiffs claim that, at trial, "testimony was entered which showed that witnesses Phanitdasack and Cifuentes may have been involved in a gambling operation and may have changed their position on the statements that they observed because of this involvement with Defendant Igelko." (Plaintiffs' Supplemental Response, p. 2.) The undersigned does not know where to begin. There was zero testimony or evidence on this issue. The only mention that Mr. Phanitdasack was involved in gambling was by Mr. Zidell via a side bar conference. Messrs. Cifuentes and Phanitdasack do not even know each other. Again, it was at trial that this preposterous claim about illegal gambling claim arose for the first time, notwithstanding Plaintiffs and their counsel's lack of any reasonable or good faith basis to proffer same. Despite all these lies, Plaintiffs want this Court to believe that their conduct is contextually reasonable.

Fourth, Plaintiffs claim that no harm was suffered by not dismissing the counts because at trial "Defendants introduced them [Mr. Cifuentes and Mr. Phanitdasack] both as potential witnesses, and called Cifuentes." (Plaintiffs' Supplemental Response, pp. 2-3.)  This, again, is absolutely false. Defendants did not call Cifuentes as a witness at trial. One of the fundamental problems that continues to plague the law firm of J.H. Zidell (in addition to their clients' repeated perjury) is that the attorneys that know least about the facts of the case (i.e. Ms. Hueber) are the

ones that draft the pleadings and motions that are submitted to this Court. In any event, the harm suffered by Defendants is ongoing as the undersigned continues to spend time and resources by writing this very Reply.

      Lastly, Plaintiffs claim that they "had a good faith reason to pursue the claims of slander, despite key witnesses recanting at deposition." (Plaintiffs' Supplemental Response, p. 3.) Plaintiffs fail to offer the good-faith basis for maintaining their claims and, instead, only offer the foregoing conclusory statement.  Because of the additional actions of Plaintiffs and their counsel at trial, Defendants are preparing and will be filing an Amended Motion for Sanctions to include all of the additional conduct that should merit this this Court invoking its inherent authority to sanction Plaintiffs and their counsel.

**[SIGNATURE BLOCK AND CERTIFICATE OF SERVICE ON NEXT PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was served via notice of electronic filing, generated upon filing of the foregoing via CM/ECF, this 30th day of November, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq@gmail.com, and upon all other counsel and parties of record.

    Respectfully submitted,

    **ESPINOSA LAW GROUP**
    10625 N. Kendall Dr.
    Miami, FL 33176-1510
    Tel.: 305-655-1501
    E-mail: despinosa@espinosalawgroup.com
    E-mail: tallison@espinosalawgroup.com

    By: */s/ Danny Espinosa*
        Daniel Alberto Espinosa, Esq.
        Florida Bar No. 81686
        Thomas Charles Allison, Esq.
        Florida Bar No. 35242