UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:13-cv-20854-SCOLA/SIMONTON

KELLY PHILLIPS and EDEL LEON, )
)
    Plaintiffs, )
)
v. )
)
MITCHELL'S LAWN MAINTENANCE )
CORPORATION, MITCHELL'S LAWN )
LLC, and MITCHELL IGELKO, )
)
    Defendants. )
                                                    )

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER JURY VERDICT AND MOTION FOR NEW TRIAL**

Defendants, MITCHELL'S LAWN MAINTENANCE CORPORATION ("**Defendant Mitchell's Lawn**"), MITCHELL'S LAWN LLC ("**Defendant Mitchell's LLC**"), and MITCHELL IGELKO ("**Defendant Igelko**") (collectively "**Defendants**"), hereby file their Memorandum of Law in Opposition to the Motion to Reconsider Jury Verdict and Motion for New Trial [D.E. 238] (the **"Motion for New Trial"**) filed by Plaintiffs EDEL LEON (**"Leon"**) and KELLY PHILLIPS (**"Phillips"**) (collectively, **"Plaintiffs"**), and state as follows:

**I.**
**INTRODUCTION**

This Court presided over the instant jury trial for nearly two (2) weeks and entered Final Judgment in Favor of Defendants [DE 215] on November 17, 2015, based upon the Jury's Verdict dated November 16, 2015 [DE 213]. Plaintiffs seek to have this Court grant a new trial pursuant to Federal Rule of Civil Procedure 59 (a)(1)(A) or, alternatively, to have this Court reconsider the

– 1 –
**ESPINOSA LAW GROUP**
TRIAL LAWYERS

jury's verdict and enter a verdict in Plaintiffs' favor under Federal Rule of Civil Procedure 59(e). Plaintiffs articulate two reasons why this Court should grant a new trial, both of which relate only to Plaintiffs' slander claims. First, Plaintiffs claim in a conclusory fashion that the jury instructions regarding unclean hands, the First Amendment, and truth were confusing. Second, Plaintiffs' assert that this Court "determined that an affirmative defense was applicable and substituted that with the Jury's verdict [sic]." Plaintiffs and their counsel are mistaken. This Court did nothing other than enter Final Judgment in accordance with the jury's decision. After nearly seven (7) years of litigation between the parties (not just this case), Plaintiffs continue playing games. Instead of accusing the undersigned of some other wrongdoing or malfeasance, Plaintiffs' counsel now passes blame on this Court by accusing it of improperly instructing the jury on the law and stripping the jury of the verdict it allegedly rendered. Enough is enough. Plaintiffs lost fair and square (despite their perjured testimony), and their Motion for New Trial should be summarily denied.

## II.
## LEGAL STANDARD

"[M]otions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir.1999). "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). Therefore, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "Because it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary

grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.'" *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "Where conflicting testimony is presented and the jury is called upon to make credibility determinations and to weigh the evidence, [a court] will uphold the verdict as long as there is some support for the jury's decision." *Quick v. City of Birmingham*, 346 F. App'x 494, 495 (11th Cir. 2009).

A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). "The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684-85 (M.D. Fla. 1996). Therefore, only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order. For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. There is a badge of dependability necessary to advance the case to the next stage. *Sussman*, 153 F.R.D. at 694.

### III.
### ARGUMENT
#### A.
#### Plaintiffs' Motion for New Trial Should Be Denied on its Face for Failure to Comply with this Court's Local Rules

Plaintiffs Motion for New Trial should be denied on its face because Plaintiffs and their counsel failed to comply with Rule 7.1(a)(3) of the Local Rules.  Plaintiffs not only failed to insert the requisite Certificate of Good-Faith Conferral in its Motion for New Trial, but also failed to confer with the undersigned counsel regarding the relief being sought in the Motion for New Trial. Because this Court's Local Rules are to be strictly construed, Plaintiffs Motion should be denied.

Rule 7.1(a)(3) of the Local Rules provides as follows:

> (3) Pre-filing Conferences Required of Counsel. **Prior to filing any motion in a civil case**, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, *counsel for the movant <u>shall</u> confer* **(orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion**. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. **At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so**. If certain of the issues have been resolved by agreement, the certification shall specify the issues

> so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. See forms available on the Court's website (www.flsd.uscourts.gov).

*Id.* (emphasis added).  Notably, Plaintiffs' counsel failed to confer (orally or in writing) and failed to affix the appropriate Certificate of Good-Faith Conferral to the Motion for New Trial. Accordingly, this Court should deny Plaintiffs' Motion for New Trial for failing to comply with this Court's local rules.

### B.
### Plaintiffs Waived Their Right to the Verdict Form by Failing to Timely Object

As this Court will recall, a charge conference was held in chambers from 8:00 a.m. to nearly 10:45 a.m. on the final day of trial.  The parties' respective counsel preserved their objections to the other's proposed jury instructions, Plaintiffs' counsel never objected to the final verdict form.  In fact, Plaintiffs' counsel ultimately agreed to the final verdict form. With regard to the finalized jury instructions, Plaintiffs' counsel did object to the affirmative defenses of unclean hands—however, Plaintiffs' counsel never objected to the affirmative defense of truth or substantial truth.  Accordingly, the jury's finding that Defendants proved by a preponderance of the evidence that the gist of the defamatory statements was true and made with good motive was the very affirmative defense that Plaintiffs' counsel never objected to; therefore, horn book law dictates that Plaintiffs waived their right to contest the affirmative defense of truth.

### C.
### The Jury's Verdict Was Clear and Unequivocal and Shall Not be Disturbed

Reading the Jury's Verdict as a whole makes it abundantly clear that the jury found for the Defendants.  Going back to retaliation for a moment, the jury's findings were as follows: (1) Kelly

Phillips did not engage in protected activity; (2) Defendants did not take any adverse employment action against Kelly Phillips; and (3) Defendants did not take any adverse employment action against Edel Leon. Moving now to the alleged "confusion" Plaintiffs claim, the jury found as follows with the regard to the slander claims: (1) Defendant Igelko engaged in defamation by slander as to Kelly Phillips with regard to Francisco Torres, Employees of Defendants in August 2012, and Former Employees; (2) Defendant failed to prove the affirmative defense of the statute of limitations as to Francisco Torres and Employees of Defendants in August 2012; (3) Defendants proved the affirmative defense of statute of limitations as it pertained to the Former Employees; (4) the subject matter of Defendant Igelko's statements were such that Kelly Phillips committed a criminal offense; (5) absent Defendants proving another one of their affirmative defenses, Kelly Phillips would have sustained $10,000 in damages; (6) Defendants proved by a preponderance of the evidence that the gist of the defamatory statements was true and made with good motives; and (7) Plaintiff Edel Leon was not slandered in any way by Defendants.

Simply put, the Jury's Verdict clearly indicates that if Defendants had failed to prove their affirmative defense of truth as to Kelly Phillips' slander claim, Plaintiff Phillips would have recovered $10,000.  However, the jury clearly found that Plaintiff Phillips was not entitled to that sum because the statements made by Defendant Igelko were true.  Nevertheless, Plaintiffs contend that the jury should have awarded $10,000. From the perspective of the jury, a verdict in favor of Plaintiff Phillips would have been allowing a thief to walk away with $10,000. That is contrary to the law and defies common sense.  The Honorable Andrea M. Simonton merely read the Jury's Verdict and entered Final Judgment in Favor of Defendants based on the plain and unambiguous language of the verdict form.  Plaintiffs now are asking this Court to do exactly that which Plaintiffs are accusing this Court of doing in the first place.  That is to say, to modify the Final

Judgment and substitute the Jury's Verdict for that of its own.  Because it is critical that a judge not substitute his or her judgment for that of the jury, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)).

Here, the Jury's Verdict is not against the greater weight of the evidence, much less the great weight of the evidence.  More importantly, Plaintiffs have failed to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).  Additionally, Plaintiffs have failed to satisfy any of the requisite grounds necessary for a court to even entertain reconsideration of the Final Judgment.  Specifically, Plaintiffs have not argued that there is some intervening change in controlling law, the availability of new evidence, or the need to correct <u>clear error</u> or <u>prevent manifest injustice</u>." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (emphasis added).  As the Middle District of Florida stated, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684-85 (M.D. Fla. 1996).  For the foregoing reasons and based on the authorities cited herein, Plaintiffs' Motion should be summarily denied with prejudice.

**[CERTIFICATE OF SERVICE AND SIGNATURE BLOCK ON NEXT PAGE]**

**ESPINOSA LAW GROUP**
TRIAL LAWYERS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this document was served via notice of electronic filing, generated upon filing of the foregoing via CM/ECF, this 23rd day of December, 2015, upon: Jamie H. Zidell, Esq., zabogado@aol.com, Rivkah Jaff, Esq., rivkah.jaff@gmail.com, and Elizabeth O. Hueber, Esq., Elizabeth.hueber.esq@gmail.com, and upon all other counsel and parties of record.

        ESPINOSA LAW GROUP
        10625 N. Kendall Drive
        Miami, Florida 33176-1510
        Tel.: 305-655-1501
        E-mail: despinosa@espinosalawgroup.com
        E-mail: tallison@espinosalawgroup.com

        By: */s/ Danny Espinosa*
            Daniel Alberto Espinosa, Esq.
            Florida Bar No. 81686